**APLDIST, CONVERTED**

# U.S. Bankruptcy Court
## District of New Hampshire Live Database (Concord)
## Bankruptcy Petition #: 21–10712–BAH

|  |  |
|---|---|
| *Date filed:* | 12/17/2021 |
| *Date converted:* | 03/09/2022 |
| *341 meeting:* | 01/25/2022 |
| *Deadline for filing claims:* | 05/18/2022 |
| *Deadline for filing claims (govt.):* | 09/06/2022 |

*Assigned to:* Chief Judge Bruce A. Harwood
Chapter 13
Previous chapter 7
Original chapter 7
Voluntary
Asset

| | |
|---|---|
| ***Debtor***<br>**Katherine R. Brady**<br>27 Pinewood Drive<br>MERRIMACK, NH 03054<br>HILLSBOROUGH–NH<br>SSN / ITIN: xxx–xx–6991<br>*fka* **Katherine Rose Mirra** | represented by **Leonard G. Deming, II**<br>Deming Law Office<br>491 Amherst St., Suite 22<br>Nashua, NH 03063<br>(603) 882–2189<br>Fax : (603) 882–5707<br>Email: deminglaw@comcast.net |
| ***Trustee***<br>**Edmond J. Ford**<br>Trustee<br>Ford, McDonald, McPartlin & Borden, P.A.<br>10 Pleasant St., Suite 400<br>Portsmouth, NH 03801<br>(603) 373–1737<br>*TERMINATED: 03/09/2022* | represented by **Edmond J. Ford**<br>Ford, McDonald, McPartlin & Borden, P.A.<br>10 Pleasant Street<br>Suite 400<br>Portsmouth, NH 03801–4551<br>(603) 373–1737<br>Fax : (603) 242–1381<br>Email: eford@fordlaw.com<br>*TERMINATED: 03/09/2022*<br><br>**Edmond J. Ford**<br>Trustee<br>Ford, McDonald, McPartlin & Borden, P.A.<br>10 Pleasant St., Suite 400<br>Portsmouth, NH 03801<br>(603) 373–1737<br>Fax : (603) 242–1381<br>Email: calendar@fordlaw.com<br>*TERMINATED: 03/09/2022*<br><br>**Richard K. McPartlin**<br>Ford, McDonald, McPartlin & Borden, P.A.<br>10 Pleasant Street<br>Suite 400<br>Portsmouth, NH 03801<br>603–373–1600<br>Fax : 603–242–1381<br>Email: rmcpartlin@fordlaw.com<br>*TERMINATED: 03/09/2022* |

*Trustee*
**Lawrence P. Sumski**
Trustee
32 Daniel Webster Highway
Suite 15
Merrimack, NH 03054
603–626–8899

*U.S. Trustee*
**Office of the U.S. Trustee**
James C. Cleveland Building
53 Pleasant Street
Suite 2300
Concord, NH 03301
(603) 333–2777

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 12/17/2021 | | 1 | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Katherine R. Brady (Deming, Leonard) (Entered: 12/17/2021) |
| 12/17/2021 | | 2 | Certificate of Credit Counseling Filed by Debtor Katherine R. Brady (Deming, Leonard) (Entered: 12/17/2021) |
| 12/17/2021 | | 3 | Receipt of Voluntary Petition – Chapter 7( 21–10712) [misc,volp7] ( 338.00) filing fee. Receipt number A3956845, Fee amount $ 338.00. (re: Doc#1). (U.S. Treasury) (Entered: 12/17/2021) |
| 12/20/2021 | | 4 | Meeting of Creditors & Notice of Appointment of Interim Trustee Ford, Edmond J. with 341(a) meeting to be held on 1/25/2022 at 10:00 AM at Telephonic Meeting of Creditors. Financial Management Certification for Debtor due by 3/28/2022. Last day to oppose discharge or dischargeability is 3/28/2022. (AJTA) (Entered: 12/20/2021) |
| 12/22/2021 | | 5 | BNC Certificate of Notice – Meeting of Creditors. (RE: related document(s) 4 Meeting of Creditors – Chapter 7). No. of Notices: 9. Notice Date 12/22/2021. (Admin.) (Entered: 12/23/2021) |
| 01/02/2022 | | 6 | Notice of telephonic section 341 meeting of creditors call–in information. The meeting scheduled for 01/25/22 at 10:00 am will be telephonic. Dial into the meeting by calling (877) 783–7093. When prompted enter the participant code 2349629 followed by #. Attendees are instructed to call in at the listed time and not before and to disconnect the call after the meeting is concluded. Instructions for the debtor are attached. (Ford, Edmond) (Entered: 01/02/2022) |
| 01/06/2022 | | 7 | Financial Management Course Certificate Filed by Debtor Katherine R. Brady (RE: related document(s) 4 Meeting of Creditors – Chapter 7) (Deming, Leonard) (Entered: 01/06/2022) |
| 02/01/2022 | | 8 | Notice of Amendment to Schedule A/B,Schedule C,Summary of Assets and Liabilities, Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment of Schedules A and C # 2 Schedule Amended Schedules A and C # 3 Exhibit Amended Summary of Schedules and Liabilities) (Deming, Leonard) (Entered: 02/01/2022) |
| 02/03/2022 | | 9 | 341 Meeting of Creditors Held and Concluded. Debtor(s) sworn. Filed by Trustee Edmond J. Ford (RE: related document(s) 4 Meeting of Creditors |

| | | | |
|---|---|---|---|
| | | | – Chapter 7) (Ford, Edmond) (Entered: 02/03/2022) |
| 02/03/2022 | | 10 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 2/3/2022). Filed by Trustee Edmond J. Ford (RE: related document(s) 9 341 Meeting of Creditors Held filed by Trustee Edmond J. Ford) (Ford, Edmond) (Entered: 02/03/2022) |
| 02/03/2022 | | 11 | Trustee's Notification of Asset Recovery and Request to Set Proof of Claim Deadline Filed by Trustee Edmond J. Ford Proof of Claims due by 05/4/2022, (Ford, Edmond) (Entered: 02/03/2022) |
| 02/04/2022 | | 12 | Notice of Appearance and Request for Notice by Edmond J. Ford Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 02/04/2022) |
| 02/04/2022 | | 13 | Application to Employ Richard K. McPartlin of Ford, McDonald, McPartlin & Borden, P.A. as Attorney Filed by Trustee Edmond J. Ford (Attachments: # 1 Affidavit Rule 2014 Statement of Richard K. McPartlin # 2 Proposed Order) (McPartlin, Richard) (Entered: 02/04/2022) |
| 02/07/2022 | | 14 | Order Granting Application to Employ Ford, McDonald, McPartlin & Borden, P.A. (Related Doc # 13) Signed on 2/7/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 02/07/2022) |
| 02/09/2022 | | 15 | Ex Parte Motion to Convert Case to Chapter 13 Filed by Debtor Katherine R. Brady (Attachments: # 1 Exhibit Notice of Voluntary Conversion to Chapter 13 # 2 Proposed Order) (Deming, Leonard) (Entered: 02/09/2022) |
| 02/09/2022 | | 16 | BNC Certificate of Notice. (RE: related document(s) 11 Trustee's Notice of Assets and Request for Claims Bar Date filed by Trustee Edmond J. Ford). No. of Notices: 9. Notice Date 02/09/2022. (Admin.) (Entered: 02/10/2022) |
| 02/09/2022 | | 17 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 14 Order on Application to Employ). No. of Notices: 1. Notice Date 02/09/2022. (Admin.) (Entered: 02/10/2022) |
| 02/10/2022 | | 18 | Notice of Hearing *on Motion to Convert Case to Chapter 13* Filed by Debtor Katherine R. Brady (RE: related document(s) 15 Motion to Convert Case to Chapter 13 filed by Debtor Katherine R. Brady) Hearing scheduled for 3/9/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 List/Matrix of Parties Served) (Deming, Leonard) (Entered: 02/10/2022) |
| 02/18/2022 | | 19 | Objection to Homestead Exemption Filed by Trustee Edmond J. Ford Hearing scheduled for 3/23/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Proposed Order # 2 Notice of Hearing # 3 List/Matrix of Parties Served) (McPartlin, Richard) (Entered: 02/18/2022) |
| 02/18/2022 | | 20 | Amended Notice of Hearing Filed by Trustee Edmond J. Ford (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford) (Attachments: # 1 List/Matrix of Parties Served) (McPartlin, Richard) (Entered: 02/18/2022) |
| 02/24/2022 | | 21 | Disclosure of Compensation of Attorney for Debtor *Supplemental* Filed by Debtor's Attorney Deming Law Office (Deming, Leonard) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/24/2022) |
| 03/01/2022 | | 22 | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 9, 2022 at 9:00 AM will be telephonic. (RE: related document(s)15 Motion to Convert Case to Chapter 13 filed by Debtor Katherine R. Brady). (amw) (Entered: 03/01/2022) |
| 03/03/2022 | | 23 | BNC Certificate of Notice – Hearing. (RE: related document(s) 22 Notice to all Creditors and Parties). No. of Notices: 9. Notice Date 03/03/2022. (Admin.) (Entered: 03/04/2022) |
| 03/08/2022 | | 24 | **Stricken Per Order Entered March 8, 2022** Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 23, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford). (amw) Modified on 3/8/2022 Document Incomplete or Unreadable (amw). (Entered: 03/08/2022) |
| 03/08/2022 | | 25 | Order Striking Notice of Telephonic Hearing (Court Doc. No. 24). The document filed is stricken as being incomplete or unreadable. Signed on 3/8/2022 (RE: related document(s) 24 Notice to all Creditors and Parties) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 03/08/2022) |
| 03/08/2022 | | 26 | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 23, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford). (amw) (Entered: 03/08/2022) |
| 03/09/2022 | | 27 | Order On Motion to Convert Case to Chapter 13 (Related Doc # 15) Signed on 3/9/2022. Government Proof of Claim due by 9/6/2022. (So ordered by Judge Bruce A. Harwood ) (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | | | Plan Deadline Updated (RE: related document(s)27 Order on Motion to Convert Case To Chapter 13). Chapter 13 Plan due by 3/23/2022. (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | | 28 | Amended Meeting of Creditors & Notice of Appointment of Trustee. 341(a) meeting to be held on 4/18/2022 at 09:30 AM at Telephonic Meeting of Creditors. Last day to oppose discharge or dischargeability is 6/17/2022. Proofs of Claims due by 5/18/2022. Confirmation hearing to be held on 5/13/2022 at 09:00 AM at Courtroom A. Last day to Object to Confirmation 4/29/2022.Conversion. (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | | 29 | Notice Upon Conversion From Chapter 7 to Chapter 13. Chapter 13 Plan due by 3/23/2022. (pptak) (Entered: 03/09/2022) |
| 03/10/2022 | | 30 | Application for Administrative Expenses in the amount of $2560.52. Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. Hearing scheduled for 4/20/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Fee Annex – Final Request # 2 Exhibit – Detail of time & expenses # 3 Notice of Hearing # 4 Proposed Order) (McPartlin, Richard) (Entered: 03/10/2022) |
| 03/10/2022 | | 31 | BNC Certificate of Notice – Hearing. (RE: related document(s) 26 Notice to all Creditors and Parties). No. of Notices: 9. Notice Date 03/10/2022. (Admin.) (Entered: 03/11/2022) |
| 03/11/2022 | | 32 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s) <u>29</u> Notice Upon Conversion). No. of Notices: 9. Notice Date 03/11/2022. (Admin.) (Entered: 03/12/2022) |
| 03/11/2022 | | <u>33</u> | BNC Certificate of Notice – Meeting of Creditors. (RE: related document(s) <u>28</u> Meeting of Creditors – Chapter 13). No. of Notices: 10. Notice Date 03/11/2022. (Admin.) (Entered: 03/12/2022) |
| 03/11/2022 | | <u>34</u> | BNC Certificate of Notice – PDF Document. (RE: related document(s) <u>27</u> Order on Motion to Convert Case To Chapter 13). No. of Notices: 1. Notice Date 03/11/2022. (Admin.) (Entered: 03/12/2022) |
| 03/16/2022 | | <u>35</u> | Objection *to Trustee's Objection to Debtor's Homestead Exemption* Filed by Debtor Katherine R. Brady (RE: related document(s) <u>19</u> Objection to Homestead Exemption filed by Trustee Edmond J. Ford) (Attachments: # <u>1</u> Exhibit Memorandum of Law in Support of Debtor's Objection to Trustee's Objection) (Deming, Leonard) (Entered: 03/16/2022) |
| 03/18/2022 | | 36 | Hearing Set On Objection to Homestead Exemption (RE: related document(s)<u>19</u> Objection to Homestead Exemption filed by Trustee Edmond J. Ford). Hearing scheduled for 3/23/2022 at 09:00 AM at Courtroom A. (amw) (Entered: 03/18/2022) |
| 03/21/2022 | | <u>37</u> | Chapter 7 Trustee's Report Upon Conversion of Case Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 03/21/2022) |
| 03/22/2022 | | <u>38</u> | Ex Parte Motion to Extend Time to File Chapter 13 Plan to April 11, 2022 *and Other Documents as Required* Filed by Debtor Katherine R. Brady (RE: related document(s) <u>29</u> Notice Upon Conversion) (Attachments: # <u>1</u> Proposed Order) (Deming, Leonard) (Entered: 03/22/2022) |
| 03/23/2022 | | <u>39</u> | Order Granting Motion to Extend Time to File Chapter 13 Plan (related document(s): <u>29</u> Notice Upon Conversion, <u>38</u> Motion to Extend Time (BK) filed by Debtor Katherine R. Brady) Deadline extended to 4/11/2022. Signed on 3/23/2022. Chapter 13 Plan due by 4/11/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 03/23/2022) |
| 03/23/2022 | | <u>40</u> | Order to Continue/Schedule Hearing. See order for specific details. Signed on 3/23/2022 (RE: related document(s) <u>19</u> Objection to Homestead Exemption filed by Trustee Edmond J. Ford) Hearing scheduled for 5/20/2022 at 09:00 AM at Courtroom A. (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 03/23/2022) |
| 03/25/2022 | | <u>41</u> | BNC Certificate of Notice – PDF Document. (RE: related document(s) <u>40</u> Order to Continue/Schedule Hearing). No. of Notices: 7. Notice Date 03/25/2022. (Admin.) (Entered: 03/26/2022) |
| 03/25/2022 | | <u>42</u> | BNC Certificate of Notice – PDF Document. (RE: related document(s) <u>39</u> Order on Motion to Extend Time (BK)). No. of Notices: 1. Notice Date 03/25/2022. (Admin.) (Entered: 03/26/2022) |
| 04/01/2022 | | <u>43</u> | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) <u>19</u> Objection to Homestead Exemption filed by Trustee Edmond J. Ford, <u>40</u> Order to Continue/Schedule Hearing) (Sumski3, Lawrence) (Entered: 04/01/2022) |
| 04/01/2022 | | <u>44</u> | Response/Statement of Facts Filed by Trustee Lawrence P. Sumski (RE: related document(s) <u>19</u> Objection to Homestead Exemption filed by |

| | | | |
|---|---|---|---|
| | | | Trustee Edmond J. Ford, 40 Order to Continue/Schedule Hearing) (Sumski3, Lawrence) Modified on 4/4/2022 to correct docket text (amw). (Entered: 04/01/2022) |
| 04/01/2022 | | 45 | Notice of Amendment to Schedule D,Summary of Assets and Liabilities, Fee Amount $ 32 Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment to Schedule D # 2 List/Matrix of Parties Served # 3 Exhibit Amended Schedule D # 4 Exhibit Amended Summary of Schedules # 5 Exhibit Notice to Added Creditors # 6 Certificate of Service # 7 Exhibit Notice of Bankruptcy Doc #28) (Deming, Leonard) (Entered: 04/01/2022) |
| 04/01/2022 | | 46 | Receipt of Notice of Amendment to Petition/Schedules/Statements/List( 21–10712–BAH) [misc,amdschd] ( 32.00) filing fee. Receipt number A3989279, Fee amount $ 32.00. (re: Doc#45). (U.S. Treasury) (Entered: 04/01/2022) |
| 04/05/2022 | | 47 | Objection to Debtor's Amended Schedule D Filed by Trustee Lawrence P. Sumski (RE: related document(s) 45 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady) (Attachments: # 1 Certificate of Service # 2 Notice of Hearing # 3 Proposed Order # 4 List/Matrix of Parties Served) (Sumski, Lawrence) (Entered: 04/05/2022) |
| 04/05/2022 | | 48 | Hearing Set On Objection to Debtor's Amended Schedule D (RE: related document(s)47 Objection filed by Trustee Lawrence P. Sumski). Hearing scheduled for 5/20/2022 at 09:00 AM at Courtroom A. (amw) (Entered: 04/05/2022) |
| 04/05/2022 | | 49 | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for April 20, 2022 at 9:00 AM will be telephonic. (RE: related document(s)30 Application for Administrative Expenses filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A.). (amw) (Entered: 04/05/2022) |
| 04/07/2022 | | 50 | Chapter 7 Trustee's Report of No Distribution: I, Edmond J. Ford, having been appointed trustee of the estate of the above–named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above–named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned(without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 04/07/2022) |
| 04/07/2022 | | 51 | BNC Certificate of Notice – Hearing. (RE: related document(s) 49 Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 04/07/2022. (Admin.) (Entered: 04/08/2022) |
| 04/10/2022 | | 52 | Chapter 13 Plan Dated April 5, 2022 Filed by Debtor Katherine R. Brady (RE: related document(s) 39 Order on Motion to Extend Time (BK)) Confirmation hearing to be held on 7/8/2022 at 09:00 AM at Courtroom A. Last day to Object to Confirmation 6/24/2022. (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Notice of Hearing # 2 List/Matrix of Parties Served)(Deming, Leonard) (Entered: 04/10/2022) |
| 04/11/2022 | | 53 | Notice of telephonic section 341 meeting of creditors call–in information. The meeting scheduled for April 18, 2022 at 9:30 a.m. will be telephonic. Dial into the meeting by calling 877–718–7132. When prompted enter the participant code 1407074 followed by #. Attendees are instructed to call in at the listed time and not before and to disconnect the call after the meeting is concluded. Instructions for the debtor are attached. (Sumski, Lawrence) (Entered: 04/11/2022) |
| 04/18/2022 | | 54 | Notice of Amendment to Schedule I, J,Form 122 Statement of Monthly Income,Summary of Assets and Liabilities, Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment to Schedules # 2 Exhibit Amended Schedule I and Form 122C # 3 Exhibit Amended Summary of Schedules) (Deming, Leonard) (Entered: 04/18/2022) |
| 04/19/2022 | | 55 | Trustee's Findings from Meeting of Creditors . (Sumski, Lawrence) (Entered: 04/19/2022) |
| 04/19/2022 | | 56 | Brief *of Chapter 13 Trustee* Filed by Trustee Lawrence P. Sumski (RE: related document(s) 40 Order to Continue/Schedule Hearing, 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford.) (Sumski3, Lawrence). Modified on 4/19/2022 to add link to Doc. No. 19 (amw). (Entered: 04/19/2022) |
| 04/19/2022 | | 57 | 341 Meeting of Creditors Held and Concluded. Debtor(s) sworn. *Debtor appeared.* (Sumski, Lawrence) (Entered: 04/19/2022) |
| 04/20/2022 | | 58 | Order Granting Application For Administrative Expenses (Related Doc # 30) Signed on 4/20/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 04/20/2022) |
| 04/22/2022 | | 59 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 58 Order on Application for Administrative Expenses). No. of Notices: 1. Notice Date 04/22/2022. (Admin.) (Entered: 04/23/2022) |
| 05/02/2022 | | 60 | Memorandum of Law *on Trustee's Objection to Debtor's Amendment of Schedule D and Reply Memorandum on Trustee's Objection to Spousal Homestead Exemption* Filed by Debtor Katherine R. Brady (RE: related document(s) 8 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady, 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 35 Objection filed by Debtor Katherine R. Brady, 45 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady, 47 Objection filed by Trustee Lawrence P. Sumski, 48 Hearing Scheduled (BK)) (Deming, Leonard) (Entered: 05/02/2022) |
| 05/03/2022 | | 61 | Notice of Appearance and Request for Notice *with Certificate of Service* by Richard T. Mulligan Filed by Creditor U.S. Bank National Association (Mulligan, Richard) (Entered: 05/03/2022) |
| 05/04/2022 | | 62 | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for May 20, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski). (amw) (Entered: 05/04/2022) |

| | | | |
|---|---|---|---|
| 05/06/2022 | | 63 | BNC Certificate of Notice – Hearing. (RE: related document(s) 62 Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 05/06/2022. (Admin.) (Entered: 05/07/2022) |
| 05/20/2022 | | 64 | Order Taking Under Advisement Objection to Homestead Exemption, Objection to Debtors Amended Schedule D Signed on 5/20/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 05/20/2022) |
| 05/22/2022 | | 65 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 64 Order). No. of Notices: 1. Notice Date 05/22/2022. (Admin.) (Entered: 05/23/2022) |
| 05/25/2022 | | 66 | Objection to Confirmation of Plan Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) (Ford, Edmond) (Entered: 05/25/2022) |
| 05/25/2022 | | 67 | Notice of Withdrawal of Document. *(due to caption error)* Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 66 Objection to Confirmation of the Plan filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A.) (McPartlin, Richard) (Entered: 05/25/2022) |
| 05/25/2022 | | 68 | Objection to Confirmation of Plan Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) (McPartlin, Richard) (Entered: 05/25/2022) |
| 05/31/2022 | | 69 | Motion to Convert Chapter 13 Case to Chapter 7 Receipt Number NFR−Waiver,. Fee Amount $ 25. Filed by Trustee Lawrence P. Sumski Hearing scheduled for 7/8/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Certificate of Service # 2 Notice of Hearing # 3 List/Matrix of Parties Served # 4 Proposed Order # 5 Fee Waiver) (Sumski5, Lawrence) (Entered: 05/31/2022) |
| 06/03/2022 | | 70 | Memorandum Opinion issued by Chief Judge Bruce A. Harwood Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D. Signed on 6/3/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 06/03/2022) |
| 06/03/2022 | | 71 | Order Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D Signed on 6/3/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 06/03/2022) |
| 06/05/2022 | | 72 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 70 Memorandum Opinion). No. of Notices: 1. Notice Date 06/05/2022. (Admin.) (Entered: 06/06/2022) |
| 06/05/2022 | | 73 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 71 Order). No. of Notices: 1. Notice Date 06/05/2022. (Admin.) (Entered: 06/06/2022) |

