**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**
_____

**U.S. District Court**
**District of New Hampshire**
**Appeal No. 1:22-cv-00272-JL**
_____

**Bankruptcy Case No. 21-10712-BAH**
**Chapter 13 Case Pending in the District of New Hampshire**
_____

**KATHERINE R. BRADY,**
**Debtor**
_____

**KATHERINE R. BRADY,**
**Appellant,**
**v.**
**LAWRENCE P. SUMSKI,**
**Appellee**
_____

**Bankruptcy Case No. 21-10712-BAH**
_____

**<u>OPENING BRIEF OF DEBTOR/APPELLANT</u>**

KATHERINE R. BRADY
DEBTOR-APPELLANT
DEMING LAW OFFICE
Leonard G. Deming, II
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

## CORPORATE DISCLOSURE STATEMENT

Non-applicable

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................... i

TABLE OF CONTENTS ........................................................... i-ii

TABLE OF AUTHORITIES.................................................iii-iv

STATEMENT REGARDING ORAL ARGUMENT.................................. 1

JURISDICTIONAL STATEMENT ........................................1- 2

STATEMENT OF ISSUES WITH STANDARD OF REVIEW...............3-4

STATEMENT OF THE CASE .................................................4-5

SUMMARY OF ARGUMENT.................................................... 5

ARGUMENT ...............................................................6

I.      A DEBTOR'S SPOUSE ENJOYS A SEPARATE HOMESTEAD EXEMPTION CONCOMITANT WITH THE EXEMPTION OF THE OWNER REGARDLESS OF WHETHER THE SPOUSE IS A TITLE OWNER WHICH MAY BE ASSERTED PURSUANT TO 11 U.S. CODE SECTION 522...............................................................6

A. RSA 480:1 and RSA 480:3-1 Establish The Existence of the Non-Owner Spouse's Exemption As Construed by the Courts...................................... 7

B. Contrary to the Ruling of the Court Below, RSA 480:3-1 Merely Confirms The Continuing Existence of the Non-Owner Spouse's Exemption Pursuant to NHRSA 480:1 After the Decease of the Owner To The Exclusion of Any Other Residents. .............................................13

i

C.      Resort to the Legislative History in the Drafting of the Homestead Ownership Requirement of Manufactured Housing Resolves The Ambiguity of Application of the Homestead Exemption Generally…………………..16

II.     THE COURT BELOW ERRED IN RULING AS A MATTER OF LAW THAT THE NON-OWNER'S HOMESTEAD INTEREST HAS NO VALUE AND CONSTITUTES NO ENCUMBRANCE UPON THE DEBTOR'S HOME REAL ESTATE. ....................................................... 20

III.    THIS HONORABLE COURT COULD CERTIFY THE ISSUES SET FORTH HEREIN TO THE NEW HAMPSHIRE SUPREME COURT TO RENDER AN OPINION ON THESE IMPORTANT AND CRITICAL ISSUES…...............................................................……24

CONCLUSION ........................................................................... 24

CERTIFICATE OF SERVICE...................................................... 25

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS………………………..…….......... 26

STATEMENT REGARDING RELATED CASES NH DISTRICT COURT L.R. 42.1……………………………………………………….…. 26

STATEMENT REGARDING INTERESTED PARTIES NH DISTRICT COURT L.R. 77.4(d)(5)........................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*Appeal of Ann Miles Builder*, …………………………………………….………14
150 N.H. 315, 318, 837 A.2d 335 (2003)

*Beland v. Goss*, 680 N.H. 257 (1895)………………………………….…10

<u>*Currier v. Woodward*</u>, ……………………………………………...……….8
62 N.H. 63, 66 (1882)

*Deutsche Bank National Trust v. Pike*,……………………….…12,13,21,22-23
916 F.3r 60 (1st Cir., 2019)

*Gerrish v. Hill*, 66 N.H. 171 (1890)…………………………………...………10

*Green Meadows Mobile Homes, Inc, et al v. City of Concord*,………....14,17
156 N.H. 394, 395-6, 934 A.2d 586 (N.H. 2007)

*In re Hopkins*, 2021 BNH 0004……………………………………...…….10

*In re Howe*, 232 B.R. 534, 540 (B.A.P. 1st Cir. 1999)……………...…14-15

*Maroun v. Deutsche Bank Nat'l Tr. Co.*, ………………………..8,9,10,13,20
167 N.H. 220, 109 A.3d 203, 208 (2014)

<u>*In re Myers*</u>, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) ………….……………8

*Robitaille v. Roy and Dahar*, ………………………………….…………..12
RCSCt, Docket No. 218-2014-CV-00406

*Sabato v. Federal National Mortgage Association*, …………..………….8,9
172 N.H. 128, 132 (2019

*Stewart v. Bader*, 907 A.2d 931, 154 N.H. 75 (N.H. 2006)………….……11

*In re Szwyd*, 370 B.R. 882, 890 (B.A.P. 1st Cir. 2007)……………..…..14

*In the Matter of Watterworth & Watterworth*, …………………………..21

149 N.H. 442, 453, 821 A.2d 1107 (2003)

*Walbridge v. Estate of Beaudoin*, …………………………..……….12,23
163 N.H. 804, 48 A.3d 964, 966 (2012).