| | | | |
|---|---|---|---|
| 06/17/2022 | | <u>74</u> | Motion to Reconsider *to Alter or Amend Judgment and/or Grant Relief From Order* Filed by Debtor Katherine R. Brady (RE: related document(s) <u>70</u> Memorandum Opinion, <u>71</u> Order) Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # <u>1</u> Exhibit Memorandum of Law # <u>2</u> Exhibit Exhibit A to Memo–Roy RCSC Decision # <u>3</u> Exhibit Exhibit B to Memo–RSA 480:3 # <u>4</u> Exhibit Exhibit C to Memo–Legislative History # <u>5</u> Exhibit Exhibit D to Memo–Plain Language HB 63–FN # <u>6</u> Exhibit Exhibit E to Memo–Senate Journal # <u>7</u> Exhibit Exhibit F to Memo–NH Laws 1983 230:15 # <u>8</u> Notice of Hearing # <u>9</u> Proposed Order) (Deming, Leonard) (Entered: 06/17/2022) |
| 06/21/2022 | | <u>75</u> | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) <u>74</u> Motion to Reconsider filed by Debtor Katherine R. Brady) (Sumski3, Lawrence) (Entered: 06/21/2022) |
| 06/22/2022 | | <u>76</u> | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for July 8, 2022 at 9:00 a.m. will be telephonic. (RE: related document(s)<u>52</u> Chapter 13 Plan filed by Debtor Katherine R. Brady, <u>69</u> Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski). (pptak) (Entered: 06/22/2022) |
| 06/24/2022 | | <u>77</u> | BNC Certificate of Notice – Hearing. (RE: related document(s) <u>76</u> Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 06/24/2022. (Admin.) (Entered: 06/25/2022) |
| 06/30/2022 | | <u>78</u> | Objection *to Motion to Convert Case to Chapter 7* Filed by Debtor Katherine R. Brady (RE: related document(s) <u>69</u> Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski) (Deming, Leonard) (Entered: 06/30/2022) |
| 07/01/2022 | | <u>79</u> | Ex Parte Application to Employ Debora Cote of Keller Williams Coastal And Lakes & Mountains Realty as Real Estate Broker Filed by Debtor Katherine R. Brady Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # <u>1</u> Exhibit Rule 2014 Declaration of Debora Cote # <u>2</u> Exhibit Listing Agreement # <u>3</u> Notice of Hearing # <u>4</u> List/Matrix of Parties Served # <u>5</u> Proposed Order) (Deming, Leonard) (Entered: 07/01/2022) |
| 07/06/2022 | | <u>80</u> | Amended Application to Employ Debora Cote of Keller Williams Coastal And Lakes & Mountains Realty as Real Estate Broker Filed by Debtor Katherine R. Brady Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # <u>1</u> Exhibit Listing Agreement # <u>2</u> Exhibit Rule 2014 Declaration # <u>3</u> Notice of Hearing # <u>4</u> List/Matrix of Parties Served # <u>5</u> Proposed Order) (Deming, Leonard) (Entered: 07/06/2022) |
| 07/07/2022 | | <u>81</u> | Order Denying Motion To Reconsider (Related Doc # <u>74</u>) Signed on 7/7/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 07/07/2022) |
| 07/08/2022 | | <u>82</u> | Order to Continue/Schedule Hearing Signed on 7/8/2022 (RE: related document(s) <u>52</u> Chapter 13 Plan filed by Debtor Katherine R. Brady, <u>69</u> Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski) Hearing scheduled for 9/16/2022 at 09:00 AM at Courtroom A. (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 07/08/2022) |
| 07/08/2022 | | 83 | Confirmation Hearing Set (RE: related document(s)<u>52</u> Chapter 13 Plan filed by Debtor Katherine R. Brady). Confirmation hearing to be held on 9/16/2022 at 09:00 AM at Courtroom A. (amw) (Entered: 07/08/2022) |

| | | | |
|---|---|---|---|
| 07/09/2022 | | 84 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 81 Order on Motion To Reconsider). No. of Notices: 8. Notice Date 07/09/2022. (Admin.) (Entered: 07/10/2022) |
| 07/10/2022 | | 85 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 82 Order to Continue/Schedule Hearing). No. of Notices: 6. Notice Date 07/10/2022. (Admin.) (Entered: 07/11/2022) |
| 07/11/2022 | | 86 | Ex Parte Motion to Expedite Hearing *on Application to Hire Professional Person* Filed by Debtor Katherine R. Brady (RE: related document(s) 80 Application to Employ filed by Debtor Katherine R. Brady) (Attachments: # 1 Affidavit Affidavit of Katherine Brady # 2 Proposed Order) (Deming, Leonard) (Entered: 07/11/2022) |
| 07/12/2022 | | 87 | Order Granting Application to Employ Keller Williams Coastal and Lakes & Mountains Realty (Related Doc # 80), Denying Motion to Expedite Hearing as Moot (related document(s): 86 Motion to Expedite Hearing (BK) filed by Debtor Katherine R. Brady) Signed on 7/12/2022. (So ordered by Judge Bruce A. Harwood ) (jel) (Entered: 07/12/2022) |
| 07/12/2022 | | 88 | First Amended Chapter 13 Plan dated July 12, 2022 Filed by Debtor Katherine R. Brady (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) Confirmation hearing to be held on 9/16/2022 at 09:00 AM at Courtroom A. Last day to Object to Confirmation 9/2/2022. (Attachments: # 1 Notice of Hearing # 2 List/Matrix of Parties Served)(Deming, Leonard) (Entered: 07/12/2022) |
| 07/14/2022 | | 89 | BNC Certificate of Notice – PDF Document. (RE: related document(s) 87 Order on Application to Employ). No. of Notices: 3. Notice Date 07/14/2022. (Admin.) (Entered: 07/15/2022) |
| 07/19/2022 | | 90 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor Katherine R. Brady (RE: related document(s) 70 Memorandum Opinion, 71 Order, 81 Order on Motion To Reconsider) (Deming, Leonard) (Entered: 07/19/2022) |
| 07/19/2022 | | 91 | Receipt of Notice of Appeal and Statement of Election( 21–10712–BAH) [appeal,ntcaplel] ( 298.00) filing fee. Receipt number A4020975, Fee amount $ 298.00. (re: Doc#90). (U.S. Treasury) (Entered: 07/19/2022) |
| 07/19/2022 | | 92 | Court's Certificate of Mailing of Appeal. Date copies electronically mailed: July 19, 2022 Copies electronically mailed to: atty Leonard G. Deming II, Lawrence Sumski, Trustee, Office of the U.S. Trustee. Date copies mailed by U.S. Mail: July 19, 2022 Copies mailed by U.S. Mail to: Katherine R. Brady (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |
| 07/19/2022 | | 93 | Transmittal of Appeal to District Court (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |
| 07/19/2022 | | 94 | Notice to Appellant re: Notice of Appeal. The following items should be filed on or before August 2, 2022. (1) Designation of Items on Appeal, (2) Statement of Issues and (3) Written Notice a Transcript has been Ordered or a Certificate Stating No Transcript is Being Ordered. (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |

| | | | |
|---|---|---|---|
| 07/21/2022 | | 95 | BNC Certificate of Notice. (RE: related document(s) 94 Notice to Appellant re: Appeal). No. of Notices: 2. Notice Date 07/21/2022. (Admin.) (Entered: 07/22/2022) |
| 07/22/2022 | | 96 | Objection to Confirmation of Plan *with Certificate of Service* Filed by Creditor U.S. Bank National Association (RE: related document(s) 88 Amended Chapter 13 Plan filed by Debtor Katherine R. Brady) (Mulligan, Richard) (Entered: 07/22/2022) |
| 07/22/2022 | | 97 | Notice of Docketing Record on Appeal to District Court. Case Number Assigned: 1:22−cv−00272−JL (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/22/2022) |
| 07/25/2022 | | 98 | Disclosure of Compensation of Attorney for Debtor *Supplemental* Filed by Debtor's Attorney Deming Law Office (Deming, Leonard) (Entered: 07/25/2022) |
| 07/28/2022 | | 99 | Motion For Sale of Property under Section 363(b) Filed by Debtor Katherine R. Brady Hearing scheduled for 8/31/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Exhibit Exhibit: Purchase and Sales Agreement # 2 Notice of Hearing # 3 List/Matrix of Parties Served) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | | 100 | Proposed Order *on Motion to Sell* Filed by Debtor Katherine R. Brady (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | | 101 | Proposed Order *Amended* Filed by Debtor Katherine R. Brady (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | | 102 | Acknowledgement of Request for Transcript of Testimony. Request was received by the Transcription Service on 7/27/2022. The Reporter Ruth Ann Hager of Cascade Hills Transcription, Inc. expects to have the transcript completed by 8/5/2022 (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (twh) (Entered: 07/28/2022) |
| 07/29/2022 | | 103 | The official transcript re: Doc. No. 19 Objection to Homestead Exemption Filed by Trustee Edmond J. Ford; Doc. No. 47 Objection to Debtor's Amended Schedule D Filed by Trustee Lawrence P. Sumski heard on 5/20/2022 has been filed. Pursuant to Judicial Conference Policy electronic access to transcripts is restricted for 90 days from the date of filing. The transcript release date is 10/27/2022. The transcript is available for review at the Clerk's Office or a copy may be purchased from the transcriber. Parties have until 8/19/2022 to file a Request for Redaction. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski). Notice of Intent to Request Redaction Deadline Due by 8/5/2022. Redaction Request Due by 8/19/2022. Redacted Transcript Submission Due by 8/29/2022. Transcript access will be restricted through 10/27/2022. (twh) (Entered: 07/29/2022) |
| 07/29/2022 | | doc | Notice of Postpetition Mortgage Fees, Expenses, and Charges − Rule 3002.1 Claim # 6 with Certificate of Service. Filed by U.S. Bank National Association (4Bonial & Associates, PC) (Entered: 07/29/2022) |

| | | | |
|---|---|---|---|
| 07/31/2022 | | 104 | BNC Certificate of Notice. (RE: related document(s) 103 Transcript). No. of Notices: 2. Notice Date 07/31/2022. (Admin.) (Entered: 08/01/2022) |
| 08/01/2022 | | 105 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady) Appellee designation due by 08/15/2022. Transmission of Designation due by 08/31/2022. (Deming, Leonard) (Entered: 08/01/2022) |
| 08/01/2022 | | 106 | Statement of Issues on Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady, 105 Appellant Designation filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 08/01/2022) |
| 08/02/2022 | | 107 | Transcript Order placed for Hearing(s) held on May 20, 2022 as included in the Designation of Record on Appeal. Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady) (Entered: 08/02/2022) |
| 08/02/2022 | | 108 | Supplemental Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady, 105 Appellant Designation filed by Debtor Katherine R. Brady, 107 Transcript Ordered re: Appeal filed by Debtor Katherine R. Brady) Appellee designation due by 08/16/2022. Transmission of Designation due by 09/1/2022. (Deming, Leonard) (Entered: 08/02/2022) |
| 08/04/2022 | | 109 | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Sumski3, Lawrence) (Entered: 08/04/2022) |
| 08/04/2022 | | 110 | Reply *to Trustee's Response to Debtor's Motion to Sell Homestead Real Estate* Filed by Debtor Katherine R. Brady (RE: related document(s) 109 Response filed by Trustee Lawrence P. Sumski) (Deming, Leonard) (Entered: 08/04/2022) |
| 08/09/2022 | | 111 | Notice of Appellee Regarding Designation of Record on Appeal Filed by Trustee Lawrence P. Sumski (Sumski3, Lawrence) (Entered: 08/09/2022) |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |

NOTICE OF AMENDED SCHEDULES

NOW COMES Katherine R. Brady (Debtors), by and through her attorney, Leonard G. Deming, II, and gives notice that she hereby amends her bankruptcy Schedules A and C as follows:

Amend Schedule A to amend the asserted value of her home as follows:

Homestead                                                                     $346,700
27 Pinewood Drive
Merrimack NH 03054

Amend Schedule C to add:

| Asset | Law Providing Exemption | Value | Amount Exempt |
|---|---|---|---|
| Homestead-Non-owner Husband | NHRSA 480:1 | 120,000 | 120,000 |
| 27 Pinewood Drive | | | |
| Merrimack NH 03054 | | | |

Amended Schedules A and C are attached hereto and incorporated herein by reference and reflect those schedules as amended hereby.

I declare under penalty of perjury that the information herein is true to the best of my knowledge and belief.

February 1, 2022                                    /s/ Katherine R. Brady
Date                                                        Katherine R. Brady, Debtor

Respectfully submitted,
KATHERINE R. BRADY
By and through Her Attorney

February 1, 2022                                    /s/ Leonard G. Deming, II
Date                                                        Leonard G. Deming, II
                                                              Deming Law Office

491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH01186

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Notice of Amendment of Schedules upon the following persons at the addresses indicated by electronic service or First Class Mail, postage prepaid this 1st day of February, 2022.

Katherine R. Brady
Via email

Edmond J. Ford
calendar@fordlaw.com, NH06@ecfcbis.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

| **Fill in this information to identify your case and this filing:** | | | |
|---|---|---|---|
| Debtor 1 | <u>Katherine</u> First Name | <u>R.</u> Middle Name | <u>Brady</u> Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** | | |
| Case number (if known) | <u>21-10712-BAH</u> | | |

☑ Check if this is an amended filing

Official Form 106A/B

## Schedule A/B: Property                                                     12/15

In each category, separately list and describe items.  List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

### Part 1:      Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No.  Go to Part 2.
   ☑ Yes.  Where is the property?

**1.1.**

<u>27 Pinewood Drive</u>
Street address, if available, or other description

<u> </u>

<u>Merrimack</u>                    <u>NH</u>    <u>03054</u>
City                                State    ZIP Code

<u>Hillsborough</u>
County

**27 Pinewood Drive, Merrimack, NH 03054**

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:
_____

Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $346,700.00 | $346,700.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

<u>100% Interest</u>

☐ Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1.  Write that number here.......................................................** ➔

| $346,700.00 |
|---|

Debtor 1 __**Katherine R. Brady**_____ Case number (if known) __**21-10712-BAH**_____

---

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☐ No
   ☑ Yes

| | | | |
|---|---|---|---|
| 3.1. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

Make: **Lexus RX 350**
Model: **RX 350**
Year: **2010**
Approximate mileage: _____

Who has an interest in the property? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $10,794.00 | $10,794.00 |

Other information:
**2010 Lexus RX 350 RX 350**

☐ **Check if this is community property**
(see instructions)

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................ ➔ | $10,794.00 |

---

## Part 3: Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware

   ☐ No
   ☑ Yes. Describe..... | See continuation page(s). | $2,490.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☐ No
   ☑ Yes. Describe..... | 1/2 Interest in: (2) TV's, Cell Phone | $500.00

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☑ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☑ No
   ☐ Yes. Describe.....

---

Debtor 1    **Katherine R. Brady**         Case number (if known)   **21-10712-BAH**

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

---

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.....    **Clothing**      **$650.00**

---

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe.....    **Jewelry**      **$3,000.00**

---

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☐ No
☑ Yes. Describe.....    **(2) Cats**      **$0.00**

---

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information.............

---

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here..................................................................→    **$6,640.00**

---

**Part 4:**    **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No
☐ Yes.................................................................................................... Cash: ........................ _____

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes...........................    Institution name:

| | | |
|---|---|---|
| 17.1. | Checking account: | **Checking account @ DCU**    **$0.00** |
| 17.2. | Checking account: | **Checking account @ Jeanne D'Arc**    **$2,255.00** |
| 17.3. | Savings account: | **Savings account @ DCU**    **$2.00** |

Debtor 1   **Katherine R. Brady**            Case number (if known)   **21-10712-BAH**

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes............................. Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes.  Give specific
information about
them.......................... Name of entity:        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes.  Give specific
information about
them.......................... Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or
profit-sharing plans

☑ No
☐ Yes.  List each
account separately.  Type of account:      Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No
☐ Yes............................. Institution name or individual:

**23. Annuities**  (A contract for a specific periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes............................. Issuer name and description:

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes............................. Institution name and description.  Separately file the records of any interests.  11 U.S.C. § 521(c)

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes.  Give specific
information about them

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes.  Give specific
information about them

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes.  Give specific
information about them

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | **21-10712-BAH** |
|---|---|---|---|

**Money or property owed to you?**

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**28. Tax refunds owed to you**

☐ No
☑ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years......................

| Federal: Estimated Federal Tax Refund.  Amt: $2,000.00 | Federal: | **$2,000.00** |
|---|---|---|
| | State: | **$0.00** |
| | Local: | **$0.00** |

**29. Family support**
*Examples:*  Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes.  Give specific information

Alimony: _____

Maintenance: _____

Support: _____

Divorce settlement: _____

Property settlement: _____

**30. Other amounts someone owes you**
*Examples:*  Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers'
compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes.  Give specific information

**31. Interests in insurance policies**
*Examples:*  Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☑ Yes.  Name the insurance
company of each policy
and list its value................

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **AAA Term Life only** | | **$0.00** |
| **Term Life via Jeanne D'Arc Credit Union** | | **$0.00** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently
entitled to receive property because someone has died

☑ No
☐ Yes.  Give specific information

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:*  Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes.  Describe each claim.......

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and
rights to set off claims**

☑ No
☐ Yes.  Describe each claim........

Debtor 1    **Katherine R. Brady**                                    Case number (if known)    **21-10712-BAH**

**35.  Any financial assets you did not already list**

☑ No
☐ Yes.  Give specific information

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4.  Write that number here** ................................................................➔ | **$4,257.00** |

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1.**

**37.  Do you own or have any legal or equitable interest in any business-related property?**

☑ No.  Go to Part 6.
☐ Yes.  Go to line 38.

*Current value of the portion you own?*
Do not deduct secured claims or exemptions.

**38.  Accounts receivable or commissions you already earned**

☑ No
☐ Yes.  Describe..

**39.  Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes.  Describe..

**40.  Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes.  Describe..

**41.  Inventory**

☑ No
☐ Yes.  Describe..

**42.  Interests in partnerships or joint ventures**

☑ No
☐ Yes.  Describe.....   Name of entity:                          % of ownership:

**43.  Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes.  **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
   ☐ No
   ☐ Yes.  Describe....

**44.  Any business-related property you did not already list**

☑ No
☐ Yes.  Give specific information.

**45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5.  Write that number here** ................................................................➔ | **$0.00** |

Debtor 1    **Katherine R. Brady**            Case number (if known)    **21-10712-BAH**

---

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | **If you own or have an interest in farmland, list it in Part 1.** |

**46.**   **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47.**   **Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes.... _____   _____

**48.**   **Crops--either growing or harvested**

☑ No
☐ Yes. Give specific
information................ _____   _____

**49.**   **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes.... _____   _____

**50.**   **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes.... _____   _____

**51.**   **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Give specific
information................ _____   _____

**52.**   **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here...................................................................** ➔ | **$0.00** |

---

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53.**   **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information.

**54.**   **Add the dollar value of all of your entries from Part 7. Write that number here...............................** ➔ | **$0.00** |

---

Debtor 1    **Katherine R. Brady**                                    Case number (if known)    **21-10712-BAH**

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55.  **Part 1: Total real estate, line 2**.................................................................................➔    **$346,700.00**

56.  **Part 2: Total vehicles, line 5**                                    **$10,794.00**

57.  **Part 3: Total personal and household items, line 15**            **$6,640.00**

58.  **Part 4: Total financial assets, line 36**                         **$4,257.00**

59.  **Part 5: Total business-related property, line 45**                **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**       **$0.00**

61.  **Part 7: Total other property not listed, line 54**           +    **$0.00**

62.  **Total personal property.**    Add lines 56 through 61.................    **$21,691.00**    Copy personal property total  ➔  +    **$21,691.00**

63.  **Total of all property on Schedule A/B.**    Add line 55 + line 62...........................................    **$368,391.00**

Debtor 1    **Katherine R. Brady**                                                    Case number (if known)    **21-10712-BAH**

6.    <u>Household goods and furnishings (details):</u>

| | |
|---|---|
| **1/2 Interest in:  Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher, Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances, Pots, Pans, Flatware, Dishes, etc** | **$1,440.00** |
| **Stove & Refrigerator** | **$450.00** |
| **(4) Beds & Bedding** | **$500.00** |
| **1/2 Interest in (4) pieces of Art** | **$100.00** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Katherine** **R.** **Brady** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** |
| Case number (if known) | **21-10712-BAH** |

☑ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions--such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds--may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| **Part 1:** | **Identify the Property You Claim as Exempt** |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**27 Pinewood Drive, Merrimack, NH 03054**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*: **1.1** | **$346,700.00** | ☑ **$120,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 480:1** |
| Brief description:<br>**27 Pinewood Drive, Merrimack, NH 03054**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*: **1.1** | **$346,700.00** | ☑<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 408: 1, 2 (Claimed: $120,000.00 Spousal Interest)** |
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*: **3.1** | **$10,794.00** | ☑ **$10,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVI)** |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
       ☐ No
       ☐ Yes

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | **21-10712-BAH** |
|---|---|---|---|

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*: **3.1** | **$10,794.00** | ☑ **$794.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**1/2 Interest in: Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher, Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances, Pots, Pans, Flatware, Dishes, etc**<br>Line from *Schedule A/B*: **6** | **$1,440.00** | ☑ **$1,440.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**Stove & Refrigerator**<br>Line from *Schedule A/B*: **6** | **$450.00** | ☑ **$450.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(IV), (V)** |
| Brief description:<br>**(4) Beds & Bedding**<br>Line from *Schedule A/B*: **6** | **$500.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description:<br>**1/2 Interest in (4) pieces of Art**<br>Line from *Schedule A/B*: **6** | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**1/2 Interest in: (2) TV's, Cell Phone**<br>Line from *Schedule A/B*: **7** | **$500.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**Clothing**<br>Line from *Schedule A/B*: **11** | **$650.00** | ☑ **$650.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description:<br>**Jewelry**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*: **12** | **$3,000.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVII)** |
| Brief description:<br>**Jewelry**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*: **12** | **$3,000.00** | ☐<br>☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)**<br>**(Claimed: $2,500.00**<br>**100% of fair market value, up to any applicable statutory limit)** |

| Debtor 1 | **Katherine R. Brady** | | Case number (if known) | **21-10712-BAH** |
|---|---|---|---|---|

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**Checking account @ DCU**<br><br>Line from *Schedule A/B*: __17.1__ | **$0.00** | ☑ **$0.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**Checking account @ Jeanne D'Arc**<br><br>Line from *Schedule A/B*: __17.2__ | **$2,255.00** | ☐<br>☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)**<br>**(Claimed: $2,255.00**<br>**100% of fair market value, up to any applicable statutory limit)** |
| Brief description:<br>**Savings account @ DCU**<br><br>Line from *Schedule A/B*: __17.3__ | **$2.00** | ☑ **$2.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**Estimated Federal Tax Refund**<br><br>Line from *Schedule A/B*: __28__ | **$2,000.00** | ☑ **$2,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**In re:**

    **Katherine R. Brady,**                          **Chapter 7**
            **Debtor**                                 **Case No. 21-10712-BAH**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CHAPTER 7 TRUSTEE'S OBJECTION TO THE DEBTOR'S
### CLAIM OF SECOND HOMESTEAD EXEMPTION

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee in the above-captioned matter, by and through his attorneys Ford, McDonald, McPartlin & Borden, P.A. and objects to the Debtor's claim of a second N.H. RSA 480:1 homestead exemption claim against property of the Estate commonly known as 27 Pinewood Drive, Merrimack, New Hampshire (the "Property") and in support thereof says as follows:

1.      This proceeding was initiated by the filing of a voluntary Chapter 7 petition on December 17, 2021.

2.      The §341 meeting of creditors was held on January 25, 2022.

3.      On February 1, 2022, the Debtor filed amended Schedules A/B & C [Doc. # 8-2]. The Debtor's Schedule A/B was amended to increasing the declared value of the Property from $236,100 to $346,700. The Debtor's schedule C was amended by revising her $120,000 exemption claim against the Property to state that it was "1st exemption claimed for this asset" and to add a second $120,000 exemption claim pursuant to N.H. RSA 480:1 against the Property indicating that the claimed exemption was the "Spousal Interest."