*In re Weiner*, 2015 BNH 13……………………………………..……11-12

## Statutes

11 U.S.C §522 (a)(1)…………………………………..…………………6
11 U.S.C §522 (a)(2)…………………………………..…………….…..6
11 U.S.C §522 (b)…………………………………..…………………….6
11 U.S.C §522 (b)(2)…………………………………..…………………7
11 U.S.C §522 .d)…………………………………..…………………….6
11 U.S.C §522 (d)(1)…………………………………..…………………6


N.H.R.S.A. 458:16-a, II……………………………………………….21
N.H.R.S.A. 480:1……………………………………….6,7,9,13,16,18,19,20
N.H.R.S.A. 480:3 (Repealed)……………………………….…..…….15
N.H.R.S.A. 480:3-a……………………………..……………6,7,8,10,15,17,20
N.H.R.S.A. 480:5-a………………………………………………….22
N.H.R.S.A. 529:20-a ……………………………………………….....22

Federal Rules of Bankruptcy Procedure 9023…………………………..17
Federal Rules of Bankruptcy Procedure 024………………………………17

## Other Authorities

Black's Law Dictionary, Revised Fourth Edition, 1968, p. 950……..……..8

Journal of the Senate, January Session, 1961, p. 242, ……….…….…..…16
taken from the NH State Archives

"Plain English Version" Regarding Manufactured Housing………………18
taken from NH State Archives

Journal of the Senate, 24 May 1983, pp. 974-975,…………………..……..19
taken from the NH State Archives

## STATEMENT REGARDING ORAL ARGUMENT

The Debtor respectfully requests oral argument. The court below expressly rejected long-standing practice in treatment of an important exemption long relied upon by New Hampshire bankruptcy practitioners and respected by lay persons with important interests in this aspect of the law. Oral argument will assist this Court in deciding the important issues raised on appeal which addresses whether section 522 of the Bankruptcy Code incorporating section 480:1 *et seq* of New Hampshire Revised Statutes Annotated permits a debtor to assert a homestead exemption on the principal residence which houses the family entity in favor of a spouse which is not a title owner.

## JURISDICTIONAL STATEMENT

Appellant's Opening Brief addresses a Judgment from the United States Bankruptcy For the District of New Hampshire relative to the Debtor's assertion of an exemption and/or and encumbrance by timely filing a timely notice of appeal to this Court pursuant to Rule 6 of the Federal Rules of Appellate Procedure and Federal Rules of Bankruptcy Procedure (FRBP) 8003 and 8005. The Bankruptcy Court had subject matter jurisdiction of the case and the parties pursuant to 28 U.S.C. §1334 and 157(a), and the US. District Court for the District of New Hampshire Local Rule 77.4(a). The matter was a core proceeding under 28 U.S.C. §157(b)(2)(B). The appeal is from a final judgment determining the validity of an

exemption asserted by the Debtor in her bankruptcy case. The U.S. District Court for the District of New Hampshire has jurisdiction over an appeal of a final judgment from the U.S. Bankruptcy Court for the District of New Hampshire pursuant to 28 U.S.C. § 158(a).

The Bankruptcy Court entered its order on June 3, 2022 sustaining the trustee's objection to the Debtor's amended exemption on Schedule C and assertion of an encumbrance on Schedule D (copy of Order Sustaining in Appellant's Appendix To Opening Brief at p. 135  Hereinafter "App" (NOTE: All referenced Appendix pages are the PDF page numbers). On the same date, June 3, 2022, the Bankruptcy Court delivered its Memorandum Opinion (hereinafter Court Opinion) detailing its conclusions of law therein. App at pp. 124-134.

The Debtor filed her Motion to Alter or Amend Judgment Pursuant to FRBPs 9023 and 9024 on June 17, 2022, App at p. 136, and the Bankruptcy Court entered its Final Order Denying Reconsideration, (hereinafter Final Opinion) on July 7, 2022, App at pp. 162-164. The Debtor timely filed her appeal to this Court on July 19, 2022. App at p. 212.

## **STATEMENT OF ISSUES WITH STANDARD OF REVIEW**

1.      Whether the Bankruptcy Court erred in finding that titled ownership is required for the Debtor's spouse to claim a homestead exemption separate from the debtor's homestead exemption.

2.      Whether the Bankruptcy Court erred in resolving the ambiguity in RSA 480:1 by conflating the ownership requirement in the second sentence regarding manufactured housing with the first sentence which asserts no such ownership requirement.

3.      Whether the Bankruptcy Court erred in equating the non-owner spouse's asserted homestead exemption right with any and all other residents of the home.