4.      The Property is owned by the Debtor only pursuant to a deed dated June 2, 2014 and recorded in the Rockingham County Registry of Deeds at Book 8663, Page 2512.

5.      Excepting only a single mortgage, the Debtor had granted no other interests of any kind in the Property to any party as of the Petition Date.

6.      Pursuant to 11 U.S.C. §522(b)(3) and N.H. RSA 480:1, a debtor is entitled to exempt "$120,000 worth of his or her homestead, or his or her interest therein, as a homestead." N.H. RSA 480:1.

7.      A debtor is not entitled to claim an exemption to which a non-debtor spouse might be entitled. *In re Delong*, 2011 BNH 005 at 4-5 (Bankr. D.N.H. November 22, 2021)(denying use of non-debtor spouse's exemption claim in judicial lien avoidance action on the basis debtor was not entitled to claim the exemption).

8.      The Debtor's non-debtor spouse is not entitled to claim a separate exemption in the Property as he does not have the requisite ownership. *In re Visconti* 426 B.R. 422, 426 (Bankr. D.N.H. 2001) (N.H. RSA 480:1 homestead exemption requires both occupancy and ownership) *citing Gerrish v. Hill*, 66 N.H. 171 (1890); *Beland v. Goss*, 680 N.H. 257 (1895); and *Stewart v. Bader,* 154 N.H. 75, 89 (2006).

9.      N.H. RSA 480:3-a, titled "Duration" does provide that "the owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor." RSA 480:3-a does not create a separate RSA 480:1 right in the non-owner spouse. *In re Hopkins*, 2021 BNH 004 at 5 (Bankr. D.N.H. November 5, 2021). Rather, it merely extends certain rights to assert the owner spouse's RSA 480:1 homestead rights to the non-owner spouse.   Neither does RSA 480:5-a grant a separate 480:1 right to the non-owner spouse. Instead, it grants protection to the non-owner spouse by barring the unilateral encumbrance of their RSA 480:3-a rights by the owner spouse. *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132-133 (2019).

10. The Debtor may only claim exemption to which she is personally entitled. She may not claim exemptions to which her spouse may be entitled and, in this case, the spouse has no entitlement to the homestead separate and distinct exemption claimed. The Debtor is not entitled to a second homestead exemption and her claim must be disallowed.

11. The Chapter 7 Trustee files this motion to protect the rights of the likely successor Chapter 13 Trustee, the undersigned noting that the thirty day period to object to the claim of exemption will expire before the hearing on the Debtor's motion to convert to Chapter 13.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court order and decree as follows:

A. That this Objection be sustained;

B. That Debtor Katherine R. Brady's claim of a second N.H. RSA 480:1 homestead exemption in the amount of $120,000 against 27 Pinewood Way, Merrimack, New Hampshire be disallowed;

C. That the allowed N.H. RSA 480:1 homestead exemption claim in this matter be limited to the amount of $120,000.00, the statutory maximum; and

D. For such other and further relief as may be just and equitable.

Respectfully submitted,
EDMOND J. FORD, CHAPTER 7 TRUSTEE

By his attorneys,
FORD, MCDONALD,
MCPARTLIN & BORDEN, P.A.

Dated: February 18, 2022    By:    */s/ Richard K. McPartlin*
Richard K. McPartlin, Esq. (BNH 07139)
10 Pleasant Street, Suite 400
Portsmouth, NH 03801-4551
(603) 373-1721
rmcpartlin@fordlaw.com

## <u>CERTIFICATE OF SERVICE</u>

On February 18, 2022, I filed the foregoing Appearance through the CM/ECF system which will send a notice of electronic filing to:

Office of the U.S. Trustee     USTPRegion01.MR.ECF@usdoj.gov
Leonard G. Deming, II     deminglaw@comcast.net


*/s/ Richard K. McPartlin*
Richard K. McPartlin, Esq.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**In re:**

     **Katherine R. Brady,**                     **Chapter 7**
           **Debtor**                          **Case No. 21-10712-BAH**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ORDER</u>

Upon the Chapter 7 Trustee's Objection to the Debtor's Homestead Exemption Claim, it is hereby ordered, adjudged and decreed that:

A.  The Objection is Sustained;

B.  Debtor Katherine R. Brady's claim of a second N.H. RSA 480:1 homestead exemption in the amount of $120,000 against 27 Pinewood Way, Merrimack, New Hampshire is disallowed;

C.  The allowed N.H. RSA 480:1 homestead exemption claim in this matter is limited to the statutory maximum amount of $120,000.00.

SO ORDERED

Date: _____             _____

                                                 Bruce A. Harwood
                                                 Chief Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:

     Katherine R. Brady,            **Chapter 7**
           **Debtor**             **Case No. 21-10712-BAH**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    **Hearing Date:**    <u>**March 23, 2022**</u>

    **Hearing Time:**    <u>**9:00 a.m.**</u>

    *Deadline to Respond:* <u>*March 16, 2022*</u>

<u>**NOTICE OF HEARING**</u>

    PLEASE TAKE NOTICE that Michael S. Askenaizer, Chapter 7 Trustee in the above-captioned matter, has filed an Objection to the Debtor's Homestead Exemption Claim.

    The Court has scheduled a hearing on the Objection to be held in the United States Bankruptcy Court, Warren B. Rudman United States Courthouse, Courtroom A, 55 Pleasant Street, Concord, New Hampshire on **March 23, 2022 at 9:00 o'clock a.m.**

    As a result of COVID-19 precautions ordered by the Court, participation in this hearing will **<u>not be in-person</u>.** It must be accomplished through **<u>telephonic means</u>**. Attorneys must utilize CourtCall. Self-represented parties and any member of the public who wish to observe or participate in a hearing, must contact the courtroom deputy at 603-222-2644 to receive instructions on how to do so.

    Any response to the Objection is due to be filed with the Clerk's Office, United States Bankruptcy Court, Warren B. Rudman United States Courthouse, 55 Pleasant Street, Room 200, Concord, New Hampshire 03301 **on or before March 16, 2022** with a copy to the undersigned. Full copies of the Motion can be obtained by contacting the undersigned.

                   Respectfully submitted,
                   EDMOND J. FORD,
                   CHAPTER 7 TRUSTEE

                   By his attorneys,
                   FORD, MCDONALD, MCPARTLIN
                   & BORDEN, P.A.

Dated: February 18, 2022        By:  */s/ Richard K. McPartlin*
                   Richard K. McPartlin, Esq. (BNH 07139)
                   10 Pleasant Street, Suite 400
                   Portsmouth, NH 03801-4551

1

(603) 373-1721
rmcpartlin@fordlaw.com

## CERTIFICATE OF SERVICE

On February 18, 2022, I electronically filed the foregoing document through the CM/ECF

system, which will send a notice of electronic filing to the parties and counsel of record as

follows:

Office of the U.S. Trustee  USTPRegion01.MR.ECF@usdoj.gov
Leonard G. Deming, II   deminglaw@comcast.net

Also on February 18, 2022, the foregoing documents was served via first-class mail to the

attached service list.

Dated: February 18, 2022   By: */s/ Richard K. McPartlin*
          Richard K. McPartlin, Esq.

https://fordmcpartlin.sharepoint.com/shared documents/wpdata/ed/05489-askenaizer, trustee.st. laurent/pleadings/drafts/obj to homestead objection.docx

Citi Cards
PO Box 70166
Philadelphia, PA 19176-0166

Comenity-Rewards MC
PO Box  650964
Dallas, TX 75265-0964

Comenity-Torrid
PO Box  650960
Dallas, TX 75265-0960

Comenity-Victoria's Secret
PO Box  650972
Dallas, TX 75265-0972

Daniel J. Brady
27 Pinewood Drive
MERRIMACK, NH 03054-2727

(p)DIGITAL FEDERAL CREDIT UNION
220 DONALD LYNCH BLVD
MARLBOROUGH MA 01752-4708

(p)JEANNE D ARC CREDIT UNION
P O BOX 1238
LOWELL MA 01853-1238

Office of the U.S. Trustee
James C. Cleveland Building
53 Pleasant Street
Suite 2300
Concord, NH 03301-3937

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA  98083-0788

US Bank Home Mortgage
PO Box 21948
Eagan, MN 55121-0948

United Collections Bureau, Inc.
5620 Southwyck Blvd
Ste 206
Toledo, OH 43614-1501

Wage and Hour Administrator
NH Department of Labor
PO Box 2076
Concord, NH 03302-2076

Katherine R. Brady
27 Pinewood Drive
MERRIMACK, NH 03054-2727

Leonard G. Deming II
Deming Law Office
491 Amherst St., Suite 22
Nashua, NH 03063-1259

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

In re )
     Katherine R. Brady, )     Bk. No. 21-10712-BAH
      )     Chapter 7
     Debtor )
      )

_____

### DEBTOR'S OBJECTION TO TRUSTEE'S OBJECTION TO
### DEBTOR'S CLAIM OF SECOND HOMESTEAD EXEMPTION

NOW COMES Katherine R. Brady (hereinafter Debtor), Debtor in the above-captioned

bankruptcy case, by and through her attorney, Leonard G. Deming, Deming Law Office, and in

opposition to the trustee's Objection to Debtor's Claim of Second Homestead Exemption

(Document #19), says:

1.     Paragraph 1 is admitted.

2.     Paragraph 2 is admitted.

3.     Paragraph 3 is admitted.

4.     Paragraph 4 is admitted.

5.     Paragraph 5 is admitted.

6.     Paragraph 6 is admitted.

7.     Paragraph 7 is denied.

8.     Paragraph 8 is denied.

9.     Paragraph 9 is denied as to all substantive averment set forth therein.

10.     Paragraph 10 is denied as to all substantive averment set forth therein.

11.     Paragraph 1 is admitted and acknowledged.

AND, IN FURTHER ANSWER, Debtor states that her Statement of Facts and Memorandum of Law are being filed contemporaneously with these presents and incorporated herein by reference.

WHEREFORE, Debtor respectfully requests the Honorable Court overrule the Trustee's Objection to the Debtor's Claim of Second Homestead Exemption, and for such other and further relief as is just and equitable.

<table>
<tr><td></td><td>Respectfully submitted,<br>KATHERINE R. BRADY<br>By her Attorney</td></tr>
<tr><td>March 16, 2022<br>Date:</td><td>/s/ <em>Leonard Deming</em><br>Leonard G. Deming, II<br>Deming Law Office<br>491 Amherst Street, Suite 22<br>Nashua NH 03063<br>(603) 882-2189<br>BNH 01186</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing upon Motion to Convert to Chapter 13 by electronic service or first class mail, postage prepaid this 16th day of March 2022.

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ <em>Leonard G. Deming</em>
Leonard G. Deming

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | **SCHEDULED HEARING** |

**SCHEDULED HEARING**
**March 23, 2022**
**9:00 A.M.**

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S SECOND HOMESTEAD EXEMPTION AND IN OPPOSITION TO TRUSTEE'S OBJECTION TO SAID EXEMPTION**

**Statement of Relevant Facts**

It is submitted that the salient facts in this matter are not in dispute and that this may be submitted as a question of law.

Katherine R. Brady, the debtor in the above-captioned case (hereinafter Debtor) filed the above-captioned case on December 7, 2021 seeking relief under Chapter 7 of the Bankruptcy Code. Hereinafter the initial filing. The Debtor owns her home located at 27 Pinewood Drive, Merrimack, New Hampshire. Hereinafter the homestead. She resides at the homestead with her husband, Daniel J. Brady, and their two pre-teen children, a son and daughter.

At the time of the initial filing, the Debtor relied upon a town assessment as to the value of her home dated for the year 2021 which gave an indicated value of $236,100. This was provided to counsel for the Debtor as part of her producing documents necessary to prosecute her Chapter 7 filing. The Debtor was not aware that the 2022 tax assessment was much higher than the 2021 assessment and stated a value of the homestead as being $346,700, an increase of over $100,000 in the period of one year.

Inasmuch as the mortgage owing on the homestead at the time of the filing was $178,445, and with the Debtor's homestead exemption provided for by New Hampshire law is $120,000,

there seemed to be no necessity to resort to the non-owner spouse's exemption which Debtor asserts is provided for by New Hampshire statutes.

It was only during the creditors meeting in this case when the trustee noted that Zillow showed the value of the homestead being $374,000, and later reviewing the recently-released 2022 tax assessment, that the Debtor and her counsel realized the significant increase in the value of the homestead.

As a result of the above, the Debtor amended her Schedules A and C to reflect the current value of the homestead, and to take her husband's homestead exemption which is referred to by the trustee as the "Second Homestead Exemption." Trustee's Objection to Debtor's Claim of Second Homestead Exemption." Document #19.

Confronted with these circumstances, and the Debtor desiring to preserve her homestead, the Debtor filed her motion to voluntarily convert her case to Chapter 13. Document #15. The motion on her conversion is scheduled to be held on March 9, 2022. Document #18.

Given certain statutory time constraints, the trustee filed his above-noted objection to the Debtor's "Second Homestead Exemption."

The Debtor has objected to the trustee's objection and seeks to have the "Second Homestead Exemption" allowed by the Honorable Court.

## **Statement of the Law**

### **NEW HAMPSHIRE STATUTES RECOGNIZE A SEPARATE AND INDEPENDENT HOMESTEAD EXEMPTION IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE HOME SUCH SPOUSE OCCUPIES**

The New Hampshire homestead exemption is found in N.H.R.S.A 480:1. It reads:

Every person is entitled to $120,000 worth of his or her homestead, or of his or her *interest* therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land

upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing. Amended by 2015, 57:1, eff. 1/1/2016.

Emphasis added.

"Interest" in this context does not necessarily mean "ownership." It is the position of the Debtor that a spouse that resides and cohabits with his or her spouse has an "interest" in the home which gives each spouse a homestead interest even where one spouse does not have a title ownership interest. As one authority has stated, "interest" means:

> More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title; a partial or undivided right; a title to a share. The terms "interest" and "title" are not synonymous.

Black's Law Dictionary, Revised Fourth Edition, 1968, p. 950.

The non-owner non-debtor spouse clearly has an interest. How it might be reflected on bankruptcy schedules may be a matter of subjective preference but having the same result. It may be reflected as an encumbrance on Schedule D in the amount of $120,000, or a joint property interest on the debtor's Schedule A, or an exemption allowed by New Hampshire law on Schedule C either under N.H.R.S.A 480:1 or N.H.R.S.A 480:3-a . The Debtor here has opted for the latter but will amend if necessary.

Additionally, the statutory procedure for giving notice in collection matters in New Hampshire further suggests that both spouses, regardless of ownership, have a homestead exemption to be reckoned with:

> Notice of Homestead Exemption
>
> Along with the notice required under RSA 529:20, the party in whose name the execution has issued shall provide to any person who resides or appears to reside on the real estate to be sold, the following notice by certified mail:
>
> NOTICE
>
> IF YOU **OR** YOUR SPOUSE OWNS AND RESIDES IN THIS PROPERTY, YOU AND/OR YOUR SPOUSE MAY BE ENTITLED TO A HOMESTEAD EXEMPTION PURSUANT TO RSA 480:1. THIS

EXEMPTS $ 120,000 FOR A SINGLE PERSON AND $ 240,000 FOR A MARRIED COUPLE *et seq*

NH Stat. 529:20-a Notice of Homestead Exemption (New Hampshire Statutes (2022 Edition)(Emphasis added)

The Debtor asserts that N.H.R.S.A 480:1 and 3-a provides a separate exemption for the non-owner husband who occupies the homestead with her, and that this homestead right already granted by N.H.R.S.A 480:1 is clarified to be preserved in the non-owner spouse pursuant to N.H.R.S.A. 480:3-a should the owner spouse predecease him prior to their conveying the homestead.

This Court seemingly addressed this issue previously. In *In re Weiner*, 2015 BNH 13 (2015), this Court stated, "The only question before the Court is whether the Debtor and [the non-owner, non-debtor spouse] are each entitled to a homestead exemption in the Property." *Weiner* at 6. The Court acknowledged that this was a question of New Hampshire law. Id. The Court went on to say:

> The effect of RSA 480:3-a is to vest "a homestead right in both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 226 (2014). Bankruptcy Rule 4003(c), governing objections to a debtor's exemptions, places the burden of proof on the objecting party to establish that the claimed exemption is improper.

*Weiner* at 7. It has also been established by a number of courts, including this Court, that the homestead created by the New Hampshire legislature is to be construed liberally to effectuate its purpose of safeguarding the family home. *Weiner* at 7 citing *In re Myers*, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) (citing *Currier v. Woodward*, 62 N.H. 63, 66 (1882)).

In *Weiner*, the debtor and his non-owning, non-debtor spouse failed to convince this Court that they had a valid homestead exemption but a major reason for this failure was due to not being able to prove occupancy of the premises, which was noted as a prerequisite for

claiming the homestead exemption. Of course, there is no such disability in the case at bar. The Debtor and her husband clearly occupy the home with their two minor children.

The trustee in the case at bar places a great deal of reliance on the recent case decided by this Honorable Court finding that a debtor could not resort to the exemption right of the non-debtor, non-owning spouse in avoiding a judicial attachment. *In re Delong*, 2021 BNH 005. But that reliance is misplaced. This Court clearly limited its ruling to the specific language of 11 U.S.C. §522(f) which specifically confines the impairment analysis to "an exemption to which the debtor would have been entitled", *Delong* at 2. Emphasis supplied. This Court specifically declined to allow the exemption of the non-debtor spouse to come into play due to the clear language of stated code section, saying

> The Bankruptcy Code does not provide for the avoidance of a lien as impairing an exemption to which the **non-debtor's spouse** would have been or is entitled. Thus, the plain language of the statute precludes the Debtor from including any homestead exemption of his wife in the lien avoidance analysis. See Alabarran v. Rivera (In re Riviera), 627 B. R. 765, 771-72 (B.A.P. 1st Cir. 2021).

*Delong* at 2. Emphasis supplied. This Court did not say that no such exemption existed; merely that Section 522(f) did not permit its being utilized in the avoidance analysis.

The case of *In re Hopkins*, 2021 BNH 004 should also be discussed since the trustee, again erroneously, relies upon it to press his position. *Hopkins* addressed the limited fact situation in which a debtor attempted to exempt a purported homestead interest of his deceased spouse. This Court correctly found that, once a spouse is deceased, the deceased spouse no longer has a homestead interest. The debtor in *Hopkins* was trying to twist NHRSA 480:3-a, which merely provides for the continuing existence of the exemption of the homestead exemption of the non-owner spouse after the owner dies, into a continuing exemption for the use of the surviving owner spouse. It is inapposite to the situation such as the instant case where both spouse are quite alive.

Similarly, the other cases upon which the trustee relies do not advance his position. For instance, *Gerrish v. Hill*, 66 N.H. 171 (1890) involves a married couple who were denied a claimed homestead where they had moved to another home. Similarly, the case of *Beland v. Goss*, 680 N.H. 257 (1895) involved a married couple who had conveyed the subject property *in toto* and had left it, and had nothing to do with whether the spouse had a valid separate homestead. Indeed, the case implies that she did.

The reliance of the trustee upon the case of *Stewart v. Bader*, 907 A.2d 931, 154 N.H. 75 (N.H. 2006) is puzzling. In this tortured matter of a dispute between a New Hampshire prison inmate and the estate of the wife he murdered, the final matter disposed of was an issue of the inmate's homestead interest. The defendant inmate failed both the occupancy and ownership tests, the former because he was sentenced to life imprisonment with no hope of returning to the home, and the latter because the property had long since been sold. If anything, *Stewart* supports the Debtor's position herein where it recited the purpose of the homestead exemption, noting: "The purpose of the homestead exemption is "to secure to debtors and their families, the shelter of the homestead roof…" *Stewart v. Bader* at 943.

Finally, the trustee also asserts the case of *In re Visconti*, 426 B.R. 422 (USBC, NH, 2010) as being relevant to the issue in this case, but the Debtor asserts that it is not. In *Visconti*, this Court found that the debtor had conveyed his entire interest in the homestead by a warranty deed supported by a follow up affidavit which confirmed his surrender of his homestead interest, and that the homestead interest was not revived by his continuing occupation of the home. It did not find that a non-owning spouse in other than those unique circumstances did not have a homestead exemption which one could assert against creditors or other encumbering entities. Underlying divorce litigation confirmed this and thus the debtor was denied the claimed

exemption. This is a far cry from the instant case before this Court where the Debtor and her spouse reside together with their children.

*A fortiori* the very recent case of *In re Laurent*, (Bankr. N.H. 2022), decided by this Court, while at first blush seeming to be at odds with the Debtor's position herein, is also factually different from the Debtor here but ultimately seems to lean toward favoring the right of the non-owner, non-debtor spouse having a viable separate exemption under N.H.R.S.A. 480:3-a. In *Laurent*, this Court denied the exemption of the debtor based on the facts that the debtor therein was no longer married to the owner nor did he occupy the premises. However, in footnote #5, this Court states:

> Instead, the Debtor could have claimed a homestead exemption under RSA 480:3-a before his divorce. RSA 480:3-a provides: The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor. The Court recently explained that "RSA 480:3-a is designed to protect spouses who do not hold an ownership interest in the homestead property themselves." *In re Hopkins*, 2021 BNH 004, 5. "[T]he exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." *Id.* at 6. The Debtor is unable to claim the benefit of RSA 480:3-a in this case because he is no longer the spouse of the owner of the Property, and he was not on the date his bankruptcy case was filed, his divorce having been finalized in 2015. *See Visconti*, 426 B.R. at 426 ("No homestead may be claimed in property owned by an individual to whom the person is not married, even if they occupy the property.").

*In re Laurent*, at 3, Fn 3. In the case at bar, the Debtor's situation touches all of the bases necessary to claim the non-owner spouse's interest. There is no divorce, she owns the property, and they both occupy the property as their home with their children.