4.      Whether the Bankruptcy Court erred in finding that a non-owner spouse only has a homestead exemption upon the decease of the owner spouse.

5.      Whether the Bankruptcy Court erred in finding that the value of any exemption right of the non-owner spouse prior to the decease of the owner-spouse is zero.

6.      Whether the Bankruptcy Court erred in finding that the non-owner spouse of the Debtor possesses no interest encumbering the homestead as amended on Schedule D.

7.      Whether the Bankruptcy Court erred I concluding that the enactment of RSA 480:3-a indicated that the non-owner spouse had no homestead interest prior thereto.

## STANDARD OF REVIEW

The facts are undisputed and this appeal
solely raises questions of law.  This Court's review is *de novo*.

## STATEMENT OF THE CASE

The parties submitted a Joint Statement of Facts, App at pp. 106-107, which is adopted by the Appellant/Debtor. Reiterating, there is no dispute as to the following facts.

The case was commenced by the filing of a voluntary Chapter 7 Petition on December 21, 2021.  App at p. 14 *et seq*. At the time of the petition, the debtor resided with her husband and their two children at a certain single family residential property located at 27 Pinewood Drive, Merrimack, New Hampshire. The property is titled only in the Debtor's name, pursuant to a deed dated June 2, 2014. The Debtor on her Schedule C claimed a homestead exemption under RSA 480:1 in the amount of $120,000.00. App at p. 39. Upon learning that the property had increased in value over the course of a single year by approximately $110,000, the Debtor amended her Schedules to assert the higher value and to claim an additional $120,000.00 homestead exemption on behalf of her non-debtor, non-owner spouse. App at pp. 73-86.The Debtor asserts that her non-debtor, non-owner

spouse is entitled to an exemption by virtue of his interest in the property. The

Chapter 13 Trustee asserts to the contrary that the non-debtor, non-owner spouse is

not entitled to an exemption in the property, because he is not an owner, and

therefore adopted the objection to the additional exemption filed by the previous

Chapter 7 trustee to the debtor's exemption in favor of her spouse. App at p. 87.

The trustee also objected to the Debtor's amendment of Schedule D which asserted

a lien interest in favor of her spouse in the same amount. App at page 111.

## <u>Summary of the Argument</u>

The Debtor has asserted the spousal interest in two ways. First, as an

exemption pursuant to New Hampshire Revised Statutes Annotated (NHRSA)

480:1, *et seq* and, second, as an appropriate encumbrance upon the family home to

be reflecting on Schedule D, either of which is separate from the Debtor's own

homestead exemption right.

## ARGUMENT

### I. A DEBTOR'S SPOUSE ENJOYS A SEPARATE HOMESTEAD EXEMPTION CONCOMITANT WITH THE EXEMPTION OF THE OWNER REGARDLESS OF WHETHER THE SPOUSE IS A TITLE OWNER WHICH MAY BE ASSERTED PURSUANT TO 11 U.S. CODE SECTION 522.

11 U.S.C. Section 522 does not restrict the scope of its application to purely the "debtor's exemptions" as set forth therein. This is true in two distinct ways. First, debtors in New Hampshire may avail themselves of either federal or state exemptions. Where the debtor chooses the state exemption scheme, such a debtor is entitled to the full extent of the state statutory scheme which, in New Hampshire, includes the rights of the non-owning spouse by virtue of the stated statutory rights found in RSA 480:1 and RSA 480:3-a. The bankruptcy code gives debtors the right to use New Hampshire exemptions to their full extent which includes an exemption in favor of the non-owner spouse.

Second, Section 522 is replete with references to the rights of non-filing and, presumably, non-owning spouses and children relative to property that they have an expectation to enjoy regardless of bankruptcy. Section 522(a)(1) defines "dependent" as including the spouse and Section 522(d)(1) references property the dependents use as part of the family unit regardless of technical ownership. The same references are found throughout Section 522(d).

## A. RSA 480:1 and RSA 480:3-1 Establish The Existence of the Non-Owner Spouse's Exemption As Construed by the Courts

11 U.S.C. § 522(b)(2) authorizes the debtor to claim the New Hampshire homestead exemption as written and intended.

Hence, the Debtor asserts that N.H.R.S.A 480:1 and 3-a provide a separate exemption for the non-owner husband who occupies the homestead with her, and that this homestead right already granted by N.H.R.S.A 480:1 is clarified to be preserved in the non-owner spouse pursuant to N.H.R.S.A. 480:3-a should the owner spouse predecease him prior to their conveying the homestead.

The New Hampshire homestead exemption is found in N.H.R.S.A 480:1. It reads:

> Every person is entitled to $120,000 worth of his or her homestead, or of his or her *interest* therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land   upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing. Amended by 2015, 57:1, eff. 1/1/2016.

Emphasis added.