The matter before this Court also begs the discussion of certain policy and logical considerations. If the Court were to adopt the trustee's position, then the decision of married couple all across New Hampshire at to how they hold their property becomes uncertain where spouses, for whatever reason, decide to have one spouse hold the home solely in his/her name but for the benefit of the family as a whole.

The question must also be raised as to how a trustee conveys the interest of the non-owner spouse in a bankruptcy where the non-owner spouse demands the right to his/her homestead in accordance with New Hampshire law, and the non-owner spouse's signature is required to convey the property free of that interest. Can the trustee simply say, as the objecting trustee here apparently says, that the non-owner spouse has no real interest so "go away." Not likely. It flies in the face of the clear language of N.H.R.S.A. 480:5-a, which reads:

> No deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land.

Even a partition sale pursuant to 11 U.S.C. §363(h) would seemingly have to partition something which remains as the interest of the non-owner spouse claiming the homestead.

It is precisely this protection which makes it clear that the non-owning spouse is intended to have a separate homestead interest to further the liberal intent of the New Hampshire legislature to provide it.

No other reading of the homestead statute seems to make sense nor fall within the intent of the New Hampshire General Court. All courts interpreting the New Hampshire homestead statute seem to agree that it should "universally held to be liberally construed to achieve their public policy objective," *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132 (2019). See also *Maroun*, *infra*, at 229. As the court in *In re Szwyd*, 370 B.R. 882, 890 (B.A.P. 1st Cir. 2007) stated, "When statutory language is plain and unambiguous it should be enforced unless doing so would lead to an absurd result or be contrary to the legislature's manifest intention." (regarding Massachusetts homestead issue). Similarly, the court in *In re Howe*, 232 B.R. 534, 540 (B.A.P. 1st Cir. 1999) stated, "The Rhode Island Supreme Court has stated that "where the statutory language used is ambiguous, or admits of more than one meaning, it is to be

taken in such sense as will conform to the scope of the act and carry out the purpose of the statute." (Citation omitted)(tort claim exemption).

Here, the Debtor submits that the case of *Sabato, supra*, also relied upon by the trustee, actually supports her position. In *Sabato*, a senior mortgagee committed the mortal sin of failing to obtain the homestead release of the non-owning spouse whereas a junior mortgagee did. The owner had released her homestead but the debtor husband did not. The result was that the foreclosing junior mortgagee had to pay the non-owner husband the balance of the homestead interest of $120,000 after deducting the $64,872.01 it paid on its own behalf at the sale.

But what was instructive in *Sabato* were the conclusions the court came to in arriving at its decision. Citing <u>*Maroun v. Deutsche Bank Nat'l Trust Co.,*</u> 167 N.H. 220, 224-25, 109 A.3d 203 (2014), the court stated, "Statutory homestead protections are universally held to be liberally construed to achieve their public policy objective." *Sabato* at 132. Continuing, the court went on to say:

> The homestead exemption statute, RSA chapter 480 (2013 & Supp. 2018), provides that "[e]very person is entitled to $ 120,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1 (Supp. 2018). "The statutory protection of the homestead right" applies not only to the homeowner, but "also extends to spouses who occupy the homestead but are not title owners of the property." <u>Maroun</u>, 167 N.H. at 226, 109 A.3d 203.

*Sabato*, id. The continuing analysis of the mortgagee discord in that case emphasizes the non-owner's separate exemption, noting,

> The waiver of the plaintiff's homestead exemption in the second mortgage did not impute a waiver into the first mortgage; rather, the waiver in the second mortgage merely gave the second mortgagee the right to step into the plaintiff's shoes with respect to <u>his</u> priority over the first mortgage up to the value of the homestead exemption. [Citation omitted]

*Sabato* at 135. See *Deutsche Bank National Trust v. Pike*, 916 F.3r 60 (1st Cir., 2019)(non-owner spouse's New Hampshire homestead exemption trumped pre-divorce decree mortgage). The *Sabato* court's reliance on the analysis in *Maroun* was well-founded. The latter court, in

analyzing the rights of the non-debtor spouse, also stated, "Our solicitude reflects the fact that the homestead laws were *primarily* enacted for the protection of the non-owner spouse and dependent children." *Maroun* at 229. Emphasis added.

11 U.S.C. § 522(b)(2) authorizes the debtor to claim the New Hampshire homestead exemption as written and intended.

## CONCLUSION

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.     Overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.     Grant such other and further relief as is just and equitable.

<div style="margin-left:40%">

Respectfully submitted,
KATHERINE R. BRADY
By and through Her Attorney
/s/ *Leonard G. Deming, II*
Leonard G. Deming, II
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH01186

</div>

March 16, 2022
Date

### CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Memorandum of Law upon the following persons at the addresses indicated by electronic service or First Class Mail, postage prepaid this 16th day of March, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Katherine R. Brady
Case No. 21-10712-BAH
Chapter 13
Debtor

**STATEMENT OF THE CHAPTER 13 TRUSTEE**

NOW COMES LAWRENCE P. SUMSKI, Trustee in the above-cited case, and hereby makes the following Statement:

1. The former Chapter 7 Trustee filed an Objection to Homestead Exemption (Doc. #19).

2. On March 23, 2022, the successor Chapter 13 Trustee indicated that he would continue with the Exemption Objection filed by the former Trustee.

3. The Court issued a Procedural Order, requiring that the undersigned file a Supplemental Objection addressing his specific position regarding the Objection, on or before April 25, 2022; that will be filed separately.

4. This is a formal declaration that the Chapter 13 Trustee wishes to continue with the objection as filed by the predecessor Chapter 7 Trustee, and specifically that the Chapter 13 Trustee objects to Supplemental Exemption claimed by the debtor on behalf of her non-debtor, non-owner spouse.

5. At the hearing on March 23, 2022, the Court indicated that the Chapter 13 Trustee would have until April 25, 2022, to file a Memorandum of Law with citations to support his position, and that will in fact be filed by the deadline imposed.

6. The Court also required that the parties file a Joint Statement of Facts by May 2, 2022, and allowed that the debtor might file a supplemental response on or before May 2, 2022, after the Chapter 13 Trustee files his Memorandum of Law.

WHEREFORE, the undersigned Chapter 13 Trustee Moves as follows:

A.  That the record clearly show that he has taken the position asserted by the predecessor Chapter 7 Trustee at Docket #19.

B.  For such other and further relief as may be just.

Respectfully submitted,

Dated: April 1, 2022                    */s/ Lawrence P. Sumski*
                                        Lawrence P. Sumski,
                                        Chapter 13 Trustee
                                        PO Box 329
                                        Manchester, NH  03105
                                        ID# BNH01460


## CERTIFICATE OF SERVICE

I hereby certify that I have on this, the 1st day of April, 2022, served electronically via ECF a copy of this Joint Statement of Facts upon the following:

    Attorney Leonard G. Deming
    Attorney Edmond J. Ford
    Office of the U.S. Trustee

and by first class US mail to Katherine R. Brady at 27 Pinewood Drive, Merrimack, NH  03054.

Respectfully submitted,

Dated:  April 1, 2022                   /s/ Lawrence P. Sumski
                                        Lawrence P. Sumski
                                        Chapter 13 Trustee
                                        PO Box 329
                                        Manchester, NH 03105-0329
                                        (603) 626-8899
                                        ID# BNH01460

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Katherine R. Brady
Case No. 21-10712-BAH
Chapter 13
Debtor

### JOINT STATEMENT OF FACTS

NOW COMES LAWRENCE P. SUMSKI, Trustee in the above-cited case, and the Debtor, Katherine R. Brady, by and through her Attorney, Leonard G. Deming, and hereby make the following Statement of Agreed Facts:

1.  The case was commenced by the filing of a voluntary Chapter 7 Petition on December 21, 2021.

2.  At the time of the petition, the debtor resided with her husband and their two children at a certain single family residential property located at 27 Pinewood Drive, Merrimack, NH.

3.  The property was and is owned only by the debtor, pursuant to a deed dated June 2, 2014.

4.  The debtor on her Schedule C claimed a homestead exemption under RSA 480:1 in the amount of $120,000.00.

5.  The debtor subsequently amended her Schedules to claim an additional $120,000.00 homestead exemption on behalf of her non-debtor, non-owner spouse.

6.  The debtor believes that the non-debtor, non-owner spouse is entitled to an exemption by virtue of a certain interest he has in the property.

7.  The Chapter 13 Trustee believes that the non-debtor, non-owner spouse is not entitled to an exemption in the property, because he is not an owner.

Respectfully submitted,

Attorney Leonard G. Deming,
and Lawrence P. Sumski,
Chapter 13 Trustee

Dated: April 1, 2022                    */s/ Lawrence P. Sumski*
                                        Lawrence P. Sumski,
                                        Chapter 13 Trustee
                                        PO Box 329
                                        Manchester, NH  03105
                                        ID# BNH01460


### CERTIFICATE OF SERVICE

I hereby certify that I have on this, the 1st day of April, 2022, served electronically via ECF a copy of this Joint Statement of Facts upon the following:

    Attorney Leonard G. Deming
    Attorney Edmond J. Ford
    Office of the U.S. Trustee

and by first class US mail to Katherine R. Brady at 27 Pinewood Drive, Merrimack, NH  03054.

                                        Respectfully submitted,


Dated:  April 1, 2022                   */s/ Lawrence P. Sumski*
                                        Lawrence P. Sumski
                                        Chapter 13 Trustee
                                        PO Box 329
                                        Manchester, NH 03105-0329
                                        (603) 626-8899
                                        ID# BNH01460

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

Katherine R. Brady,
           Debtor

Bk. No. 21-10712-BAH

Chapter 13

## **AMENDMENT COVER SHEET**

An amendment to the following petition, lists, schedules or statements is transmitted herewith:

| | |
|---|---|
| \_\_\_\_\_ | Voluntary Petition |
| \_\_\_\_\_ | Statement About Your Social Security Number[1] |
| \_\_\_\_\_ | Statement of Financial Affairs |
| \_\_\_\_\_ | Schedule A/B – Property[2] |
| \_\_\_\_\_ | Schedule C – Property You Claim as Exempt |
| \_\_X\_\_ | Schedule D – Creditors Who Have Claims Secured by Property[2,3] |
| \_\_\_\_\_ | Schedule E/F – Creditors Who Have Unsecured Claims[2,3] |
| \_\_\_\_\_ | Schedule G – Executory Contracts and Unexpired Leases |
| \_\_\_\_\_ | Schedule H – Co-Debtors |
| \_\_\_\_\_ | Schedule I – Your Income[2,4] |
| \_\_\_\_\_ | Schedule J – Your Expenses[2,4] |
| \_\_\_\_\_ | Form 122A-1 (Chapter 7 Statement of Your Current Monthly Income)[2] |
| \_\_\_\_\_ | Form 122A-1Supp (Statement of Exemption from Presumption of Abuse Under § 707(b)(2)) |
| \_\_\_\_\_ | Form 122A-2 (Means Test Calculation) |
| \_\_\_\_\_ | Form 122B (Chapter 11 Statement of Your Current Monthly Income)[2] |
| \_\_\_\_\_ | Form 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period)[2] |
| \_\_\_\_\_ | Form 122C-2 (Chapter 13 Calculation of Your Disposable Income) |
| \_\_X\_\_ | Summary of Assets and Liabilities |
| \_\_\_\_\_ | List of Creditors[3] |
| \_\_\_\_\_ | Statement of Intention for Individuals Filing Under Chapter 7 |
| \_\_\_\_\_ | List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders in Chapter 9 or 11 Cases |
| \_\_\_\_\_ | Disclosure of Compensation of Attorney for Debtor |
| \_\_\_\_\_ | Other [Please specify:_____] |

In connection with the filing of this amendment, I acknowledge that I have read and understood the terms of *LBR 1009-1*.

Date: April 1, 2022

/s/ *Leonard G. Deming*

Leonard G. Deming, Attorney for Debtor
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
BNH 01186
Ph. (603)882-2189

---------------------------------------------------------------------------------------------------------------------------------------------

[1] Amendment of the debtor's Social Security number requires that an amended *LBF 5005-4* or Official Bankruptcy Form 121 — Statement About Your Social Security Numbers be submitted to the clerk's office, in addition to the filing of the amendment. The amendment must comply with the final four four digit Social Security number requirement of Bankruptcy Rule 1005, while the copy mailed to affected parties must list the complete Social Security number.

[2] Attach Summary of Assets and Liabilities.

[3] Fee submitted for Amendment to Schedules D, E/F or the List of Creditors. *No fee is required to change the address of a creditor or to add the name and address of an attorney for a listed creditor.*

[4] Any amendment to Schedule I requires an amendment to Schedule J. Schedule J must always be filed with any amendment to Schedule J.

LBF 1009-1A (Eff. 11/1/16)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,                    )        Bk. No. 21-10712-BAH
                                             )        Chapter 7
                    Debtor                   )
                                             )

NOTICE OF AMENDMENT OF SCHEDULES

NOW COMES Katherine R. Brady (hereinafter Debtor), by and through her attorney, Leonard G. Deming, II, and respectfully moves to amend her bankruptcy Schedule D, with the addition of the following Creditor:

Amend Schedule F to include:

| Creditor | Purpose | CUD | Amount |
|----------|---------|-----|--------|
| Daniel J. Brady | Homestead Interest | | $120,000 |
| 27 Pinewood Drive | | | |
| Merrimack NH 03054 | | | |

I declare under penalty of perjury that the above-noted obligation was incurred, if at all, prior to the petition filing date and that the information herein is true to the best of my knowledge and belief.

April 1, 2022                              /s/ Katherine R. Brady
Date                                        Katherine R. Brady, Debtor

WHEREFORE, Movants respectfully prays this Court Order her Chapter 7 schedules amended as set forth.

Respectfully submitted,
KATHERINE R. BRADY
By and through her Attorney

April 1, 2022                              /s/ Leonard G. Deming
Date                                        Leonard G. Deming, II
                                            491 Amherst Street, Suite 22
                                            Nashua NH 03063
                                            (603) 882-2189
                                            deminglaw@comcast.net
                                            BNH# 01186

Daniel J. Brady
27 Pinewood Drive
MERRIMACK, NH 03054

**Fill in this information to identify your case:**

Debtor 1 __Katherine__ __R.__ __Brady__
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the: __DISTRICT OF NEW HAMPSHIRE__

Case number __21-10712-BAH__
(if known)

☑ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
| --- | --- |

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
| --- | --- | --- | --- |

**2.1**

**Daniel J. Brady**
Creditor's name
**27 Pinewood Drive**
Number    Street

_____

Merrimack          NH    03054
City          State    ZIP Code

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred    _____

**Describe the property that secures the claim:**
**27 Pinewood Drive, Merrimack, NH 03054**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **Lien on Property**

Last 4 digits of account number    ___ ___ ___ ___

Column A: $120,000.00    Column B: $346,700.00    Column C: _____

Add the dollar value of your entries in Column A on this page. Write that number here:

$120,000.00

Official Form 106D          Schedule D: Creditors Who Have Claims Secured by Property          page 1

Debtor 1    **Katherine R. Brady**                                      Case number (if known)  __21-10712-BAH__

| **Part 1:** | **Additional Page**<br>After listing any entries on this page, number them sequentially from the previous page. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|---|

**2.2**

**US Bank Home Mortgage**
Creditor's name
**PO Box 21948**
Number     Street

Describe the property that secures the claim:                    **$178,445.61**          **$346,700.00**

**27 Pinewood Drive,
Merrimack, NH 03054**

_____

**Eagan          MN   55121**
City          State     ZIP Code

**Who owes the debt?**  Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Date debt was incurred**    _____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.**  Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset)
  **Mortgage**

**Last 4 digits of account number**    __7__  __2__  __7__  __9__

Add the dollar value of your entries in Column A on this page.  Write that number here:                                    **$178,445.61**

If this is the last page of your form, add the dollar value totals from all pages.  Write that number here:                **$298,445.61**

**Fill in this information to identify your case:**

| Debtor 1 | <u>Katherine</u> | <u>R.</u> | <u>Brady</u> |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number   **21-10712-BAH**
(if known)

☑ Check if this is an amended filing

<u>Official Form 106Sum</u>

# Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.**

## Part 1:  Summarize Your Assets

**Your assets**
Value of what you own

1.  *Schedule A/B: Property* (Official Form 106A/B)

   1a. Copy line 55, Total real estate, from Schedule A/B................................................  $346,700.00

   1b. Copy line 62, Total personal property, from Schedule A/B........................................  $21,691.00

   1c. Copy line 63, Total of all property on Schedule A/B..................................................  $368,391.00

## Part 2:  Summarize Your Liabilities

**Your liabilities**
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of Schedule D.....  $298,445.61

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F....................................  $0.00

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F...........................  +  $42,217.63

   **Your total liabilities**    $340,663.24

## Part 3:  Summarize Your Income and Expenses

4.  *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of Schedule I......................................................................  $6,286.45

5.  *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of Schedule J................................................................................  $6,210.25

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | **21-10712-BAH** |
|---|---|---|---|

---

| **Part 4:** | **Answer These Questions for Administrative and Statistical Records** |
|---|---|

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No.  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

☑ Yes

7. **What kind of debt do you have?**

☑ **Your debts are primarily consumer debts.**  *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose."  11 U.S.C. § 101(8).  Fill out lines 8-9g for statistical purposes.  28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.**  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

8. From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

| $8,416.30 |
|---|

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

|  | Total claim |
|---|---|

From Part 4 on *Schedule E/F,* copy the following:

| 9a. | Domestic support obligations.  (Copy line 6a.) | $0.00 |
|---|---|---|
| 9b. | Taxes and certain other debts you owe the government.  (Copy line 6b.) | $0.00 |
| 9c. | Claims for death or personal injury while you were intoxicated.  (Copy line 6c.) | $0.00 |
| 9d. | Student loans.  (Copy line 6f.) | $0.00 |
| 9e. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims.  (Copy line 6g.) | $0.00 |
| 9f. | Debts to pension or profit-sharing plans, and other similar debts.  (Copy line 6h.) | + $539.54 |
| 9g. | **Total.**  Add lines 9a through 9f. | $539.54 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,        )      Bk. No. 21-10712-BAH
                          )      Chapter 13
          Debtor      )
                          )

## NOTICE TO ADDED CREDITORS

A bankruptcy case concerning the debtor(s) listed above was filed on December 17, 2021 and converted to Chapter 13 on March 9, 2022. On April 1, 2022, the schedule or list of creditors filed by the debtor(s) was amended to include your name.

Among the documents attached to this notice is the Notice of Chapter 13 Bankruptcy Case provided to all creditors upon the filing of this case. The Notice of Chapter 13 Bankruptcy case has important information about the case for creditors, including information about the meeting of creditors and deadlines. Read both pages carefully. Because you were added as a creditor after the commencement of this case, the meeting of creditors may have been held, and deadlines listed may be close or have already expired. The deadlines applicable to you are listed below.

1.  Claims.

        This is a no asset case. It is unnecessary to file a claim now. If it is determined there are assets to distribute, creditors will receive a notice setting a deadline to file claims.
                               or

☑  This is an asset case. The deadline to file a proof of claim is May 18, 2022.[1] A proof of claim form may be obtained at www.uscourts.gov or on the court's web site at www.nhb.uscourts.gov.

2.  Discharge. The deadline for filing a complaint objecting to the discharge of the debtor(s) and/or to have a debt declared non-dischargeable is June 17, 2022.[2]

3.  Exemptions. The deadline to object to an exemption in property claimed by the debtor(s) is May 18, 2022.[3]

Any documents must be filed by the above-stated deadlines with the Clerk, United States Bankruptcy Court, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Room 200, Concord, NH 03301.

Date: April 1, 2022               /s/ *Leonard G. Deming II*

                            Leonard G. Deming, II, BNH# 01186
                            491 Amherst Street, Suite 22
                            Nashua NH 03063
                            (603) 882-2189
                            deminglaw@comcast.net

---

[1] If the meeting of creditors has been held, extend the deadline seventy (70) days from the date of the amendment for the added creditor or the existing bar date established by the Court, whichever is later. Otherwise, enter the date from the Notice of Bankruptcy Case.

[2] If the meeting of creditors has been held, extend the deadline sixty (60) days from the date of the amendment for the added creditor in Chapter 7, 12, 13, or 11 personal bankruptcy cases only. Otherwise, enter the date from the Notice of Bankruptcy Case. Not applicable to business cases.

[3] If the meeting of creditors has been held, extend the deadline thirty (30) days from the date of the amendment for the added creditor in Chapter 7, 12, 13, or 11 personal bankruptcy cases only. Otherwise, enter the date from the Notice of Bankruptcy Case. Not applicable to business cases.

LBF 1009-1B (Eff. 12/4/19

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,                    )          Bk. No. 21-10712-BAH
                                             )          Chapter 7
                          Debtor             )
                                             )

<u>CERTIFICATE OF SERVICE</u>

     I, Leonard Deming hereby certify, under the pains and penalties of perjury, that I have served a copy of the attached Notice of Amendment of Schedule dated April 1, 2022, a copy of the Notice of Commencement of Case Under Chapter 7 issued by the Court in this case and the attached Notice to Added Creditors to those recipients listed below on the 1st April, 2022 by electronic service or by First Class Postage prepaid mail pursuant to Bankruptcy Court Rule 1009 and Local Bankruptcy Court Rule 1009-1.

Katherine R. Brady
Via email

Lawrence Sumski, Esquire
lsumski@hotmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com


/s/ *Leonard Deming*

Leonard Deming

| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | **Katherine R. Brady** | Social Security number or ITIN: xxx–xx–6991 |
| | First Name   Middle Name   Last Name | EIN: _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN: _ _ _ _<br>EIN: _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: District of New Hampshire Live Database | | Date case filed in chapter: 7   December 17, 2021 |
| Case number: **21–10712–BAH** | | Date case converted to chapter: 13   March 9, 2022 |

## Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Katherine R. Brady | |
| 2. | **All other names used in the last 8 years** | fka Katherine Rose Mirra | |
| 3. | **Address** | 27 Pinewood Drive<br>MERRIMACK, NH 03054 | |
| 4. | **Debtor's attorney**<br>Name and address | Leonard G. Deming II<br>Deming Law Office<br>491 Amherst St., Suite 22<br>Nashua, NH 03063 | Contact phone (603) 882–2189<br><br>Email: deminglaw@comcast.net |
| 5. | **Bankruptcy trustee**<br>Name and address | Lawrence P. Sumski<br>Trustee<br>PO Box 329<br>Manchester, NH 03105–0329 | Contact phone 603–626–8899<br><br>Email: SumskiCh13@gmail.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 55 Pleasant Street<br>Room 200<br>Concord, NH 03301–3941 | Hours open: 8:30am–4:30pm<br><br>Contact phone 603–222–2600<br><br>Date: March 9, 2022 |

**For more information, see page 2**

| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **April 18, 2022 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**The meeting will be held**<br>**TELEPHONICALLY** |
|---|---|---|
| | **For meeting call–in number and passcode see the entry on the case docket**<br>**or contact the trustee listed on the reverse of this notice.** | |

| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** | **Filing deadline: June 17, 2022** |
|---|---|---|
| | **You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br><br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: May 18, 2022** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: September 6, 2022** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.nhb.uscourts.gov or www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:**   30 days after the *conclusion* of the meeting of creditors |

| **9. Filing of plan** | The debtor has not filed a plan as of this date. The plan will be mailed separately when it is filed. The hearing on confirmation will be held on:<br>**May 13, 2022 at 09:00 AM** , Location: **Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Courtroom A, Concord, NH 03301** |
|---|---|
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. |
| **14. Trustee** | The trustee named on the reverse side is the Standing Chapter 13 Trustee appointed in this case by the U.S. Trustee to serve under the general blanket bond heretofore approved. |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:  Katherine R. Brady,      Case No. 21-10712-BAH
                    Debtor.      Chapter 13

### TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED SCHEDULE D

NOW COMES Lawrence P. Sumski, Chapter 13 Trustee, and hereby objects to the debtor's Amended Schedule D, stating as follows:

1.  The issue of the appropriateness of a second homestead exemption filed by the debtor on behalf of a non-debtor, non-co-owner of her residential real estate is currently before the Court.