"Interest" in this context does not connote "ownership." It is the position of the Debtor that a spouse that resides and cohabits with his or her spouse has an "interest" in the home which gives each spouse a homestead interest even where one spouse does not have a title ownership interest. As one authority has defined "interest" as:

> More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title; a partial or undivided right; a title to a share.   The terms "interest" and "title" are not synonymous.

Black's Law Dictionary, Revised Fourth Edition, 1968, p. 950.

The non-owner non-debtor spouse clearly has an interest. This interest is perpetuated in N.H.R.S.A 480:3-a, which reads:

> The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

Virtually all courts interpreting the New Hampshire homestead statute agree that it should "universally held to be liberally construed to achieve their public policy objective," *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132 (2019), *Maroun v. Deutsche Bank Nat'l Tr. Co.*, 167 N.H. 220, 109 A.3d 203, 208 (2014), <u>*In re Myers*</u>, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) (citing <u>*Currier v. Woodward*</u>, 62 N.H. 63, 66 (1882)).

The trustee offers nothing here mitigating against giving a broad and liberal construction to the homestead statute to achieve its public policy objective to protect New Hampshire families and its intent to recognize the important interest that non-filing spouses and their children have in their home. Instead, the trustee has relied on cases that do not track the factual circumstances of the case at bar.

For instance, the trustee here relies on *Sabato, supra*, but the Debtor submits that *Sabato,* and the cases it cites, support her position. In *Sabato*, a senior

mortgagee committed the mortal sin of failing to obtain the homestead release of the non-owning spouse whereas a junior mortgagee did. The owner had released her homestead but the debtor husband did not. The result was that the foreclosing junior mortgagee had to pay the non-owner husband the balance of the homestead interest of $120,000 after deducting the $64,872.01 it paid on its own behalf at the sale.

But what was instructive in *Sabato* were the conclusions that court came to in arriving at its decision. Citing <u>*Maroun, supra,*</u> 167 N.H. at 224-25, the court stated, "Statutory homestead protections are universally held to be liberally construed to achieve their public policy objective." *Sabato* at 132. Continuing, the court went on to say:

> The homestead exemption statute, RSA chapter 480 (2013 & Supp. 2018), provides that "[e]very person is entitled to $ 120,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1 (Supp. 2018). "The statutory protection of the homestead right" applies not only to the homeowner, but "also extends to spouses who occupy the homestead but are not title owners of the property." <u>Maroun</u>, 167 N.H. at 226, 109 A.3d 203.

*Sabato*, id. The continuing analysis of the mortgagee discord in that case emphasizes the non-owner's separate exemption, noting,

> The waiver of the plaintiff's homestead exemption in the second mortgage did not impute a waiver into the first mortgage; rather, the waiver in the second mortgage merely gave the second mortgagee the right to step into the plaintiff's shoes with respect to <u>his</u> priority over the first mortgage up to the value of the homestead exemption. [Citation omitted]

*Sabato* at 135 Emphasis added. The *Sabato* court's reliance on the analysis in *Maroun* was well-founded. The latter court, in analyzing the rights of the non-

debtor spouse, also stated, "Our solicitude reflects the fact that the homestead laws were *primarily* enacted for the protection of the non-owner spouse and dependent children." *Maroun* at 229. Emphasis added.

The trustee also relies on the case of *In re Hopkins*, 2021 BNH 004, App at pp. 165-171, to press his position. Yet *Hopkins* addressed the limited fact situation in which a debtor attempted to exempt a purported homestead interest of his deceased spouse. The bankruptcy court correctly found that, once a spouse is deceased, the deceased spouse no longer has a homestead interest. The debtor in *Hopkins* was trying to twist NHRSA 480:3-a, which merely provides for the continuing existence of the exemption of the homestead exemption of the non-owner spouse after the owner dies, into a continuing exemption for the use of the surviving owner spouse. It is inapposite to the instant case where both spouses are quite alive.

In the same way, the other cases upon which the trustee relies do not advance his position. *E.g. Gerrish v. Hill*, 66 N.H. 171 (1890) (involving a married couple who were denied a claimed homestead where they had moved to another home) and *Beland v. Goss*, 680 N.H. 257 (1895) (involving a married couple who had conveyed the subject property *in toto* and had left it, and had nothing to do with whether the spouse had a valid separate homestead. Indeed, the case implies that she did).

The reliance of the trustee upon the case of *Stewart v. Bader*, 907 A.2d 931, 154 N.H. 75 (N.H. 2006) is puzzling. In this tortured matter of a dispute between a New Hampshire prison inmate and the estate of the wife he murdered, the final matter disposed of was an issue of the inmate's homestead interest. The defendant inmate failed <u>both</u> the occupancy and ownership tests, the former because he was sentenced to life imprisonment with no hope of returning to the home, and the latter because the property had long since been sold. If anything, *Stewart* supports the Debtor's position herein where it recited the purpose of the homestead exemption, noting: "The purpose of the homestead exemption is "to secure to debtors and their families, the shelter of the homestead roof…" *Stewart v. Bader, supra* at 943.