2.  The debtor through her counsel has expressed a legal theory that the non-debtor, non-co-owner husband, Daniel J. Brady, already has a legal interest of some sort in the property, and so the debtor has filed an amended Schedule D to assert the "lien" that he has on the residential property.

3.  The issue is squarely before the Court but to make sure it is preserved for the scheduled hearing the undersigned hereby objects to the amendment to Schedule D to show the fictional lien in the amount of $120,000.00.

WHEREFORE, the undersigned Chapter 13 Trustee Prays as follows:

A.  That the Court disallow the amendment to the Schedules;

B.  For such other and further relief as may be just.

Respectfully submitted,


/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee
PO Box 329
Manchester, NH  03105-329
(603) 626-8899
Dated:  April 5, 2022          ID# BNH 01460

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: Katherine R. Brady,        CASE NO. 21-10712-BAH
                    Debtor.       Chapter 13

CERTIFICATE OF SERVICE

I, Lawrence P. Sumski, hereby certify that on this the 5th day of April, 2022 I caused a copy of the foregoing Trustee's Objection to Debtor's Amended Schedule D to be served electronically upon the following:

Attorney Leonard Deming, II
Ford, McDonald, McPartlin & Borden, P.A.
Office of the US Trustee

and by mailing, first-class mail, postage paid, to all creditors as listed on the attached matrix.

/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In Re: Katherine R. Brady
Case No. 21-10712-BAH
Chapter 13
Debtors

### NOTICE OF HEARING

You are hereby notified that a hearing will be held on the attached Trustee's Objection to Debtor's Amended Schedule D on May 20, 2022, at the United States Bankruptcy Court for the District of New Hampshire, Warren B. Rudman United States Courthouse, 55 Pleasant Street, Courtroom A, Concord, New Hampshire at 9:00 a.m.

You are further notified that an objection to this motion, if any, must be filed with the U.S. Bankruptcy Court and the undersigned on or before May 13, 2022. The date for hearing of such objections shall be as follows May 20, 2022 or at such further date as the Court may provide.

Respectfully submitted,

Dated: April 5, 2022

/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee
PO Box 329
Manchester, NH  03105-0329
(603) 626-8899
ID# BNH01460

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: Katherine R. Brady,
                    Debtor.

                              Case No. 21-10712-BAH
                              Chapter 13 Bankruptcy

## **Order**

After due consideration of the Trustee's Objection to

debtor's Amended Schedule D, the Court hereby Orders:

    1.  That the amendment to the debtor's Schedule D is
disallowed.


    So Ordered:

                              _____
                              Bruce A. Harwood
                              Chief Bankruptcy Judge

Katherine R. Brady
27 Pinewood Drive
Merrimack, NH 03054

Quantum3 Group LLC
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Citibank, N.A.
5800 S Corporate Place
Sioux Falls, SD 57108-5027

US Bank Home Mortgage
PO Box 21948
Eagan, MN 55121

Comenity-Rewards MC
PO Box 650964
Dallas, TX 75265

Comenity-Victoria's Secret
PO Box 650972
Dallas, TX 75265

Digital Federal Credit Union
220 Donald Lynch Blvd.
Marlborough, MA  01752

Jeanne Darc Credit Union
PO Box 1238
Lowell, MA 01853

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**In Re: Katherine R. Brady**
Case No. 21-10712-BAH
Chapter 13
Debtor

## Brief of Trustee

NOW COMES LAWRENCE P. SUMSKI, Chapter 13 Trustee in the above-cited case, and hereby issues this Brief and Memorandum of Law.

## Question of Law

Every Debtor is entitled to assert a homestead exemption in property that he or she both owns and resides at.  May a Debtor also claim an additional homestead exemption on behalf of a cohabitating spouse, who resides at the property but has no ownership interest in it?

## Citations

RSA 480:1

Austin v Stanley, 46 N.H. 51 (1865)

In re Weiner, 2015 BNH 13

In re Delong, 2021 BNH 005

In re Hopkins, 2021 BNH 004

In in re St. Laurent, 2022 BNH 002

## Facts

The Debtor, Katherine R. Brady, filed the instant case on 12-17-21 under Chapter 7, and in due course converted the matter to a case under Chapter 13. At the time of the filing, she indicated that she cohabitated with her non-Debtor spouse and children at a single-family residential home located at 27 Pinewood Drive, Merrimack, New Hampshire. When the Petition was filed, she asserted on Schedule A/B that she was the sole owner of the property, which had a fair market value of $236,100. On Schedule C, she asserted a homestead exemption in the amount of $120,000 in that property. On Schedule D, she indicated that the property was encumbered with a lien in the estimated amount of $178,000. After being confronted with evidence by the former Chapter 7 trustee that the property likely had a higher fair market value, such that the equity was greater than that covered by her asserted homestead exemption, and thus was exposed to creditors, the Debtor amended her Schedule C to assert an additional homestead exemption on behalf of her non-Debtor cohabitating spouse. The former Chapter 7 Trustee, Edmond Ford, timely objected to the exemption on February 18, 2022; the Chapter 13 indicated that he wished to take the same position at a hearing on March 23, 2022, and more formally subsequently by pleading dated April 1, 2022, at Doc. 43.

**Argument**

There have been numerous New Hampshire Bankruptcy Court Opinions which have dealt with one aspect or another of the Homestead Exemption, including several recent opinions. Omitting citations for those earlier cases, the Court has considered extraterritorial homestead claims; interests in non-single-family dwellings; whether the proceeds from the sale of a homestead retains the exempt status; whether temporary or permanent absence from the property defeats the exemption; and whether a contiguous parcel of land on a separate deed can be considered part of the exempt homestead property, among other nuances.

The Opinion in the case of In re Visconti is on point. Although the facts of the case are inapposite, as the desired protection was for the proceeds of the sale of property in question, rather than of the property itself, the Court in its discussion gives its clear statement as to the meaning of the exemption. It held that occupancy is essential to the existence of the homestead right, citing Austin v Stanley, 46 N.H. 51 (1865), but:

> (I)n addition, occupancy alone does not preserve the
> homestead right—it also requires ownership (citations

> omitted)...Thus, the homestead exemption under RSA 480:1
> requires both occupancy and ownership.

In re Visconti, at page 5.  This ruling turned on other facts,
the Debtor having conveyed his interest prior to the petition
date, but in getting to that fact-specific conclusion the Court
first made the initial dispositive definitional findings cited
above, and that definition can be directly applied to the review
of the second exemption assertion in the instant case.

   In the instant case, the Debtor asserts that an admitted
non-owner still has an "interest" in the property where he
lives, and that word is in fact used in the homestead statute at
RSA 480:1.  The Debtor cites the holding in In re Weiner, in
which the Court repeated the *question* as to whether the non-
owner, non-debtor spouse could claim the exemption, but the
Court there didn't provide an *answer* to that question, as the
case was decided on other grounds.  The holding there helps
neither side here.

   In In re Delong, the issue was admittedly nuanced.  While
the Court clearly ruled that a Debtor could not claim the non-
Debtor's homestead exemption as it pertained to the issue of
lien avoidance, arguably that ruling was focused on the
lien/exemption dynamic.  The Court declared that it was
"irrelevant" to its ruling whether the non-Debtor spouse had a
homestead exemption in the property.  Id, at page 4.  The ruling

is not definitively helpful to either side of the pointed question presented in this case.

More on point for this discussion is the holding in the case of In re Hopkins, but again the holding in this case was distinguishable. The Court held that the Debtor improperly asserted an exemption on behalf of a deceased spouse, a *former* co-owner of the property in question. This holding provides no assistance to either side of the instant issue, the seemingly simpler question of whether a Debtor can make such a claim on behalf of a non-Debtor, non-owner, cohabitating (and alive) spouse.

In re St. Laurent provided yet another attempt to expand the definition of the homestead right, this time to a property that the debtor previously did not own but resided at as his marital residence. At the petition date, he didn't reside there, didn't have an ownership interest in it, and in fact the property had been sold to a third party. Citing the dual requirements of occupancy and ownership expressed in In re Visconti, the Court declined to allow the exemption to the Debtor.

Contrary to the recent cases cited above, the Court here is presented with a straight up question. The facts of the valuation amendment and the addition of the exemption by

amendment are not relevant, since the same question would be presented had the case been filed with the amended valuation and amended exemption already in place on the petition date.  The Debtor meets the criteria for asserting the exemption cited in RSA 480:1 and all the cases:  she is a person who occupies the property as a dwelling, and she is a person who owns the property.  The non-Debtor non-owner spouse may have some non-legal and ephemeral or transitory or otherwise undefined "interest" in the property, but he lacks the ownership interest required by the statutory definition of the homestead.

Case law clearly provides that the homestead interest is to be considered broadly, but the Court would have to overlook a basic fact of this case to allow for its expansion to the non-Debtor, non-owner spouse in this case.  It would be a tortured expansion of the statutory word "owned" to include expressly and admittedly non-owned interest as being the same thing.

### Conclusion

The Debtor resides at and owns the property in question, so she is entitled to claim a homestead exemption to cover her share of its equity.  The Debtor's spouse resides at but is a non-owner of the property, and the Debtor is therefore is not entitled to assert an additional homestead exemption on his

behalf.  The second proposed homestead exemption asserted in the Amendment at Doc. 8 dated 2-1-22 must be denied.


                                        Respectfully submitted,


Dated: April 19, 2022              */s/ Lawrence P. Sumski*
                                   Lawrence P. Sumski,
                                   Chapter 13 Trustee
                                   PO Box 329
                                   Manchester, NH  03105-0329
                                   ID# BNH01460

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | **SCHEDULED HEARING** |

**SCHEDULED HEARING**
**May 20, 2022**
**9:00 A.M.**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S SECOND
HOMESTEAD EXEMPTION AND IN OPPOSITION TO TRUSTEE'S OBJECTION TO
SAID EXEMPTION AND IN SUPPORT OF DEBTOR'S AMENDMENT TO
SCHEDULE D ADDING NON-DEBTORS SPOUSE'S INTEREST**

**Statement of of Additional Relevant Facts**

The parties have adduced their agreed Joint Statement of Facts (Document #44) relative

to the trustee's objection to the Debtor's amendment to Schedule C adding a claim of exemption

in the family household by the Debtor's spouse. Document#8.

On April 1, 2022, the Debtor filed her Notice of Amendment to Schedule D (Document

#45) adding an encumbrance interest held by the Debtor's non-owner, non-debtor spouse based

on his homestead interest on behalf of him and their children. Hereinafter the Schedule D

Amendment.

On April 5, the trustee filed his objection (Document #47) to the Schedule D Amendment

in order to preserve the issue as part of the overall issue of the non-filing, non-owner spouse's

interest in the homestead. The trustee also noticed the hearing for the objection for the same date

and time as the objection to the exemption to be heard, May 20, 2022.

**Statement of the Law**

**NEW HAMPSHIRE STATUTES RECOGNIZE A SEPARATE AND INDEPENDENT
"INTEREST" IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE
HOME SUCH SPOUSE OCCUPIES SPECIFICALLY CHARACTERIZED AS A
HOMESTEAD**

As the Debtor previously stated in her Memorandum of Law in Support of spousal exemption (Document #35-1),

> The non-owner non-debtor spouse clearly has an interest. How it might be reflected on bankruptcy schedules may be a matter of subjective preference but having the same result. It may be reflected as an encumbrance on Schedule D in the amount of $120,000, or a joint property interest on the debtor's Schedule A, or an exemption allowed by New Hampshire law on Schedule C either under N.H.R.S.A 480:1 or N.H.R.S.A 480:3-a . The Debtor here has opted for the latter but will amend if necessary.

Debtor's Memo, Document #35-1, p. 3.

Here, the Debtor has asserted the spousal interest in two ways. First, as an exemption and, second, as an encumbrance upon the family home which is separate from the Debtor's own homestead exemption right.

The Debtor will not, of course, repeat here all of the arguments set forth in the Debtor's previously-filed Debtor's Memo in support of the spousal exemption/interest.

In response, however, to the Brief of Trustee (Document #56) filed by the trustee, the Debtor notes the trustee's reference to and apparent reliance on the case of *Austin v Stanley*, 46 N.H. 51 (1865) is one which the Debtor has been unable to review since it is not available from the research tool utilized by Debtor's counsel. FastCase does not have this case, even after separate inquiry, and so Debtor's counsel has not read the case itself. However, the citation by other courts of this case appear to do so based on the issue of "occupancy" which is not an issue in the case at bar. See, e.g. *In re Eckols*, 63 B.R. 523 (Bankr. NH, 1986)(occupancy is essential to the homestead right); Accord *Stewart v. Bader*, 907 A.2d 931,943, 154 N.H. 75 (N.H. 2006).

The trustee's reliance upon *In re Visconti*, 426 B.R. 422 (Bankr. NH, 2010) has little relevance to this case. Facts matter, and in *Visconti* the non-owning spouse not only did not occupy the premises but also had specifically released his homestead interest previously. Thus, it has to be reinforced that any supposed "holding" in the *Visconti* case requiring ownership and

occupancy is purely *dicta* which was not required to make the final determination in that case denying the asserted homestead interest.

11 U.S.C. Section 522 does not restrict the scope of its application to purely the "debtor's exemptions" as set forth therein. This is true in two distinct ways. First, debtors in New Hampshire may avail themselves of either federal or state exemptions. Where the debtor chooses the state exemption scheme, such a debtor is entitled to the full extent of the state statutory scheme which, in New Hampshire, includes the rights of the non-owning spouse by virtue of the stated statutory rights found in RSA 480:1 and RSA 480:3-a. As previously stated, New Hampshire courts, and courts citing them, note that the exemption statutes are "universally held to be liberally construed to achieve their public policy objective," *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132 (2019). See also <u>Maroun v. Deutsche Bank Nat'l Trust Co.</u>, 167 N.H. 220, 224-25, 109 A.3d 203 (2014). The bankruptcy code gives debtors the right to use New Hampshire exemptions to their full extent which includes an exemption to the non-owner spouse.

Second, Section 522 is replete with references to the rights of non-filing and, presumably, non-owning spouses and children relative to property that they have an expectation to enjoy regardless of bankruptcy. Section 522(a)(1) defines "dependent" as including the spouse and Section 522(d)(1) references property the dependents use as part of the family unit regardless of technical ownership. The same references are found throughout Section 522(d).

As previously asserted, New Hampshire statutes make it clear that the non-owning spouse has *something*, an "interest" if you will. Otherwise, the focus on the non-owning spouse, for himself and for their children having to be part of any alienation makes no sense and leads to an absurd result. This "something" (or interest) is asserted in the Debtor's amendment in the

instant case to recite the encumbrance on the property consisting of the homestead exemption of the non-filing spouse which must be attended to in the event anyone wants to succeed to the interest of the titled owner. The non-owning spouse cannot be ignored in any instance, including the prosecution of a bankruptcy case. As the court in *Deutsche Bank Nat'l Trust Co. v. Pike*, 916 F.3d 60, 68 (1st Cir. 2019) deduced, "…in the event of a forced sale, a person with a homestead right is entitled to a set-off in the statutorily defined amount." The *Deutsche Bank* court went on further to say:

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a ); see also N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically *occupies* the subject property. Walbridge v. Estate of Beaudoin, 163 N.H. 804, 48 A.3d 964, 966 (2012).

*Id.* Emphasis added.

The trustee offers nothing here mitigating against giving a broad and liberal construction to the homestead statute to achieve its public policy objective to protect New Hampshire families and its intent to recognize the important interest that non-filing spouses and their children have in their home.

11 U.S.C. § 522(b)(2) authorizes the debtor to claim the New Hampshire homestead exemption as written and intended or at least to have it recognized as an interest encumbering a home that creditors may otherwise try to look to for satisfaction of debts owed to them.

## CONCLUSION

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.    Overrule the trustee's Objection to the Debtor's exemption and allow the exemption of

her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire

statutes.

B.    Overrule the trustee's Objection to the Debtor's amendment adding the non-filing

spouse's encumbrance on Schedule D.

C.    Grant such other and further relief as is just and equitable.

                                    Respectfully submitted,
                                    KATHERINE R. BRADY
                                    By and through Her Attorney
May 2, 2022____                     /s/ *Leonard G. Deming, II*____
Date                                Leonard G. Deming, II
                                    Deming Law Office
                                    491 Amherst Street, Suite 22
                                    Nashua NH 03063
                                    (603) 882-2189
                                    BNH01186

## CERTIFICATE OF SERVICE

    I hereby certify under the pains and penalties of perjury that I have served a copy of the
foregoing Memorandum of Law upon the following persons at the addresses indicated by
electronic service or First Class Mail, postage prepaid this 2nd day of May, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*____
Leonard G. Deming II

**2022 BNH 003**      Note:   **This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.**
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                  Bk. No. 21-10712-BAH
                                                                        Chapter 13
Katherine R. Brady,
                    Debtor


*Leonard G. Deming, II, Esq.*
*Deming Law Office*
*Nashua, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Merrimack, New Hampshire*
*Chapter 13 Trustee*


## <u>MEMORANDUM OPINION</u>

## I.  INTRODUCTION

The Court has before it an objection to the Debtor's claim of homestead exemption (Doc. No. 19) (the "Homestead Exemption Objection") and an objection to the Debtor's amendment to Schedule D (Doc. No. 47) (the "Schedule D Objection") (together, the "Objections").  The Court held a hearing on the Objections on May 20, 2022, and took the matters under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## II.  FACTS AND PROCEDURAL BACKGROUND

The Debtor filed an individual chapter 7 bankruptcy petition on December 17, 2021.  On Schedule A/B, she listed an ownership interest in a single-family home located in Merrimack,

New Hampshire (the "Property"). The Property is owned solely by the Debtor pursuant to a deed dated June 2, 2014. On the petition date, the Debtor resided at the Property with her husband and their two children. She valued the Property as being worth $236,100.

On Schedule C, the Debtor claimed a $120,000 homestead exemption pursuant to New Hampshire Revised Statute Annotated ("RSA") 480:1. On Schedule D, she listed a mortgage claim totaling $178,445.61 and no other secured claims.

On January 25, 2022, Edmond Ford, chapter 7 trustee (the "Chapter 7 Trustee"), conducted the section 341 meeting of creditors. Thereafter, on February 1, 2022, the Debtor amended Schedules A/B and C. She increased the value of the Property to $346,700, and she asserted an additional $120,000 homestead exemption for her "Non-owner Husband" (as she described him in her Notice of Amended Schedules) pursuant to RSA 480:1:

| Brief description:<br>27 Pinewood Drive, Merrimack, NH 03054<br>(2nd exemption claimed for this asset)<br>Line from *Schedule A/B*: __1.1__ | $346,700.00 | ☑<br>☐ | $120,000.00<br>100% of fair market value, up to any applicable statutory limit | N.H. Rev. Stat. § 408: 1, 2 (Claimed: $120,000.00<br>Spousal Interest) |
|---|---|---|---|---|

On February 4, 2022, the Chapter 7 Trustee retained counsel to investigate and potentially liquidate assets. On February 9, 2022, the Debtor moved to convert her case to chapter 13. A hearing on the motion to convert was scheduled for March 9, 2022.

Before the hearing on the motion to convert was held, the Chapter 7 Trustee filed the Homestead Exemption Objection, which was scheduled for hearing on March 23, 2022. The Chapter 7 Trustee objected to the Debtor's claim of a second homestead exemption under RSA 480:1 in the amount of $120,000 on behalf of her non-debtor, non-owner husband, and sought disallowance of the exemption.

On March 9, 2022, the Court converted the Debtor's case to a chapter 13 case.

On March 23, 2022, the Court held a hearing on the Homestead Exemption Objection at which Lawrence P. Sumski, the chapter 13 trustee (the "Chapter 13 Trustee"), appeared.  The Chapter 13 Trustee indicated he intended to pursue the Homestead Exemption Objection.  The Court ordered the Chapter 13 Trustee to file a supplemental objection by April 25, 2022.  The parties indicated their willingness to file a joint stipulation of facts, which the Court ordered the parties to file by May 2, 2022.

The parties filed a joint statement on facts on April 1, 2022.  That same day, the Debtor amended Schedule D to include the following secured claim of her non-debtor, non-owner husband:



On April 5, 2022, the Chapter 13 Trustee objected to this amendment.  The Court scheduled a hearing on the Schedule D Objection for May 20, 2022, the same day as the hearing on the Homestead Exemption Objection.

The Chapter 13 Trustee and the Debtor both filed memoranda of law in support of their positions.  The Court held a hearing on May 20, 2022, and took the Objections under advisement.

3

## III. DISCUSSION

### A. Homestead Exemption

"The purpose of the homestead exemption is to secure to debtors and their family the shelter of the homestead roof." Deyeso v. Cavadi, 165 N.H. 76, 79 (2013). Courts are to construe the homestead liberally. In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005). The Bankruptcy Code and Rules set forth the framework for asserting and objecting to a debtor's claim of exemption in a bankruptcy case. Federal Rule of Bankruptcy Procedure 4003(a) provides that "[a] debtor shall list the property claimed as exempt under §522 of the Code on the schedule of assets required to be filed by Rule 1007." Subsection 522(b)(1) of the Bankruptcy Code provides in relevant part that "an individual debtor may exempt from property of the estate property listed in … paragraph (3) of this subsection." Subsection 522(b)(3) provides that "[p]roperty listed in this paragraph is … any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition in the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition ..." Accordingly, the Debtor asserted New Hampshire's exemptions on Schedule C.