The court below addressed this issue previously, seemingly suggesting the potential of a separate homestead interest in the non-owner spouse. In *In re Weiner*, 2015 BNH 13 (2015), App at pp. 172-185, the court below stated, "The only question before the Court is whether the Debtor and [the non-owner, non-debtor spouse] are each entitled to a homestead exemption in the Property." *Weiner* at 6, App at 177. The court below acknowledged that this was a question of New Hampshire law. *Id*., and went on to say:

> The effect of RSA 480:3-a is to vest "a homestead right in both spouses, even when only one spouse legally owns the homestead." <u>Maroun v. Deutsche Bank Nat'l Trust Co.</u>, 167 N.H. 220, 226 (2014). Bankruptcy Rule 4003(c), governing objections to a debtor's exemptions, places the burden of proof on the objecting party to establish that the claimed exemption is improper.

*Weiner* at 7. App at 178. Interestingly, the court below made this statement while noting that the homestead created by the New Hampshire legislature is to be construed liberally to effectuate its purpose of safeguarding the family home. *Weiner, Id*.

But the First Circuit Court of Appeals, in *Deutsche Bank Nat'l Trust Co. v. Pike*, 916 F.3d 60 (1st Cir., 2019), was explicit in this regard, deducing that, "…in the event of a forced sale, a person with a homestead right is entitled to a set-off in the statutorily defined amount." The *Deutsche Bank* court went on further to say:

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead." *Maroun v. Deutsche Bank Nat'l Tr. Co.*, 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a ); see also N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically *occupies* the subject property. *Walbridge v. Estate of Beaudoin*, 163 N.H. 804, 48 A.3d 964, 966 (2012).

*Id.* at 68. Emphasis added.

An typical example of the treatment by New Hampshire courts relative to the homestead exemption in favor of the non-owner spouse was pointed out to the court below in the Debtor's Memorandum in Support of her Motion for Reconsideration, App. at p. 139, where the Rockingham County Superior Court's order on cross-motions for summary judgment in the case of *Robitaille v. Roy and Dahar*, Rockingham County Superior Court, Docket No. 218-2014-CV-00406, App. at pp. 146-152,  applied the *Maroun* decision to determine that a non-owner

spouse has a separate homestead exemption as it embraced the "liberal construction" of the homestead statute in the same fashion that virtually all of the state courts that have reviewed the issue have done. Attorneys have relied upon this construction over the years, especially in the bankruptcy forum, as have citizens across the state. See *Deutsche Bank National Trust v. Pike*, *supra* (non-owner spouse's New Hampshire homestead exemption trumped pre-divorce decree mortgage, adopting *Maroun*).

These are the sorts of cases upon which the Debtor, and indeed the bankruptcy bar, has relied upon previously in asserting the spousal exemption and, in the case at bar, the Debtor's situation touches all of the bases necessary to claim the non-owner spouse's interest. There is no divorce, she owns the property, and they both occupy the property as their home with their children.

**B. Contrary to the Ruling of the Court Below, RSA 480:3-1 Merely Confirms The Continuing Existence of the Non-Owner Spouse's Exemption Pursuant To NHRSA 480:1 After the Decease of the Owner To The Exclusion of Any Other Residents**

The court below, in the Court Memo, App at 124-134 (hereinafter Court Memo), rationalized that if a non-owner spouse is given a homestead exemption interest pursuant to the statute, then anyone residing in a home would be entitled the same interest. Specifically, the court below stated:

> If ownership is not a requirement for asserting a homestead exemption under RSA 480:1,
> the Court questions whether there is any limit to the exemption's scope. What if a
> homeowner has several adult children who live in the family homestead? Is every adult
> child who lives in the home able to assert a $120,000 exemption? What about a common
> law spouse or a live-in girlfriend, boyfriend, or partner? Can they assert a $120,000
> homestead exemption? After all, it is their home too, is it not? The Debtor argues that the
> exemption in RSA 480:1 does not extend that far, but she does not articulate any
> principled limitation on her construction of the homestead exemption statute.

Court Memo at pp. 7-8, App at pp. 130-131. But the homestead right is statutory,

and nothing in the statute as it currently reads grants a homestead interest to

anyone other than the owner and the spouse. It would seem that a reading of the

homestead statute, NHRSA 480:1 *et seq*, is unambiguous since it only states that

the homestead right, to whatever extent it exists, is purely directed at the owner of

the homestead and the spouse of the owner. It mentions nothing about granting an

interest to children, adult or minor, or live-in partners. Only the owner and the

spouse are granted this statutory interest.

But should there be any ambiguity, resort to the legislative history is

appropriate. *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, 156

N.H. 394, 395-6, 934 A.2d 586 (N.H. 2007) ("'Where the statutory language is

ambiguous or where more than one reasonable interpretation exists, we review

legislative history to aid in our analysis.' *Appeal of Ann Miles Builder*, 150 N.H.