New Hampshire's homestead exemption is set forth in RSA 480:1, which states:

Every person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing.

RSA 480:3-a provides further that:

The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

"[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). The party objecting to an exemption bears the burden of proof. Fed. R. Bankr. P. 4003(c).

The Chapter 13 Trustee objects to the Debtor's assertion of a homestead exemption pursuant to RSA 480:1 on behalf of her non-debtor spouse, who resides at the Property but has no ownership interest in it.[1] In support of his position, the Chapter 13 Trustee cites various court decisions from this district, including In re Visconti, 426 B.R. 422 (Bankr. D.N.H. 2010), where the Court clearly stated that "the homestead exemption under RSA 480:1 requires both occupancy and ownership." Id. at 426 (emphasis added). The Court explained further that "a spouse who does not hold an ownership interest does have a right to occupy the homestead during the owner-spouse's lifetime and can claim a homestead right for their life after the death of the owner-spouse." Id. (citing RSA 480:3-a). The Court reiterated the ownership requirement in its recent decision in In re St. Laurent, 2022 BNH 002, when it stated:

> RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest, therein as a homestead." The New Hampshire Supreme Court has held that the homestead right must be established by

---

[1] In chapter 13, exemptions are relevant as they affect the "best interest of creditors test" set forth in 11 U.S.C. § 1325(a)(4), which provides that a plan can be confirmed if "the value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

The Debtor filed a chapter 13 plan on April 10, 2022. She proposes to pay $31,500 over the life of her plan at the rate of $525 per month for 60 months, which will result in an estimated dividend of 66% toward estimated unsecured claims of $42,218. The liquidation analysis in the plan reflects that unsecured creditors will receive 0% in chapter 7, based on the Debtor inclusion of $240,000 in homestead exemptions under RSA 480:1. If only the Debtor's $120,000 exemption were included, there would be $48,254 available for creditors (less chapter 7 administrative expenses) resulting in a greater dividend in a chapter 7 case than that proposed by the Debtor in her plan. For that reason, the Debtor's plan would not meet the "best interest of creditors test."

actual physical possession of a property with the intent to occupy it as a home. <u>Currier v. Woodward</u>, 62 N.H. 63, 64 (1882). However, "occupancy alone does not preserve the homestead right—it also requires ownership." <u>Visconti</u>, 426 B.R. at 425-26 (citing <u>Gerrish v. Hill</u>, 66 N.H. 171 (1890) (no homestead right when the debtors sold a farm but continued to live on it); <u>Beland v. Goss</u>, 68 N.H. 257 (1895) (homestead right was lost when the property was sold and the debtors moved out); <u>Stewart v. Bader</u>, 154 N.H. 75, 89 (2006) (defendant lost homestead right by lack of occupancy but court also noted that the property was sold several years before)). Thus, "the homestead exemption under RSA 480:1 requires both occupancy and ownership." <u>Visconti</u>, 426 B.R. at 426.

<u>Id.</u> at 4. Despite these clear pronouncements, the Debtor contends there is no ownership requirement to claim a homestead exemption under RSA 480:1, arguing that the statute protects a "homestead interest" and that the Court's statements in <u>Visconti</u> were merely dicta. The Court disagrees.

Judge Deasy found that the debtor in <u>Visconti</u> was not entitled to a homestead exemption in the property because (1) the debtor did not have an ownership interest in the property, and (2) the debtor was not married to someone who had an ownership interest in the property. <u>Visconti</u>, 426 B.R. at 426. The finding that the debtor did not own the property was critical to Judge Deasy's analysis.

The Debtor argues that her spouse has an "interest" in the Property that is protected by RSA 480:1. The Chapter 13 Trustee agrees that a non-debtor, non-owner spouse may have an "interest" in the Property. For example, a spouse may have a tenancy interest, an inheritance right, or an interest in the property as part of a marital estate in a state court divorce proceeding. The Chapter 13 Trustee asks, though: if he offered the non-owner spouse money for any of those "interests," what would he get? Would he be able to occupy the home? Would a third party be able to obtain a lien or attachment against that interest in state court? The Chapter 13 Trustee argues no, and the Court agrees.

The Chapter 13 Trustee acknowledges that a couple has the right to decide that only one of them will own the family homestead, perhaps as means to shield the family home from claims

that lie solely against the non-owner. But the Chapter 13 Trustee argues that such a choice has consequences, and one consequence is that the non-owner is unable to assert a homestead exemption under RSA 480:1. If it were otherwise, the non-owner would be getting the benefit of non-ownership, e.g., not subjecting the family home to potential liens and attachments by third-party creditors, but would not be experiencing the burden of it, i.e., having no homestead exemption under RSA 480:1. That strikes the Court as both inequitable and inconsistent with the provisions of the statute.

The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein." However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling." With respect to manufactured housing, the statute is clear that someone must <u>own and occupy</u> the manufactured housing in order to assert a homestead exemption under RSA 480:1. It is not enough to simply occupy it. From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing. Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing. To interpret the statute otherwise would discriminate against owners of manufactured housing.

If ownership is not a requirement for asserting a homestead exemption under RSA 480:1, the Court questions whether there is any limit to the exemption's scope. What if a homeowner has several adult children who live in the family homestead? Is every adult child who lives in the home able to assert a $120,000 exemption? What about a common law spouse or a live-in girlfriend, boyfriend, or partner? Can they assert a $120,000 homestead exemption? After all, it is their home too, is it not? The Debtor argues that the exemption in RSA 480:1 does not extend

7

that far, but she does not articulate any principled limitation on her construction of the homestead exemption statute.

The Court notes further that RSA 480:8-a provides:

> The superior court, upon petition of the <u>owner</u> of a homestead or the <u>wife or husband surviving such owner</u>, or upon petition of a judgment creditor and such notice as it may order, may appoint appraisers and cause the homestead right to be set off, and a record of the proceedings being made in the registry of deeds, the right shall be established as against all persons.  (Emphasis added).

Thus, to pursue an action in state court to establish a homestead right, one must be the "owner" of the homestead property or the "surviving spouse" of such owner.  This provision makes a distinction between ownership and non-ownership, supporting the view that RSA 480:1 only protects an owner's homestead right.

The Debtor also argues that § 522 does not restrict the scope of its application to purely the "debtor's exemptions," and, therefore, the Debtor may "use New Hampshire exemptions to their full extent which includes an exemption in the non-owner spouse."  While it may be true that § 522 does not limit its application to a debtor's exemptions,[2] that proposition does not resolve a fundamental issue presented by the facts of this case:  what exemption does a non-owner spouse have in a family homestead?

The First Court of Appeals stated in <u>Deutsche Bank Nat'l Trust v. Pike</u>, 916 F.3d 60, 68 (1st Cir. 2019):

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead."  <u>Maroun v. Deutsche Bank Nat'l Tr. Co.</u>, 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a); <u>see also</u> N.H. Rev. Stat. Ann. § 529:20-a.  The homestead right of a property owner's spouse is established once he or she physically <u>occupies</u> the subject property.  <u>Walbridge v. Estate of Beaudoin</u>, 163 N.H. 804, 48 A.3d 964, 966 (2012).

---

[2]  The Court will assume this is true without deciding it.

This Court also addressed the issue in In re Hopkins, 2021 BNH 004, and found that "the exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." Id. at 6. Upon the homeowner's death, surviving spouses are entitled to both occupy the homestead during their lifetime and to protect $120,000 of their interest in the family home.

In this case, the Debtor has not asserted a homestead exemption under RSA 480:3-a on Schedule C on behalf of her non-debtor, non-owner spouse, but only an exemption pursuant to RSA 480:1, [3] which is not proper, as her spouse is not an owner of the Property. But even if she had asserted an exemption under RSA 480:3-a, the Court finds that the non-owner spouse's $120,000 homestead exemption arises only upon the death of the owner. In other words, the Debtor's spouse's interest is contingent. Upon the Debtor's death, the non-owner spouse will be able to step into the shoes of the owner spouse. At that time, the non-owner spouse will be able to assert a $120,000 homestead exemption. Until then, while the non-owner spouse may have a homestead right that can be protected by an exemption under RSA 480:3-a, the value of that exemption is $0. The couple is not allowed to "double-dip" and claim $240,000 as exempt. Otherwise, the ownership requirement of RSA 480:1 would be irrelevant.

Because the Debtor's spouse is not an owner of the Property, he is not entitled to claim an exemption under RSA 480:1. Accordingly, the Debtor is unable to assert such an exemption in Schedule C. For that reason, the Homestead Exemption Objection must be sustained.

---

[3] While the Debtor has also cited RSA 480:2 in Schedule C, that section of the statute was repealed in 1973.

**B. Amendment to Schedule D**

Federal Rule of Bankruptcy Procedure 1009(a) permits a debtor to amend schedules "as a matter of course at any time before the case is closed." A bankruptcy court has the discretion to deny an amendment to schedules based up a showing of either:

1. Bad faith; or
2. Prejudice to creditors or third parties.

Wood v. Premier Capital, Inc. (In re Wood), 291 B.R. 219, 228 (B.A.P. 1st Cir. 2003).

The Chapter 13 Trustee filed the Schedule D Objection stating simply:

The issue of the appropriateness of a second homestead exemption filed by the debtor on behalf of a nondebtor, non-co-owner of her residential real estate is currently before the Court. The debtor through her counsel has expressed a legal theory that the non-debtor, non-co-owner husband, Daniel J. Brady, already has a legal interest of some sort in the property, and so the debtor has filed an amended Schedule D to assert the "lien" that he has on the residential property. The issue is squarely before the Court but to make sure it is preserved for the scheduled hearing the undersigned hereby objects to the amendment to Schedule D to show the fictional lien in the amount of $120,000.00.

The Chapter 13 Trustee does not explicitly contend that the amendment was made in bad faith or that it would prejudice creditors or third parties. Rather, his objection goes to the merits of the non-owner spouse's legal rights, i.e., whether he holds a secured claim against the Property.

The Debtor contends that the non-owner spouse's interest in the Property is "an encumbrance upon the family home which is separate from the Debtor's own homestead exemption right." The Debtor has listed this "encumbrance" on Schedule D and described it as a "statutory lien" and "lien on property." The Debtor has cited no legal authority (other than RSA 480) for the proposition that the non-owner's interest in the Property is protected by a "statutory lien" or "lien on property" as asserted in Schedule D. The Court is aware of none. In the Court's view, the non-owner spouse does not have any lien rights in the Property. Rather, as explained above, a non-owner spouse may be able to assert a homestead exemption in the Property pursuant to RSA 480:3-a. But, that interest in the Property is not a secured claim that should be

listed on Schedule D.  Because the Court finds that the non-debtor, non-owner spouse does not

have a lien on the Property as asserted by the Debtor, the Debtor's amendment to Schedule D

must be denied.


## IV.  CONCLUSION

For the reasons set forth in this opinion, the Court finds that the Debtor's assertion of a

homestead exemption under RSA 480:1 on behalf of her non-owner spouse is improper as is her

amendment to Schedule D asserting that her non-owner spouse possesses a lien that secures his

interest in the Property.  Accordingly, the Court will issue a separate order sustaining the

Homestead Exemption Objection and the Schedule D Objection.  This opinion constitutes the

Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy

Procedure 7052.

ENTERED at Concord, New Hampshire.


Date:   June 3, 2022                                    /s/ Bruce A. Harwood
                                                       Bruce A. Harwood
                                                       Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                      Bk. No. 21-10712-BAH
                                                            Chapter 13

Katherine R. Brady,
                Debtor

## ORDER

     The Court having issued its memorandum opinion of even date regarding an objection to

the Debtor's claim of homestead exemption (Doc. No. 19) (the "Homestead Exemption

Objection") and an objection to the Debtor's amendment to Schedule D (Doc. No. 47) (the

"Schedule D Objection"), it is hereby ORDERED:

     1. The Homestead Exemption Objection is sustained.

     2. The Schedule D Objection is sustained.

     This is a core proceeding in accordance with 28 U.S.C. § 157(b) as to which this Court

has jurisdiction of the subject matter and the parties.

     ENTERED at Concord, New Hampshire.

Date:   June 3, 2022                     /s/ Bruce A. Harwood
                                         Bruce A. Harwood
                                         Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
In re                                                )
    Katherine R. Brady,                        )        Bk. No. 21-10712-BAH
                                                     )        Chapter 7
    Debtor                                       )
_____)

**DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT AS TO ORDER
SUSTAINING THE  TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF SECOND
HOMESTEAD EXEMPTION AND/OR DEBTOR SPOUSE'S CLAIM OF
ENCUMBRANCE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9023 AND/OR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9024**

      NOW COMES Katherine R. Brady (hereinafter Debtor), Debtor in the above-captioned

bankruptcy case, by and through her attorney, Leonard G. Deming, Deming Law Office, and

hereby moves this Honorable Court pursuant to FRBP 9023 incorporating FRCP 59(e) to Alter

or Amend its judgment entered on June 3 (Document #71) (hereinafter the Order) sustaining the

trustee's objection to the non-owner spouse's homestead exemption and/or assertion of

encumbrance on Schedule D and in connection with the Honorable Court's Memorandum of

Law (Document #70) (hereinafter the Court's Memo) issued thereon or, in the alternative, to

grant the Debtor relief from the Order pursuant to FRBP 9024 incorporating FRCP 60(b)(6).

      In support thereof, the Debtor files contemporaneously with the instant motion her

memorandum of facts and law in support thereof which is incorporated herein by reference.

      WHEREFORE, Debtor respectfully requests the Honorable Court to alter or amend its

Order pursuant to FRBP 9023, grant relief from the Order pursuant to FRBP 9024, and for such

other and further relief as is just and equitable.

                         Respectfully submitted,
                         KATHERINE R. BRADY
                         By her Attorney

June 17, 2022                /s/ *Leonard Deming*

Date:                           Leonard G. Deming, II
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing upon Motion to Alter or Amend Judgement, et seq by electronic service or first class mail, postage prepaid this 17th day of June, 2022.

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming*

Leonard G. Deming

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,    )  Bk. No. 21-10712-BAH
            )  Chapter 7
     Debtor   )
            )  **SCHEDULED HEARING**
              **August 3, 2022**
              **11:00 AM**

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO FRBP 9023 OR FOR RELIEF FROM ORDER
PURSUANT TO FRBP 9024 RELATIVE TO TRUSTEE'S OBJECTION TO SECOND
HOMESTEAD EXEMPTION AND/OR ENCUMBRANCE OF NON-OWNER SPOUSE**

**Statement of Relevant Facts and Procedural History**

It is submitted that the salient facts in this matter are not in dispute and that this may be submitted as a question of law.

The Honorable Court entered its order on June 3, 2022 sustaining the objections of the trustee in this case to the Debtor's assertion of a second homestead exemption in favor of her non-owner spouse along with the trustee's objection to scheduling an encumbrance in favor of her non-owner spouse on Schedule D, also based on the non-owner's asserted interest as a homestead. Document #71. Herinafter the Order Sustaining. The Court also issued its Memorandum Opinion in support of the Order at the same time. Hereinafter the Court Memo.

The Debtor herein suggests and urges that the Honorable Court review its decision and alter or amend the Order pursuant to FRBP 9023 incorporating FRCP 59, or grant relief to the Debtor from the Order pursuant to FRBP 9024 incorporating FRCP 60, for the reasons set forth herein.

Debtor relies upon and restates all previous arguments forth in her previous memoranda of law submitted herein. Documents 35-1 and 60.

**Statement of the Law**

**I.  NEW HAMPSHIRE STATE COURTS RECOGNIZE A SEPARATE AND INDEPENDENT HOMESTEAD EXEMPTION IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE HOME SUCH SPOUSE OCCUPIES IN RELIANCE UPON THEIR READING OF NEW HAMPSHIRE STATUTES**

No New Hampshire courts have found that a non-owner spouse does not have a homestead interest in any circumstances similar to the case at bar. One case that is particularly instructive is that of *In re Jeannot D. Roy*, Bk. No. 11-14102-JMD in which Judge Deasy was faced with virtually the exact situation as herein. However, what is instructive is the manner in which the Rockingham County Superior Court dealt with the issue four years after the bankruptcy was filed. In its opinion, dated February 9, 2015, the court found specifically that the non-owner spouse held a separate and identifiable homestead interest. Copy of RCSC order and opinion attached hereto and incorporated herein as Exhibit A. Hereinafter RCSC Order. It is telling that the state court relied upon the then recently decided case of *Maroun v. Deutsche Bank Nat'l Trust Co.*, 167 N.H. 220, 226 (2014) as clearly adopting the position that the Debtor urges here. RCSC Order, p. 4. The state court embraced the "liberal construction" of the homestead statute in the same fashion that virtually all of the state courts that have reviewed the issue have done. Attorneys have relied upon this construction over the years, especially in the bankruptcy forum, as have citizens across the state. See also *Deutsche Bank National Trust v. Pike*, 916 F.3r 60 (1st Cir., 2019)(non-owner spouse's New Hampshire homestead exemption trumped pre-divorce decree mortgage adopting *Maroun*).

## II.  NEW HAMPSHIRE LEGISLATIVE HISTORY MAKES IT CLEAR THAT ONLY OWNERS AND THEIR SPOUSES ARE ENTITLED TO THE HOMESTEAD EXEMPTION AND SUCH EXEMPTION DOES NOT EXTEND TO CHILDREN, ADULT OR OTHERWISE

This Court, in the Court Memo, rationalized that if a non-owner spouse is given a homestead exemption interest pursuant to the statute, that anyone residing in a home would then be entitled the same interest. Specifically, the Honorable Court stated:

> If ownership is not a requirement for asserting a homestead exemption under RSA 480:1, the Court questions whether there is any limit to the exemption's scope. What if a homeowner has several adult children who live in the family homestead? Is every adult child who lives in the home able to assert a $120,000 exemption? What about a common law spouse or a live-in girlfriend, boyfriend, or partner? Can they assert a $120,000 homestead exemption? After all, it is their home too, is it not? The Debtor argues that the exemption in RSA 480:1 does not extend that far, but she does not articulate any principled limitation on her construction of the homestead exemption statute.

Court Memo at pp. 7-8. But the homestead right is statutory, and nothing in the statute as it currently reads grants a homestead interest to anyone other than the owner and the spouse. It would seem that a reading of the homestead statute, NHRSA 480:1 et seq, is unambiguous since it only states that the homestead right, to whatever extent it exists, is purely directed at the owner of the homestead and the spouse of the owner. It mentions nothing about granting an interest to children, adult or minor, or live-in partners. Only the owner and the spouse are granted this statutory interest. But if there should be any ambiguity, then resort to the legislative history is appropriate. See, e.g., *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, 156 N.H. 394, 395-6, 934 A.2d 586 (N.H. 2007) ("'Where the statutory language is ambiguous or where more than one reasonable interpretation exists, we review legislative history to aid in our analysis.' Appeal of Ann Miles Builder, 150 N.H. 315, 318, 837 A.2d 335 (2003) (quotation omitted)."

A review of the legislative history supports the Debtor's position that the statutory
exemption limits its benefit to the owner and the spouse. Before 1961, NHRSA 480:3 read as
follows:

> 480:3 Duration. The owner, the husband or wife of the owner <u>and minor children</u>, if any, are
> entitled to occupy the homestead right during the owner's lifetime. After the decease of the
> owner the surviving wife or husband of the owner <u>and the minor children</u>, if any, are entitled
> to occupy the homestead right during the minority of the children. Subject to the foregoing
> provisions, the surviving wife or husband of the owner is entitled to the homestead right
> during the lifetime of such survivor.

Copy of NHRSA 480:3 attached hereto and incorporated herein by reference as Exhibit B.

(Emphasis added). This statute created conveyancing problems and required special steps,

probably in probate, to appoint representatives for the minor children in certain circumstances to

convey real estate. This problem was finally addressed in 1961 with the repeal of NHRSA 480:3

and replacing it with NHRSA 480:3-a which now reads to only refer to the non-owner spouse

and eliminates the children, minor or otherwise, from having a statutorily-recognized homestead

interest. Most of the legislative history which exists is merely procedural, referencing "SB 80,

relative to the homestead right of minor children." But the comments on the Senate floor by one

Senator Cleveland make the purpose clear which, in part, read:

> "…[W]e feel it is imperative that some action be taken on the matter. This will clear up
> many title defects on important property."

Journal of the Senate, January Session, 1961, p. 242. Copy attached and incorporated herein by

reference as Exhibit C.

It is clear that New Hampshire statutes afford nothing in favor of any person other than

an owner and spouse of an owner, nor were they ever intended to do so after the 1961

amendment to the homestead statute.

### III.  THE "OWNERSHIP" REQUIREMENT SET FORTH IN NHRSA 480:1 AS TO MANUFACTURED HOUSING SHOULD NOT BE CONSTRUED TO REQUIRE THE SPOUSE'S OWNERSHIP OF THE HOME TO RECOGNIZE THE SPOUSE'S HOMESTEAD EXEMPTION.

In the Court Memo, this Court seems to find ambiguity in NHRSA 480:1 due to the language in the second sentence relative to manufactured housing. The Court stated:

> The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein." However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling." With respect to manufactured housing, the statute is clear that someone must own and occupy the manufactured housing in order to assert a homestead exemption under RSA 480:1. It is not enough to simply occupy it. From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing. Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing. To interpret the statute otherwise would discriminate against owners of manufactured housing.

Court Memo, p. 7. The Court found it difficult to reconcile the ownership requirement for manufactured housing and the first sentence which contained no such explicit requirement, and understandably so. At oral argument, counsel for the Debtor admitted to not knowing why the statute would make such a distinction but that the distinction must be there for a reason, or perhaps it was just poorly drafted. For this reason, it is again necessary to resort to legislative history, *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, supra, to try to make sense of the seeming contradiction.

A close review of the legislative history clarifies much. The amendment to NHRSA 480:1 was a small and nearly unmentioned part of a much larger house bill which greatly changed the way manufactured housing was recognized and treated. The "Plain English Version" of the bill, HB63FN, reveals the extent of the legislation. Copy of "Plain English Version" taken from NH State Archives attached hereto and incorporated herein by reference as Exhibit D. The main thrust of the legislation was to change the characterization of manufactured housing from a

chattel to real estate, to change the taxation of it as real estate, to require the recording of it in registries of deeds in certain circumstances, to deal with who could sell it and whether one had to be licensed, and a number of other issues which changed the way manufactured housing would henceforth be treated. A major issue of discussion in the legislative history was the issue of ownership of the housing AND ownership of the land upon which it sat. Most such housing was located, and still is, on park land which is owned by someone else. The distinction seems to have been that the legislation was not to be interpreted as giving a homestead to land upon which the housing sat if the owner of the housing did not also own the land. Hence, NHRSA 480:1 made a distinction between the manufactured housing and the land upon which it sat. The distinction, the Debtor asserts, was not to require the spouse to own the property. In fact, the only reference at all to this specific issue indicates quite the contrary. Referencing a final amendment to HB63FN, the Senate Journal specifically states that the owner AND the spouse are entitled to a separate homestead exemptions that must be satisfied if not waived. Copy of Senate Journal, 24 May 1983, pp. 974-975 attached hereto and incorporated herein by reference. This writer could find no other discussion, countervailing or otherwise, relative to this straight statement as to the intended impact of the homestead exemption and the understanding of the General Court in so enacting it. It also reinforces the apparent understanding and intent of the legislature that NHRSA 480:1 gives both spouses, regardless of ownership, a separate homestead exemption.