315, 318, 837 A.2d 335 (2003) (quotation omitted)." As the court in *In re Szwyd*,

370 B.R. 882, 890 (B.A.P. 1st Cir. 2007) stated, "When statutory language is plain

and unambiguous it should be enforced unless doing so would lead to an absurd

result or be contrary to the legislature's manifest intention." (regarding Massachusetts homestead issue). Similarly, the court in *In re Howe*, 232 B.R. 534, 540 (B.A.P. 1st Cir. 1999) stated, "The Rhode Island Supreme Court has stated that "where the statutory language used is ambiguous, or admits of more than one meaning, it is to be taken in such sense as will conform to the scope of the act and carry out the purpose of the statute." (Citation omitted)(tort claim exemption).

A review of the legislative history supports the Debtor's position that the statutory exemption limits its benefit to the owner and the spouse. Before 1961, NHRSA 480:3 read as follows:

> 480:3 Duration. The owner, the husband or wife of the owner and minor children, if any, are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner the surviving wife or husband of the owner and the minor children, if any, are entitled to occupy the homestead right during the minority of the children. Subject to the foregoing provisions, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

NHRSA 480:3 (Repealed), Emphasis added. App at p. 153. The conclusion of the court below that any resident could claim an exemption is clearly refuted by the amendment to N.H.R.S.A 480:3 which previously did grant such an exemption.

However, this statute prior to 1961 created conveyancing problems and required special steps, typically in probate, to appoint representatives for the minor children in certain circumstances to convey real estate. This problem was finally addressed in 1961 with the repeal of NHRSA 480:3 and replacing it with NHRSA 480:3-a, *supra,* which now reads to only refer to the non-owner spouse and

eliminates the children, minor or otherwise, from having a statutorily-recognized

homestead interest. Most of the legislative history which exists is merely

procedural, referencing "SB 80, relative to the homestead right of minor children."

App at p. 154. But the comments on the Senate floor by one Senator Cleveland

make the purpose clear which, in part, read:

> "…[W]e feel it is imperative that some action be taken on the matter. This will clear up many title defects on important property."

Journal of the Senate, January Session, 1961, p. 242. App at p. 154.

It is clear that New Hampshire statutes afford nothing in favor of any person

other than an owner and spouse of an owner, nor were they ever intended to do so

after the 1961 amendment to the homestead statute.

### C. Resort to the Legislative History in the Drafting of the Homestead Ownership Requirement of Manufactured Housing Resolves The Ownership Ambiguity in Application of the Homestead Exemption Generally

In the Court Memo, the court below seemed to find ambiguity in NHRSA

480:1 due to the language in the second sentence relative to manufactured housing.

The court below stated:

> The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein." However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling." With respect to manufactured housing, the statute is clear that someone must own and occupy the manufactured housing in order to assert a homestead exemption under RSA 480:1. It is not enough to simply occupy it. From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing. Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing. To interpret the statute otherwise would discriminate against owners of manufactured housing.

Court Memo, p. 7. App at pp. 130-131. The court below found it difficult to reconcile the ownership requirement for manufactured housing and the first sentence which contained no such explicit requirement, and understandably so.

It must be recognized in terms of the entire record in this case that this specific issue was never raised in any filings with the court and was not brought up until the court below did so at oral argument. Supplemental Designation of Record, being the Official Transcript, being, *inter se*, Page 8, Line 7 to page 11, line 23. (Hereinafter the Official Transcript). App at pp. 193-196. The Debtor's inquiry into the legislative history occurred after it was first raised at oral argument, and was the primary impetus in seeking reconsideration by the Debtor before the court below. Debtor's Motion to Alter Or Amend Judgment Pursuant to FRBP 9023 or Relief From Order Pursuant to FRBP 9024. App at 136 *et seq* .

At oral argument, counsel for the Debtor admitted to not knowing why the statute would make such a distinction but that the distinction must be there for a reason, or perhaps it was just poorly drafted. For this reason, it is again necessary to resort to legislative history, *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, *supra*, to try to make sense of the seemingly ambiguous contradiction.

A close review of the legislative history clarifies this. The amendment to NHRSA 480:1 in 1983 was a small and nearly unmentioned part of a much larger house bill which greatly changed the way manufactured housing was recognized

and treated. The "Plain English Version" of the bill, HB63FN, reveals the extent of

the legislation. Copy of "Plain English Version" of Manufactured Housing bill

taken from NH State Archives, App at pp. 155-156. The reference to the

homestead exemption, basically as being the same as the current homestead

exemption but upon amendment applicable to manufactured housing, emerges as a

"one liner" in paragraph 6 of this "Plain English Version." App at 156. The main

thrust of the legislation was to change the characterization of manufactured

housing from a chattel to real estate, to change the taxation of it as real estate, to

require the recording of it in registries of deeds in certain circumstances, to deal

with who could sell it and whether one had to be licensed, and a number of other

issues which changed the way manufactured housing would henceforth be treated.