This legislative history explains what was intended and explains the (perhaps sloppy) language in NHRSA 480:1 which created the confusion herein. It also demonstrates that the "interest" granted to the non-owner spouse is not just a tenancy right, inheritance interest, or interest of "ephemeral" or zero value as has been urged on this Court. The First Circuit Court of Appeals certainly did not find the non-owner spouse's interest to have no value, giving the

spouse the value of the exemption. *Deutsche Bank National Trust v. Pike*, supra. Also, the concept that spouses should be treated equally in such respects is a matter of common understanding in New Hampshire courts and bar such as the presumption that marital property, by whichever spouse owned should, absent other considerations, be divided equally. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 453, 821 A.2d 1107 (2003) ("RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable.") As mentioned hereinabove, the bankruptcy bar in New Hampshire has long treated the homestead exemption in this way and married persons across the State have relied upon it.

## IV. THE HONORABLE COURT COULD CERTIFY THIS ISSUE TO THE NEW HAMPSHIRE SUPREME COURT TO RENDER AN OPINION ON THESE IMPORTANT AND CRITICAL ISSUES

The issues presented in this case are, without doubt, of critical importance to the citizens of the State of New Hampshire. The Court's ruling in this case will have far-reaching consequences. It is respectfully submitted that the Court could certify this issue to the New Hampshire Supreme Court for an advisory opinion as to whether non-owner spouses are entitled to a separate homestead interest.

## <u>CONCLUSION</u>

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.      Amend or Alter the Court's Order pursuant to FRBP 9023 such as to overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.      Grant relief to the Debtor pursuant to FRBP 9024 such as to overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

C.      Consider certifying the issues herein to the New Hampshire Supreme Court for an advisory opinion.

D.      Grant such other and further relief as is just and equitable.

                              Respectfully submitted,
                              KATHERINE R. BRADY
                              By and through Her Attorney

June 17, 2022                /s/ *Leonard G. Deming, II*
Date                            Leonard G. Deming, II
                              Deming Law Office
                              491 Amherst Street, Suite 22
                              Nashua NH 03063
                              (603) 882-2189
                              BNH01186

## CERTIFICATE OF SERVICE

      I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Memorandum of Law upon the following persons at the addresses indicated by electronic service or First Class Mail, postage prepaid this 17th day of June, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**Nancy Hocker Michels, ESQ**
**Parnell Michels & McKay PLLC**
**25 Nashua Road Suite C5**
**Londonderry NH 03053**

# RECEIVED

FEB 1 1 2015

Parnell, Michels & McKay, PLLC

Case Name: **Justin Robitaille v Marlene Roy, et al**
Case Number: **218-2014-CV-00406**

Enclosed please find a copy of the court's order of February 02, 2015 relative to:

Order on Cross Motions for Summary Judgment

February 09, 2015

Raymond W. Taylor
Clerk of Court

(507)

C: George C. Malonis, ESQ; Victor W. Dahar, ESQ

# The State of New Hampshire

**ROCKINGHAM COUNTY**                                    **SUPERIOR COURT**

JUSTIN ROBITAILLE

v.

MARLENE ROY AND VICTOR DAHAR AS TRUSTEE

Docket No.: 218-2014-CV-406

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Justin Robitaille has sued Defendants Marlene Roy and Victor Dahar, as trustee of Jennot Roy's bankruptcy estate, and seeks declaratory judgment on the extent of Ms. Roy's homestead rights. Plaintiff and Ms. Roy cross move for summary judgment, to which the other parties object. For the reasons discussed below, Plaintiff's motion for summary judgment is **DENIED** and Ms. Roy's motion for summary judgment is **GRANTED**.

The following undisputed facts are taken from the motions. Marlene Roy and Jennot Roy are married. They live together in a house which Mr. Roy owns and which Ms. Roy does not. On August 17, 2009, Plaintiff filed suit against Mr. Roy as a result of a motor vehicle accident. He obtained an attachment on the Roys' house in the amount of $150,000 and ultimately was awarded a judgment of over $1,600,000. This led to Mr. Roy filing bankruptcy. The Roy home was ultimately sold. Mr. Roy recovered $100,000 to cover his homestead right. $48,148.72 was paid to Plaintiff in partial satisfaction of his judgment. $10,000 was paid to the bankruptcy trustee to cover his fees. $91,851.28 was deposited into court, and $8,148.72 remains property of the bankruptcy

estate. In essence, $100,000 remains—if Ms. Roy is entitled to her own homestead right of $100,000 the money will go to her; otherwise, it will be disbursed to Plaintiff.

To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III. In order to defeat summary judgment, the non-moving party "must put forth contradictory evidence under oath, 'sufficient . . . to indicate that a genuine issue of fact exists so that the party should have the opportunity to prove the fact at trial . . .'" Phillips v. Verax, 138 N.H. 240, 243 (1994) (quoting Dolan v. Maple Leaf Health Care Ctr., Inc., 119 N.H. 424, 425 (1979)). A fact is material if it affects the outcome of the litigation under the applicable substantive law. Palmer v. Nan King Rest., Inc., 147 N.H. 681, 683 (2002). In considering a party's motion for summary judgment, the evidence must be considered in the light most favorable to the non-moving party, together with all reasonable inferences therefrom. Sintros v. Hamon, 148 N.H. 478, 480 (2002). The parties agree, and the Court finds, that there is no genuine issue of material fact in this case and the case is therefore ripe for decision on summary judgment.

In New Hampshire, the homestead right is governed by statute. "Every person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1. "The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor." RSA 480:3-a. "The purpose of the homestead exemption is 'to secure debtors and their families, the shelter of the homestead roof.'"

2

Stewart v. Bader, 154 N.H. 75, 88 (2006) (quoting Austin v. Stanley, 46 N.H. 51, 52 (1865)). It also "protects the family from destitution, and protects society from the danger of its citizens becoming paupers." Deyeso v. Cavardi, 165 N.H. 76, 79-80 (2013) (quotation, brackets, and ellipsis omitted).

Plaintiff argues that Ms. Roy is not entitled to the $100,000 for two reasons. First, Plaintiff argues that Ms. Roy does not have a separate homestead exemption from her husband. Second, Plaintiff argues that even if she does, the separate homestead does not necessarily equate to a separate pot of $100,000.

The first argument was foreclosed by the New Hampshire Supreme Court's ruling in Maroun v. Deutsche Bank Nat'l Trust Co., ___ N.H. ___ (Decided December 30, 2014).[1] In that case, Mr. Maroun lived in a house with his wife which she owned in its entirety. Id. at *2. Ms. Maroun had taken out a mortgage which mistakenly listed her as a single woman. Id. The Mortgage said "Borrower [wife], and Borrower's spouse, if any, release all rights of homestead . . . and . . . other interests in the Property." Id. Ms. Maroun signed the mortgage but Mr. Maroun did not. Id., see RSA 480:5-a (detailing that both spouses must sign a document encumbering the homestead right). The Court found that "the husband did not sign the . . . mortgage. Therefore the . . . mortgage did not comply with RSA 480:5-a and did not convey or encumber any homestead right that the husband had in the property." Maroun, at *5.[2] In making this finding, the Court held that Mr. Maroun did have a homestead exemption, despite the fact that his wife owned the property and was still alive. The Court wrote:

---

[1] Maroun was decided after the parties had submitted their pleadings in this case. Only Ms. Roy has submitted additional briefing to discuss the developments in the law since Maroun.
[2] The Court ultimately found Mr. Maroun had waived his homestead right through a different document he had executed.

3

> The statutory protection of the homestead right also extends to spouses who occupy the homestead but are not title owners of the property: "The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime," and, after the owner's death, the surviving spouse is entitled to the homestead right during his or her lifetime. RSA 480:3-a; see Bothell v. Sweet, 6 A. 646, 648 (N.H. 1886) (concluding that plaintiff's homestead right was not affected by three mortgages in which she did not join because she "preserved her homestead right by occupation"). The statute, therefore, contemplates a homestead right in both spouses, even when only one spouse legally owns the homestead. See RSA 480:3-a.

Id. at *4. This language makes it clear that Ms. Roy does indeed have a homestead right separate from her husband's—as did Mr. Maroun.

The more complicated question is whether this means Ms. Roy is entitled to an additional $100,000. Put another way—does Ms. Roy have her own homestead right but in the same homestead as her husband, or does she have a homestead right in one of her own? Somewhat remarkably, this question seems to have never been answered.

The closest the New Hampshire Supreme Court has come was in McLauglin v. Collins, 75 N.H. 557 (1910). In that case, a woman who owned land in common with her husband sought a judgment that she had her own homestead (and thus access to her own then-five hundred dollars). The New Hampshire Supreme Court wrote:

> That provision of the statute is as follows: "Every person is entitled to five hundred dollars worth of his homestead… as a homestead right." Giving this language its ordinary meaning, it is apparent that the defendant is entitled to a homestead right or exemption in her homestead or "home place," and that her undivided half of the premises upon which she and her husband live is her "home place" or homestead, in the same sense that her husband's undivided half is his "home place" or homestead. The fact that they are owners of the property in common upon which they have their home is not inconsistent with the proposition that each has a home place on the premises. And if she had her home place there, she is entitled under the statute to "five hundred dollars worth" of it as" a homestead right," which is exempt from attachment and levy under section 3. To the argument that, as each has a "home place" upon the premises owned by them in common, the homestead right of both together cannot

4

exceed in value five hundred dollars, the limit of one full homestead right, it is sufficient to reply that the statute makes no such qualification in the case of a common ownership.

Id. at 557-558. "But whether she might also successfully demand a homestead right in her husband's undivided half, after having established her claim to a similar right in her own part of the property, is a question that need not be determined." Id. at 558.

The Court concludes the question left unanswered by McLaughlin is to be answered in the affirmative. In so finding, the Court relies in part on RSA 529:20-a. The statute requires that a party seeking to foreclose upon a house must send a notice to every person at the house stating: "IF YOU OR YOUR SPOUSE OWNS AND RESIDES IN THIS PROPERTY, YOU AND/OR YOUR SPOUSE MAY BE ENTITLED TO A HOMESTEAD EXEMPTION PURSUANT TO RSA 480:1. THIS EXEMPTS $100,000 FOR A SINGLE PERSON AND $200,000 FOR A MARRIED COUPLE." RSA 529:20-a. While this statute only directly creates a notice requirement, it is certainly evidence of the legislature's intent in the size of the homestead exemption. It is true that the statement is qualified—you or your spouse *may* be entitled—but the statement explicitly states that the homestead exemption is $200,000 for a married couple. It does *not* say that the homestead exemption is $200,000 if you and your spouse own the house as a married couple—rather it states that if you *or* your spouse owns the property, one or both of you is entitled to a homestead exemption which is $200,000 for a married couple.

Put another way, the Court holds that both Mr. Roy and Ms. Roy each have their own "home place" as defined by McLaughlin in the property. It is each person's "home place" and "[t]he statute . . . contemplates a homestead right in both spouses, even

5

when only one spouse legally owns the homestead." <u>Maroun</u>, at * 4. Because each spouse has a homestead right, and each person is "entitled to $100,000 worth of his or her homestead," RSA 480:1, the Court concludes that the most logical reading of the statute is that each person is entitled to their own $100,000 worth of his or her homestead.

The Court concedes that it is possible that the legislature intended to give each spouse their own homestead right but not access to their own $100,000 pot. The statute is not the model of clarity. However, the Court does not believe this is the most likely or indeed the most logical reading of the statute. What if the two spouses—while living together—were not on good terms? They could end up competing against each other in an attempt to perfect their homestead rights as they fought over the same pot of money. The homestead right to $100,000—which each spouse clearly has under <u>Maroun</u>—means nothing if an adverse spouse takes the money first.

In sum, for the reasons expressed above, Ms. Roy's motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED**. The moneys paid into Court are to be disbursed to Ms. Roy.

So Ordered.

Feb 2, 2015
_____
Date

M Hm
_____
Marguerite L. Wageling
Presiding Justice

6

Case: 21-1071 22-cv... Doc #: 74-3 Filed: 06/17/22 ... Exhibit Exhibit B to Memo-RSA 480:3 Page ... of ...

Davis (1895) 68 NH 355, 34 A

ed woman is entitled to a home-
...iption in her own right in land
common with her husband and
y them as a home, when she
claim to such exemption in her
part of the land. McLaughlin v.
10) 75 NH 557, 78 A 623.

are not exempt from attach-
...evy under the provisions of the
law unless they have become
...he homestead. Carkin v. Bab-
58 NH 579.

designed for rebuilding or re-
...omestead dwelling is not with-
...emption. Carkin v. Babbitt
NH 579.

...state or interest in real prop-
...ch a homestead claim may at-
...R 511.

...ultiple dwelling house part of
...upied by owner as subject of
128 ALR 1431.

...aracter of property as home-
...ected by its use for business
...well as for residence purposes.
9.

**Occupancy as essential**

...l may not be claimed in land
...as a home. Austin v. Stanley
H 51; Allen v. Chase (1878)

...tead exemption does not ex-
...ises that are let to tenants.
...b (1858) 36 NH 158.
...ition to occupy premises at
...time as a home, without ac-
...cy, is insufficient to impress
...homestead character. Cur-
ward (1882) 62 NH 63.
...is essential to the existence
...tead right, and for the pur-
...reation or inception the oc-
...t be actual; but when the
...e become invested with the
...aracter and a homestead has
...quired, a constructive occu-
...sufficient, and it will not be
...rary absence with no inten-
...lonment. Currier v. Wood-
32 NH 63.
...nder this head, Libbey v.
...68 NH 355, 34 A 744, as
...iv. 2, supra.

**relinquishment of right**

...' homestead exemption, con-
...choate as it exists in a hus-
..., is incapable of being ex-
...stroyed, waived or released
...of the husband. Gunnison
859) 38 NH 62.

A homestead right is extinguished by a conveyance of the premises and removal therefrom. Gerrish v. Hill (1889) 66 NH 171, 19 A 1001; Beland v. Goss (1894) 68 NH 257, 44 A 387.

Temporary absence from the premises with intent to retain a home there and to return to it is not a relinquishment of the homestead right. Austin v. Stanley (1865) 46 NH 51.

Absence for the purpose of earning a living or visiting friends does not constitute abandonment of a homestead in a farm, although the land other than the house is leased to tenants. Locke v. Rowell (1866) 47 NH 46.

The fact that a mortgagor's wife was compelled by the mortgagee to leave the homestead during her husband's life does not deprive her of the right to the homestead after his death. Wood v. Lord (1871) 51 NH 448.

A wife who, after being compelled to leave the family homestead, acquired a new one which she continued to occupy after her husband's death, loses her right to the old homestead unless her occupation of the new one was merely temporary with an intention to return to the other. Wood v. Lord (1871) 51 NH 448.

A wife who has relinquished to a mortgagee her homestead right may, upon redeeming from the mortgage, have a homestead assigned from that part of the premises occupied as such. Smith v. Hall (1892) 67 NH 200, 30 A 409.

A second mortgagee to whom a homestead right has been released may not require the first mortgagee to set out from the mortgaged premises a homestead of the statutory value. Gunnison v. Twitchell (1859) 38 NH 62.

Anno: *Imprisonment as effecting abandonment of homestead.* 5 ALR 259.

**480:1 Amount.** Every person is entitled to fifteen hundred dollars' worth of his homestead, or of his interest therein, as a homestead.

SOURCES: 1851, 1089:1. CS 196:1. GS 124:1. 1868, 1:33. 1878, 22:1, 2, 3. GL 138:1, 5, 6. PS 138:1. PL 214:1. RL 260:1. 1947, 72:1. 1953, 133:1, effective as of Jan. 1, 1954.

### ANNOTATION

Under former statutes the homestead right was not granted to "every person", but was restricted in its application. McLaughlin v. Collins (1910) 75 NH 557, 78 A 623.

The sum named fixes the limit beyond which the amount exempted may not extend, but does not require that the property exempted shall reach that sum nor that other property not occupied as a homestead shall be taken to make up the value. Hoitt v. Webb (1858) 36 NH 158.

**480:2 — Applicability.** The foregoing section shall not apply to attachments, sales on execution or levies made and to other liens accrued, prior to January 1, 1954.

SOURCE: 1953, 133:2, eff. as of Jan. 1, 1954.

NOTE.—Presumably, as to attachments, etc. prior to January 1, 1954, the homestead exemption of lesser amount, in force at the time, would apply.

**480:3 Duration.** The owner, the husband or wife of the owner and the minor children, if any, are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner the surviving wife or husband of the owner and the minor children, if any, are entitled to occupy the homestead right during the minority of the children. Subject to the foregoing provisions, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

SOURCES: 1851, 1089:1. CS 196:1. GS 124:1. 1868, 1:33. 1878, 22:1, 2, 3. GL 138:1, 5, 6. PS 138:2. PL 214:2. RL 260:2.

JOURNAL OF THE SENATE                                    THURSD

broadens the investment authority of trustees and adopts what is known as the prudent man rule. Now adopted by 31 states, including all of the New England states."

The bill was ordered to a third reading.

Senator Phillips, for the Committee on Judiciary:

SB 79, relative to investments legal for guardians and conservators. Ought to pass.

Senator Cleveland: "Mr. President, this bill is discussed on pages 29 through 31 of the 8th report of the Judicial Council and briefly, this bill does the same for guardians and conservators as the previous bill does for trustees."

The bill was ordered to a third reading.

Senator Phillips, for the Committee on Judiciary:

SB 80, relative to the homestead right of minor children. Ought to pass with amendment.

Amend said bill by adding in section 5 after the words "RSA" the numbers, 480:3, so that said section as amended shall read as follows:

5 Repeal. RSA 480:3; 480:5; 480:6 and 480:8, relating to the homestead right of minor children, are hereby repealed.

Senator Cleveland: "Mr. President, I will speak briefly on the amendment which is purely technical; corrects a typographical error which probably the Engrossed Bills Committee could have corrected. The bill is another Judicial Council bill which is described at length on pages 19 through 23 of their 8th report. They summarize their report by saying that we feel it is imperative that some action be taken on this matter. This will clear up many title defects on important property."

The amendment was adopted, and the bill as amended was ordered to a third reading.

Senator Phillips, for the Committee on Judiciary:

HB 27, for emergency location of state and municipal government. Ought to pass.

Senator Cleveland: "Mr. President, there are some town and city charters that specify that legal action by the governing boards must be taken within the town and city limits. This bill

---

permits that when an e move over into another t

The bill was ordered

Senator Phillips, for

HB 52, to authorize reference. Inexpedient to

Senator Cleveland: " towns to adopt by referer by a simple insertion in entire code could be ad because we thought it wo with and they might not reading, we found many know more about instea warrant."

Senator Drake inqui present law, the town cou action by the Legislature,

Senator Cleveland: " posted and printed before

The recommendatio Legislate, was adopted.

E

The Committee on found correctly engrossed

HB 79, relative to pa

HB 129, relating to on streets and public ways.

HB 144, in relation to

Concu

Senator Lamontagne
Resolution:

PLAIN ENGLISH VERSION
OF HOUSE BILL-63FN

House Bill 63FN will change and improve existing law which currently treats manufactured housing (i.e. mobile homes) in a confused and disorganized fashion. Manufactured housing currently has some attributes of personal property and some attributes of real property – in short, it is neither fish nor fowl. The proposal would clarify existing ambiguities by making it clear that manufactured housing, once it is placed on a site and connected to the utilities, is real property, just like any other home in the State of New Hampshire. It is only appropriate to recognize that peoples' homes are real property, rather than a mere chattel.

The Bill would accomplish the following specific objectives:

1.   Sections 1, 2, 3, 4 and 5 change existing statutory references to mobile homes and create a new definition in those sections called "manufactured housing." Manufactured housing is deemed to be real estate when it is connected to the required utilities such as plumbing, heating and electrical systems. Manufactured housing is not real estate in the hands of the dealer, but only becomes real estate when it reaches the hands of the purchaser and is actually installed on a site.

2.   Sections 7 and 8 of the Bill make manufactured housing subject to transfer taxes in the same manner as other real estate. Upon a transfer of title to manufactured housing, both the purchaser and seller pay a transfer tax to the register of deeds

where the manufactured housing will be located after the transfer.

3.   Section 9 of the Bill requires that inventories be provided to local assessing officials to facilitate ~~their~~ taxation as real property.

4.   Section 13 of the Bill makes it clear that because manufactured housing is real estate, you must be a licensed real estate agent in order to sell it.  There is an exception for dealers and park owners who engage in the business of selling manufactured housing.

5.   Section 14 of the Bill eliminates existing methods of titling and transferring manufactured housing and requires that liens, attachments and other interests in manufactured housing be recorded in the registry of deeds where the manufactured housing is located.  Thus, to ascertain the status of title to manufactured housing, under this Bill one will have to simply review the records of the registry of deeds to determine the state of title.

6.   Section 15 of the Bill establishes a homestead right of $5,000.00, for every person in his manufactured housing.

7.   Sections 16 through 19 alter statutory references to mobile homes and change them to manufactured housing.  Additionally, several sections of the RSA's are amended to provide for consistent treatment of manufactured housing as real estate.

974          SENATE JOURNAL 24 MAY 1983

is real property. Just like any other home in the State of New Hampshire. It is appropriate to recognize that people's homes are real property rather than chattel. Sections 1-5 just changes the existing statutory references to mobile homes and creates a new definition of these sections called manufactured housing. Section 7 and 8 of the bill makes manufactured housing subject to transfer taxes in the same manner as other real estate. Section 9 of the bill requires an inventory be provided to the local assessing official to facilitate taxation as real property. Section 13 of the bill, which caused just a little bit of controversy in the committee, requires a real estate license to sell manufactured housing. There is an exception for dealers and for park owners who sell manufactured housing located in parks they operate. Most importantly, individuals selling their own manufactured homes do not need a license. The banking industry was interested in section 14 of the bill, we straightened that out. Section 16 through 19 just alters the statutory reference to mobile homes and changes them to manufactured housing. I will ask the Senate to go along with this bill. I think it is a good piece of legislation and it will clear up a lot of problems.