The "ownership" issue appearing in the legislative history was the issue of

ownership of the housing *vis a vis* ownership of the land upon which it sat. Most

such housing was located, and still is, on park land which is owned by someone

else. The distinction made was that the legislation was not to be interpreted as

giving a homestead to land upon which the housing sat if the owner of the housing

did not also own the land. Hence, NHRSA 480:1 made a distinction between the

manufactured housing and the land upon which it sat. This distinction, the Debtor

asserts, was not to require the spouse to own the manufactured housing. Rather, the

only reference at all to this specific issue that this writer could find indicates quite

the contrary. Referencing a final amendment to HB63FN, the Senate Journal

specifically states that the owner AND the spouse are entitled to separate

homestead exemptions that must be satisfied if not waived. Copy of Senate

Journal, 24 May 1983, pp. 974-975. App at 158. This writer could find no other

discussion, countervailing or otherwise, relative to this straight statement as to the

intended impact of the homestead exemption and the understanding of the General

Court in so enacting it. For this Honorable Court's convenience, the language

(partially highlighted) reads as follows:

> In the event such homestead rights are not waived, a secured party foreclosing upon a
> security interest created under this paragraph shall first pay to the debtor an amount equal
> to that which a person is entitled to under RSA 480:1, *and the same amount to his or her*
> *spouse*, if any, out of the proceeds of the sale of the manufactured housing, which
> payment shall extinguish all homestead rights therein.

*Id*. App at 158. Emphasis added. This reinforces the apparent understanding and

intent of the legislature that NHRSA 480:1 gives both spouses, regardless of

ownership, a separate homestead exemption. Thus, the language as to the

homestead exemption was created without altering the "interest" language found in

the first sentence of RSA 480:1 but incorporating the "ownership" language in the

second sentence as to manufactured housing which the Debtor asserts is really only

referencing the distinction between "ownership" of the manufactured housing and

the "ownership" of the land upon which it sits. N.H.R.S.A. 480:1,as codified in

1983. App at p. 159.

The Debtor submits that such an ambiguity, clearly existing in the text of the statute but clarified by resort to the legislative history, should be resolved in favor of the Debtor consistent with the historical treatment of the homestead statutes that they should be liberally construed to achieve their public policy objective, i.e. to protect New Hampshire families in their home. *Maroun, supra*.

## II. THE COURT BELOW ERRED IN RULING AS A MATTER OF LAW THAT THE NON-OWNER'S HOMESTEAD INTEREST HAS NO VALUE AND CONSTITUTES NO ENCUMBRANCE UPON THE DEBTOR'S HOME REAL ESTATE.

The Debtor, as an alternative to the direct application of the subject homestead interest, amended her Schedule D to reflect an encumbrance in favor of her spouse reflecting his interest therein. App at p. 108.

The court below, conflating the ownership requirement in manufactured housing with the homestead generally, concluded that the value of the homestead interest of the non-owning spouse is zero unless and until such spouse became a surviving spouse pursuant to N.H.R.S.A. 480:3-a. Court Memo, page 9. In doing so, the court below sustained the trustee's objection to the amendment, concluding that the Debtor's spouse had no such encumbering interest therein because the spouse had no homestead under NHRSA 480:1. Court Memo, pp. 10-11, App at pp. 133-134.

The Debtor asserts that her spouse does have an interest and that this interest has value. This interest is reflected not only in New Hampshire statutes but also as construed by New Hampshire case law.

The previously cited legislative history demonstrates that the "interest" granted to the non-owner spouse is not just a tenancy right, inheritance interest, or interest of "ephemeral" or zero value as has been urged by the trustee in this case. The First Circuit Court of Appeals certainly did not find the non-owner spouse's interest to have no value, giving the spouse the value of the exemption. *Deutsche Bank National Trust v. Pike*, *supra*. Also, the concept that spouses should be treated equally in such respects is a matter of common understanding in New Hampshire courts and the New Hampshire bar such as the presumption that marital property, by whichever spouse owned should, absent other considerations, be divided equally. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 453, 821 A.2d 1107 (2003) ("RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable.") As mentioned hereinabove, the bankruptcy bar in New Hampshire has long treated the homestead exemption in this way and married persons across the State have relied upon it.

The non-owner non-debtor spouse clearly has an interest. How it might be reflected on bankruptcy schedules may be a matter of subjective preference but having the same result. It may be reflected as an encumbrance on Schedule D in

the amount of $120,000, or an exemption allowed by New Hampshire law on

Schedule C either under N.H.R.S.A 480:1 or N.H.R.S.A 480:3-a .