### Amendment to HB 63-FN

Amend the bill by striking out section 13 and inserting in place thereof the following:

13   Sales of Manufactured Housing by Dealers, Brokers and Park Owners.   Amend RSA 331-A by inserting after section 9 the following new section:

331-A:10   Sales of Manufactured Housing by Park Owners. Notwithstanding any other provision of this chapter to the contrary, any person owning or operating a park, including his regular employees, in which manufactured housing to be sold or leased is located, may, for a fee or commission or other valuable consideration, list, sell, purchase, exchange or lease such manufactured housing without a license of a broker or salesman.

Amend RSA 477:44 as inserted by section 14 of the bill by inserting after paragraph II the following new paragraph:

Case: 21-10712-BAH Doc #: 274-6 Filed: 06/17/22 Desc: Exhibit Exhibit E to Memo-Senate Journal Page 2 of 2

III. Initial Transfer of Title to Manufactured Housing. A deed, substantially in the form prescribed by subparagraph II(a) and (b), duly executed and delivered, shall be required to transfer title to any manufactured housing in a transaction occurring prior to connection of such manufactured housing to the required utilities.

IV. As an alternative to the methods prescribed in paragraph II for mortgages of and foreclosures and executions upon manufactured housing, security interests in manufactured housing may be created in the manner prescribed in RSA 382-A:9. Such security interest, properly perfected in the manner prescribed in RSA 382-A:9-401(1)(b) shall be entitled to priority over any other interests in such manufactured housing arising after such perfection. A person holding a security interest in manufactured housing shall have all the rights, remedies and obligations provided in RSA 382-A:9; subject, however, to homestead rights as provided in RSA 480:1. In the event such homestead rights are not waived, a secured party foreclosing upon a security interest created under this paragraph shall first pay to the debtor an amount equal to that which a person is entitled to under RSA 480:1, and the same amount to his or her spouse, if any, out of the proceeds of the sale of the manufactured housing, which payment shall extinguish all homestead rights therein.

Amendment adopted. Ordered to third reading.

HB 572-FN, creating a uniform interest rate penalty for the late filing of tax returns, and amending exceptions to the penalty for the underpayment of estimated tax. Ought to pass. Sen. Hough for the committee.

SEN. HOUGH: The Committee on Ways and Means recommends passage of this act. It sets the penalty interest rate on unpaid taxes to 18 percent. At the present time the formula as announced by the Department of Revenue is the Internal Revenue Services variable rate which as of July 1st will be 11 percent. If we were to set this at a rate of 18 percent it would be an incentive for people to in fact not pay their taxes in a timely fashion and be penalized at 11 percent, and in some instances make a better return on that money, putting it elsewhere. The committee unanimously supports this bill.

208 CHAPTER 230 [1983

Witness ................. hand this ............... day of ........... 19 ....
Witness: ..................................
(Here add acknowledgment)

III. Initial Transfer of Title to Manufactured Housing. A deed, substantially in the form prescribed by subparagraphs II(a) and (b), duly executed and delivered, shall be required to transfer title to any manufactured housing in a transaction occurring prior to connection of such manufactured housing to the required utilities.

IV. As an alternative to the methods prescribed in paragraph II for mortgages of and foreclosures and executions upon manufactured housing, security interests in manufactured housing may be created in the manner prescribed in RSA 382-A:9. Such security interest, properly perfected in the manner prescribed in RSA 382-A:9-401(1)(b) shall be entitled to priority over any other interests in such manufactured housing arising after such perfection. A person holding a security interest in manufactured housing shall have all the rights, remedies and obligations provided in RSA 382-A:9; subject, however, to homestead rights as provided in RSA 480:1. In the event such homestead rights are not waived, a secured party foreclosing upon a security interest created under this paragraph shall first pay to the debtor an amount equal to that which a person is entitled to under RSA 480:1, and the same amount to his or her spouse, if any, out of the proceeds of the sale of the manufactured housing, which payment shall extinguish all homestead rights therein.

**230:15 Homestead Reference.** Amend RSA 480:1 (supp) as amended by striking out said section and inserting in place thereof the following:

**480:1 Amount.** Every person is entitled to $5,000 worth of his homestead, or of his interest therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 31:118, which is owned and occupied as a dwelling by the same person but shall not exist in the land upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing.

**230:16 Reference Deleted.** Amend RSA 528:2 (supp) as amended by striking out said section and inserting in place thereof the following:

**528:2 Goods.** Goods and chattels taken on execution shall be safely kept by the officer, at the expense of the debtor, 4 days at least; shall be advertised for sale by posting notices of the time and place of sale at 2 of the most public places in the town where the sale is to be 48 hours before the expiration of said 4 days; and shall be sold at auction to the highest bidder.

**230:17 Reference Deleted.** Amend RSA 528:4 (supp) as amended by striking out said section and inserting in place thereof the following:

**528:4 Proceeds of Sale.** The money arising from the sale of unencumbered personal property under RSA 528:2 shall be applied by the officer to the payment of the charges and the satisfying of the executions levied thereon, in the order in which the attachments thereon, if any, were made, otherwise in the order in which the executions were delivered to him; and the balance, if any, shall be returned to the debtor.

**230:18 Statutory References to Mobile Homes.** Amend the following sections and paragraphs of sections of RSA by striking the words "mobile home," "house trailer," "travel trailer" and "trailer" and inserting in place thereof the following (manufactured housing) and by making any necessary

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re: Katherine R. Brady,                    CASE NO. 21-10712-BAH
                            Debtor.            CHAPTER 13

# RESPONSE OF TRUSTEE TO DEBTOR'S MOTION
# TO ALTER OR AMEND JUDGEMENT

NOW COMES LAWRENCE P. SUMSKI, Chapter 13 Trustee in the above-cited case, and hereby responds to the above-cited debtor's Motion to Alter or Amended Judgement, stating as follows:

1.  The Court having held a full and fair hearing on the outstanding issues on May 20, 2022, and having issued an appropriate Order, the Trustee believes that the Order should stand as is.

2.  The Trustee notes that contrary to the additional argument and citations now provided by the debtor, it is clear that the legislature's very act of adding RSA 480:3-a indicates that the legislature decided to protect the interests of a non-owning spouse of the owner of real estate upon the demise of the owner; the addition of this clarifying statute indicates its determination that before 480:3-a was adopted (in other words when the original homestead act was passed) the legislature believed that such a non-owning spouse had no homestead interest.

3.  The Court's current ruling is consistent with the expressed and inferable intent of the legislature, and no cause exists for it to be altered.

WHEREFORE THE UNDERSIGNED PRAYS:

A.  That the motion not be approved;

B.  For such other and further relief as may be just.

Respectfully submitted,

/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee
32 Daniel Webster Highway
Suite 15
Merrimack, NH  03054
(603) 626-8899

CERTIFICATE OF SERVICE

I, Lawrence P. Sumski, hereby certify that on this the 21st day of June, 2022
I caused a copy of the foregoing Response to Debtor's Motion to Alter or Amend
Judgement, to be served electronically via ECF upon the following:

    Attorney Leonard Deming
    Attorney Edmond Ford
    U.S. Bank, N.A.
          c/o Attorney Richard Mulligan
    Office of the U.S. Trustee

and to Katherine R. Brady at 27 Pinewood Drive, Merrimack, NH 03054.

/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                    Bk. No. 21-10712-BAH
                                                                          Chapter 13
Katherine R. Brady,
            Debtor


## ORDER

On June 3, 2022, the Court issued a memorandum opinion and order (Doc. Nos. 70 and

71) (collectively, the "Order") where in the Court sustained Chapter 13 Trustee Lawrence P.

Sumski's objection[1] to the Debtor's claim of a homestead exemption under New Hampshire

RSA 480:1 on behalf of her non-debtor, non-owner spouse (Doc. Nos. 1, 19, and 43) and his

objection to the Debtor's amendment to Schedule D (Doc. No. 45 and 47).  On June 17, 2022,

the Debtor filed "Debtor's Motion to Alter or Amend Judgment as to Order Sustaining the

Trustee's Objection to Debtor's Claim of Second Homestead Exemption and/or Debtor Spouse's

Claim of Encumbrance Pursuant to Federal Rule of Bankruptcy Procedure 9023 and/or Relief

from Order Pursuant to Federal Rule of Bankruptcy Procedure 9024" (Doc. No. 74) (the

"Motion") to which the Chapter 13 Trustee filed a response (Doc. No. (Doc. No. 65) (the

"Response").  Because the Motion was filed within fourteen days of the Order, the Court will

consider it as one seeking relief under Federal Rule of Bankruptcy Procedure 9023, which

incorporates Federal Rule of Civil Procedure 59(e), and will not consider the Debtor's alternative

request to grant relief pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule

of Civil Procedure 60(b)(6).

---

[1] Upon the Debtor's conversion of her case from chapter 7 to chapter 13, the Chapter 13 Trustee adopted the objection to homestead exemption, which was originally filed by the chapter 7 trustee.  See Doc. No. 43.

To succeed on a Rule 59(e) motion, a moving party must establish an intervening change in the controlling law, a clear legal error, or newly discovered evidence. <u>Carrero-Ojeda v. Autoridad de Energia Electrica</u>, 755 F.3d 711, 723 (1st Cir. 2014). The Debtor's Motion does none of these things.

The Debtor admits that the salient facts are not in dispute, and she has not made any argument that new evidence has been discovered. The Debtor also does not argue that there has been a change in the controlling law since the Order issued. Rather, the Debtor contends the Court made a clear legal error in denying the Debtor's assertion of a homestead exemption under RSA 480:1 on behalf of her non-debtor, non-owner spouse.[2]

The Debtor's memorandum filed in support of the Motion basically rehashes the arguments made in the briefs and at the hearing the first time around, with some embellishment and perhaps clarification. The Court sees no reason to reopen the argument, reconsider arguments that were previously made, or consider arguments that could have been raised the first time around but were not. Even if it did, the memorandum includes references to a non-binding state law case and legislative history that do not establish that the Court made a clear legal error. The Debtor herself states that the language in NH RSA 480:1 is "perhaps sloppy," which makes it hard to conclude that the Court made a "clear" error of law.

Further, in the Response, the Chapter 13 Trustee notes that "the additional argument and citations now provided by the debtor [makes] clear that the legislature's very act of adding RSA 480:3-a indicates that the legislature decided to protect the interests of a non-owning spouse of the owner of real estate upon the demise of the owner; the addition of this clarifying statute

---

[2]  The Debtor does not substantively address the Court's denial of her amendment to Schedule D, which asserted that her non-owner spouse possesses a lien that secures his interest in the couple's residence. Therefore, the Court will not address it either.

indicates its determination that before [RSA] 480:3-a was adopted (in other words when the original homestead act was passed) the legislature believed that such a non-owning spouse had no homestead interest." The Court agrees with this position.

Because the Debtor has not demonstrated any intervening change in the controlling law, that the Court committed a clear legal error, or the existence of newly discovered evidence, the Court will not alter or amend the Order under Rule 59(e). The Court therefore also declines the Debtor's invitation to certify the issue of whether a non-owner spouse is entitled to a separate homestead exemption under RSA 480:1.[3]

Accordingly, the Motion is denied. The hearing set for August 3, 2022, on the Motion is hereby canceled.

ENTERED at Concord, New Hampshire.

Date:   July 7, 2022                    /s/ Bruce A. Harwood
                                        Bruce A. Harwood
                                        Chief Bankruptcy Judge

---

[3] Should she pursue an appeal, the Debtor is certainly free to make that request of any appellate tribunal.

Official Form 417A (12/18)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

In re                                                    )
    Katherine R. Brady,                        )    **Bk. No. 21-10712-BAH**
                                                 )    **Chapter 7**
    **Debtor**                                   )
                                                 )

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
Katherine R. Brady

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☑ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Denying Reconsideration Pursuant to FRBP Rules 9023 and 9024 of June 3, 2022 Order Sustaining Trustee's Objection to Debtor's Claim of Exemption for Spouse and assertion of encumbrance on Debtor's Homestead.

2. State the date on which the judgment, order, or decree was entered: July 7, 2022

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Lawrence Sumski, Trustee    Attorney: Lawrence P. Sumski, Esquire
    Chapter 13 Trustee
    P.O. Box 329
    Manchester NH 03105
    Phone: (603) 629-8899

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑    Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/s/ *Leonard G. Deming II*                                    Date: July 19, 2022
Leonard G. Deming, II, BNH01186
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
Ph. (603) 882-2189
Deminglaw@comcast.net

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## **CERTIFICATE OF SERVICE**

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Notice of Appeal and Election to Have Appeal Heard by the District Court upon the following persons at the addresses indicated by electronic filing or First Class Mail, Postage prepaid, this 19th day of July, 2022:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com


/s/ *Leonard G. Deming*
Leonard G. Deming

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:.                                             Bk. No. 21-10712-BAH
                                                    Chapter 13

Katherine R. Brady,
         Debtor

### Acknowledgment of Transcript Order

In accordance with Federal Rule of Bankruptcy Procedure 8010(a), I acknowledge receipt

of a transcript order in the above referenced case on __7.24.22__ The requested transcript is for

a hearing on May 20, 2022, with regards to Doc. No. 19 - Objection to Homestead Exemption

Filed by Trustee Edmond J. Ford and Doc. No. 47 - Objection to Debtor's Amended Schedule D

Filed by Trustee Lawrence P. Sumski.

☑    I expect the transcript to be completed by __8.5.22__.

☐    As of _____ I have not received payment for the transcript and am unable to

estimate a date by which the transcript will be completed.

Date: 7.28.22                              Cascade Hills Transcription, Inc.
                                           5001 Woodland Hills Drive
                                           Eagle, NE 68347
                                           (503) 871-5566

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re | ) | |
|     Katherine R. Brady, | ) | **Bk. No. 21-10712-BAH** |
| | ) | **Chapter 13** |
|     Debtor | ) | |
| | ) | |
| Katherine R. Brady, | ) | |
|         Appellant, | ) | |
| | ) | **U.S. District Court** |
| v. | ) | **District of New Hampshire** |
| | ) | **Appeal No. 1:22-cv-00272-JL** |
| Lawrence P. Sumski, | ) | |
|         Appellee | ) | |
| | ) | |

## <u>APPELLANT'S DESIGNATION OF RECORD ON APPEAL</u>

      Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Debtor/Appellant Katherine R. Brady, by and through her attorney, Leonard G. Deming, hereby designates the following documents and items from the United States Bankruptcy Court for the District of New Hampshire as the record for the above-captioned appeal to the United States Bankruptcy Appellate Panel for the First Circuit:

| <u>Bankruptcy Docket #</u> | <u>Date Entered</u> | <u>Brief Description of Item</u> |
|---|---|---|
| 8-1 | 02/01/2022 | Notice of Amendment to Schedule A/B,Schedule C, Summary of Assets and Liabilities, Filed by Debtor Katherine R. Brady |
| 8-2 | 02/01/2022 | Amended Schedules A and C |
| 19 | 02/18/2022 | Objection to Homestead Exemption Filed by Trustee Edmond J. Ford |
| 35 | 03/16/2022 | Objection *to Trustee's Objection to Debtor's Homestead Exemption* Filed by Debtor Katherine R. Brady |
| 35-1 | 03/16/2022 | Memorandum of Law in Support of Debtor's Objection to Trustee's Objection |
| 43 | 04/01/2022 | Response Filed by Trustee Lawrence P. Sumski |
| 44 | 04/01/2022 | Response/Statement of Facts Filed by Trustee Lawrence P. Sumski |

| 45 | 04/01/2022 | Notice of Amendment to Schedule D |
| 47 | 04/05/2022 | Objection *to Debtor's Amended Schedule D* Filed by Trustee Lawrence P. Sumski |
| 56 | 04/19/2022 | Brief *of Chapter 13 Trustee* Filed by Trustee Lawrence P. Sumski |
| 60 | 05/02/2022 | Memorandum of Law *on Trustee's Objection to Debtor's Amendment of Schedule D and Reply Memorandum on Trustee's Objection to Spousal Homestead Exemption* Filed by Debtor Katherine R. Brady |
| 70 | 06/03/2022 | Memorandum Opinion issued by Chief Judge Bruce A. Harwood Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D |
| 71 | 06/03/2022 | Order Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D |
| 74 | 06/17/2022 | Motion to Reconsider *to Alter or Amend Judgment and/or Grant Relief From Order* Filed by Debtor Katherine R. Brady |
| 74-1 | 06/17/2022 | Memorandum of Law in Support of Motion to Reconsider |
| 74-2 | 06/17/2022 | Exhibit A to Memo-Roy RCSC Decision |
| 74-3 | 06/17/2022 | Exhibit B to Memo-RSA 480:3 |
| 74-4 | 06/17/2022 | Exhibit C to Memo-Legislative History |
| 74-5 | 06/17/2022 | Exhibit D to Memo-Plain Language HB 63-FN |
| 74-6 | 06/17/2022 | Exhibit E to Memo-Senate Journal |
| 74-7 | 06/17/2022 | Exhibit F to Memo-NH Laws 1983 230:15 |
| 75 | 06/21/2022 | Response Filed by Trustee Lawrence P. Sumski |
| 81 | 07/07/2022 | Order Denying Motion To Reconsider |

Appellant is filing a separate Statement of the Issues to presented on appeal pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,
KATHERINE R. BRADY
By her attorney

August 1, 2022          /s/ *Leonard Deming*

Date                         Leonard G. Deming, II
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Designation of Record on Appeal by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 1st day of August, 2022, to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com


/s/ *Leonard Deming*
Leonard Deming

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re )<br>    Katherine R. Brady, )<br> )<br>    Debtor )<br> ) | Bk. No. 21-10712-BAH<br>Chapter 13 |

In re ) 
    Katherine R. Brady, )      Bk. No. 21-10712-BAH
)      Chapter 13
    Debtor )
)
Katherine R. Brady, )
         Appellant, )
)      U.S. District Court
v. )      District of New Hampshire
)      Appeal No. 1:22-cv-00272-JL
Lawrence P. Sumski, )
         Appellee )

## <u>APPELLANT'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL</u>

Pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, Debtor

Katherine R. Brady (hereinafter "Appellant"), hereby submits her Statement of Issues Presented

on Appeal to the United States District Court for the District of New Hampshire (hereinafter the

District Court):

1.      Whether the Bankruptcy Court erred in finding that titled ownership is required for the

Debtor's spouse to claim a homestead exemption separate from the debtor's homestead

exemption.

2.      Whether the Bankruptcy Court erred in resolving the ambiguity in RSA 480:1 by

conflating the ownership requirement in the second sentence regarding manufactured housing

with the first sentence which asserts no such ownership requirement.

3.      Whether the Bankruptcy Court erred in equating the non-owner spouse's asserted

homestead exemption right with any and all other residents of the home.

4.      Whether the Bankruptcy Court erred in finding that a non-owner spouse only has a

homestead exemption upon the decease of the owner spouse.

5.      Whether the Bankruptcy Court erred in finding that the value of any exemption right of the non-owner spouse prior to the decease of the owner-spouse is zero.

6.      Whether the Bankruptcy Court erred in finding that the non-owner spouse of the Debtor possesses no interest encumbering the homestead as amended on Schedule D.

7.      Whether the Bankruptcy Court erred I concluding that the enactment of RSA 480:3-a indicated that the non-owner spouse had no homestead interest prior thereto.

Appellant is filing a separate Designation of the Record on Appeal pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure.

                                        Respectfully submitted,
                                        KATHERINE R. BRADY
                                        By her attorney

August 1, 2022          ___            /s/ *Leonard Deming*          ___
Date                                    Leonard G. Deming, II
                                        Deming Law Office
                                        491 Amherst Street, Suite 22
                                        Nashua NH 03063
                                        (603) 882-2189
                                        BNH 01186
                                        deminglaw@comcast.net

CERTIFICATE OF SERVICE

        I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Statement of Issues To Be Presented On Appeal by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 1st day of August, 2022, to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com


/s/ *Leonard Deming*
Leonard Deming

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| In re | ) | |
|     **Katherine R. Brady,** | ) | **Bk. No. 21-10712-BAH** |
| | ) | **Chapter 13** |
|     **Debtor** | ) | |
| | ) | |
| **Katherine R. Brady,** | ) | |
|       **Appellant,** | ) | |
| | ) | **U.S. District Court** |
| **v.** | ) | **District of New Hampshire** |
| | ) | **Appeal No. 1:22-cv-00272-JL** |
| **Lawrence P. Sumski,** | ) | |
|       **Appellee** | ) | |
| | ) | |

### APPELLANT'S CERTIFICATION OF TRANSCRIPT ORDER

Pursuant to Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure, Debtor/Appellant

Katherine R. Brady certifies that on July 27, 2022 she ordered in writing the transcript of the

May 20, 2022 hearing regarding Trustee's Objection to Non-Owner Spousal Homestead

Exemption and Non-Owner Schedule D claim of encumbrance before the Honorable Bruce A.

Harwood, J.U.S.B.C. for inclusion in the record for its appeal to the United States District Court

for the District of New Hampshire. Creditor's undersigned counsel was informed on July 29,

2022 that, pursuant to Rule 8010(a) of the Federal Rules of Bankruptcy Procedure, the reporter

has transmitted a copy of the completed hearing transcript to the clerk of the United States

Bankruptcy Court for the District of New Hampshire for filing on the docket.

<div style="margin-left:50%">

Respectfully submitted,
KATHERINE R. BRADY
By her attorney

</div>

August 2, 2022      /s/ *Leonard Deming*

Date                  Leonard G. Deming, II
                       Deming Law Office
                       491 Amherst Street, Suite 22
                       Nashua NH 03063

(603) 882-2189
BNH 01186
deminglaw@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Designation of Record on Appeal by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 2nd day of August, 2022, to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com

/s/ *Leonard Deming*
Leonard Deming

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| In re | ) | |
|    Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 13 |
|    Debtor | ) | |
| | ) | |
| Katherine R. Brady, | ) | |
|         Appellant, | ) | |
| | ) | U.S. District Court |
| v. | ) | District of New Hampshire |
| | ) | Appeal No. 1:22-cv-00272-JL |
| Lawrence P. Sumski, | ) | |
|         Appellee | ) | |
| | ) | |

## APPELLANT'S SUPPLEMENTAL DESIGNATION OF RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Debtor/Appellant Katherine R. Brady, by and through her attorney, Leonard G. Deming, hereby designates the following document and item from the United States Bankruptcy Court for the District of New Hampshire as the record for the above-captioned appeal to the United States Bankruptcy Appellate Panel for the First Circuit, supplementing the Designation of Record on Appeal (Doc #105) filed on August 1, 2022:

| Bankruptcy Docket # | Date Entered | Brief Description of Item |
|---|---|---|
| 103 | 07/29.2022 | Official Transcript of Hearing held on May 20, 2022 on Homestead Exemption issues. |

Respectfully submitted,
KATHERINE R. BRADY
By her attorney

/s/ *Leonard Deming*

August 2, 2022
Date

Leonard G. Deming, II
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

1

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Designation of Record on Appeal by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 2nd day of August, 2022, to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com


/S/ *Leonard Deming*
Leonard Deming