The statutory procedure for giving notice in collection matters in New

Hampshire further suggests that both spouses, regardless of ownership, have some

interest, whether it be a homestead exemption or other encumbrance, to be

reckoned with:

> Notice of Homestead Exemption
>
> Along with the notice required under RSA 529:20, the party in whose name the execution has issued shall provide to any person who resides or appears to reside on the real estate to be sold, the following notice by certified mail:
>
> NOTICE
>
> IF YOU **OR** YOUR SPOUSE OWNS AND RESIDES IN THIS PROPERTY, YOU AND/OR YOUR SPOUSE MAY BE ENTITLED TO A HOMESTEAD EXEMPTION PURSUANT TO RSA 480:1. THIS EXEMPTS $ 120,000 FOR A SINGLE PERSON AND $ 240,000 FOR A MARRIED COUPLE *et seq*

NH Stat. 529:20-a Notice of Homestead Exemption (New Hampshire Statutes

(2022 Edition)(Emphasis added)

The mere fact, which cannot be gainsaid, is that a non-owner spouse must

release the homestead interest upon alienation of the property.  The non-owner

spouse's signature is required to convey the property free of that interest. Can the

trustee simply say, as the objecting trustee here apparently says, that the non-owner

spouse has no real interest so "go away." Not likely. It flies in the face of the clear

language of N.H.R.S.A. 480:5-a, which reads:

> No deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land.

This reinforces the existence of an interest which is greater than zero and was the basis for the reasoning of the court in *Deutsche Bank National Trust v. Pike*, *supra*. As the court in *Deutsche Bank Nat'l Trust Co. v. Pike*, *supra* at 68 deduced, "…in the event of a forced sale, a person with a homestead right is entitled to a set-off in the statutorily defined amount." The *Deutsche Bank* court went on further to say:

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a ); see also N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically *occupies* the subject property. Walbridge v. Estate of Beaudoin, 163 N.H. 804, 48 A.3d 964, 966 (2012).

*Id.* Emphasis added.

As previously asserted, New Hampshire statutes make it clear that the non-owning spouse has *something*, an "interest," if one will. Otherwise, the focus on the non-owning spouse having to be part of any alienation makes no sense and leads to an absurd result. This "something" (or interest) is asserted in the Debtor's amendment in the instant case to recite the encumbrance on the property consisting of the homestead exemption of the non-filing spouse which must be attended to in the event anyone wants to succeed to the interest of the titled owner. The non-owning spouse cannot be ignored in any instance, including the prosecution of a bankruptcy case.

## III. THE HONORABLE COURT COULD CERTIFY THIS ISSUE TO THE NEW HAMPSHIRE SUPREME COURT TO RENDER AN OPINION ON THESE IMPORTANT AND CRITICAL ISSUES

The issues presented in this case are, without doubt, of critical importance to the citizens of the State of New Hampshire. The Court's ruling in this case will have far-reaching consequences. It is respectfully submitted that the Court could certify this issue to the New Hampshire Supreme Court for an advisory opinion as to whether non-owner spouses are entitled to a separate homestead interest.

## <u>CONCLUSION</u>

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.      Reverse the court bellow and overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.      Reverse the court below and overrule the trustee's Objection to the Debtor's Amendment of Schedule D assertion of encumbrance.

C.      Grant such other and further relief as is just and equitable.

Respectfully submitted,
KATHERINE R. BRADY
By her attorney

September 7, 2022                                     /s/ *Leonard Deming*
Date                                                         Leonard G. Deming, II
                                                                 Deming Law Office
                                                                 491 Amherst Street, Suite 22

Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Opening Brief by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 7th day of September, 2022, to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

/s/*Leonard Deming*
_____
Leonard Deming

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of Fed. R. Bankr.
Proc. 8015(a)(7)(B)(1) because, excluding the parts of the document exempted by
Fed. R. Bankr. Proc. 8015(g), this document contains 6,054 words.

2. This document complies with the typeface requirements of Fed. R.
Bankr. Proc. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. Proc.
8015(a)(6) because this document has been prepared in a proportionally-spaced
typeface using Microsoft Word in 14-point Times New Roman font.

Dated: September 7, 2022                    */s/ Leonard G. Deming*
                                            Leonard G. Deming

**STATEMENT REGARDING RELATED CASES
NH DISTRICT COURT L.R. 42.1**

The undersigned certifies that the undersigned knows of no related cases or appeals
as that term is defined in NH District Court L.R. 42.1

Dated: September 7, 2022                    */s/ Leonard G. Deming II*
                                            Leonard G. Deming II

**STATEMENT REGARDING INTERESTED PARTIES
NH DISTRICT COURT L.R. 77.4(d)(5)**

The undersigned certifies that the following parties have an interest in the outcome
of this appeal: The Debtor's spouse, Daniel J. Brady of 27 Pinewood Drive,
Merrimack NH 03054, and Edmond J. Ford, Esquire, Ford, McDonald, McPartlin
& Borden, P.A., 10 Pleasant St., Suite 400, Portsmouth, NH 03801, the previous
Chapter 7 trustee in this case..

Dated: September 7, 2022                    */s/ Leonard G. Deming II*
                                            Leonard G. Deming II