# UNITED STATES DISTRICT COURT
# FOR THE DISTRIC OF NEW HAMPSHIRE
_____

**U.S. District Court**
**District of New Hampshire**
**Appeal No. 1:22-cv-00272-JL**
_____

**Bankruptcy Case No. 21-10712-BAH**
**Chapter 13 Case Pending in the District of New Hampshire**
_____

**KATHERINE R. BRADY,**
**Debtor**
_____

**KATHERINE R. BRADY,**
**Appellant,**
**v.**
**LAWRENCE P. SUMSKI,**
**Appellee**
_____

**Bankruptcy Case No. 18-10552-BAH**
_____

**APPENDIX TO OPENING BRIEF OF DEBTOR-APPELLANT**


KATHERINE R. BRADY
DEBTOR-APPELLANT
DEMING LAW OFFICE
Leonard G. Deming, II
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

**APPENDIX**
**TABLE OF CONTENTS**

**Title of Document:**                                    **Starting on Page:**
                                                              **PDFPages**

Bankruptcy Court Docket Entries in Case No. 21-10712-BAH
(as of 08/31/2022)......................................................................................4

Debtor's Bankruptcy Petition, Statements, Schedules, etc…………….14

Notice of Amendment to Schedule A/B, Schedule C, Summary
of Assets and Liabilities, Filed by Debtor Katherine R. Brady…………73

Amended Schedules A and C…………………………………………75

Objection to Homestead Exemption Filed by Trustee Edmond J. Ford…87

Objection *to Trustee's Objection to Debtor's Homestead Exemption*
Filed by Debtor Katherine R. Brady……………………………………..91

Memorandum of Law in Support of Debtor's Objection to Trustee's
Objection…………………………………………………………………93

Response Filed by Trustee Lawrence P. Sumski………………………104

Joint Statement of Facts Filed by Trustee Lawrence P. Sumski………..106

Notice of Amendment to Schedule D………………………………..108

Objection *to Debtor's Amended Schedule D* Filed by Trustee
Lawrence P. Sumski……………………………………………………..111

Brief *of Chapter 13 Trustee* Filed by Trustee Lawrence P. Sumski…….112

Memorandum of Law *on Trustee's Objection to Debtor's Amendment
of Schedule D and Reply Memorandum on Trustee's Objection to
Spousal Homestead Exemption* Filed by Debtor Katherine R. Brady…..119

i

Memorandum Opinion issued by Chief Judge Bruce A. Harwood
Sustaining Objection to Homestead Exemption, Objection to
Debtor's Amended Schedule D……………………………………….124

Order Sustaining Objection to Homestead Exemption, Objection
to Debtor's Amended Schedule D………………………………….135

Motion to Reconsider *to Alter or Amend Judgment and/or
Grant Relief From Order* Filed by Debtor Katherine R. Brady…………136

Debtor's Memorandum of Law in Support of Motion to Reconsider…...138

Exhibit A to Memo-Roy RCSC Decision……………………………146

Exhibit B to Memo-RSA 480:3………………………………………153

Exhibit C to Memo-Legislative History……………………………….154

Exhibit D to Memo-Plain Language HB 63-FN………………………..155

Exhibit E to Memo-Senate Journal……………………………………157

Exhibit F to Memo-NH Laws 1983 230:15……………………………159

Response Filed by Trustee Lawrence P. Sumski……………………….160

Order Denying Motion To Reconsider…………………………………162

*In re Hopkins*, 2021 BNH 4 (unreported bankruptcy opinion)…………..165

*In re Weiner*, 2015 BNH 13(unreported bankruptcy opinion)……………172

Official Transcript of Hearing Held on May 20, 2022……………………186

Appellant's Notice of Appeal………………………………………….212

APLDIST, CONVERTED, PropOrdDue

**U.S. Bankruptcy Court**
**District of New Hampshire Live Database (Concord)**
**Bankruptcy Petition #: 21-10712-BAH**

*Date filed:* 12/17/2021
*Date converted:* 03/09/2022
*341 meeting:* 01/25/2022
*Deadline for filing claims:* 05/18/2022
*Deadline for filing claims (govt.):* 09/06/2022

*Assigned to:* Chief Judge Bruce A. Harwood
Chapter 13
Previous chapter 7
Original chapter 7
Voluntary
Asset

*Debtor*
**Katherine R. Brady**
27 Pinewood Drive
MERRIMACK, NH 03054
HILLSBOROUGH-NH
SSN / ITIN: xxx-xx-6991
*fka* **Katherine Rose Mirra**

represented by **Leonard G. Deming, II**
Deming Law Office
491 Amherst St., Suite 22
Nashua, NH 03063
(603) 882-2189
Fax : (603) 882-5707
Email: deminglaw@comcast.net

*Trustee*
**Lawrence P. Sumski**
Trustee
32 Daniel Webster Highway
Suite 15
Merrimack, NH 03054
603-626-8899

*U.S. Trustee*
**Office of the U.S. Trustee**
James C. Cleveland Building
53 Pleasant Street
Suite 2300
Concord, NH 03301
(603) 333-2777

| Filing Date | # | Docket Text |
|---|---|---|
| 12/17/2021 | 1 (59 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Katherine R. Brady (Deming, Leonard) (Entered: 12/17/2021) |
| 12/17/2021 | 2 (1 pg) | Certificate of Credit Counseling Filed by Debtor Katherine R. Brady (Deming, Leonard) (Entered: 12/17/2021) |
| 12/17/2021 | 3 | Receipt of Voluntary Petition - Chapter 7( 21-10712) [misc,volp7] ( 338.00) filing fee. Receipt number A3956845, Fee amount $ 338.00. (re: Doc#1). (U.S. Treasury) (Entered: 12/17/2021) |
| 12/20/2021 | 4 (2 pgs) | Meeting of Creditors & Notice of Appointment of Interim Trustee Ford, Edmond J. with 341(a) meeting to be held on 1/25/2022 at 10:00 AM at Telephonic Meeting of Creditors. Financial Management Certification for Debtor due by 3/28/2022. Last day to oppose discharge or dischargeability is 3/28/2022. (AJTA) (Entered: 12/20/2021) |
| 12/22/2021 | 5 (4 pgs) | BNC Certificate of Notice - Meeting of Creditors. (RE: related document(s) 4 Meeting of Creditors - Chapter 7). No. of Notices: 9. Notice Date 12/22/2021. (Admin.) (Entered: 12/23/2021) |

8/31/22, 3:46 PM · NH Live

| 01/02/2022 | 6<br>(5 pgs) | Notice of telephonic section 341 meeting of creditors call-in information. The meeting scheduled for 01/25/22 at 10:00 am will be telephonic. Dial into the meeting by calling (877) 783-7093. When prompted enter the participant code 2349629 followed by #. Attendees are instructed to call in at the listed time and not before and to disconnect the call after the meeting is concluded. Instructions for the debtor are attached. (Ford, Edmond) (Entered: 01/02/2022) |
|---|---|---|
| 01/06/2022 | 7<br>(1 pg) | Financial Management Course Certificate Filed by Debtor Katherine R. Brady (RE: related document(s) 4 Meeting of Creditors - Chapter 7) (Deming, Leonard) (Entered: 01/06/2022) |
| 02/01/2022 | 8<br>(17 pgs; 4 docs) | Notice of Amendment to Schedule A/B,Schedule C,Summary of Assets and Liabilities, Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment of Schedules A and C # 2 Schedule Amended Schedules A and C # 3 Exhibit Amended Summary of Schedules and Liabilities) (Deming, Leonard) (Entered: 02/01/2022) |
| 02/03/2022 | 9 | 341 Meeting of Creditors Held and Concluded. Debtor(s) sworn. Filed by Trustee Edmond J. Ford (RE: related document(s) 4 Meeting of Creditors - Chapter 7) (Ford, Edmond) (Entered: 02/03/2022) |
| 02/03/2022 | 10 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 2/3/2022.) Filed by Trustee Edmond J. Ford (RE: related document(s) 9 341 Meeting of Creditors Held filed by Trustee Edmond J. Ford) (Ford, Edmond) (Entered: 02/03/2022) |
| 02/03/2022 | 11<br>(1 pg) | Trustee's Notification of Asset Recovery and Request to Set Proof of Claim Deadline Filed by Trustee Edmond J. Ford Proof of Claims due by 05/4/2022, (Ford, Edmond) (Entered: 02/03/2022) |
| 02/04/2022 | 12<br>(1 pg) | Notice of Appearance and Request for Notice by Edmond J. Ford Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 02/04/2022) |
| 02/04/2022 | 13<br>(6 pgs; 3 docs) | Application to Employ Richard K. McPartlin of Ford, McDonald, McPartlin & Borden, P.A. as Attorney Filed by Trustee Edmond J. Ford (Attachments: # 1 Affidavit Rule 2014 Statement of Richard K. McPartlin # 2 Proposed Order) (McPartlin, Richard) (Entered: 02/04/2022) |
| 02/07/2022 | 14<br>(1 pg) | Order Granting Application to Employ Ford, McDonald, McPartlin & Borden, P.A. (Related Doc # 13) Signed on 2/7/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 02/07/2022) |
| 02/09/2022 | 15<br>(5 pgs; 3 docs) | Ex Parte Motion to Convert Case to Chapter 13 Filed by Debtor Katherine R. Brady (Attachments: # 1 Exhibit Notice of Voluntary Conversion to Chapter 13 # 2 Proposed Order) (Deming, Leonard) (Entered: 02/09/2022) |
| 02/09/2022 | 16<br>(3 pgs) | BNC Certificate of Notice. (RE: related document(s) 11 Trustee's Notice of Assets and Request for Claims Bar Date filed by Trustee Edmond J. Ford). No. of Notices: 9. Notice Date 02/09/2022. (Admin.) (Entered: 02/10/2022) |
| 02/09/2022 | 17<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 14 Order on Application to Employ). No. of Notices: 1. Notice Date 02/09/2022. (Admin.) (Entered: 02/10/2022) |
| 02/10/2022 | 18<br>(4 pgs; 2 docs) | Notice of Hearing *on Motion to Convert Case to Chapter 13* Filed by Debtor Katherine R. Brady (RE: related document(s) 15 Motion to Convert Case to Chapter 13 filed by Debtor Katherine R. Brady) Hearing scheduled for 3/9/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 List/Matrix of Parties Served) (Deming, Leonard) (Entered: 02/10/2022) |
| 02/18/2022 | 19<br>(8 pgs; 4 docs) | Objection to Homestead Exemption Filed by Trustee Edmond J. Ford Hearing scheduled for 3/23/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Proposed Order # 2 Notice of Hearing # 3 List/Matrix of Parties Served) (McPartlin, Richard) (Entered: 02/18/2022) |
| 02/18/2022 | 20 | Amended Notice of Hearing Filed by Trustee Edmond J. Ford (RE: related document(s) 19 |

| | | |
|---|---|---|
| | (3 pgs; 2 docs) | Objection to Homestead Exemption filed by Trustee Edmond J. Ford) (Attachments: # 1 List/Matrix of Parties Served) (McPartlin, Richard) (Entered: 02/18/2022) |
| 02/24/2022 | 21 (1 pg) | Disclosure of Compensation of Attorney for Debtor *Supplemental* Filed by Debtor's Attorney Deming Law Office (Deming, Leonard) (Entered: 02/24/2022) |
| 03/01/2022 | 22 (1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 9, 2022 at 9:00 AM will be telephonic. (RE: related document(s)15 Motion to Convert Case to Chapter 13 filed by Debtor Katherine R. Brady. (amw) (Entered: 03/01/2022) |
| 03/03/2022 | 23 (3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 22 Notice to all Creditors and Parties). No. of Notices: 9. Notice Date 03/03/2022. (Admin.) (Entered: 03/04/2022) |
| 03/08/2022 | 24 | **Stricken Per Order Entered March 8, 2022** Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 23, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford). (amw) Modified on 3/8/2022 Document Incomplete or Unreadable (amw). (Entered: 03/08/2022) |
| 03/08/2022 | 25 | Order Striking Notice of Telephonic Hearing (Court Doc. No. 24). The document filed is stricken as being incomplete or unreadable. Signed on 3/8/2022 (RE: related document(s) 24 Notice to all Creditors and Parties) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 03/08/2022) |
| 03/08/2022 | 26 (1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for March 23, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford). (amw) (Entered: 03/08/2022) |
| 03/09/2022 | 27 (1 pg) | Order On Motion to Convert Case to Chapter 13 (Related Doc # 15) Signed on 3/9/2022. Government Proof of Claim due by 9/6/2022. (So ordered by Judge Bruce A. Harwood ) (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | | Plan Deadline Updated (RE: related document(s)27 Order on Motion to Convert Case To Chapter 13). Chapter 13 Plan due by 3/23/2022. (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | 28 (2 pgs) | Amended Meeting of Creditors & Notice of Appointment of Trustee. 341(a) meeting to be held on 4/18/2022 at 09:30 AM at Telephonic Meeting of Creditors. Last day to oppose discharge or dischargeability is 6/17/2022. Proofs of Claims due by 5/18/2022. Confirmation hearing to be held on 5/13/2022 at 09:00 AM at Courtroom A. Last day to Object to Confirmation 4/29/2022.Conversion. (pptak) (Entered: 03/09/2022) |
| 03/09/2022 | 29 (1 pg) | Notice Upon Conversion From Chapter 7 to Chapter 13. Chapter 13 Plan due by 3/23/2022. (pptak) (Entered: 03/09/2022) |
| 03/10/2022 | 30 (11 pgs; 5 docs) | Application for Administrative Expenses in the amount of $2560.52. Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. Hearing scheduled for 4/20/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Fee Annex - Final Request # 2 Exhibit - Detail of time & expenses # 3 Notice of Hearing # 4 Proposed Order) (McPartlin, Richard) (Entered: 03/10/2022) |
| 03/10/2022 | 31 (3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 26 Notice to all Creditors and Parties). No. of Notices: 9. Notice Date 03/10/2022. (Admin.) (Entered: 03/11/2022) |
| 03/11/2022 | 32 (3 pgs) | BNC Certificate of Notice. (RE: related document(s) 29 Notice Upon Conversion). No. of Notices: 9. Notice Date 03/11/2022. (Admin.) (Entered: 03/12/2022) |
| 03/11/2022 | 33 (4 pgs) | BNC Certificate of Notice - Meeting of Creditors. (RE: related document(s) 28 Meeting of Creditors - Chapter 13). No. of Notices: 10. Notice Date 03/11/2022. (Admin.) (Entered: 03/12/2022) |
| 03/11/2022 | 34 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 27 Order on Motion to Convert Case To Chapter 13). No. of Notices: 1. Notice Date 03/11/2022. (Admin.) |

| | | |
|---|---|---|
| | | (Entered: 03/12/2022) |
| 03/16/2022 | 35<br>(13 pgs; 2 docs) | Objection *to Trustee's Objection to Debtor's Homestead Exemption* Filed by Debtor Katherine R. Brady (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford. (Attachments: # 1 Exhibit Memorandum of Law in Support of Debtor's Objection to Trustee's Objection) (Deming, Leonard) (Entered: 03/16/2022) |
| 03/18/2022 | 36 | Hearing Set On Objection to Homestead Exemption (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford). Hearing scheduled for 3/23/2022 at 09:00 AM at Courtroom A. (amw) (Entered: 03/18/2022) |
| 03/21/2022 | 37<br>(2 pgs) | Chapter 7 Trustee's Report Upon Conversion of Case Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 03/21/2022) |
| 03/22/2022 | 38<br>(3 pgs; 2 docs) | Ex Parte Motion to Extend Time to File Chapter 13 Plan to April 11, 2022 *and Other Documents as Required* Filed by Debtor Katherine R. Brady (RE: related document(s) 29 Notice Upon Conversion) (Attachments: # 1 Proposed Order) (Deming, Leonard) (Entered: 03/22/2022) |
| 03/23/2022 | 39<br>(1 pg) | Order Granting Motion to Extend Time to File Chapter 13 Plan (related document(s): 29 Notice Upon Conversion, 38 Motion to Extend Time (BK) filed by Debtor Katherine R. Brady) Deadline extended to 4/11/2022. Signed on 3/23/2022. Chapter 13 Plan due by 4/11/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 03/23/2022) |
| 03/23/2022 | 40<br>(1 pg) | Order to Continue/Schedule Hearing. See order for specific details. Signed on 3/23/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford) Hearing scheduled for 5/20/2022 at 09:00 AM at Courtroom A. (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 03/23/2022) |
| 03/25/2022 | 41<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 40 Order to Continue/Schedule Hearing). No. of Notices: 7. Notice Date 03/25/2022. (Admin.) (Entered: 03/26/2022) |
| 03/25/2022 | 42<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 39 Order on Motion to Extend Time (BK)). No. of Notices: 1. Notice Date 03/25/2022. (Admin.) (Entered: 03/26/2022) |
| 04/01/2022 | 43<br>(2 pgs) | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 40 Order to Continue/Schedule Hearing) (Sumski3, Lawrence) (Entered: 04/01/2022) |
| 04/01/2022 | 44<br>(2 pgs) | Response/Statement of Facts Filed by Trustee Lawrence P. Sumski (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 40 Order to Continue/Schedule Hearing) (Sumski3, Lawrence) Modified on 4/4/2022 to correct docket text (amw). (Entered: 04/01/2022) |
| 04/01/2022 | 45<br>(11 pgs; 8 docs) | Notice of Amendment to Schedule D,Summary of Assets and Liabilities, Fee Amount $ 32 Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment to Schedule D # 2 List/Matrix of Parties Served # 3 Exhibit Amended Schedule D # 4 Exhibit Amended Summary of Schedules # 5 Exhibit Notice to Added Creditors # 6 Certificate of Service # 7 Exhibit Notice of Bankruptcy Doc #28) (Deming, Leonard) (Entered: 04/01/2022) |
| 04/01/2022 | 46 | Receipt of Notice of Amendment to Petition/Schedules/Statements/List( 21-10712-BAH) [misc,amdschd] ( 32.00) filing fee. Receipt number A3989279, Fee amount $ 32.00. (re: Doc#45). (U.S. Treasury) (Entered: 04/01/2022) |
| 04/05/2022 | 47<br>(5 pgs; 5 docs) | Objection *to Debtor's Amended Schedule D* Filed by Trustee Lawrence P. Sumski (RE: related document(s) 45 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady) (Attachments: # 1 Certificate of Service # 2 Notice of Hearing # 3 Proposed Order # 4 List/Matrix of Parties Served) (Sumski, Lawrence) (Entered: 04/05/2022) |
| 04/05/2022 | 48 | Hearing Set On Objection to Debtor's Amended Schedule D (RE: related document(s)47 Objection filed by Trustee Lawrence P. Sumski). Hearing scheduled for 5/20/2022 at 09:00 |

| | | AM at Courtroom A. (amw) (Entered: 04/05/2022) |
|---|---|---|
| 04/05/2022 | [49](1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for April 20, 2022 at 9:00 AM will be telephonic. (RE: related document(s)30 Application for Administrative Expenses filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A.). (amw) (Entered: 04/05/2022) |
| 04/07/2022 | 50 | Chapter 7 Trustee's Report of No Distribution: I, Edmond J. Ford, having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned(without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Edmond J. Ford (Ford, Edmond) (Entered: 04/07/2022) |
| 04/07/2022 | [51](3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 49 Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 04/07/2022. (Admin.) (Entered: 04/08/2022) |
| 04/10/2022 | [52](7 pgs; 3 docs) | Chapter 13 Plan *Dated April 5, 2022* Filed by Debtor Katherine R. Brady (RE: related document(s) 39 Order on Motion to Extend Time (BK)) Confirmation hearing to be held on 7/8/2022 at 09:00 AM at Courtroom A. Last day to Object to Confirmation 6/24/2022. (Attachments: # 1 Notice of Hearing # 2 List/Matrix of Parties Served)(Deming, Leonard) (Entered: 04/10/2022) |
| 04/11/2022 | [53](5 pgs) | Notice of telephonic section 341 meeting of creditors call-in information. The meeting scheduled for April 18, 2022 at 9:30 a.m. will be telephonic. Dial into the meeting by calling 877-718-7132. When prompted enter the participant code 1407074 followed by #. Attendees are instructed to call in at the listed time and not before and to disconnect the call after the meeting is concluded. Instructions for the debtor are attached. (Sumski, Lawrence) (Entered: 04/11/2022) |
| 04/18/2022 | [54](15 pgs; 4 docs) | Notice of Amendment to Schedule I, J,Form 122 Statement of Monthly Income,Summary of Assets and Liabilities, Filed by Debtor Katherine R. Brady (Attachments: # 1 Main Document Notice of Amendment to Schedules # 2 Exhibit Amended Schedule I and Form 122C # 3 Exhibit Amended Summary of Schedules) (Deming, Leonard) (Entered: 04/18/2022) |
| 04/19/2022 | [55](2 pgs) | Trustee's Findings from Meeting of Creditors . (Sumski, Lawrence) (Entered: 04/19/2022) |
| 04/19/2022 | [56](7 pgs) | Brief *of Chapter 13 Trustee* Filed by Trustee Lawrence P. Sumski (RE: related document(s) 40 Order to Continue/Schedule Hearing, 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford.) (Sumski3, Lawrence) Modified on 4/19/2022 to add link to Doc. No. 19 (amw). (Entered: 04/19/2022) |
| 04/19/2022 | 57 | 341 Meeting of Creditors Held and Concluded. Debtor(s) sworn. *Debtor appeared.* (Sumski, Lawrence) (Entered: 04/19/2022) |
| 04/20/2022 | [58](1 pg) | Order Granting Application For Administrative Expenses (Related Doc # 30) Signed on 4/20/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 04/20/2022) |
| 04/22/2022 | [59](2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 58 Order on Application for Administrative Expenses). No. of Notices: 1. Notice Date 04/22/2022. (Admin.) (Entered: 04/23/2022) |
| 05/02/2022 | [60](5 pgs) | Memorandum of Law *on Trustee's Objection to Debtor's Amendment of Schedule D and Reply Memorandum on Trustee's Objection to Spousal Homestead Exemption* Filed by Debtor Katherine R. Brady (RE: related document(s) 8 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady, 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 35 Objection filed by Debtor |

| | | |
|---|---|---|
| | | Katherine R. Brady, 45 Notice of Amendment to Petition/Schedules/Statements/List filed by Debtor Katherine R. Brady, 47 Objection filed by Trustee Lawrence P. Sumski, 48 Hearing Scheduled (BK)) (Deming, Leonard) (Entered: 05/02/2022) |
| 05/03/2022 | 61 (3 pgs) | Notice of Appearance and Request for Notice *with Certificate of Service* by Richard T. Mulligan Filed by Creditor U.S. Bank National Association (Mulligan, Richard) (Entered: 05/03/2022) |
| 05/04/2022 | 62 (1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for May 20, 2022 at 9:00 AM will be telephonic. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski). (amw) (Entered: 05/04/2022) |
| 05/06/2022 | 63 (3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 62 Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 05/06/2022. (Admin.) (Entered: 05/07/2022) |
| 05/20/2022 | 64 (1 pg) | Order Taking Under Advisement Objection to Homestead Exemption, Objection to Debtors Amended Schedule D Signed on 5/20/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 05/20/2022) |
| 05/22/2022 | 65 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 64 Order). No. of Notices: 1. Notice Date 05/22/2022. (Admin.) (Entered: 05/23/2022) |
| 05/25/2022 | 66 (5 pgs) | Objection to Confirmation of Plan Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) (Ford, Edmond) (Entered: 05/25/2022) |
| 05/25/2022 | 67 (1 pg) | Notice of Withdrawal of Document. *(due to caption error)* Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 66 Objection to Confirmation of the Plan filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A.) (McPartlin, Richard) (Entered: 05/25/2022) |
| 05/25/2022 | 68 (5 pgs) | Objection to Confirmation of Plan Filed by Trustee Attorney Ford, McDonald, McPartlin & Borden, P.A. (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) (McPartlin, Richard) (Entered: 05/25/2022) |
| 05/31/2022 | 69 (6 pgs; 6 docs) | Motion to Convert Chapter 13 Case to Chapter 7 Receipt Number NFR-Waiver,. Fee Amount $ 25. Filed by Trustee Lawrence P. Sumski Hearing scheduled for 7/8/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Certificate of Service # 2 Notice of Hearing # 3 List/Matrix of Parties Served # 4 Proposed Order # 5 Fee Waiver) (Sumski5, Lawrence) (Entered: 05/31/2022) |
| 06/03/2022 | 70 (11 pgs) | Memorandum Opinion issued by Chief Judge Bruce A. Harwood Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D. Signed on 6/3/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 06/03/2022) |
| 06/03/2022 | 71 (1 pg) | Order Sustaining Objection to Homestead Exemption, Objection to Debtor's Amended Schedule D Signed on 6/3/2022 (RE: related document(s) 19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski) (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 06/03/2022) |
| 06/05/2022 | 72 (13 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 70 Memorandum Opinion). No. of Notices: 1. Notice Date 06/05/2022. (Admin.) (Entered: 06/06/2022) |
| 06/05/2022 | 73 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 71 Order). No. of Notices: 1. Notice Date 06/05/2022. (Admin.) (Entered: 06/06/2022) |
| 06/17/2022 | 74 (27 pgs; 10 docs) | Motion to Reconsider *to Alter or Amend Judgment and/or Grant Relief From Order* Filed by Debtor Katherine R. Brady (RE: related document(s) 70 Memorandum Opinion, 71 Order) Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # 1 Exhibit Memorandum of Law # 2 Exhibit Exhibit A to Memo-Roy RCSC Decision # 3 Exhibit |

| | | Exhibit B to Memo-RSA 480:3 # 4 Exhibit Exhibit C to Memo-Legislative History # 5 Exhibit Exhibit D to Memo-Plain Language HB 63-FN # 6 Exhibit Exhibit E to Memo-Senate Journal # 7 Exhibit Exhibit F to Memo-NH Laws 1983 230:15 # 8 Notice of Hearing # 9 Proposed Order) (Deming, Leonard) (Entered: 06/17/2022) |
|---|---|---|
| 06/21/2022 | 75 (2 pgs) | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) 74 Motion to Reconsider filed by Debtor Katherine R. Brady) (Sumski3, Lawrence) (Entered: 06/21/2022) |
| 06/22/2022 | 76 (1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for July 8, 2022 at 9:00 a.m. will be telephonic. (RE: related document(s)52 Chapter 13 Plan filed by Debtor Katherine R. Brady, 69 Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski). (pptak) (Entered: 06/22/2022) |
| 06/24/2022 | 77 (3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 76 Notice to all Creditors and Parties). No. of Notices: 8. Notice Date 06/24/2022. (Admin.) (Entered: 06/25/2022) |
| 06/30/2022 | 78 (3 pgs) | Objection *to Motion to Convert Case to Chapter 7* Filed by Debtor Katherine R. Brady (RE: related document(s) 69 Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski) (Deming, Leonard) (Entered: 06/30/2022) |
| 07/01/2022 | 79 (9 pgs; 6 docs) | Ex Parte Application to Employ Debora Cote of Keller Williams Coastal And Lakes & Mountains Realty as Real Estate Broker Filed by Debtor Katherine R. Brady Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # 1 Exhibit Rule 2014 Declaration of Debora Cote # 2 Exhibit Listing Agreement # 3 Notice of Hearing # 4 List/Matrix of Parties Served # 5 Proposed Order) (Deming, Leonard) (Entered: 07/01/2022) |
| 07/06/2022 | 80 (9 pgs; 6 docs) | Amended Application to Employ Debora Cote of Keller Williams Coastal And Lakes & Mountains Realty as Real Estate Broker Filed by Debtor Katherine R. Brady Hearing scheduled for 8/3/2022 at 11:00 AM at Courtroom A. (Attachments: # 1 Exhibit Listing Agreement # 2 Exhibit Rule 2014 Declaration # 3 Notice of Hearing # 4 List/Matrix of Parties Served # 5 Proposed Order) (Deming, Leonard) (Entered: 07/06/2022) |
| 07/07/2022 | 81 (3 pgs) | Order Denying Motion To Reconsider (Related Doc # 74) Signed on 7/7/2022. (So ordered by Judge Bruce A. Harwood ) (amw) (Entered: 07/07/2022) |
| 07/08/2022 | 82 (1 pg) | Order to Continue/Schedule Hearing Signed on 7/8/2022 (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady, 69 Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski) Hearing scheduled for 9/16/2022 at 09:00 AM at Courtroom A. (So ordered by Judge Bruce A. Harwood )(amw) (Entered: 07/08/2022) |
| 07/08/2022 | 83 | Confirmation Hearing Set (RE: related document(s)52 Chapter 13 Plan filed by Debtor Katherine R. Brady). Confirmation hearing to be held on 9/16/2022 at 09:00 AM at Courtroom A. (amw) (Entered: 07/08/2022) |
| 07/09/2022 | 84 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 81 Order on Motion To Reconsider). No. of Notices: 8. Notice Date 07/09/2022. (Admin.) (Entered: 07/10/2022) |
| 07/10/2022 | 85 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 82 Order to Continue/Schedule Hearing). No. of Notices: 6. Notice Date 07/10/2022. (Admin.) (Entered: 07/11/2022) |
| 07/11/2022 | 86 (6 pgs; 3 docs) | Ex Parte Motion to Expedite Hearing *on Application to Hire Professional Person* Filed by Debtor Katherine R. Brady (RE: related document(s) 80 Application to Employ filed by Debtor Katherine R. Brady) (Attachments: # 1 Affidavit Affidavit of Katherine Brady # 2 Proposed Order) (Deming, Leonard) (Entered: 07/11/2022) |
| 07/12/2022 | 87 (1 pg) | Order Granting Application to Employ Keller Williams Coastal and Lakes & Mountains Realty (Related Doc # 80), Denying Motion to Expedite Hearing as Moot (related document(s): 86 Motion to Expedite Hearing (BK) filed by Debtor Katherine R. Brady) Signed on 7/12/2022. (So ordered by Judge Bruce A. Harwood ) (jel) (Entered: 07/12/2022) |
| 07/12/2022 | 88 (7 pgs; 3 docs) | First Amended Chapter 13 Plan dated July 12, 2022 Filed by Debtor Katherine R. Brady (RE: related document(s) 52 Chapter 13 Plan filed by Debtor Katherine R. Brady) Confirmation hearing to be held on 9/16/2022 at 09:00 AM at Courtroom A. Last day to |

| | | |
|---|---|---|
| | | Object to Confirmation 9/2/2022. (Attachments: # 1 Notice of Hearing # 2 List/Matrix of Parties Served)(Deming, Leonard) (Entered: 07/12/2022) |
| 07/14/2022 | 89 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 87 Order on Application to Employ). No. of Notices: 3. Notice Date 07/14/2022. (Admin.) (Entered: 07/15/2022) |
| 07/19/2022 | 90 (3 pgs) | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Debtor Katherine R. Brady (RE: related document(s) 70 Memorandum Opinion, 71 Order, 81 Order on Motion To Reconsider) (Deming, Leonard) (Entered: 07/19/2022) |
| 07/19/2022 | 91 | Receipt of Notice of Appeal and Statement of Election( 21-10712-BAH) [appeal,ntcaplel] ( 298.00) filing fee. Receipt number A4020975, Fee amount $ 298.00. (re: Doc#90). (U.S. Treasury) (Entered: 07/19/2022) |
| 07/19/2022 | 92 | Court's Certificate of Mailing of Appeal. Date copies electronically mailed: July 19, 2022 Copies electronically mailed to: atty Leonard G. Deming II, Lawrence Sumski, Trustee, Office of the U.S. Trustee. Date copies mailed by U.S. Mail: July 19, 2022 Copies mailed by U.S. Mail to: Katherine R. Brady (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |
| 07/19/2022 | 93 (1 pg) | Transmittal of Appeal to District Court (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |
| 07/19/2022 | 94 (1 pg) | Notice to Appellant re: Notice of Appeal. The following items should be filed on or before August 2, 2022. (1) Designation of Items on Appeal, (2) Statement of Issues and (3) Written Notice a Transcript has been Ordered or a Certificate Stating No Transcript is Being Ordered. (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/19/2022) |
| 07/21/2022 | 95 (3 pgs) | BNC Certificate of Notice. (RE: related document(s) 94 Notice to Appellant re: Appeal). No. of Notices: 2. Notice Date 07/21/2022. (Admin.) (Entered: 07/22/2022) |
| 07/22/2022 | 96 (3 pgs) | Objection to Confirmation of Plan *with Certificate of Service* Filed by Creditor U.S. Bank National Association (RE: related document(s) 88 Amended Chapter 13 Plan filed by Debtor Katherine R. Brady) (Mulligan, Richard) (Entered: 07/22/2022) |
| 07/22/2022 | 97 | Notice of Docketing Record on Appeal to District Court. Case Number Assigned: 1:22-cv-00272-JL (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 07/22/2022) |
| 07/25/2022 | 98 (2 pgs) | Disclosure of Compensation of Attorney for Debtor *Supplemental* Filed by Debtor's Attorney Deming Law Office (Deming, Leonard) (Entered: 07/25/2022) |
| 07/28/2022 | 99 (13 pgs; 4 docs) | Motion For Sale of Property under Section 363(b) Filed by Debtor Katherine R. Brady Hearing scheduled for 8/31/2022 at 09:00 AM at Courtroom A. (Attachments: # 1 Exhibit Exhibit: Purchase and Sales Agreement # 2 Notice of Hearing # 3 List/Matrix of Parties Served) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | 100 (1 pg) | Proposed Order *on Motion to Sell* Filed by Debtor Katherine R. Brady (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | 101 (1 pg) | Proposed Order *Amended* Filed by Debtor Katherine R. Brady (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 07/28/2022) |
| 07/28/2022 | 102 (1 pg) | Acknowledgement of Request for Transcript of Testimony. Request was received by the Transcription Service on 7/27/2022. The Reporter Ruth Ann Hager of Cascade Hills Transcription, Inc. expects to have the transcript completed by 8/5/2022 (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (twh) (Entered: 07/28/2022) |
| 07/29/2022 | 103 | The official transcript re: Doc. No. 19 Objection to Homestead Exemption Filed by Trustee |

| | | |
|---|---|---|
| | (1 pg) | Edmond J. Ford; Doc. No. 47 Objection to Debtor's Amended Schedule D Filed by Trustee Lawrence P. Sumski heard on 5/20/2022 has been filed. Pursuant to Judicial Conference Policy electronic access to transcripts is restricted for 90 days from the date of filing. The transcript release date is 10/27/2022. The transcript is available for review at the Clerk's Office or a copy may be purchased from the transcriber. Parties have until 8/19/2022 to file a Request for Redaction. (RE: related document(s)19 Objection to Homestead Exemption filed by Trustee Edmond J. Ford, 47 Objection filed by Trustee Lawrence P. Sumski). Notice of Intent to Request Redaction Deadline Due by 8/5/2022. Redaction Request Due by 8/19/2022. Redacted Transcript Submission Due by 8/29/2022. Transcript access will be restricted through 10/27/2022. (twh) (Entered: 07/29/2022) |
| 07/31/2022 | 104<br>(3 pgs) | BNC Certificate of Notice. (RE: related document(s) 103 Transcript). No. of Notices: 2. Notice Date 07/31/2022. (Admin.) (Entered: 08/01/2022) |
| 08/01/2022 | 105<br>(3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady) Appellee designation due by 08/15/2022. Transmission of Designation due by 08/31/2022. (Deming, Leonard) (Entered: 08/01/2022) |
| 08/01/2022 | 106<br>(3 pgs) | Statement of Issues on Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady, 105 Appellant Designation filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 08/01/2022) |
| 08/02/2022 | 107<br>(2 pgs) | Transcript Order placed for Hearing(s) held on May 20, 2022 as included in the Designation of Record on Appeal. Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady) (Deming, Leonard) (Entered: 08/02/2022) |
| 08/02/2022 | 108<br>(2 pgs) | Supplemental Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Katherine R. Brady (RE: related document(s) 90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady, 105 Appellant Designation filed by Debtor Katherine R. Brady, 107 Transcript Ordered re: Appeal filed by Debtor Katherine R. Brady) Appellee designation due by 08/16/2022. Transmission of Designation due by 09/1/2022. (Deming, Leonard) (Entered: 08/02/2022) |
| 08/04/2022 | 109<br>(2 pgs) | Response Filed by Trustee Lawrence P. Sumski (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Sumski3, Lawrence) (Entered: 08/04/2022) |
| 08/04/2022 | 110<br>(2 pgs) | Reply *to Trustee's Response to Debtor's Motion to Sell Homestead Real Estate* Filed by Debtor Katherine R. Brady (RE: related document(s) 109 Response filed by Trustee Lawrence P. Sumski) (Deming, Leonard) (Entered: 08/04/2022) |
| 08/09/2022 | 111<br>(2 pgs) | Notice of Appellee Regarding Designation of Record on Appeal Filed by Trustee Lawrence P. Sumski (Sumski3, Lawrence) (Entered: 08/09/2022) |
| 08/10/2022 | 112<br>(1 pg) | Transmittal of Record on Appeal to District Court (RE: related document(s)90 Notice of Appeal and Statement of Election filed by Debtor Katherine R. Brady). (amw) (Entered: 08/10/2022) |
| 08/15/2022 | 113<br>(6 pgs; 2 docs) | Exhibit *Amended P&S Agreement and Addendum Thereto Having No Impact On the Bankruptcy Estate* Filed by Debtor Katherine R. Brady (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) (Attachments: # 1 Exhibit Addendum to Amended P&S Agreement) (Deming, Leonard) (Entered: 08/15/2022) |
| 08/17/2022 | 114<br>(1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for August 31, 2022 at 9:00 a.m. will be telephonic. (RE: related document(s)99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady). (pptak) (Entered: 08/17/2022) |
| 08/19/2022 | 115<br>(3 pgs) | BNC Certificate of Notice - Hearing. (RE: related document(s) 114 Notice to all Creditors and Parties). No. of Notices: 9. Notice Date 08/19/2022. (Admin.) (Entered: 08/20/2022) |
| 08/31/2022 | 116 | Order Directing Attorney Deming to File a Revised Proposed Order with the assent of Trustee |

| | | |
|---|---|---|
| | (1 pg) | Sumski on or before September 7, 2022. Signed on 8/31/2022 (RE: related document(s) 99 Motion for Sale of Property under Section 363(b) filed by Debtor Katherine R. Brady) Proposed Order due on or before 9/7/2022. (So ordered by Judge Bruce A. Harwood )(jel) (Entered: 08/31/2022) |
| 08/31/2022 | 117 (1 pg) | Pursuant to the Courts Fifteenth General Order dated February 22, 2022, the hearing scheduled for September 16, 2022 at 9:00 a.m. will be telephonic. (RE: related document(s)69 Motion to Convert Chapter 13 Case to Chapter 7 filed by Trustee Lawrence P. Sumski, 88 Amended Chapter 13 Plan filed by Debtor Katherine R. Brady). (twh) (Entered: 08/31/2022) |
| 08/31/2022 | 118 (1 pg) | Proposed Order Filed by Debtor Katherine R. Brady (RE: related document(s) 116 Order Directing A Proposed Order Be Filed) (Deming, Leonard) (Entered: 08/31/2022) |

### PACER Service Center

#### Transaction Receipt

| 08/31/2022 15:46:14 | | | |
|---|---|---|---|
| **PACER Login:** | demi01186 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 21-10712-BAH Fil or Ent: filed Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF NEW HAMPSHIRE**

Case number (if known): _____

Chapter you are filing under:

☑ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together--called a joint case--and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses Debtor 1 and Debtor 2 to distinguish between them. In joint cases, one of the spouses must report information as Debtor 1 and the other as Debtor 2. The same person must be Debtor 1 in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Katherine**<br>First Name<br>**R.**<br>Middle Name<br>**Brady**<br>Last Name<br><br>Suffix (Sr., Jr., II, III) | First Name<br><br>Middle Name<br><br>Last Name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | **Katherine**<br>First Name<br>**Rose**<br>Middle Name<br>**Mirra**<br>Last Name | First Name<br><br>Middle Name<br><br>Last Name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – __6_ _9_ _9_ _1_<br><br>OR<br><br>9xx – xx – ____ ____ ____ ____ | xxx – xx – ____ ____ ____ ____<br><br>OR<br><br>9xx – xx – ____ ____ ____ ____ |
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and doing business as names | ☑ I have not used any business names or EINs.<br><br>Business name<br><br>Business name<br><br>Business name | ☐ I have not used any business names or EINs.<br><br>Business name<br><br>Business name<br><br>Business name |

| Debtor 1 | **Katherine R. Brady** | Case number (if known) |
|---|---|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
|  | ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>EIN | ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>EIN |
|  | ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>EIN | ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>EIN |

**5. Where you live**

|  | | If Debtor 2 lives at a different address: |
|---|---|---|
|  | **27 Pinewood Drive**<br>Number    Street | _____<br>Number    Street |
|  | _____ | _____ |
|  | _____ | _____ |
|  | **MERRIMACK          NH      03054**<br>City                            State    ZIP Code | _____<br>City                            State    ZIP Code |
|  | **HILLSBOROUGH**<br>County | _____<br>County |

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.

| _____<br>Number    Street | _____<br>Number    Street |
|---|---|
| _____<br>P.O. Box | _____<br>P.O. Box |
| _____<br>City                            State    ZIP Code | _____<br>City                            State    ZIP Code |

**6. Why you are choosing this district to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than any other district.

☐ I have another reason.  Explain.
   (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than any other district.

☐ I have another reason.  Explain.
   (See 28 U.S.C. § 1408.)

---

**Part 2:    Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one:*  (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).  Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

Debtor 1    **Katherine R. Brady**           Case number (if known) _____

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the Application for Individuals to Pay The Filing Fee in Installments (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No
☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | MM / DD / YYYY | _____ |
| _____ | MM / DD / YYYY | _____ |
| _____ | MM / DD / YYYY | _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

Debtor _____ Relationship to you _____

| District | When | Case number, |
|---|---|---|
| _____ | MM / DD / YYYY | if known _____ |

Debtor _____ Relationship to you _____

| District | When | Case number, |
|---|---|---|
| _____ | MM / DD / YYYY | if known _____ |

**11. Do you rent your residence?**

☑ No. Go to line 12.
☐ Yes. Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.
     ☐ Yes. Fill out Initial Statement About an Eviction Judgment Against You (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    **Katherine R. Brady** _____    Case number (if known) _____

## Part 3:  Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.  Go to Part 4.
☐ Yes.  Name and location of business

_____
Name of business, if any

_____
Number     Street

_____

_____
City                          State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S.C. § 1182(1)?**

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.   If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.  I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

## Part 4:  Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety?  Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No
☐ Yes.  What is the hazard?

_____

If immediate attention is needed, why is it needed?

_____

Where is the property?  _____
                         Number     Street

_____

_____
City                          State        ZIP Code

Debtor 1    **Katherine R. Brady**                                                    Case number (if known) _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**
*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**
*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Katherine R. Brady**                                            Case number (if known) _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?**  *Consumer debts*  are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ No. Go to line 16b.
- ☑ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?**  *Business debts*  are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.
- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer or business debts.

_____

**17.** Are you filing under Chapter 7?

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

- ☐ No. I am not filing under Chapter 7. Go to line 18.
- ☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  - ☑ No
  - ☐ Yes

**18.** How many creditors do you estimate that you owe?

- ☑ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**19.** How much do you estimate your assets to be worth?

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☑ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**20.** How much do you estimate your liabilities to be?

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☑ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

| Debtor 1 | __Katherine R. Brady__ | Case number (if known) | _____ |
|---|---|---|---|

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code.  I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

X  **/s/ Katherine R. Brady**                          X  _____

Katherine R. Brady, Debtor 1                          Signature of Debtor 2

Executed on  __12/16/2021__                          Executed on  _____
           MM / DD / YYYY                                       MM / DD / YYYY

| Debtor 1 | **Katherine R. Brady** | Case number (if known) |
|---|---|---|

| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|
| **If you are not represented by an attorney, you do not need to file this page.** | |

**X** /s/ Leonard G. Deming    Date **12/16/2021**

Signature of Attorney for Debtor    MM / DD / YYYY

**Leonard G. Deming**
Printed name

**Leonard G. Deming II**
Firm Name

**Deming Law Office**
Number        Street

**491 Amherst Street, Suite 22**

**Nashua**                              **NH**        **03063**
City                                    State        ZIP Code

Contact phone  **(603) 882-2189**        Email address **debtrelief@attorneydeming.com**

**BNH01186**                            **NH**
Bar number                             State

**Fill in this information to identify your case:**

| Debtor 1 | Katherine | R. | Brady |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy                                04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying
correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write
your name and case number (if known). Answer every question.

### Part 1:   Give Details About Your Marital Status and Where You Lived Before

1.   **What is your current marital status?**
     ☑ Married
     ☐ Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**
     ☑ No
     ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?**
     *(Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas,
     Washington, and Wisconsin.)
     ☑ No
     ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:   Explain the Sources of Your Income

4.   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
     Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
     If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

     ☐ No
     ☑ Yes. Fill in the details.

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions<br>and exclusions |
| **From January 1 of the current year until**<br>**the date you filed for bankruptcy:** | ☑ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | **$47,374.81** | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |
| **For the last calendar year:**<br>(January 1 to December 31, __2020__ )<br>　　　　　　　　　　　　　　YYYY | ☑ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | **$43,012.42** | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |
| **For the calendar year before that:**<br>(January 1 to December 31, __2019__ )<br>　　　　　　　　　　　　　　YYYY | ☑ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | **$59,923.00** | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |

Debtor 1    **Katherine R. Brady**                                           Case number (if known) _____

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security; unemployment; and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are in a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐ No
    ☑ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions |
| **From January 1 of the current year until the date you filed for bankruptcy:** | Unemployment | $727.00 | | |
|  | | | | |
|  | | | | |
| **For the last calendar year:**<br>(January 1 to December 31, **2020** )<br>                         YYYY | | | | |
|  | | | | |
|  | | | | |
| **For the calendar year before that:**<br>(January 1 to December 31, **2019** )<br>                         YYYY | | | | |
|  | | | | |

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

---

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
| --- | --- |

**6.** **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.  Go to line 7.

☐ Yes.  List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor.  Do not include payments for domestic support obligations, such as child support and alimony.  Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.  Go to line 7.

☑ Yes.  List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor.  Do not include payments for domestic support obligations, such as child support and alimony.  Also, do not include payments to an attorney for this bankruptcy case.

|  | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
| --- | --- | --- | --- | --- |
| **US Bank Home Mortgage** | | $6,831.04 | $178,445.61 | ☑ Mortgage |
| Creditor's name | | **Monthly Mortgage Payments of $1707.76** | | ☐ Car |
| | | | | ☐ Credit card |
| Number     Street | | | | ☐ Loan repayment |
| | | | | ☐ Suppliers or vendors |
| | | | | ☐ Other _____ |
| City                    State           ZIP Code | | | | |

**7.**  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor.  11 U.S.C. § 101.  Include payments for domestic support obligations such as child support and alimony.

☑ No
☐ Yes.  List all payments to an insider.

**8.**  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes.  List all payments that benefited an insider.

---

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | |
|---|---|---|---|

## Part 4: Identify Legal Actions, Repossessions, and Foreclosures

**9.** **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☑ No
☐ Yes. Fill in the details.

**10.** **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No.  Go to line 11.
☐ Yes.  Fill in the information below.

**11.** **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

**12.** **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

## Part 5: List Certain Gifts and Contributions

**13.** **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

**14.** **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

## Part 6: List Certain Losses

**15.** **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

Debtor 1    **Katherine R. Brady** _____    Case number (if known) _____

| Part 7: | List Certain Payments or Transfers |
|---|---|

16.  **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required for your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Leonard G. Deming II**<br>Person Who Was Paid | + $338.00 Filing Fee | | |
| **Deming Law Office**<br>Number    Street | | **Prior to Filing** | **$1,750.00** |
| **491 Amherst Street, Suite 22** | | | |
| **Nashua          NH     03063**<br>City          State     ZIP Code | | _____ | _____ |
| _____<br>Email or website address | | | |
| _____<br>Person Who Made the Payment, if Not You | | | |

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Dollar Learning Foundation, inc.**<br>Person Who Was Paid | **Mandatory Counseling prior to filing** | | |
| _____<br>Number    Street | | **Prior to filing** | **$27.00** |
| _____ | | | |
| _____<br>City          State     ZIP Code | | _____ | _____ |
| _____<br>Email or website address | | | |
| _____<br>Person Who Made the Payment, if Not You | | | |

17.  **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**

Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

Debtor 1    **Katherine R. Brady**            Case number (if known) _____

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

Include both outright transfers and transfers made as security (such as granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

**19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?**    (These are often called asset-protection devices.)

☑ No
☐ Yes. Fill in the details.

---

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

**20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**

Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

**21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

Debtor 1    __Katherine R. Brady_____     Case number (if known) _____

## Part 10:  Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substance, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar item.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No
☐ Yes.  Fill in the details.

25.  Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes.  Fill in the details.

26.  Have you been a party in any judicial or administrative proceeding under any environmental law?  Include settlements and orders.

☑ No
☐ Yes.  Fill in the details.

## Part 11:  Give Details About Your Business or Connections to Any Business

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No.  None of the above applies.  Go to Part 12.
☐ Yes.  Check all that apply above and fill in the details below for each business.

28.  Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?  Include all financial institutions, creditors, or other parties.

☐ No
☐ Yes.  Fill in the details below.

Debtor 1   __Katherine R. Brady_____          Case number (if known) _____

| **Part 12:** | **Sign Below** |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that answers are true and correct.  I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.


**X** __/s/ Katherine R. Brady_____          **X** _____

Katherine R. Brady, Debtor 1                                  Signature of Debtor 2

Date   __12/16/2021____                                    Date _____


Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ No
☐ Yes


Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No
☐ Yes.  Name of person _____          Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature*  (Official Form 119).

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Katherine**<br>First Name | **R.**<br>Middle Name | **Brady**<br>Last Name |
| Debtor 2<br>(Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an amended filing

## Official Form 106A/B

## Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

1.1.

**27 Pinewood Drive**
Street address, if available, or other description

_____

**Merrimack               NH     03054**
City                          State   ZIP Code

**Hillsborough**
County

**27 Pinewood Drive, Merrimack, NH 03054**

**What is the property?**
Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $236,100.00 | $236,100.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100% Interest**

☐ Check if this is community property
(see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................** ➜ | **$236,100.00** |

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

| **Part 2:** | **Describe Your Vehicles** |
|---|---|

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?**  Include any vehicles
you own that someone else drives.  If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.   **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

3.1.
Make:            **Lexus RX 350**

Model:          **RX 350**

Year:            **2010**

Approximate mileage: _____

Other information:

**2010 Lexus RX 350 RX 350**

**Who has an interest in the property?**
Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
   (see instructions)

Do not deduct secured claims or exemptions.  Put the
amount of any secured claims on *Schedule D:
Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$10,794.00** | **$10,794.00** |

4.   **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
     *Examples:*  Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5.   **Add the dollar value of the portion you own for all of your entries from Part 2, including any
     entries for pages you have attached for Part 2.  Write that number here........................................** ➔ | **$10,794.00** |

| **Part 3:** | **Describe Your Personal and Household Items** |
|---|---|

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

6.   **Household goods and furnishings**
     *Examples:*  Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes.  Describe.....  | **See continuation page(s).** |                    **$2,490.00**

7.   **Electronics**
     *Examples:*  Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners;
           music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes.  Describe.....  | **1/2 Interest in:  (2) TV's, Cell Phone** |         **$500.00**

8.   **Collectibles of value**
     *Examples:*  Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
           stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes.  Describe.....

9.   **Equipment for sports and hobbies**
     *Examples:*  Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis;
           canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes.  Describe.....

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ☑ No
   ☐ Yes.  Describe..... [                                    ]     _____

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ☑ Yes.  Describe..... [ **Clothing**                      ]     **$650.00**

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ☑ Yes.  Describe..... [ **Jewelry**                       ]     **$3,000.00**

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ☑ Yes.  Describe..... [ **(2) Cats**                      ]     **$0.00**

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ☑ No
   ☐ Yes.  Give specific information............ [                ]     _____

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3.  Write the number here**................................................ ➔     **$6,640.00**

---

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☑ No
   ☐ Yes....................................................................... Cash: ........................     _____

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions.  If you have multiple accounts with the same institution, list each.
   ☐ No
   ☑ Yes..........................     Institution name:

   17.1.    Checking account:    **Checking account @ DCU**          **$0.00**
   17.2.    Checking account:    **Checking account @ Jeanne D'Arc**  **$2,255.00**
   17.3.    Savings account:     **Savings account @ DCU**           **$2.00**

---

Debtor 1   **Katherine R. Brady**                                    Case number (if known) _____

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ☑ No
    ☐ Yes.......................... Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☑ No
    ☐ Yes.  Give specific
       information about
       them........................ Name of entity:                              % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ☑ No
    ☐ Yes.  Give specific
       information about
       them........................ Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or
       profit-sharing plans
    ☑ No
    ☐ Yes.  List each
       account separately.    Type of account:       Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
    companies, or others
    ☑ No
    ☐ Yes.......................... Institution name or individual:

23. **Annuities**  (A contract for a specific periodic payment of money to you, either for life or for a number of years)
    ☑ No
    ☐ Yes.......................... Issuer name and description:

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ☑ No
    ☐ Yes.......................... Institution name and description.  Separately file the records of any interests.  11 U.S.C. § 521(c)

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ☑ No
    ☐ Yes.  Give specific
       information about them

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ☑ No
    ☐ Yes.  Give specific
       information about them

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ☑ No
    ☐ Yes.  Give specific
       information about them

Debtor 1     **Katherine R. Brady**                                    Case number (if known) _____

**Money or property owed to you?**

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

28. **Tax refunds owed to you**

☐ No
☑ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years....................

| | |
|---|---|
| **Federal: Estimated Federal Tax Refund. Amt: $2,000.00** | Federal: **$2,000.00** |
| | State: **$0.00** |
| | Local: **$0.00** |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support , maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information

| | |
|---|---|
| Alimony: | _____ |
| Maintenance: | _____ |
| Support: | _____ |
| Divorce settlement: | _____ |
| Property settlement: | _____ |

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability b enefits, sick pay, vacation pay, workers'
compensation, Social Security benefits; unpaid loans you m ade to someone else

☑ No
☐ Yes. Give specific information

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings acco unt (HSA); credit, homeowner's, or renter's insurance

☐ No
☑ Yes. Name the insurance
company of each policy
and list its value...............

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **AAA Term Life only** | | **$0.00** |
| **Term Life via Jeanne D'Arc Credit Union** | | **$0.00** |

32. **Any interest in property that is due from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently
entitled to receive property because someone has died

☑ No
☐ Yes. Give specific information

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rig hts to sue

☑ No
☐ Yes. Describe each claim........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and
rights to set off claims**

☑ No
☐ Yes. Describe each claim........

Debtor 1    __Katherine R. Brady_____    Case number (if known) _____

35.  **Any financial assets you did not already list**

    ☑ No
    ☐ Yes.  Give specific information    [                                        ] _____

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4.  Write that number here**........................................................................... ➔ | **$4,257.00** |

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1.** |

37.  **Do you own or have any legal or equitable interest in any business-related property?**

    ☑ No.  Go to Part 6.
    ☐ Yes.  Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

    ☑ No
    ☐ Yes.  Describe.. [                                        ] _____

39.  **Office equipment, furnishings, and supplies**
    *Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

    ☑ No
    ☐ Yes.  Describe.. [                                        ] _____

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

    ☑ No
    ☐ Yes.  Describe.. [                                        ] _____

41.  **Inventory**

    ☑ No
    ☐ Yes.  Describe.. [                                        ] _____

42.  **Interests in partnerships or joint ventures**

    ☑ No
    ☐ Yes.  Describe..... Name of entity:          % of ownership:

43.  **Customer lists, mailing lists, or other compilations**

    ☑ No
    ☐ Yes.  **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

        ☐ No
        ☐ Yes.  Describe.... [                                        ] _____

44.  **Any business-related property you did not already list**

    ☑ No
    ☐ Yes.  Give specific information.

45.  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5.  Write that number here**........................................................................ ➔ | **$0.00** |

Debtor 1    **Katherine R. Brady** _____    Case number (if known) _____

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No.  Go to Part 7.
☐ Yes.  Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47.  **Farm animals**
_Examples:_ Livestock, poultry, farm-raised fish

☑ No
☐ Yes... _____   _____

48.  **Crops--either growing or harvested**

☑ No
☐ Yes.  Give specific
information............... _____   _____

49.  **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes... _____   _____

50.  **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes... _____   _____

51.  **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific
information............... _____   _____

52.  **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6.  Write that number here**.................................................................. ➔   **$0.00**

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**
_Examples:_ Season tickets, country club membership

☑ No
☐ Yes.  Give specific information.

54.  **Add the dollar value of all of your entries from Part 7.  Write that number here**............................................. ➔   **$0.00**

Debtor 1    **Katherine R. Brady**                                                      Case number (if known) _____

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

55.  Part 1: Total real estate, line 2....................................................................................................➜    $236,100.00

56.  Part 2: Total vehicles, line 5                                              $10,794.00

57.  Part 3: Total personal and household items, line 15                        $6,640.00

58.  Part 4: Total financial assets, line 36                                     $4,257.00

59.  Part 5: Total business-related property, line 45                             $0.00

60.  Part 6: Total farm- and fishing-related property, line 52                    $0.00

61.  Part 7: Total other property not listed, line 54          +                  $0.00

62.  Total personal property.    Add lines 56 through 61...............    $21,691.00    Copy personal
                                                                                          property total    ➜    +    $21,691.00

63.  Total of all property on Schedule A/B.    Add line 55 + line 62.............................................................    $257,791.00

Debtor 1    **Katherine R. Brady**                                     Case number (if known) _____

6.   Household goods and furnishings (details):

**1/2 Interest in:  Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher,**          **$1,440.00**
**Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances, Pots,**
**Pans, Flatware, Dishes, etc**

**Stove & Refrigerator**                                                                              **$450.00**

**(4) Beds & Bedding**                                                                                **$500.00**

**1/2 Interest in (4) pieces of Art**                                                                 **$100.00**

**Fill in this information to identify your case:**

| Debtor 1 | Katherine | R. | Brady |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                                04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions--such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds--may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:     Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?**   *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**27 Pinewood Drive, Merrimack, NH 03054**<br><br>Line from *Schedule A/B*:   **1.1** | **$236,100.00** | ☑ **$120,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 480:1** |
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*:   **3.1** | **$10,794.00** | ☑ **$10,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVI)** |
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*:   **3.1** | **$10,794.00** | ☑ **$794.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
       ☐ No
       ☐ Yes

Debtor 1    **Katherine R. Brady**                                         Case number (if known) _____

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: **1/2 Interest in: Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher, Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances, Pots, Pans, Flatware, Dishes, etc** <br> Line from *Schedule A/B*: **6** | **$1,440.00** | ☑ **$1,440.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description: **Stove & Refrigerator** <br> Line from *Schedule A/B*: **6** | **$450.00** | ☑ **$450.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(IV), (V)** |
| Brief description: **(4) Beds & Bedding** <br> Line from *Schedule A/B*: **6** | **$500.00** | ☑ **$500.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description: **1/2 Interest in (4) pieces of Art** <br> Line from *Schedule A/B*: **6** | **$100.00** | ☑ **$100.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description: **1/2 Interest in: (2) TV's, Cell Phone** <br> Line from *Schedule A/B*: **7** | **$500.00** | ☑ **$500.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description: **Clothing** <br> Line from *Schedule A/B*: **11** | **$650.00** | ☑ **$650.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description: **Jewelry (1st exemption claimed for this asset)** <br> Line from *Schedule A/B*: **12** | **$3,000.00** | ☑ **$500.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVII)** |
| Brief description: **Jewelry (2nd exemption claimed for this asset)** <br> Line from *Schedule A/B*: **12** | **$3,000.00** | ☐ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII) (Claimed: $2,500.00 100% of fair market value, up to any applicable statutory limit)** |
| Brief description: **Checking account @ DCU** <br> Line from *Schedule A/B*: **17.1** | **$0.00** | ☑ **$0.00** <br> ☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

| Part 2: | Additional Page |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**Checking account @ Jeanne D'Arc**<br><br>Line from *Schedule A/B*: __17.2__ | **$2,255.00** | ☐ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)**<br>**(Claimed: $2,255.00**<br>**100% of fair market value, up to any applicable statutory limit)** |
| Brief description:<br>**Savings account @ DCU**<br><br>Line from *Schedule A/B*: __17.3__ | **$2.00** | ☑ __$2.00__<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**Estimated Federal Tax Refund**<br><br>Line from *Schedule A/B*: __28__ | **$2,000.00** | ☑ __$2,000.00__<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |

**Fill in this information to identify your case:**

| Debtor 1 | Katherine | R. | Brady |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

| 2.1 | | |
|---|---|---|

**US Bank Home Mortgage**
Creditor's name
**PO Box 21948**
Number      Street

_____

| Eagan | MN | 55121 |
|---|---|---|
| City | State | ZIP Code |

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates
to a community debt**

**Date debt was incurred**

**Describe the property that
secures the claim:**

**27 Pinewood Drive,
Merrimack, NH 03054**

$178,445.61     $236,100.00

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **Mortgage**

**Last 4 digits of account number**    7  2  7  9

Add the dollar value of your entries in Column A on this page. Write
that number here:

| $178,445.61 |
|---|

If this is the last page of your form, add the dollar value totals from
all pages. Write that number here:

| $178,445.61 |
|---|

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Katherine** | **R.** | **Brady** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Hold Claims Secured by Property.* If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:   List All of Your PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims against you?**

☑ No. Go to Part 2.
☐ Yes.

2.   **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If more space is needed for priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

| 2.1 | | | |

| | |
|---|---|
| Priority Creditor's Name | Last 4 digits of account number  __ __ __ __ |
| Number          Street | When was the debt incurred?  _____ |
| | As of the date you file, the claim is: Check all that apply. |
| | ☐ Contingent |
| | ☐ Unliquidated |
| City                State    ZIP Code | ☐ Disputed |
| **Who incurred the debt?**  Check one. | **Type of PRIORITY unsecured claim:** |
| ☐ Debtor 1 only | ☐ Domestic support obligations |
| ☐ Debtor 2 only | ☐ Taxes and certain other debts you owe the government |
| ☐ Debtor 1 and Debtor 2 only | ☐ Claims for death or personal injury while you were |
| ☐ At least one of the debtors and another |    intoxicated |
| ☐ **Check if this claim is for a community debt** | ☐ Other. Specify |
| Is the claim subject to offset? | |
| ☐ No | |
| ☐ Yes | |

Debtor 1    **Katherine R. Brady**                                      Case number (if known) _____

---

**Part 2:     List All of Your NONPRIORITY Unsecured Claims**

---

3.    **Do any creditors have nonpriority unsecured claims against you?**

☐  No.  You have nothing to report in this part.  Submit this form to the court with your other schedules.
☑  Yes

4.    **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.**
If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim.  For each claim listed, identify what type of claim it is.  Do not list claims already included in Part 1.  If more than one creditor holds a particular claim, list the other creditors in Part 3.  If more space is needed for nonpriority unsecured claims, fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|

| | |
|---|---|
| **4.1** | **$14,501.85** |

**Citi Cards**
Nonpriority Creditor's Name
**PO Box 70166**
Number       Street

_____

_____

| | | |
|---|---|---|
| **Philadelphia** | **PA** | **19176** |
| City | State | ZIP Code |

**Who incurred the debt?**  Check one.
☑  Debtor 1 only
☐  Debtor 2 only
☐  Debtor 1 and Debtor 2 only
☐  At least one of the debtors and another
☐  **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑  No
☐  Yes

**Last 4 digits of account number**  __  __  __  __

**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐  Contingent
☐  Unliquidated
☐  Disputed

**Type of NONPRIORITY unsecured claim:**
☐  Student loans
☐  Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐  Debts to pension or profit-sharing plans, and other similar debts
☑  Other.  Specify
    **Credit Card**

| | |
|---|---|
| **4.2** | **$7,963.92** |

**Comenity-Rewards MC**
Nonpriority Creditor's Name
**PO Box  650964**
Number       Street

_____

_____

| | | |
|---|---|---|
| **Dallas** | **TX** | **75265** |
| City | State | ZIP Code |

**Who incurred the debt?**  Check one.
☑  Debtor 1 only
☐  Debtor 2 only
☐  Debtor 1 and Debtor 2 only
☐  At least one of the debtors and another
☐  **Check if this claim is for a community debt**

**Is the claim subject to offset?**
☑  No
☐  Yes

**Last 4 digits of account number**  __  __  __  __

**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐  Contingent
☐  Unliquidated
☐  Disputed

**Type of NONPRIORITY unsecured claim:**
☐  Student loans
☐  Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐  Debts to pension or profit-sharing plans, and other similar debts
☑  Other.  Specify
    **Credit Card**

Debtor 1  **Katherine R. Brady**                                    Case number (if known) _____

<div style="background:black;color:white;">**Part 2:**</div>  **Your NONPRIORITY Unsecured Claims -- Continuation Page**

After listing any entries on this page, number them sequentially from the previous page.

| | **Total claim** |
|---|---|

**4.3**                                                                              **$539.54**

**Comenity-Torrid**
Nonpriority Creditor's Name
**PO Box  650960**
Number        Street

_____

**Dallas**                        **TX      75265**
City                              State    ZIP Code

**Who incurred the debt?**  Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**  __ __ __ __
**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☑ Debts to pension or profit-sharing plans, and other similar debts
☐ Other.  Specify _____

---

**4.4**                                                                              **$4,460.10**

**Comenity-Victoria's Secret**
Nonpriority Creditor's Name
**PO Box  650972**
Number        Street

_____

**Dallas**                        **TX      75265**
City                              State    ZIP Code

**Who incurred the debt?**  Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**  __ __ __ __
**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other.  Specify **Credit Card**

---

**4.5**                                                                              **$10,419.91**

**Digital Federal Credit Union**
Nonpriority Creditor's Name
**220 Donald Lynch Blvd.**
Number        Street
**Marlborough**

**MA**

City                              State    ZIP Code

**Who incurred the debt?**  Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**  6  1  4  1
**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other.  Specify **Credit Card**

---

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

| Part 2: | Your NONPRIORITY Unsecured Claims -- Continuation Page |
|---------|--------------------------------------------------------|

After listing any entries on this page, number them sequentially from the
previous page.

| | Total claim |
|---|---|

**4.6**

$4,332.31

**Jeanne Darc Credit Union**

Nonpriority Creditor's Name

**po Box 1238**

Number        Street

_____

_____

**Lowell                        MA      01853**

City                              State    ZIP Code

**Who incurred the debt?**    Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☑ No
☐ Yes

**Last 4 digits of account number**    ___  ___  ___  ___

**When was the debt incurred?**    _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce
   that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify
   **Consumer Credit**

Official Form 106E/F              **Schedule E/F: Creditors Who Have Unsecured Claims**              page 4

Debtor 1    **Katherine R. Brady** _____    Case number (if known) _____

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional parties to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**United Collections Bureau, Inc.** _____
Name

**5620 Southwyck Blvd** _____
Number        Street

**Ste 206** _____

**Toledo**            **OH**    **43614** ____
City                    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line  **4.1**  of  *(Check one):*   ☐ Part 1: Creditors with Priority Unsecured Claims

☑ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number**   ___ ___ ___ ___

Debtor 1    **Katherine R. Brady**                                    Case number (if known) _____

<div style="background:black;color:white">**Part 4:**    **Add the Amounts for Each Type of Unsecured Claim**</div>

6.    Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only.
      28 U.S.C. § 159. Add the amounts for each type of unsecured claim.

|  | | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $0.00 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. $0.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + $0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6d. $0.00 |

|  | | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $0.00 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $0.00 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $539.54 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + $41,678.09 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. $42,217.63 |

Official Form 106E/F    Schedule E/F: Creditors Who Have Unsecured Claims    page 6

<table>
<tr><td colspan="4"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td>Debtor 1</td><td><strong>Katherine</strong><br>First Name</td><td><strong>R.</strong><br>Middle Name</td><td><strong>Brady</strong><br>Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td>First Name</td><td>Middle Name</td><td>Last Name</td></tr>
<tr><td colspan="4">United States Bankruptcy Court for the: <strong>DISTRICT OF NEW HAMPSHIRE</strong></td></tr>
<tr><td>Case number<br>(if known)</td><td colspan="3"></td></tr>
</table>

☐ Check if this is an
amended filing

Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

   **Person or company with whom you have the contract or lease**          **State what the contract or lease is for**

| Fill in this information to identify your case: |
|---|

Debtor 1  **Katherine**      **R.**      **Brady**
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

---

Official Form 106H

## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** *(If you are filing a joint case, do not list either spouse as a codebtor.)*
   ☐ No
   ☑ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** *(Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)*
   ☑ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
        ☐ No
        ☐ Yes

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* **(Official Form 106D),** *Schedule E/F* **(Official Form 106E/F), or** *Schedule G* **(Official Form 106G). Use** *Schedule D, Schedule E/F, or Schedule G* **to fill out Column 2.**

*Column 1:* **Your codebtor**

*Column 2:* **The creditor to whom you owe the debt**

Check all schedules that apply:

| 3.1 | **Brady, Daniel J.** |
|---|---|
| | Name |

**27 Pinewood Drive**
Number      Street

_____

**MERRIMACK**         **NH**      **03054**
City                State      ZIP Code

☐ Schedule D, line _____

☑ Schedule E/F, line   **4.6**

☐ Schedule G, line _____

**Jeanne Darc Credit Union**

---

Fill in this information to identify your case:

| Debtor 1 | Katherine | R. | Brady |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible.  If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information.  If you are married and not filing jointly, and your spouse is living with you, include information about your spouse.  If you are separated and your spouse is not filing with you, do not include information about your spouse.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| **Occupation** | | Barista Manager | |
| **Employer's name** | | Flight Coffee Company | |
| **Employer's address** | | Bedford, NH | |
| | | Number  Street | Number  Street |
| | | | |
| | | | |
| | | City    State  Zip Code | City    State  Zip Code |
| **How long employed there?** | | 5 Months | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form.  If you have nothing to report for any line, write $0 in the space.  Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer,  combine the information for all employers for that person on the lines below.  If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $3,923.60 | $3,983.18 |
| 3. | Estimate and list monthly overtime pay. | 3. + | $0.00 | $0.00 |
| 4. | Calculate gross income.  Add line 2 + line 3. | 4. | $3,923.60 | $3,983.18 |

Debtor 1   **Katherine R. Brady**                              Case number (if known) _____

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here .................................................. → | 4. | **$3,923.60** | **$3,983.18** |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | **$300.15** | **$479.01** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | **$0.00** | **$0.00** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | **$0.00** | **$0.00** |
| 5d. **Required repayments of retirement fund loans** | 5d. | **$0.00** | **$0.00** |
| 5e. **Insurance** | 5e. | **$0.00** | **$841.17** |
| 5f. **Domestic support obligations** | 5f. | **$0.00** | **$0.00** |
| 5g. **Union dues** | 5g. | **$0.00** | **$0.00** |
| 5h. **Other deductions.** Specify: _____ | 5h. + | **$0.00** | **$0.00** |

| | | | |
|---|---|---|---|
| 6. **Add the payroll deductions.**   Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | **$300.15** | **$1,320.18** |
| 7. **Calculate total monthly take-home pay.**   Subtract line 6 from line 4. | 7. | **$3,623.45** | **$2,663.00** |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** | 8a. | **$0.00** | **$0.00** |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | |
| 8b. **Interest and dividends** | 8b. | **$0.00** | **$0.00** |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | 8c. | **$0.00** | **$0.00** |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | |
| 8d. **Unemployment compensation** | 8d. | **$0.00** | **$0.00** |
| 8e. **Social Security** | 8e. | **$0.00** | **$0.00** |
| 8f. **Other government assistance that you regularly receive** | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | **$0.00** | **$0.00** |
| 8g. **Pension or retirement income** | 8g. | **$0.00** | **$0.00** |
| 8h. **Other monthly income.** Specify: | 8h. + | **$0.00** | **$0.00** |

| | | | |
|---|---|---|---|
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | **$0.00** | **$0.00** |

| | | | | |
|---|---|---|---|---|
| 10. **Calculate monthly income.**  Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | **$3,623.45** + | **$2,663.00** = | **$6,286.45** |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____   11. + **$0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.  Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies.

12. **$6,286.45**
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.
☐ Yes. Explain:    **None.**

Case 21-10712-BAH Doc 21 Filed 12/17/21 Desc Main Document Page 40 of 59

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Katherine** | **R.** | **Brady** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** | | |
| Case number (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                        12/15

Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach another sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

### Part 1:     Describe Your Household

1.  **Is this a joint case?**

☑ No.  Go to line 2.

☐ Yes.  **Does Debtor 2 live in a separate household?**

    ☐ No

    ☐ Yes.  Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2.  **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No

☑ Yes.  Fill out this information for each dependent.....................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **9** | ☐ No ☑ Yes |
| **Daughter** | **7** | ☐ No ☑ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2:     Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed.  If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

**Your expenses**

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | **$1,707.76** |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. | _____ |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | _____ |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | **$100.00** |
| 4d. | Homeowner's association or condominium dues | 4d. | _____ |

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | |

**Your expenses**

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | **$384.24** |
| | 6b. Water, sewer, garbage collection | 6b. | **$130.60** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | **$108.00** |
| | 6d. Other. Specify: __Cell Phone__ | 6d. | **$20.00** |
| 7. | **Food and housekeeping supplies** | 7. | **$1,100.00** |
| 8. | **Childcare and children's education costs** | 8. | |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | **$240.00** |
| 10. | **Personal care products and services** | 10. | **$265.00** |
| 11. | **Medical and dental expenses** | 11. | **$40.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | **$437.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | **$400.00** |
| 14. | **Charitable contributions and religious donations** | 14. | |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | **$32.00** |
| | 15b. Health insurance | 15b. | |
| | 15c. Vehicle insurance | 15c. | **$165.32** |
| | 15d. Other insurance. Specify: | 15d. | |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | |
| | 17b. Car payments for Vehicle 2 | 17b. | |
| | 17c. Other. Specify: | 17c. | |
| | 17d. Other. Specify: | 17d. | |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | 18. | |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| | 20a. Mortgages on other property | 20a. | |
| | 20b. Real estate taxes | 20b. | |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | |
| | 20e. Homeowner's association or condominium dues | 20e. | |

Debtor 1    **Katherine R. Brady**                                          Case number (if known) _____

| | | | |
|---|---|---|---|
| **21.** | **Other.** Specify: <u>See continuation sheet</u> | 21. | + $1,080.33 |

**22.** **Calculate your monthly expenses.**

| | | |
|---|---|---|
| 22a. | Add lines 4 through 21. | 22a. | $6,210.25 |
| 22b. | Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2. | 22b. | |
| 22c. | Add line 22a and 22b.  The result is your monthly expenses. | 22c. | $6,210.25 |

**23.** **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. | Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $6,286.45 |
| 23b. | Copy your monthly expenses from line 22c above. | 23b. | – $6,210.25 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $76.20 |

**24.** **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.   Explain here:
**None.**

Debtor 1  __**Katherine R. Brady**_____        Case number (if known) _____

21. __Other.  Specify:__

| | |
|---|---:|
| **Child Care** | **$100.00** |
| **Land Maintenance** | **$30.00** |
| **Daughters Dance** | **$175.75** |
| **Husbands Credit Card Payments** | **$495.00** |
| **Husband's Cell** | **$20.00** |
| **Husband's activities** | **$200.00** |
| **Daughter's Cheer** | **$59.58** |

| | |
|---:|---:|
| **Total:** | **$1,080.33** |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Katherine**　　**R.**　　　　**Brady** |
| | First Name　　　Middle Name　　　Last Name |
| Debtor 2 (Spouse, if filing) | First Name　　　Middle Name　　　Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** |
| Case number (if known) | |

**Check one box only as directed in this form and in Form 122A-1Supp:**

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under Chapter 7 Means Test Calculation (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 122A-1

# Chapter 7 Statement of Your Current Monthly Income

04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file Statement of Exemption from Presumption of Abuse Under § 707(b)(2) (Official Form 122A-1Supp) with this form.

## Part 1:　Calculate Your Current Monthly Income

1.　**What is your marital and filing status?** Check one only.

　　☐ **Not married.** Fill out Column A, lines 2-11.

　　☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

　　☑ **Married and your spouse is NOT filing with you. You and your spouse are:**

　　　　☑ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

　　　　☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

> Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | **$4,608.46** | **$3,807.84** |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | **$0.00** | **$0.00** |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | **$0.00** | **$0.00** |

Debtor 1  **Katherine R. Brady** _____     Case number (if known) _____

|  | Column A | Column B |
|---|---|---|
| | Debtor 1 | Debtor 2 or non-filing spouse |

**5.   Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | $0.00 | | | |
| Ordinary and necessary operating expenses | − $0.00 | − $0.00 | | | |
| Net monthly income from a business, profession, or farm | $0.00 | $0.00 | Copy here ➜ | $0.00 | $0.00 |

**6.   Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | $0.00 | | | |
| Ordinary and necessary operating expenses | − $0.00 | − $0.00 | | | |
| Net monthly income from rental or other real property | $0.00 | $0.00 | Copy here ➜ | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| **7.** | **Interest, dividends, and royalties** | $0.00 | $0.00 |
| **8.** | **Unemployment compensation** | $0.00 | $0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ...............↓

| | |
|---|---|
| For you........................................................................ | $0.00 |
| For your spouse............................................................ | $0.00 |

**9.   Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.        $0.00        $0.00

**10.   Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| Total amounts from separate pages, if any. | + _____ | + _____ |

Debtor 1    **Katherine R. Brady** _____    Case number (if known) _____

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|

**11.** **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

$4,608.46  +  $3,807.84  =  $8,416.30

**Total current monthly income**

---

| Part 2: | Determine Whether the Means Test Applies to You |
|---|---|

**12.** **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11.........................................**Copy line 11 here** ➔ 12a.    $8,416.30

Multiply by 12 (the number of months in a year).    X    12

12b. The result is your annual income for this part of the form.    12b.    $100,995.60

**13.** **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    **New Hampshire**

Fill in the number of people in your household.    **4**

Fill in the median family income for your state and size of household............................................................. 13.    $129,738.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14.** **How do the lines compare?**

14a.    ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b.    ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A-2.

---

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X **/s/ Katherine R. Brady** _____    X _____
Katherine R. Brady, Debtor 1    Signature of Debtor 2

Date **12/16/2021** _____    Date _____
MM / DD / YYYY    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Katherine** | **R.** | **Brady** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1: Summarize Your Assets

**Your assets**
Value of what you own

1. *Schedule A/B: Property* (Official Form 106A/B)

   1a. Copy line 55, Total real estate, from Schedule A/B............................................................. **$236,100.00**

   1b. Copy line 62, Total personal property, from Schedule A/B.................................................... **$21,691.00**

   1c. Copy line 63, Total of all property on Schedule A/B............................................................. **$257,791.00**

### Part 2: Summarize Your Liabilities

**Your liabilities**
Amount you owe

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, Amount of claim, at the bottom of the last page of Part 1 of Schedule D..... **$178,445.61**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of Schedule E/F................................... **$0.00**

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of Schedule E/F........................... **+ $42,217.63**

   **Your total liabilities** **$220,663.24**

### Part 3: Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of Schedule I. .................................................................. **$6,286.45**

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of Schedule J................................................................................. **$6,210.25**

Debtor 1  **Katherine R. Brady** _____   Case number (if known) _____

| Part 4: | Answer These Questions for Administrative and Statistical Records |
|---|---|

**6.   Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐   No.  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

☑   Yes

**7.   What kind of debt do you have?**

☑   **Your debts are primarily consumer debts.**  *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose."  11 U.S.C. § 101(8).  Fill out lines 8-9g for statistical purposes.  28 U.S.C. § 159.

☐   **Your debts are not primarily consumer debts.**  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

**8.   From the *Statement of Your Current Monthly Income:*** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

| $8,416.30 |
|---|

**9.   Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:***

|  | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F,* copy the following:** | |
| 9a.   Domestic support obligations.  (Copy line 6a.) | $0.00 |
| 9b.   Taxes and certain other debts you owe the government.  (Copy line 6b.) | $0.00 |
| 9c.   Claims for death or personal injury while you were intoxicated.  (Copy line 6c.) | $0.00 |
| 9d.   Student loans.  (Copy line 6f.) | $0.00 |
| 9e.   Obligations arising out of a separation agreement or divorce that you did not report as priority claims.  (Copy line 6g.) | $0.00 |
| 9f.   Debts to pension or profit-sharing plans, and other similar debts.  (Copy line 6h.) | + $539.54 |
| 9g.   **Total.**   Add lines 9a through 9f. | $539.54 |

Official Form 106Sum          **Summary of Your Assets and Liabilities and Certain Statistical Information**          page 2

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Katherine** | **R.** | **Brady** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106Dec

## Declaration About an Individual Debtor's Schedules          12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____         Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X **/s/ Katherine R. Brady**_____          X _____
Katherine R. Brady, Debtor 1                            Signature of Debtor 2

Date **12/16/2021**_____          Date _____
MM / DD / YYYY                           MM / DD / YYYY

B2030 (Form 2030) (12/15)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**
**CONCORD DIVISION**

In re  **Katherine R. Brady**                                        Case No.  _____

                                                                      Chapter     **7**  _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept............................................................... **$1,750.00**

   Prior to the filing of this statement I have received...................................................... **$1,750.00**

   Balance Due.................................................................................................. **$0.00**

2. The source of the compensation paid to me was:
   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**The Court Filing Fee of $338.00; Amendment Fee=$182;  Reaffirmation Agreements=$100; Suggestion of Bankruptcy=$100; Failure to Appear  @ 341 Meeting $150; Emergency Filing=$300.00**

<div style="border:1px solid;">

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **12/16/2021** | **/s/ Leonard G. Deming** | |
| --- | --- | --- |
| *Date* | *Leonard G. Deming* | Bar No.  BNH01186 |
| | Leonard G. Deming II | |
| | Deming Law Office | |
| | 491 Amherst Street, Suite 22 | |
| | Nashua NH 03063 | |
| | Phone: (603) 882-2189 / Fax: (603) 882-5707 | |

</div>

**/s/ Katherine R. Brady**

*Katherine R. Brady*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td>Debtor 1</td><td><strong>Katherine</strong><br>First Name</td><td><strong>R.</strong><br>Middle Name</td><td><strong>Brady</strong><br>Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td>First Name</td><td>Middle Name</td><td>Last Name</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: <strong>DISTRICT OF NEW HAMPSHIRE</strong></td></tr>
<tr><td>Case number<br>(if known)</td><td colspan="3"></td></tr>
</table>

☐ Check if this is an amended filing

Official Form 108

## Statement of Intention for Individuals Filing Under Chapter 7

12/15

If you are an individual filing under chapter 7, you must fill out this form if:

- creditors have claims secured by your property, or
- you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List Your Creditors Who Hold Secured Claims

1.    For any creditors that you listed in Part 1 of *Schedule D: Creditors Who Hold Claims Secured by Property* (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **US Bank Home Mortgage**<br><br>Description of property securing debt: **27 Pinewood Drive, Merrimack, NH 03054** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☑ Retain the property and enter into a *Reaffirmation Agreement*.<br>☐ Retain the property and [explain]: | ☐ No<br>☐ Yes |

### Part 2:    List Your Unexpired Personal Property Leases

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

Describe your unexpired personal property leases                    Will this lease be assumed?

**None.**

| Debtor 1 | **Katherine R. Brady** | Case number (if known) |
|---|---|---|

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and personal property that is subject to an unexpired lease.

X **/s/ Katherine R. Brady**

Katherine R. Brady, Debtor 1

Date **12/16/2021**

MM / DD / YYYY

X _____

Signature of Debtor 2

Date _____

MM / DD / YYYY

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

- **You are an individual filing for bankruptcy,** and

- **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

## The types of bankruptcy that are available to individuals

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 -- Liquidation

- Chapter 11 -- Reorganization

- Chapter 12 -- Voluntary repayment plan for family farmers or fishermen

- Chapter 13 -- Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

## Chapter 7:  Liquidation

|   |   |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors.  The primary purpose of filing under chapter 7 is to have your debts discharged.  The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge.  For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that the even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law.  Therefore, you may still be responsible to pay:

- most taxes;

- most student loans;

- domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and

- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;

- fraud or defalcation while acting in breach of fiduciary capacity;

- intentional injuries that you inflicted; and

- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A-2).

If your income is above the median for your state, you must file a second form--the *Chapter 7 Means Test Calculation* (Official Form 122A-2). The calculations on the form-- sometimes called the *Means Test*--deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income

for your state of residence and family size, depending on the results of the *Means Test,* the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

## Chapter 11:  Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $571 | administrative fee |
| | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

## Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition.  The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and local rules of the court.

For more information about the documents and their deadlines, go to:

http://www.uscourts.gov/forms/bankruptcy-forms

## Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury--either orally or in writing--in connection with a bankruptcy case, you may be fined, imprisoned, or both.

- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).  To ensure you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together--called a *joint case*.  If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency.  11 U.S.C. § 109(h).  If you are filing a joint case, both spouses must receive the briefing.  With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition.  This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge.  If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:

http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to:

http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**
**CONCORD DIVISION**

IN RE: **Katherine R. Brady**                                          CASE NO

                                                                      CHAPTER      **7**

## VERIFICATION OF CREDITOR MATRIX

      The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  12/16/2021                                          Signature   /s/ Katherine R. Brady
                                                                      *Katherine R. Brady*

Date                                                        Signature

Citi Cards
PO Box 70166
Philadelphia, PA 19176


Comenity-Rewards MC
PO Box  650964
Dallas, TX 75265


Comenity-Torrid
PO Box  650960
Dallas, TX 75265


Comenity-Victoria's Secret
PO Box  650972
Dallas, TX 75265


Daniel J. Brady
27 Pinewood Drive
MERRIMACK, NH 03054


Digital Federal Credit Union
220 Donald Lynch Blvd.
Marlborough
MA
01752

Jeanne Darc Credit Union
po Box 1238
Lowell, MA 01853


United Collections Bureau, Inc.
5620 Southwyck Blvd
Ste 206
Toledo, OH 43614


US Bank Home Mortgage
PO Box 21948
Eagan, MN 55121

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,        )        Bk. No. 21-10712-BAH
)        Chapter 7
      Debtor      )
)

NOTICE OF AMENDED SCHEDULES

NOW COMES Katherine R. Brady (Debtors), by and through her attorney, Leonard G. Deming, II, and gives notice that she hereby amends her bankruptcy Schedules A and C as follows:

Amend Schedule A to amend the asserted value of her home as follows:

Homestead                                      $346,700
27 Pinewood Drive
Merrimack NH 03054

Amend Schedule C to add:

| Asset | Law Providing Exemption | Value | Amount Exempt |
|---|---|---|---|
| Homestead-Non-owner Husband | NHRSA 480:1 | 120,000 | 120,000 |
| 27 Pinewood Drive | | | |
| Merrimack NH 03054 | | | |

Amended Schedules A and C are attached hereto and incorporated herein by reference and reflect those schedules as amended hereby.

I declare under penalty of perjury that the information herein is true to the best of my knowledge and belief.

February 1, 2022              /s/ Katherine R. Brady
Date                       Katherine R. Brady, Debtor

Respectfully submitted,
KATHERINE R. BRADY
By and through Her Attorney

February 1, 2022              /s/ Leonard G. Deming, II
Date                       Leonard G. Deming, II
Deming Law Office

491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH01186

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Notice of Amendment of Schedules upon the following persons at the addresses indicated by electronic service or First Class Mail, postage prepaid this 1st day of February, 2022.

Katherine R. Brady
Via email

Edmond J. Ford
calendar@fordlaw.com, NH06@ecfcbis.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

| Fill in this information to identify your case and this filing: | | |
|---|---|---|

| Debtor 1 | **Katherine** | **R.** | **Brady** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF NEW HAMPSHIRE**

Case number **21-10712-BAH**
(if known)

☑ Check if this is an amended filing

Official Form 106A/B

## Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

**1.1.**

**27 Pinewood Drive**
Street address, if available, or other description

_____

**Merrimack          NH     03054**
City                        State   ZIP Code

**Hillsborough**
County

**27 Pinewood Drive, Merrimack, NH 03054**

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:
_____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $346,700.00 | $346,700.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**100% Interest**

☐ Check if this is community property
   (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..............................................➔

| |
|---|
| $346,700.00 |

Debtor 1    **Katherine R. Brady**           Case number (if known)    **21-10712-BAH**

## Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.    Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| 3.1. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Lexus RX 350** | ☑ Debtor 1 only | |
| Model: | **RX 350** | ☐ Debtor 2 only | **Current value of the entire property?**     **Current value of the portion you own?** |
| Year: | **2010** | ☐ Debtor 1 and Debtor 2 only | |
| Approximate mileage: | | ☐ At least one of the debtors and another | $10,794.00        $10,794.00 |

Other information:

**2010 Lexus RX 350 RX 350**

☐ **Check if this is community property**
(see instructions)

**4.    Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

**5.    Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................** ➜ | **$10,794.00** |

## Part 3:    Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6.    Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe..... | See continuation page(s). |     $2,490.00

**7.    Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe..... | **1/2 Interest in: (2) TV's, Cell Phone** |     $500.00

**8.    Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe.....

**9.    Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☑ No
☐ Yes. Describe.....

Debtor 1 __Katherine R. Brady__    Case number (if known) __21-10712-BAH__

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No

☐ Yes. Describe..... [                              ]    _____

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

☑ Yes. Describe..... [ **Clothing**                    ]    __$650.00__

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

☑ Yes. Describe..... [ **Jewelry**                     ]    __$3,000.00__

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☐ No

☑ Yes. Describe..... [ **(2) Cats**                    ]    __$0.00__

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No

☐ Yes. Give specific information............. [                    ]    _____

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3.  Write the number here.................................................................➔  [ __$6,640.00__ ]

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No

☐ Yes........................................................................ Cash: ........................    _____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions.  If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes...........................    Institution name:

| 17.1. | Checking account: | **Checking account @ DCU** | $0.00 |
| 17.2. | Checking account: | **Checking account @ Jeanne D'Arc** | $2,255.00 |
| 17.3. | Savings account: | **Savings account @ DCU** | $2.00 |

Debtor 1  **Katherine R. Brady**                                                Case number (if known)  **21-10712-BAH**

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
- ☑ No
- ☐ Yes........................  Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
- ☑ No
- ☐ Yes.  Give specific information about them........................  Name of entity:                          % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
- ☑ No
- ☐ Yes.  Give specific information about them........................  Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
- ☑ No
- ☐ Yes.  List each account separately.  Type of account:          Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
- ☑ No
- ☐ Yes........................                Institution name or individual:

23. **Annuities**  (A contract for a specific periodic payment of money to you, either for life or for a number of years)
- ☑ No
- ☐ Yes........................  Issuer name and description:

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ☑ No
- ☐ Yes........................  Institution name and description.  Separately file the records of any interests.  11 U.S.C. § 521(c)

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ☑ No
- ☐ Yes.  Give specific information about them

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ☑ No
- ☐ Yes.  Give specific information about them

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ☑ No
- ☐ Yes.  Give specific information about them

Debtor 1    **Katherine R. Brady**                                    Case number (if known)   **21-10712-BAH**

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**

☐ No
☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years....................

| | |
|---|---|
| **Federal: Estimated Federal Tax Refund. Amt: $2,000.00** | Federal: **$2,000.00** |
| | State: **$0.00** |
| | Local: **$0.00** |

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information

Alimony: _____
Maintenance: _____
Support: _____
Divorce settlement: _____
Property settlement: _____

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
☑ Yes. Name the insurance company of each policy and list its value................

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **AAA Term Life only** | | **$0.00** |
| **Term Life via Jeanne D'Arc Credit Union** | | **$0.00** |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died

☑ No
☐ Yes. Give specific information

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim.......

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim........

Debtor 1 **Katherine R. Brady**    Case number (if known) __21-10712-BAH__

**35. Any financial assets you did not already list**

☑ No
☐ Yes.  Give specific information

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4.  Write that number here.............................................................................. ➔ | $4,257.00 |

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1.** |

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No.  Go to Part 6.
☐ Yes.  Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes.  Describe..

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes.  Describe..

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes.  Describe..

**41. Inventory**

☑ No
☐ Yes.  Describe..

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes.  Describe.....   Name of entity:                          % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes.  **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
  ☐ No
  ☐ Yes.  Describe....

**44. Any business-related property you did not already list**

☑ No
☐ Yes.  Give specific information.

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5.  Write that number here.............................................................................. ➔ | $0.00 |

Debtor 1  **Katherine R. Brady**                                    Case number (if known)  __21-10712-BAH__

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No.  Go to Part 7.
☐ Yes.  Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47.  **Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes....

48.  **Crops--either growing or harvested**

☑ No
☐ Yes.  Give specific information...............

49.  **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes....

50.  **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes....

51.  **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific information...............

52.  **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6.  Write that number here**................................................................➔  $0.00

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes.  Give specific information.

54.  **Add the dollar value of all of your entries from Part 7.  Write that number here**................................➔  $0.00

Debtor 1    **Katherine R. Brady**                                    Case number (if known)   **21-10712-BAH**

| **Part 8:** | **List the Totals of Each Part of this Form** |

55.  **Part 1: Total real estate, line 2**..................................................................................➜ | **$346,700.00**

56.  **Part 2: Total vehicles, line 5**                                    **$10,794.00**

57.  **Part 3: Total personal and household items, line 15**                **$6,640.00**

58.  **Part 4: Total financial assets, line 36**                           **$4,257.00**

59.  **Part 5: Total business-related property, line 45**                   **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**          **$0.00**

61.  **Part 7: Total other property not listed, line 54**        +          **$0.00**

62.  **Total personal property.**    Add lines 56 through 61.................  **$21,691.00**    Copy personal property total  ➜  +    **$21,691.00**

63.  **Total of all property on Schedule A/B.**    Add line 55 + line 62.............................................................  **$368,391.00**

Debtor 1    **Katherine R. Brady**                                    Case number (if known)   **21-10712-BAH**

6.  <u>**Household goods and furnishings (details):**</u>

**1/2 Interest in:  Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher,**                      **$1,440.00**
**Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances, Pots,**
**Pans, Flatware, Dishes, etc**

**Stove & Refrigerator**                                                                                  **$450.00**

**(4) Beds & Bedding**                                                                                    **$500.00**

**1/2 Interest in (4) pieces of Art**                                                                     **$100.00**

<table>
<tr><td colspan="4"><b>Fill in this information to identify your case:</b></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | <u>**Katherine**</u> | <u>**R.**</u> | <u>**Brady**</u> |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** | | |
| Case number (if known) | <u>**21-10712-BAH**</u> | | |

☑ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions--such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds--may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?**   *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**27 Pinewood Drive, Merrimack, NH 03054**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*:   **1.1** | **$346,700.00** | ☑ **$120,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 480:1** |
| Brief description:<br>**27 Pinewood Drive, Merrimack, NH 03054**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B*:   **1.1** | **$346,700.00** | ☑ **$120,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 408: 1, 2 (Claimed: $120,000.00**<br>**Spousal Interest)** |
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B*:   **3.1** | **$10,794.00** | ☑ **$10,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVI)** |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | **21-10712-BAH** |

| **Part 2:** | **Additional Page** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>**2010 Lexus RX 350 RX 350**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B:*   **3.1** | **$10,794.00** | ☑ **$794.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**1/2 Interest in:  Coffee Table, End Table, (4) Lamps, Dinner Table & Chairs, Dishwasher, Microwave, Freezer, (3) Dressers, (2) Nightstands, (4) Mirrors, Small Kitchen Appliances Pots, Pans, Flatware, Dishes, etc**<br>Line from *Schedule A/B:*   **6** | **$1,440.00** | ☑ **$1,440.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**Stove & Refrigerator**<br>Line from *Schedule A/B:*   **6** | **$450.00** | ☑ **$450.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(IV), (V)** |
| Brief description:<br>**(4) Beds & Bedding**<br>Line from *Schedule A/B:*   **6** | **$500.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description:<br>**1/2 Interest in (4) pieces of Art**<br>Line from *Schedule A/B:*   **6** | **$100.00** | ☑ **$100.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**1/2 Interest in:  (2) TV's, Cell Phone**<br>Line from *Schedule A/B:*   **7** | **$500.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(III)** |
| Brief description:<br>**Clothing**<br>Line from *Schedule A/B:*   **11** | **$650.00** | ☑ **$650.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(I), (II)** |
| Brief description:<br>**Jewelry**<br>**(1st exemption claimed for this asset)**<br>Line from *Schedule A/B:*   **12** | **$3,000.00** | ☑ **$500.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVII)** |
| Brief description:<br>**Jewelry**<br>**(2nd exemption claimed for this asset)**<br>Line from *Schedule A/B:*   **12** | **$3,000.00** | ☐ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)**<br>**(Claimed: $2,500.00**<br>**100% of fair market value, up to any applicable statutory limit)** |

| Debtor 1 | **Katherine R. Brady** | Case number (if known) | **21-10712-BAH** |
|---|---|---|---|

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description:<br>**Checking account @ DCU**<br><br>Line from *Schedule A/B*: __17.1__ | **$0.00** | ☑ **$0.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**Checking account @ Jeanne D'Arc**<br><br>Line from *Schedule A/B*: __17.2__ | **$2,255.00** | ☐<br>☑ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)<br>(Claimed: $2,255.00<br>100% of fair market value, up to any applicable statutory limit)** |
| Brief description:<br>**Savings account @ DCU**<br><br>Line from *Schedule A/B*: __17.3__ | **$2.00** | ☑ **$2.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |
| Brief description:<br>**Estimated Federal Tax Refund**<br><br>Line from *Schedule A/B*: __28__ | **$2,000.00** | ☑ **$2,000.00**<br>☐ 100% of fair market value, up to any applicable statutory limit | **N.H. Rev. Stat. § 511:2(XVIII)** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

*************************************
**In re:**
      **Katherine R. Brady,**                     **Chapter 7**
              **Debtor**                    **Case No. 21-10712-BAH**

*************************************

**CHAPTER 7 TRUSTEE'S OBJECTION TO THE DEBTOR'S**
**CLAIM OF SECOND HOMESTEAD EXEMPTION**

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee in the above-captioned matter, by and through his attorneys Ford, McDonald, McPartlin & Borden, P.A. and objects to the Debtor's claim of a second N.H. RSA 480:1 homestead exemption claim against property of the Estate commonly known as 27 Pinewood Drive, Merrimack, New Hampshire (the "Property") and in support thereof says as follows:

    1.      This proceeding was initiated by the filing of a voluntary Chapter 7 petition on December 17, 2021.

    2.      The §341 meeting of creditors was held on January 25, 2022.

    3.      On February 1, 2022, the Debtor filed amended Schedules A/B & C [Doc. # 8-2]. The Debtor's Schedule A/B was amended to increasing the declared value of the Property from $236,100 to $346,700. The Debtor's schedule C was amended by revising her $120,000 exemption claim against the Property to state that it was "1st exemption claimed for this asset" and to add a second $120,000 exemption claim pursuant to N.H. RSA 480:1 against the Property indicating that the claimed exemption was the "Spousal Interest."

    4.      The Property is owned by the Debtor only pursuant to a deed dated June 2, 2014 and recorded in the Rockingham County Registry of Deeds at Book 8663, Page 2512.

5.    Excepting only a single mortgage, the Debtor had granted no other interests of any kind in the Property to any party as of the Petition Date.

6.    Pursuant to 11 U.S.C. §522(b)(3) and N.H. RSA 480:1, a debtor is entitled to exempt "$120,000 worth of his or her homestead, or his or her interest therein, as a homestead." N.H. RSA 480:1.

7.    A debtor is not entitled to claim an exemption to which a non-debtor spouse might be entitled. *In re Delong*, 2011 BNH 005 at 4-5 (Bankr. D.N.H. November 22, 2021)(denying use of non-debtor spouse's exemption claim in judicial lien avoidance action on the basis debtor was not entitled to claim the exemption).

8.    The Debtor's non-debtor spouse is not entitled to claim a separate exemption in the Property as he does not have the requisite ownership. *In re Visconti* 426 B.R. 422, 426 (Bankr. D.N.H. 2001) (N.H. RSA 480:1 homestead exemption requires both occupancy and ownership) *citing Gerrish v. Hill*, 66 N.H. 171 (1890); *Beland v. Goss*, 680 N.H. 257 (1895); and *Stewart v. Bader,* 154 N.H. 75, 89 (2006).

9.    N.H. RSA 480:3-a, titled "Duration" does provide that "the owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor." RSA 480:3-a does not create a separate RSA 480:1 right in the non-owner spouse. *In re Hopkins*, 2021 BNH 004 at 5 (Bankr. D.N.H. November 5, 2021). Rather, it merely extends certain rights to assert the owner spouse's RSA 480:1 homestead rights to the non-owner spouse. Neither does RSA 480:5-a grant a separate 480:1 right to the non-owner spouse. Instead, it grants protection to the non-owner spouse by barring the unilateral encumbrance of their RSA 480:3-a rights by the owner spouse. *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132-133 (2019).

10.     The Debtor may only claim exemption to which she is personally entitled.  She may

not claim exemptions to which her spouse may be entitled and, in this case, the spouse has no

entitlement to the homestead separate and distinct exemption claimed.  The Debtor is not entitled to a

second homestead exemption and her claim must be disallowed.

11.     The Chapter 7 Trustee files this motion to protect the rights of the likely successor

Chapter 13 Trustee, the undersigned noting that the thirty day period to object to the claim of

exemption will expire before the hearing on the Debtor's motion to convert to Chapter 13.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court order and decree as

follows:

A.     That this Objection be sustained;

B.     That Debtor Katherine R. Brady's claim of a second N.H. RSA 480:1

homestead exemption in the amount of $120,000 against 27 Pinewood Way, Merrimack, New

Hampshire be disallowed;

C.     That the allowed N.H. RSA 480:1 homestead exemption claim in this matter

be limited to the amount of $120,000.00, the statutory maximum; and

D.     For such other and further relief as may be just and equitable.

<div style="margin-left:50%">

Respectfully submitted,
EDMOND J. FORD, CHAPTER 7 TRUSTEE

By his attorneys,
FORD, MCDONALD,
MCPARTLIN & BORDEN, P.A.

</div>

Dated: February 18, 2022          By:     */s/ Richard K. McPartlin*
Richard K. McPartlin, Esq. (BNH 07139)
10 Pleasant Street, Suite 400
Portsmouth, NH 03801-4551
(603) 373-1721
rmcpartlin@fordlaw.com

## CERTIFICATE OF SERVICE

On February 18, 2022, I filed the foregoing Appearance through the CM/ECF system which will send a notice of electronic filing to:

Office of the U.S. Trustee    USTPRegion01.MR.ECF@usdoj.gov
Leonard G. Deming, II         deminglaw@comcast.net


/s/ Richard K. McPartlin
Richard K. McPartlin, Esq.


https://fordmcpartlin.sharepoint.com/Shared Documents/WPDATA/Ed/TRUSTEE/21-10712/Pleadings/Obj to homestead.docx

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
In re                                                    )
     Katherine R. Brady,                    )    Bk. No. 21-10712-BAH
                                        )    Chapter 7
       Debtor                                  )
_____)

DEBTOR'S OBJECTION TO TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIM OF SECOND HOMESTEAD EXEMPTION

NOW COMES Katherine R. Brady (hereinafter Debtor), Debtor in the above-captioned

bankruptcy case, by and through her attorney, Leonard G. Deming, Deming Law Office, and in

opposition to the trustee's Objection to Debtor's Claim of Second Homestead Exemption

(Document #19), says:

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted.

7.      Paragraph 7 is denied.

8.      Paragraph 8 is denied.

9.      Paragraph 9 is denied as to all substantive averment set forth therein.

10.      Paragraph 10 is denied as to all substantive averment set forth therein.

11.      Paragraph 1 is admitted and acknowledged.

AND, IN FURTHER ANSWER, Debtor states that her Statement of Facts and Memorandum of Law are being filed contemporaneously with these presents and incorporated herein by reference.

WHEREFORE, Debtor respectfully requests the Honorable Court overrule the Trustee's Objection to the Debtor's Claim of Second Homestead Exemption, and for such other and further relief as is just and equitable.

<div style="margin-left:50%;">

Respectfully submitted,
KATHERINE R. BRADY
By her Attorney

</div>

March 16, 2022        /s/ Leonard Deming

Date:                     Leonard G. Deming, II
                          Deming Law Office
                          491 Amherst Street, Suite 22
                          Nashua NH 03063
                          (603) 882-2189
                          BNH 01186

<div style="text-align:center;">

CERTIFICATE OF SERVICE

</div>

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing upon Motion to Convert to Chapter 13 by electronic service or first class mail, postage prepaid this 16th day of March 2022.

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ Leonard G. Deming

Leonard G. Deming

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

In re Katherine R. Brady,                )        Bk. No. 21-10712-BAH
                                          )        Chapter 7
                   Debtor                 )
_____ )        **<u>SCHEDULED HEARING</u>**
                                                   **March 23, 2022**
                                                   **9:00 A.M.**

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S SECOND HOMESTEAD
EXEMPTION AND IN OPPOSITION TO TRUSTEE'S OBJECTION TO SAID
EXEMPTION</u>**

**<u>Statement of Relevant Facts</u>**

It is submitted that the salient facts in this matter are not in dispute and that this may be submitted as a question of law.

Katherine R. Brady, the debtor in the above-captioned case (hereinafter Debtor) filed the above-captioned case on December 7, 2021 seeking relief under Chapter 7 of the Bankruptcy Code. Hereinafter the initial filing. The Debtor owns her home located at 27 Pinewood Drive, Merrimack, New Hampshire. Hereinafter the homestead. She resides at the homestead with her husband, Daniel J. Brady, and their two pre-teen children, a son and daughter.

At the time of the initial filing, the Debtor relied upon a town assessment as to the value of her home dated for the year 2021 which gave an indicated value of $236,100. This was provided to counsel for the Debtor as part of her producing documents necessary to prosecute her Chapter 7 filing. The Debtor was not aware that the 2022 tax assessment was much higher than the 2021 assessment and stated a value of the homestead as being $346,700, an increase of over $100,000 in the period of one year.

Inasmuch as the mortgage owing on the homestead at the time of the filing was $178,445, and with the Debtor's homestead exemption provided for by New Hampshire law is $120,000,

1

there seemed to be no necessity to resort to the non-owner spouse's exemption which Debtor asserts is provided for by New Hampshire statutes.

It was only during the creditors meeting in this case when the trustee noted that Zillow showed the value of the homestead being $374,000, and later reviewing the recently-released 2022 tax assessment, that the Debtor and her counsel realized the significant increase in the value of the homestead.

As a result of the above, the Debtor amended her Schedules A and C to reflect the current value of the homestead, and to take her husband's homestead exemption which is referred to by the trustee as the "Second Homestead Exemption." Trustee's Objection to Debtor's Claim of Second Homestead Exemption." Document #19.

Confronted with these circumstances, and the Debtor desiring to preserve her homestead, the Debtor filed her motion to voluntarily convert her case to Chapter 13. Document #15. The motion on her conversion is scheduled to be held on March 9, 2022. Document #18.

Given certain statutory time constraints, the trustee filed his above-noted objection to the Debtor's "Second Homestead Exemption."

The Debtor has objected to the trustee's objection and seeks to have the "Second Homestead Exemption" allowed by the Honorable Court.

### **Statement of the Law**

### **NEW HAMPSHIRE STATUTES RECOGNIZE A SEPARATE AND INDEPENDENT HOMESTEAD EXEMPTION IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE HOME SUCH SPOUSE OCCUPIES**

The New Hampshire homestead exemption is found in N.H.R.S.A 480:1. It reads:

Every person is entitled to $120,000 worth of his or her homestead, or of his or her *interest* therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land

upon which the manufactured housing is situated if that land is not also owned by the owner of the
manufactured housing. Amended by 2015, 57:1, eff. 1/1/2016.

Emphasis added.

"Interest" in this context does not necessarily mean "ownership." It is the position of the

Debtor that a spouse that resides and cohabits with his or her spouse has an "interest" in the

home which gives each spouse a homestead interest even where one spouse does not have a title

ownership interest. As one authority has stated, "interest" means:

> More particularly it means a right to have the advantage accruing from anything; any
> right in the nature of property, but less than title; a partial or undivided right; a title to a
> share.  The terms "interest" and "title" are not synonymous.

Black's Law Dictionary, Revised Fourth Edition, 1968, p. 950.

The non-owner non-debtor spouse clearly has an interest. How it might be reflected on

bankruptcy schedules may be a matter of subjective preference but having the same result. It may

be reflected as an encumbrance on Schedule D in the amount of $120,000, or a joint property

interest on the debtor's Schedule A, or an exemption allowed by New Hampshire law on

Schedule C either under N.H.R.S.A 480:1 or N.H.R.S.A 480:3-a  . The Debtor here has opted for

the latter but will amend if necessary.

Additionally, the statutory procedure for giving notice in collection matters in New

Hampshire further suggests that both spouses, regardless of ownership, have a homestead

exemption to be reckoned with:

> <u>Notice of Homestead Exemption</u>
>
> Along with the notice required under RSA 529:20, the party in whose name the execution has issued shall
> provide to any person who resides or appears to reside on the real estate to be sold, the following notice by
> certified mail:
>
> NOTICE
>
> IF YOU **OR** YOUR SPOUSE OWNS AND RESIDES IN THIS PROPERTY, YOU AND/OR YOUR
> SPOUSE MAY BE ENTITLED TO A HOMESTEAD EXEMPTION PURSUANT TO RSA 480:1. THIS

3

EXEMPTS $ 120,000 FOR A SINGLE PERSON AND $ 240,000 FOR A MARRIED COUPLE *et seq*

NH Stat. 529:20-a Notice of Homestead Exemption (New Hampshire Statutes (2022 Edition)(Emphasis added)

The Debtor asserts that N.H.R.S.A 480:1 and 3-a  provides a separate exemption for the non-owner husband who occupies the homestead with her, and that this homestead right already granted by N.H.R.S.A 480:1 is clarified to be preserved in the non-owner spouse pursuant to N.H.R.S.A. 480:3-a should the owner spouse predecease him prior to their conveying the homestead.

This Court seemingly addressed this issue previously. In *In re Weiner*, 2015 BNH 13 (2015), this Court stated, "The only question before the Court is whether the Debtor and [the non-owner, non-debtor spouse] are each entitled to a homestead exemption in the Property." *Weiner* at 6. The Court acknowledged that this was a question of New Hampshire law. Id. The Court went on to say:

> The effect of RSA 480:3-a is to vest "a homestead right in both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 226 (2014). Bankruptcy Rule 4003(c), governing objections to a debtor's exemptions, places the burden of proof on the objecting party to establish that the claimed exemption is improper.

*Weiner* at 7. It has also been established by a number of courts, including this Court, that the homestead created by the New Hampshire legislature is to be construed liberally to effectuate its purpose of safeguarding the family home. *Weiner* at 7 citing *In re Myers*, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) (citing *Currier v. Woodward*, 62 N.H. 63, 66 (1882)).

In *Weiner*, the debtor and his non-owning, non-debtor spouse failed to convince this Court that they had a valid homestead exemption but a major reason for this failure was due to not being able to prove occupancy of the premises, which was noted as a prerequisite for

claiming the homestead exemption. Of course, there is no such disability in the case at bar. The Debtor and her husband clearly occupy the home with their two minor children.

The trustee in the case at bar places a great deal of reliance on the recent case decided by this Honorable Court finding that a debtor could not resort to the exemption right of the non-debtor, non-owning spouse in avoiding a judicial attachment. *In re Delong*, 2021 BNH 005. But that reliance is misplaced. This Court clearly limited its ruling to the specific language of 11 U.S.C. §522(f) which specifically confines the impairment analysis to "<u>an exemption to which the debtor would have been entitled</u>", *Delong* at 2. Emphasis supplied. This Court specifically declined to allow the exemption of the non-debtor spouse to come into play due to the clear language of stated code section, saying

> The Bankruptcy Code does not provide for the avoidance of a lien as impairing an exemption to which the **non-debtor's spouse** would have been or is entitled. Thus, the plain language of the statute precludes the Debtor from including any homestead exemption of his wife in the lien avoidance analysis. See Alabarran v. Rivera (In re Riviera), 627 B. R. 765, 771-72 (B.A.P. 1st Cir. 2021).

*Delong* at 2. Emphasis supplied. This Court did not say that no such exemption existed; merely that Section 522(f) did not permit its being utilized in the avoidance analysis.

The case of *In re Hopkins*, 2021 BNH 004 should also be discussed since the trustee, again erroneously, relies upon it to press his position. *Hopkins* addressed the limited fact situation in which a debtor attempted to exempt a purported homestead interest of his deceased spouse. This Court correctly found that, once a spouse is deceased, the deceased spouse no longer has a homestead interest. The debtor in *Hopkins* was trying to twist NHRSA 480:3-a, which merely provides for the continuing existence of the exemption of the homestead exemption of the non-owner spouse after the owner dies, into a continuing exemption for the use of the surviving owner spouse. It is inapposite to the situation such as the instant case where both spouse are quite alive.

5

Similarly, the other cases upon which the trustee relies do not advance his position. For instance, *Gerrish v. Hill*, 66 N.H. 171 (1890) involves a married couple who were denied a claimed homestead where they had moved to another home. Similarly, the case of *Beland v. Goss*, 680 N.H. 257 (1895) involved a married couple who had conveyed the subject property *in toto* and had left it, and had nothing to do with whether the spouse had a valid separate homestead. Indeed, the case implies that she did.

The reliance of the trustee upon the case of *Stewart v. Bader*, 907 A.2d 931, 154 N.H. 75 (N.H. 2006) is puzzling. In this tortured matter of a dispute between a New Hampshire prison inmate and the estate of the wife he murdered, the final matter disposed of was an issue of the inmate's homestead interest. The defendant inmate failed both the occupancy and ownership tests, the former because he was sentenced to life imprisonment with no hope of returning to the home, and the latter because the property had long since been sold. If anything, *Stewart* supports the Debtor's position herein where it recited the purpose of the homestead exemption, noting: "The purpose of the homestead exemption is "to secure to debtors and their families, the shelter of the homestead roof…" *Stewart v. Bader* at 943.

Finally, the trustee also asserts the case of *In re Visconti*, 426 B.R. 422 (USBC, NH, 2010) as being relevant to the issue in this case, but the Debtor asserts that it is not. In *Visconti*, this Court found that the debtor had conveyed his entire interest in the homestead by a warranty deed supported by a follow up affidavit which confirmed his surrender of his homestead interest, and that the homestead interest was not revived by his continuing occupation of the home. It did not find that a non-owning spouse in other than those unique circumstances did not have a homestead exemption which one could assert against creditors or other encumbering entities. Underlying divorce litigation confirmed this and thus the debtor was denied the claimed

exemption. This is a far cry from the instant case before this Court where the Debtor and her spouse reside together with their children.

*A fortiori* the very recent case of *In re Laurent*, (Bankr. N.H. 2022), decided by this Court, while at first blush seeming to be at odds with the Debtor's position herein, is also factually different from the Debtor here but ultimately seems to lean toward favoring the right of the non-owner, non-debtor spouse having a viable separate exemption under N.H.R.S.A. 480:3-a. In *Laurent*, this Court denied the exemption of the debtor based on the facts that the debtor therein was no longer married to the owner nor did he occupy the premises. However, in footnote #5, this Court states:

> Instead, the Debtor could have claimed a  homestead exemption under RSA 480:3-a before his divorce. RSA 480:3-a provides: The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's li fetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor. The Court recently explained that "RSA 480:3-a is designed to protect spouses who do not hold an ownership  interest in the homestead  property themselves." *In re Hopkins*, 2021 BNH 004, 5. "[T]he exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the home owner's death." *Id.* at 6. The Debtor is unable to claim the benefit of RSA 480:3-a in this case because he is no longer the spouse of the owner of the Property, and he was not on the date his  bankruptcy case was filed, his divorce having been finalized in 2015. *See Visconti*, 426 B.R. at 426 ("No homestead may be claimed in property owned by an individual to whom the person is not married, even if they occupy the property.").

*In re Laurent*, at 3, Fn 3. In the case at bar, the Debtor's situation touches all of the bases necessary to claim the non-owner spouse's interest. There is no divorce, she owns the property, and they both occupy the property as their home with their children.

The matter before this Court also begs the discussion of certain policy and logical considerations. If the Court were to adopt the trustee's position, then the decision of married couple all across New Hampshire at to how they hold their property becomes uncertain where spouses, for whatever reason, decide to have one spouse hold the home solely in his/her name but for the benefit of the family as a whole.

The question must also be raised as to how a trustee conveys the interest of the non-owner spouse in a bankruptcy where the non-owner spouse demands the right to his/her homestead in accordance with New Hampshire law, and the non-owner spouse's signature is required to convey the property free of that interest. Can the trustee simply say, as the objecting trustee here apparently says, that the non-owner spouse has no real interest so "go away." Not likely. It flies in the face of the clear language of N.H.R.S.A. 480:5-a, which reads:

> No deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land.

Even a partition sale pursuant to 11 U.S.C. §363(h) would seemingly have to partition something which remains as the interest of the non-owner spouse claiming the homestead.

It is precisely this protection which makes it clear that the non-owning spouse is intended to have a separate homestead interest to further the liberal intent of the New Hampshire legislature to provide it.

No other reading of the homestead statute seems to make sense nor fall within the intent of the New Hampshire General Court. All courts interpreting the New Hampshire homestead statute seem to agree that it should "universally held to be liberally construed to achieve their public policy objective," *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132 (2019). See also *Maroun*, *infra*, at 229. As the court in *In re Szwyd*, 370 B.R. 882, 890 (B.A.P. 1st Cir. 2007) stated, "When statutory language is plain and unambiguous it should be enforced unless doing so would lead to an absurd result or be contrary to the legislature's manifest intention." (regarding Massachusetts homestead issue). Similarly, the court in *In re Howe*, 232 B.R. 534, 540 (B.A.P. 1st Cir. 1999) stated, "The Rhode Island Supreme Court has stated that "where the statutory language used is ambiguous, or admits of more than one meaning, it is to be

taken in such sense as will conform to the scope of the act and carry out the purpose of the statute." (Citation omitted)(tort claim exemption).

Here, the Debtor submits that the case of *Sabato, supra*, also relied upon by the trustee, actually supports her position. In *Sabato*, a senior mortgagee committed the mortal sin of failing to obtain the homestead release of the non-owning spouse whereas a junior mortgagee did. The owner had released her homestead but the debtor husband did not. The result was that the foreclosing junior mortgagee had to pay the non-owner husband the balance of the homestead interest of $120,000 after deducting the $64,872.01 it paid on its own behalf at the sale.

But what was instructive in *Sabato* were the conclusions the court came to in arriving at its decision. Citing *Maroun v. Deutsche Bank Nat'l Trust Co.*, 167 N.H. 220, 224-25, 109 A.3d 203 (2014), the court stated, "Statutory homestead protections are universally held to be liberally construed to achieve their public policy objective." *Sabato* at 132. Continuing, the court went on to say:

> The homestead exemption statute, RSA chapter 480 (2013 & Supp. 2018), provides that "[e]very person is entitled to $ 120,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1 (Supp. 2018). "The statutory protection of the homestead right" applies not only to the homeowner, but "also extends to spouses who occupy the homestead but are not title owners of the property." *Maroun*, 167 N.H. at 226, 109 A.3d 203.

*Sabato*, id. The continuing analysis of the mortgagee discord in that case emphasizes the non-owner's separate exemption, noting,

> The waiver of the plaintiff's homestead exemption in the second mortgage did not impute a waiver into the first mortgage; rather, the waiver in the second mortgage merely gave the second mortgagee the right to step into the plaintiff's shoes with respect to his priority over the first mortgage up to the value of the homestead exemption. [Citation omitted]

*Sabato* at 135. See *Deutsche Bank National Trust v. Pike*, 916 F.3r 60 (1st Cir., 2019)(non-owner spouse's New Hampshire homestead exemption trumped pre-divorce decree mortgage). The *Sabato* court's reliance on the analysis in *Maroun* was well-founded. The latter court, in

analyzing the rights of the non-debtor spouse, also stated, "Our solicitude reflects the fact that the homestead laws were *primarily* enacted for the protection of the non-owner spouse and dependent children." *Maroun* at 229. Emphasis added.

11 U.S.C. § 522(b)(2) authorizes the debtor to claim the New Hampshire homestead exemption as written and intended.

## **CONCLUSION**

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.      Overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.      Grant such other and further relief as is just and equitable.

<div style="margin-left:40%;">

Respectfully submitted,
KATHERINE R. BRADY
By and through Her Attorney

</div>

March 16, 2022         /s/ *Leonard G. Deming, II*
Date                   Leonard G. Deming, II
                       Deming Law Office
                       491 Amherst Street, Suite 22
                       Nashua NH 03063
                       (603) 882-2189
                       BNH01186

### CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Memorandum of Law upon the following persons at the addresses indicated by electronic service or First Class Mail, postage prepaid this 16th day of March, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Katherine R. Brady
Case No. 21-10712-BAH
Chapter 13
Debtor

**STATEMENT OF THE CHAPTER 13 TRUSTEE**

NOW COMES LAWRENCE P. SUMSKI, Trustee in the above-cited case, and hereby makes the following Statement:

1. The former Chapter 7 Trustee filed an Objection to Homestead Exemption (Doc. #19).

2. On March 23, 2022, the successor Chapter 13 Trustee indicated that he would continue with the Exemption Objection filed by the former Trustee.

3. The Court issued a Procedural Order, requiring that the undersigned file a Supplemental Objection addressing his specific position regarding the Objection, on or before April 25, 2022; that will be filed separately.

4. This is a formal declaration that the Chapter 13 Trustee wishes to continue with the objection as filed by the predecessor Chapter 7 Trustee, and specifically that the Chapter 13 Trustee objects to Supplemental Exemption claimed by the debtor on behalf of her non-debtor, non-owner spouse.

5. At the hearing on March 23, 2022, the Court indicated that the Chapter 13 Trustee would have until April 25, 2022, to file a Memorandum of Law with citations to support his position, and that will in fact be filed by the deadline imposed.

6. The Court also required that the parties file a Joint Statement of Facts by May 2, 2022, and allowed that the debtor might file a supplemental response on or before May 2, 2022, after the Chapter 13 Trustee files his Memorandum of Law.

WHEREFORE, the undersigned Chapter 13 Trustee Moves as follows:

A. That the record clearly show that he has taken the position asserted by the predecessor Chapter 7 Trustee at Docket #19.

B. For such other and further relief as may be just.

Respectfully submitted,

Dated: April 1, 2022      */s/ Lawrence P. Sumski*
Lawrence P. Sumski,
Chapter 13 Trustee
PO Box 329
Manchester, NH 03105
ID# BNH01460

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this, the 1st day of April, 2022, served electronically via ECF a copy of this Joint Statement of Facts upon the following:

Attorney Leonard G. Deming
Attorney Edmond J. Ford
Office of the U.S. Trustee

and by first class US mail to Katherine R. Brady at 27 Pinewood Drive, Merrimack, NH 03054.

Respectfully submitted,

Dated: April 1, 2022      /s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee
PO Box 329
Manchester, NH 03105-0329
(603) 626-8899
ID# BNH01460

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: Katherine R. Brady
Case No. 21-10712-BAH
Chapter 13
Debtor

**JOINT STATEMENT OF FACTS**

NOW COMES LAWRENCE P. SUMSKI, Trustee in the above-cited case, and the Debtor, Katherine R. Brady, by and through her Attorney, Leonard G. Deming, and hereby make the following Statement of Agreed Facts:

1.  The case was commenced by the filing of a voluntary Chapter 7 Petition on December 21, 2021.

2.  At the time of the petition, the debtor resided with her husband and their two children at a certain single family residential property located at 27 Pinewood Drive, Merrimack, NH.

3.  The property was and is owned only by the debtor, pursuant to a deed dated June 2, 2014.

4.  The debtor on her Schedule C claimed a homestead exemption under RSA 480:1 in the amount of $120,000.00.

5.  The debtor subsequently amended her Schedules to claim an additional $120,000.00 homestead exemption on behalf of her non-debtor, non-owner spouse.

6.  The debtor believes that the non-debtor, non-owner spouse is entitled to an exemption by virtue of a certain interest he has in the property.

7.  The Chapter 13 Trustee believes that the non-debtor, non-owner spouse is not entitled to an exemption in the property, because he is not an owner.

Respectfully submitted,

Attorney Leonard G. Deming,
and Lawrence P. Sumski,
Chapter 13 Trustee

Dated: April 1, 2022                           */s/ Lawrence P. Sumski*
                                               Lawrence P. Sumski,
                                               Chapter 13 Trustee
                                               PO Box 329
                                               Manchester, NH  03105
                                               ID# BNH01460


### CERTIFICATE OF SERVICE

        I hereby certify that I have on this, the 1st day of
April, 2022, served electronically via ECF a copy of this
Joint Statement of Facts upon the following:

        Attorney Leonard G. Deming
        Attorney Edmond J. Ford
        Office of the U.S. Trustee

        and by first class US mail to Katherine R. Brady at 27
Pinewood Drive, Merrimack, NH  03054.

                                               Respectfully submitted,


Dated:  April 1, 2022                          /s/ Lawrence P. Sumski
                                               Lawrence P. Sumski
                                               Chapter 13 Trustee
                                               PO Box 329
                                               Manchester, NH 03105-0329
                                               (603) 626-8899
                                               ID# BNH01460

Case: 21-10712-BAH  Doc #: 45  Filed: 04/01/22  Desc: Notice of Amendment to Schedule D  Page 1 of 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |

NOTICE OF AMENDMENT OF SCHEDULES

NOW COMES Katherine R. Brady (hereinafter Debtor), by and through her attorney, Leonard G. Deming, II, and respectfully moves to amend her bankruptcy Schedule D, with the addition of the following Creditor:

Amend Schedule F to include:

| Creditor | Purpose | CUD | Amount |
|---|---|---|---|
| Daniel J. Brady | Homestead Interest | | $120,000 |
| 27 Pinewood Drive | | | |
| Merrimack NH 03054 | | | |

I declare under penalty of perjury that the above-noted obligation was incurred, if at all, prior to the petition filing date and that the information herein is true to the best of my knowledge and belief.

April 1, 2022                         /s/ Katherine R. Brady
Date                                          Katherine R. Brady, Debtor

WHEREFORE, Movants respectfully prays this Court Order her Chapter 7 schedules amended as set forth.

Respectfully submitted,
KATHERINE R. BRADY
By and through her Attorney

April 1, 2022                         /s/ Leonard G. Deming
Date                                          Leonard G. Deming, II
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
deminglaw@comcast.net
BNH# 01186

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Katherine** | **R.** | **Brady** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW HAMPSHIRE** | | |
| Case number (if known) | **21-10712-BAH** | | |

☑ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

**2.1**

Daniel J. Brady
Creditor's name
**27 Pinewood Drive**
Number     Street

_____

| Merrimack | NH | 03054 |
|---|---|---|
| City | State | ZIP Code |

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**

**27 Pinewood Drive,
Merrimack, NH 03054**

$120,000.00     $346,700.00

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
   **Lien on Property**

Last 4 digits of account number ____ ____ ____ ____

Add the dollar value of your entries in Column A on this page. Write that number here:

$120,000.00

Debtor 1 **Katherine R. Brady**                    Case number (if known) **21-10712-BAH**

| Part 1: | **Additional Page** After listing any entries on this page, number them sequentially from the previous page. | Column A **Amount of claim** Do not deduct the value of collateral | Column B **Value of collateral that supports this claim** | Column C **Unsecured portion** If any |
|---|---|---|---|---|

**2.2**

**US Bank Home Mortgage**
Creditor's name
**PO Box 21948**
Number     Street

Describe the property that secures the claim:     **$178,445.61**     **$346,700.00**

**27 Pinewood Drive, Merrimack, NH 03054**

**Eagan          MN  55121**
City          State     ZIP Code

**Who owes the debt?**  Check one.
- [x] Debtor 1 only
- [ ] Debtor 2 only
- [ ] Debtor 1 and Debtor 2 only
- [ ] At least one of the debtors and another

- [ ] **Check if this claim relates to a community debt**

Date debt was incurred  _____

As of the date you file, the claim is: Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Nature of lien.**  Check all that apply.
- [ ] An agreement you made (such as mortgage or secured car loan)
- [ ] Statutory lien (such as tax lien, mechanic's lien)
- [ ] Judgment lien from a lawsuit
- [x] Other (including a right to offset)
  **Mortgage**

Last 4 digits of account number    **7   2   7   9**

Add the dollar value of your entries in Column A on this page.  Write that number here:     **$178,445.61**

If this is the last page of your form, add the dollar value totals from all pages.  Write that number here:     **$298,445.61**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:  Katherine R. Brady,     Case No. 21-10712-BAH
                      Debtor.     Chapter 13

### TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED SCHEDULE D

NOW COMES Lawrence P. Sumski, Chapter 13 Trustee, and hereby objects to the debtor's Amended Schedule D, stating as follows:

1.  The issue of the appropriateness of a second homestead exemption filed by the debtor on behalf of a non-debtor, non-co-owner of her residential real estate is currently before the Court.

2.  The debtor through her counsel has expressed a legal theory that the non-debtor, non-co-owner husband, Daniel J. Brady, already has a legal interest of some sort in the property, and so the debtor has filed an amended Schedule D to assert the "lien" that he has on the residential property.

3.  The issue is squarely before the Court but to make sure it is preserved for the scheduled hearing the undersigned hereby objects to the amendment to Schedule D to show the fictional lien in the amount of $120,000.00.

WHEREFORE, the undersigned Chapter 13 Trustee Prays as follows:

A.  That the Court disallow the amendment to the Schedules;

B.  For such other and further relief as may be just.

Respectfully submitted,


/s/ Lawrence P. Sumski
Lawrence P. Sumski
Chapter 13 Trustee
PO Box 329
Manchester, NH  03105-329
(603) 626-8899
Dated:  April 5, 2022          ID# BNH 01460

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**In Re: Katherine R. Brady**
Case No. 21-10712-BAH
Chapter 13
Debtor

## <u>Brief of Trustee</u>

NOW COMES LAWRENCE P. SUMSKI, Chapter 13 Trustee in the above-cited case, and hereby issues this Brief and Memorandum of Law.

### Question of Law

Every Debtor is entitled to assert a homestead exemption in property that he or she both owns and resides at. May a Debtor also claim an additional homestead exemption on behalf of a cohabitating spouse, who resides at the property but has no ownership interest in it?

### Citations

RSA 480:1

<u>Austin v Stanley</u>, 46 N.H. 51 (1865)

<u>In re Weiner</u>, 2015 BNH 13

<u>In re Delong</u>, 2021 BNH 005

<u>In re Hopkins</u>, 2021 BNH 004

<u>In in re St. Laurent</u>, 2022 BNH 002

**Facts**

The Debtor, Katherine R. Brady, filed the instant case on 12-17-21 under Chapter 7, and in due course converted the matter to a case under Chapter 13. At the time of the filing, she indicated that she cohabitated with her non-Debtor spouse and children at a single-family residential home located at 27 Pinewood Drive, Merrimack, New Hampshire. When the Petition was filed, she asserted on Schedule A/B that she was the sole owner of the property, which had a fair market value of $236,100. On Schedule C, she asserted a homestead exemption in the amount of $120,000 in that property. On Schedule D, she indicated that the property was encumbered with a lien in the estimated amount of $178,000. After being confronted with evidence by the former Chapter 7 trustee that the property likely had a higher fair market value, such that the equity was greater than that covered by her asserted homestead exemption, and thus was exposed to creditors, the Debtor amended her Schedule C to assert an additional homestead exemption on behalf of her non-Debtor cohabitating spouse. The former Chapter 7 Trustee, Edmond Ford, timely objected to the exemption on February 18, 2022; the Chapter 13 indicated that he wished to take the same position at a hearing on March 23, 2022, and more formally subsequently by pleading dated April 1, 2022, at Doc. 43.

**Argument**

There have been numerous New Hampshire Bankruptcy Court Opinions which have dealt with one aspect or another of the Homestead Exemption, including several recent opinions. Omitting citations for those earlier cases, the Court has considered extraterritorial homestead claims; interests in non-single-family dwellings; whether the proceeds from the sale of a homestead retains the exempt status; whether temporary or permanent absence from the property defeats the exemption; and whether a contiguous parcel of land on a separate deed can be considered part of the exempt homestead property, among other nuances.

The Opinion in the case of In re Visconti is on point. Although the facts of the case are inapposite, as the desired protection was for the proceeds of the sale of property in question, rather than of the property itself, the Court in its discussion gives its clear statement as to the meaning of the exemption. It held that occupancy is essential to the existence of the homestead right, citing Austin v Stanley, 46 N.H. 51 (1865), but:

> (I)n addition, occupancy alone does not preserve the
> homestead right—it also requires ownership (citations

        omitted)...Thus, the homestead exemption under RSA 480:1
        requires both occupancy and ownership.

In re Visconti, at page 5.  This ruling turned on other facts,

the Debtor having conveyed his interest prior to the petition

date, but in getting to that fact-specific conclusion the Court

first made the initial dispositive definitional findings cited

above, and that definition can be directly applied to the review

of the second exemption assertion in the instant case.

        In the instant case, the Debtor asserts that an admitted

non-owner still has an "interest" in the property where he

lives, and that word is in fact used in the homestead statute at

RSA 480:1.  The Debtor cites the holding in In re Weiner, in

which the Court repeated the *question* as to whether the non-

owner, non-debtor spouse could claim the exemption, but the

Court there didn't provide an *answer* to that question, as the

case was decided on other grounds.  The holding there helps

neither side here.

        In In re Delong, the issue was admittedly nuanced.  While

the Court clearly ruled that a Debtor could not claim the non-

Debtor's homestead exemption as it pertained to the issue of

lien avoidance, arguably that ruling was focused on the

lien/exemption dynamic.  The Court declared that it was

"irrelevant" to its ruling whether the non-Debtor spouse had a

homestead exemption in the property.  Id, at page 4.  The ruling

is not definitively helpful to either side of the pointed
question presented in this case.

More on point for this discussion is the holding in the
case of In re Hopkins, but again the holding in this case was
distinguishable.  The Court held that the Debtor improperly
asserted an exemption on behalf of a deceased spouse, a *former*
co-owner of the property in question.  This holding provides no
assistance to either side of the instant issue, the seemingly
simpler question of whether a Debtor can make such a claim on
behalf of a non-Debtor, non-owner, cohabitating (and alive)
spouse.

In re St. Laurent provided yet another attempt to expand
the definition of the homestead right, this time to a property
that the debtor previously did not own but resided at as his
marital residence.  At the petition date, he didn't reside
there, didn't have an ownership interest in it, and in fact the
property had been sold to a third party.  Citing the dual
requirements of occupancy and ownership expressed in In re
Visconti, the Court declined to allow the exemption to the
Debtor.

Contrary to the recent cases cited above, the Court here is
presented with a straight up question.  The facts of the
valuation amendment and the addition of the exemption by

amendment are not relevant, since the same question would be presented had the case been filed with the amended valuation and amended exemption already in place on the petition date.  The Debtor meets the criteria for asserting the exemption cited in RSA 480:1 and all the cases:  she is a person who occupies the property as a dwelling, and she is a person who owns the property.  The non-Debtor non-owner spouse may have some non-legal and ephemeral or transitory or otherwise undefined "interest" in the property, but he lacks the ownership interest required by the statutory definition of the homestead.

Case law clearly provides that the homestead interest is to be considered broadly, but the Court would have to overlook a basic fact of this case to allow for its expansion to the non-Debtor, non-owner spouse in this case.  It would be a tortured expansion of the statutory word "owned" to include expressly and admittedly non-owned interest as being the same thing.

## Conclusion

The Debtor resides at and owns the property in question, so she is entitled to claim a homestead exemption to cover her share of its equity.  The Debtor's spouse resides at but is a non-owner of the property, and the Debtor is therefore is not entitled to assert an additional homestead exemption on his

behalf.  The second proposed homestead exemption asserted in the
Amendment at Doc. 8 dated 2-1-22 must be denied.


                                      Respectfully submitted,


Dated: April 19, 2022                 */s/ Lawrence P. Sumski*
                                      Lawrence P. Sumski,
                                      Chapter 13 Trustee
                                      PO Box 329
                                      Manchester, NH  03105-0329
                                      ID# BNH01460

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re Katherine R. Brady, | ) | Bk. No. 21-10712-BAH |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | **SCHEDULED HEARING** |

**SCHEDULED HEARING**
**May 20, 2022**
**9:00 A.M.**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S SECOND
HOMESTEAD EXEMPTION AND IN OPPOSITION TO TRUSTEE'S OBJECTION TO
SAID EXEMPTION AND IN SUPPORT OF DEBTOR'S AMENDMENT TO
SCHEDULE D ADDING NON-DEBTORS SPOUSE'S INTEREST**

**Statement of of Additional Relevant Facts**

The parties have adduced their agreed Joint Statement of Facts (Document #44) relative

to the trustee's objection to the Debtor's amendment to Schedule C adding a claim of exemption

in the family household by the Debtor's spouse. Document#8.

On April 1, 2022, the Debtor filed her Notice of Amendment to Schedule D (Document

#45) adding an encumbrance interest held by the Debtor's non-owner, non-debtor spouse based

on his homestead interest on behalf of him and their children. Hereinafter the Schedule D

Amendment.

On April 5, the trustee filed his objection (Document #47) to the Schedule D Amendment

in order to preserve the issue as part of the overall issue of the non-filing, non-owner spouse's

interest in the homestead. The trustee also noticed the hearing for the objection for the same date

and time as the objection to the exemption to be heard, May 20, 2022.

**Statement of the Law**

**NEW HAMPSHIRE STATUTES RECOGNIZE A SEPARATE AND INDEPENDENT
"INTEREST" IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE
HOME SUCH SPOUSE OCCUPIES SPECIFICALLY CHARACTERIZED AS A
HOMESTEAD**

As the Debtor previously stated in her Memorandum of Law in Support of spousal exemption (Document #35-1),

> The non-owner non-debtor spouse clearly has an interest. How it might be reflected on bankruptcy schedules may be a matter of subjective preference but having the same result. It may be reflected as an encumbrance on Schedule D in the amount of $120,000, or a joint property interest on the debtor's Schedule A, or an exemption allowed by New Hampshire law on Schedule C either under N.H.R.S.A 480:1 or N.H.R.S.A 480:3-a . The Debtor here has opted for the latter but will amend if necessary.

Debtor's Memo, Document #35-1, p. 3.

Here, the Debtor has asserted the spousal interest in two ways. First, as an exemption and, second, as an encumbrance upon the family home which is separate from the Debtor's own homestead exemption right.

The Debtor will not, of course, repeat here all of the arguments set forth in the Debtor's previously-filed Debtor's Memo in support of the spousal exemption/interest.

In response, however, to the Brief of Trustee (Document #56) filed by the trustee, the Debtor notes the trustee's reference to and apparent reliance on the case of *Austin v Stanley*, 46 N.H. 51 (1865) is one which the Debtor has been unable to review since it is not available from the research tool utilized by Debtor's counsel. FastCase does not have this case, even after separate inquiry, and so Debtor's counsel has not read the case itself. However, the citation by other courts of this case appear to do so based on the issue of "occupancy" which is not an issue in the case at bar. See, e.g. *In re Eckols*, 63 B.R. 523 (Bankr. NH, 1986)(occupancy is essential to the homestead right); Accord *Stewart v. Bader*, 907 A.2d 931,943, 154 N.H. 75 (N.H. 2006).

The trustee's reliance upon *In re Visconti*, 426 B.R. 422 (Bankr. NH, 2010) has little relevance to this case. Facts matter, and in *Visconti* the non-owning spouse not only did not occupy the premises but also had specifically released his homestead interest previously. Thus, it has to be reinforced that any supposed "holding" in the *Visconti* case requiring ownership and

occupancy is purely *dicta* which was not required to make the final determination in that case denying the asserted homestead interest.

11 U.S.C. Section 522 does not restrict the scope of its application to purely the "debtor's exemptions" as set forth therein. This is true in two distinct ways. First, debtors in New Hampshire may avail themselves of either federal or state exemptions. Where the debtor chooses the state exemption scheme, such a debtor is entitled to the full extent of the state statutory scheme which, in New Hampshire, includes the rights of the non-owning spouse by virtue of the stated statutory rights found in RSA 480:1 and RSA 480:3-a. As previously stated, New Hampshire courts, and courts citing them, note that the exemption statutes are "universally held to be liberally construed to achieve their public policy objective," *Sabato v. Federal National Mortgage Association*, 172 N.H. 128, 132 (2019). See also *Maroun v. Deutsche Bank Nat'l Trust Co.,* 167 N.H. 220, 224-25, 109 A.3d 203 (2014). The bankruptcy code gives debtors the right to use New Hampshire exemptions to their full extent which includes an exemption to the non-owner spouse.

Second, Section 522 is replete with references to the rights of non-filing and, presumably, non-owning spouses and children relative to property that they have an expectation to enjoy regardless of bankruptcy. Section 522(a)(1) defines "dependent" as including the spouse and Section 522(d)(1) references property the dependents use as part of the family unit regardless of technical ownership. The same references are found throughout Section 522(d).

As previously asserted, New Hampshire statutes make it clear that the non-owning spouse has *something*, an "interest" if you will. Otherwise, the focus on the non-owning spouse, for himself and for their children having to be part of any alienation makes no sense and leads to an absurd result. This "something" (or interest) is asserted in the Debtor's amendment in the

instant case to recite the encumbrance on the property consisting of the homestead exemption of the non-filing spouse which must be attended to in the event anyone wants to succeed to the interest of the titled owner. The non-owning spouse cannot be ignored in any instance, including the prosecution of a bankruptcy case. As the court in *Deutsche Bank Nat'l Trust Co. v. Pike*, 916 F.3d 60, 68 (1st Cir. 2019) deduced, "…in the event of a forced sale, a person with a homestead right is entitled to a set-off in the statutorily defined amount." The *Deutsche Bank* court went on further to say:

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a ); see also N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically *occupies* the subject property. Walbridge v. Estate of Beaudoin, 163 N.H. 804, 48 A.3d 964, 966 (2012).

*Id.* Emphasis added.

The trustee offers nothing here mitigating against giving a broad and liberal construction to the homestead statute to achieve its public policy objective to protect New Hampshire families and its intent to recognize the important interest that non-filing spouses and their children have in their home.

11 U.S.C. § 522(b)(2) authorizes the debtor to claim the New Hampshire homestead exemption as written and intended or at least to have it recognized as an interest encumbering a home that creditors may otherwise try to look to for satisfaction of debts owed to them.

## **CONCLUSION**

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.      Overrule the trustee's Objection to the Debtor's exemption and allow the exemption of

her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire

statutes.

B.      Overrule the trustee's Objection to the Debtor's amendment adding the non-filing

spouse's encumbrance on Schedule D.

C.      Grant such other and further relief as is just and equitable.

                                        Respectfully submitted,
                                        KATHERINE R. BRADY
                                        By and through Her Attorney
May 2, 2022                             /s/ *Leonard G. Deming, II*
Date                                    Leonard G. Deming, II
                                        Deming Law Office
                                        491 Amherst Street, Suite 22
                                        Nashua NH 03063
                                        (603) 882-2189
                                        BNH01186

## CERTIFICATE OF SERVICE

        I hereby certify under the pains and penalties of perjury that I have served a copy of the
foregoing Memorandum of Law upon the following persons at the addresses indicated by
electronic service or First Class Mail, postage prepaid this 2nd day of May, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

**2022 BNH 003**      Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

<div align="center">

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

</div>

In re:                                                           Bk. No. 21-10712-BAH
                                                                 Chapter 13
Katherine R. Brady,
              Debtor


*Leonard G. Deming, II, Esq.*
*Deming Law Office*
*Nashua, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Merrimack, New Hampshire*
*Chapter 13 Trustee*


<div align="center">

### MEMORANDUM OPINION

</div>

## I.  INTRODUCTION

The Court has before it an objection to the Debtor's claim of homestead exemption (Doc.

No. 19) (the "Homestead Exemption Objection") and an objection to the Debtor's amendment to

Schedule D (Doc. No. 47) (the "Schedule D Objection") (together, the "Objections").  The Court

held a hearing on the Objections on May 20, 2022, and took the matters under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§

1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of

New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## II.  FACTS AND PROCEDURAL BACKGROUND

The Debtor filed an individual chapter 7 bankruptcy petition on December 17, 2021.  On

Schedule A/B, she listed an ownership interest in a single-family home located in Merrimack,

New Hampshire (the "Property").  The Property is owned solely by the Debtor pursuant to a

deed dated June 2, 2014.  On the petition date, the Debtor resided at the Property with her

husband and their two children.  She valued the Property as being worth $236,100.

On Schedule C, the Debtor claimed a $120,000 homestead exemption pursuant to New

Hampshire Revised Statute Annotated ("RSA") 480:1.  On Schedule D, she listed a mortgage

claim totaling $178,445.61 and no other secured claims.

On January 25, 2022, Edmond Ford, chapter 7 trustee (the "Chapter 7 Trustee"),

conducted the section 341 meeting of creditors.  Thereafter, on February 1, 2022, the Debtor

amended Schedules A/B and C.  She increased the value of the Property to $346,700, and she

asserted an additional $120,000 homestead exemption for her "Non-owner Husband" (as she

described him in her Notice of Amended Schedules) pursuant to RSA 480:1:

| Brief description: | $346,700.00 | ☑ | $120,000.00 | N.H. Rev. Stat. § 408: 1, 2 (Claimed: |
|---|---|---|---|---|
| 27 Pinewood Drive, Merrimack, NH 03054 | | ☐ | 100% of fair market | $120,000.00 |
| (2nd exemption claimed for this asset) | | | value, up to any | Spousal Interest) |
| Line from *Schedule A/B*:  1.1 | | | applicable statutory | |
| | | | limit | |

On February 4, 2022, the Chapter 7 Trustee retained counsel to investigate and potentially

liquidate assets.  On February 9, 2022, the Debtor moved to convert her case to chapter 13.  A

hearing on the motion to convert was scheduled for March 9, 2022.

Before the hearing on the motion to convert was held, the Chapter 7 Trustee filed the

Homestead Exemption Objection, which was scheduled for hearing on March 23, 2022.  The

Chapter 7 Trustee objected to the Debtor's claim of a second homestead exemption under RSA

480:1 in the amount of $120,000 on behalf of her non-debtor, non-owner husband, and sought

disallowance of the exemption.

On March 9, 2022, the Court converted the Debtor's case to a chapter 13 case.

On March 23, 2022, the Court held a hearing on the Homestead Exemption Objection at which Lawrence P. Sumski, the chapter 13 trustee (the "Chapter 13 Trustee"), appeared. The Chapter 13 Trustee indicated he intended to pursue the Homestead Exemption Objection. The Court ordered the Chapter 13 Trustee to file a supplemental objection by April 25, 2022. The parties indicated their willingness to file a joint stipulation of facts, which the Court ordered the parties to file by May 2, 2022.

The parties filed a joint statement on facts on April 1, 2022. That same day, the Debtor amended Schedule D to include the following secured claim of her non-debtor, non-owner husband:

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1**

Daniel J. Brady
Creditor's name
27 Pinewood Drive
Number    Street

Merrimack        NH    03054
City                State  ZIP Code

Describe the property that secures the claim:
**27 Pinewood Drive, Merrimack, NH 03054**

$120,000.00        $346,700.00        _____

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

Date debt was incurred _____

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☑ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)
**Lien on Property**

Last 4 digits of account number ___ ___ ___ ___

On April 5, 2022, the Chapter 13 Trustee objected to this amendment. The Court scheduled a hearing on the Schedule D Objection for May 20, 2022, the same day as the hearing on the Homestead Exemption Objection.

The Chapter 13 Trustee and the Debtor both filed memoranda of law in support of their positions. The Court held a hearing on May 20, 2022, and took the Objections under advisement.

## III. DISCUSSION

### A. Homestead Exemption

"The purpose of the homestead exemption is to secure to debtors and their family the shelter of the homestead roof." Deyeso v. Cavadi, 165 N.H. 76, 79 (2013). Courts are to construe the homestead liberally. In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005). The Bankruptcy Code and Rules set forth the framework for asserting and objecting to a debtor's claim of exemption in a bankruptcy case. Federal Rule of Bankruptcy Procedure 4003(a) provides that "[a] debtor shall list the property claimed as exempt under §522 of the Code on the schedule of assets required to be filed by Rule 1007." Subsection 522(b)(1) of the Bankruptcy Code provides in relevant part that "an individual debtor may exempt from property of the estate property listed in … paragraph (3) of this subsection." Subsection 522(b)(3) provides that "[p]roperty listed in this paragraph is … any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition in the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition ..." Accordingly, the Debtor asserted New Hampshire's exemptions on Schedule C.

New Hampshire's homestead exemption is set forth in RSA 480:1, which states:

Every person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 674:31, which is owned and occupied as a dwelling by the same person but shall not exist in the land upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing.

RSA 480:3-a provides further that:

The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

"[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). The party objecting to an exemption bears the burden of proof. Fed. R. Bankr. P. 4003(c).

The Chapter 13 Trustee objects to the Debtor's assertion of a homestead exemption pursuant to RSA 480:1 on behalf of her non-debtor spouse, who resides at the Property but has no ownership interest in it.[1] In support of his position, the Chapter 13 Trustee cites various court decisions from this district, including In re Visconti, 426 B.R. 422 (Bankr. D.N.H. 2010), where the Court clearly stated that "the homestead exemption under RSA 480:1 requires both occupancy and ownership." Id. at 426 (emphasis added). The Court explained further that "a spouse who does not hold an ownership interest does have a right to occupy the homestead during the owner-spouse's lifetime and can claim a homestead right for their life after the death of the owner-spouse." Id. (citing RSA 480:3-a). The Court reiterated the ownership requirement in its recent decision in In re St. Laurent, 2022 BNH 002, when it stated:

> RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest, therein as a homestead." The New Hampshire Supreme Court has held that the homestead right must be established by

---

[1] In chapter 13, exemptions are relevant as they affect the "best interest of creditors test" set forth in 11 U.S.C. § 1325(a)(4), which provides that a plan can be confirmed if "the value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

The Debtor filed a chapter 13 plan on April 10, 2022. She proposes to pay $31,500 over the life of her plan at the rate of $525 per month for 60 months, which will result in an estimated dividend of 66% toward estimated unsecured claims of $42,218. The liquidation analysis in the plan reflects that unsecured creditors will receive 0% in chapter 7, based on the Debtor inclusion of $240,000 in homestead exemptions under RSA 480:1. If only the Debtor's $120,000 exemption were included, there would be $48,254 available for creditors (less chapter 7 administrative expenses) resulting in a greater dividend in a chapter 7 case than that proposed by the Debtor in her plan. For that reason, the Debtor's plan would not meet the "best interest of creditors test."

actual physical possession of a property with the intent to occupy it as a home. Currier v.
Woodward, 62 N.H. 63, 64 (1882).  However, "occupancy alone does not preserve the
homestead right—it also requires ownership." Visconti, 426 B.R. at 425-26 (citing
Gerrish v. Hill, 66 N.H. 171 (1890) (no homestead right when the debtors sold a farm but
continued to live on it); Beland v. Goss, 68 N.H. 257 (1895) (homestead right was lost
when the property was sold and the debtors moved out); Stewart v. Bader, 154 N.H. 75,
89 (2006) (defendant lost homestead right by lack of occupancy but court also noted that
the property was sold several years before)).  Thus, "the homestead exemption under
RSA 480:1 requires both occupancy and ownership." Visconti, 426 B.R. at 426.

Id. at 4.  Despite these clear pronouncements, the Debtor contends there is no ownership

requirement to claim a homestead exemption under RSA 480:1, arguing that the statute protects

a "homestead interest" and that the Court's statements in Visconti were merely dicta.  The Court

disagrees.

Judge Deasy found that the debtor in Visconti was not entitled to a homestead exemption

in the property because (1) the debtor did not have an ownership interest in the property, and (2)

the debtor was not married to someone who had an ownership interest in the property.  Visconti,

426 B.R. at 426.  The finding that the debtor did not own the property was critical to Judge

Deasy's analysis.

The Debtor argues that her spouse has an "interest" in the Property that is protected by

RSA 480:1.  The Chapter 13 Trustee agrees that a non-debtor, non-owner spouse may have an

"interest" in the Property.  For example, a spouse may have a tenancy interest, an inheritance

right, or an interest in the property as part of a marital estate in a state court divorce proceeding.

The Chapter 13 Trustee asks, though: if he offered the non-owner spouse money for any of those

"interests," what would he get?  Would he be able to occupy the home?  Would a third party be

able to obtain a lien or attachment against that interest in state court?  The Chapter 13 Trustee

argues no, and the Court agrees.

The Chapter 13 Trustee acknowledges that a couple has the right to decide that only one

of them will own the family homestead, perhaps as means to shield the family home from claims

that lie solely against the non-owner.  But the Chapter 13 Trustee argues that such a choice has consequences, and one consequence is that the non-owner is unable to assert a homestead exemption under RSA 480:1.  If it were otherwise, the non-owner would be getting the benefit of non-ownership, e.g., not subjecting the family home to potential liens and attachments by third-party creditors, but would not be experiencing the burden of it, i.e., having no homestead exemption under RSA 480:1.  That strikes the Court as both inequitable and inconsistent with the provisions of the statute.

The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein."  However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling."  With respect to manufactured housing, the statute is clear that someone must <u>own and occupy</u> the manufactured housing in order to assert a homestead exemption under RSA 480:1.  It is not enough to simply occupy it.  From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing.  Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing.  To interpret the statute otherwise would discriminate against owners of manufactured housing.

If ownership is not a requirement for asserting a homestead exemption under RSA 480:1, the Court questions whether there is any limit to the exemption's scope.  What if a homeowner has several adult children who live in the family homestead?  Is every adult child who lives in the home able to assert a $120,000 exemption?  What about a common law spouse or a live-in girlfriend, boyfriend, or partner?  Can they assert a $120,000 homestead exemption?  After all, it is their home too, is it not?  The Debtor argues that the exemption in RSA 480:1 does not extend

that far, but she does not articulate any principled limitation on her construction of the homestead exemption statute.

The Court notes further that RSA 480:8-a provides:

> The superior court, upon petition of the <u>owner</u> of a homestead or the <u>wife or husband surviving such owner,</u> or upon petition of a judgment creditor and such notice as it may order, may appoint appraisers and cause the homestead right to be set off, and a record of the proceedings being made in the registry of deeds, the right shall be established as against all persons.  (Emphasis added).

Thus, to pursue an action in state court to establish a homestead right, one must be the "owner" of the homestead property or the "surviving spouse" of such owner.  This provision makes a distinction between ownership and non-ownership, supporting the view that RSA 480:1 only protects an owner's homestead right.

The Debtor also argues that § 522 does not restrict the scope of its application to purely the "debtor's exemptions," and, therefore, the Debtor may "use New Hampshire exemptions to their full extent which includes an exemption in the non-owner spouse."  While it may be true that § 522 does not limit its application to a debtor's exemptions,[2] that proposition does not resolve a fundamental issue presented by the facts of this case:  what exemption does a non-owner spouse have in a family homestead?

The First Court of Appeals stated in <u>Deutsche Bank Nat'l Trust v. Pike</u>, 916 F.3d 60, 68 (1st Cir. 2019):

> When a married couple resides together in a home, the homestead right "extends to ... both spouses, even when only one spouse legally owns the homestead."  <u>Maroun v. Deutsche Bank Nat'l Tr. Co.</u>, 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a); <u>see also</u> N.H. Rev. Stat. Ann. § 529:20-a.  The homestead right of a property owner's spouse is established once he or she physically <u>occupies</u> the subject property.  <u>Walbridge v. Estate of Beaudoin</u>, 163 N.H. 804, 48 A.3d 964, 966 (2012).

---

[2]  The Court will assume this is true without deciding it.

This Court also addressed the issue in In re Hopkins, 2021 BNH 004, and found that "the exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." Id. at 6. Upon the homeowner's death, surviving spouses are entitled to both occupy the homestead during their lifetime and to protect $120,000 of their interest in the family home.

In this case, the Debtor has not asserted a homestead exemption under RSA 480:3-a on Schedule C on behalf of her non-debtor, non-owner spouse, but only an exemption pursuant to RSA 480:1,[3] which is not proper, as her spouse is not an owner of the Property. But even if she had asserted an exemption under RSA 480:3-a, the Court finds that the non-owner spouse's $120,000 homestead exemption arises only upon the death of the owner. In other words, the Debtor's spouse's interest is contingent. Upon the Debtor's death, the non-owner spouse will be able to step into the shoes of the owner spouse. At that time, the non-owner spouse will be able to assert a $120,000 homestead exemption. Until then, while the non-owner spouse may have a homestead right that can be protected by an exemption under RSA 480:3-a, the value of that exemption is $0. The couple is not allowed to "double-dip" and claim $240,000 as exempt. Otherwise, the ownership requirement of RSA 480:1 would be irrelevant.

Because the Debtor's spouse is not an owner of the Property, he is not entitled to claim an exemption under RSA 480:1. Accordingly, the Debtor is unable to assert such an exemption in Schedule C. For that reason, the Homestead Exemption Objection must be sustained.

---

[3] While the Debtor has also cited RSA 480:2 in Schedule C, that section of the statute was repealed in 1973.

**B. Amendment to Schedule D**

Federal Rule of Bankruptcy Procedure 1009(a) permits a debtor to amend schedules "as a matter of course at any time before the case is closed." A bankruptcy court has the discretion to deny an amendment to schedules based up a showing of either:

1. Bad faith; or
2. Prejudice to creditors or third parties.

Wood v. Premier Capital, Inc. (In re Wood), 291 B.R. 219, 228 (B.A.P. 1st Cir. 2003).

The Chapter 13 Trustee filed the Schedule D Objection stating simply:

The issue of the appropriateness of a second homestead exemption filed by the debtor on behalf of a nondebtor, non-co-owner of her residential real estate is currently before the Court. The debtor through her counsel has expressed a legal theory that the non-debtor, non-co-owner husband, Daniel J. Brady, already has a legal interest of some sort in the property, and so the debtor has filed an amended Schedule D to assert the "lien" that he has on the residential property. The issue is squarely before the Court but to make sure it is preserved for the scheduled hearing the undersigned hereby objects to the amendment to Schedule D to show the fictional lien in the amount of $120,000.00.

The Chapter 13 Trustee does not explicitly contend that the amendment was made in bad faith or that it would prejudice creditors or third parties. Rather, his objection goes to the merits of the non-owner spouse's legal rights, i.e., whether he holds a secured claim against the Property.

The Debtor contends that the non-owner spouse's interest in the Property is "an encumbrance upon the family home which is separate from the Debtor's own homestead exemption right." The Debtor has listed this "encumbrance" on Schedule D and described it as a "statutory lien" and "lien on property." The Debtor has cited no legal authority (other than RSA 480) for the proposition that the non-owner's interest in the Property is protected by a "statutory lien" or "lien on property" as asserted in Schedule D. The Court is aware of none. In the Court's view, the non-owner spouse does not have any lien rights in the Property. Rather, as explained above, a non-owner spouse may be able to assert a homestead exemption in the Property pursuant to RSA 480:3-a. But, that interest in the Property is not a secured claim that should be

10

listed on Schedule D.  Because the Court finds that the non-debtor, non-owner spouse does not have a lien on the Property as asserted by the Debtor, the Debtor's amendment to Schedule D must be denied.

## IV.  CONCLUSION

For the reasons set forth in this opinion, the Court finds that the Debtor's assertion of a homestead exemption under RSA 480:1 on behalf of her non-owner spouse is improper as is her amendment to Schedule D asserting that her non-owner spouse possesses a lien that secures his interest in the Property.  Accordingly, the Court will issue a separate order sustaining the Homestead Exemption Objection and the Schedule D Objection.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Concord, New Hampshire.


Date:   June 3, 2022                              /s/ Bruce A. Harwood
                                                  Bruce A. Harwood
                                                  Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                          Bk. No. 21-10712-BAH
                                                                Chapter 13

Katherine R. Brady,
           Debtor


## **ORDER**

The Court having issued its memorandum opinion of even date regarding an objection to

the Debtor's claim of homestead exemption (Doc. No. 19) (the "Homestead Exemption

Objection") and an objection to the Debtor's amendment to Schedule D (Doc. No. 47) (the

"Schedule D Objection"), it is hereby ORDERED:

  1.  The Homestead Exemption Objection is sustained.

  2.  The Schedule D Objection is sustained.

This is a core proceeding in accordance with 28 U.S.C. § 157(b) as to which this Court

has jurisdiction of the subject matter and the parties.

ENTERED at Concord, New Hampshire.


Date:   June 3, 2022                          /s/ Bruce A. Harwood
                                             Bruce A. Harwood
                                             Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
In re                                                    )
     Katherine R. Brady,                      )         Bk. No. 21-10712-BAH
                                )         Chapter 7
     Debtor                                        )
_____)

## DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT AS TO ORDER SUSTAINING THE TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF SECOND HOMESTEAD EXEMPTION AND/OR DEBTOR SPOUSE'S CLAIM OF ENCUMBRANCE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND/OR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024

NOW COMES Katherine R. Brady (hereinafter Debtor), Debtor in the above-captioned bankruptcy case, by and through her attorney, Leonard G. Deming, Deming Law Office, and hereby moves this Honorable Court pursuant to FRBP 9023 incorporating FRCP 59(e) to Alter or Amend its judgment entered on June 3 (Document #71) (hereinafter the Order) sustaining the trustee's objection to the non-owner spouse's homestead exemption and/or assertion of encumbrance on Schedule D and in connection with the Honorable Court's Memorandum of Law (Document #70) (hereinafter the Court's Memo) issued thereon or, in the alternative, to grant the Debtor relief from the Order pursuant to FRBP 9024 incorporating FRCP 60(b)(6).

In support thereof, the Debtor files contemporaneously with the instant motion her memorandum of facts and law in support thereof which is incorporated herein by reference.

WHEREFORE, Debtor respectfully requests the Honorable Court to alter or amend its Order pursuant to FRBP 9023, grant relief from the Order pursuant to FRBP 9024, and for such other and further relief as is just and equitable.

Respectfully submitted,
KATHERINE R. BRADY
By her Attorney

June 17, 2022                                      /s/ *Leonard Deming*

Date:                                              Leonard G. Deming, II
                                                   Deming Law Office
                                                   491 Amherst Street, Suite 22
                                                   Nashua NH 03063
                                                   (603) 882-2189
                                                   BNH 01186

## CERTIFICATE OF SERVICE

        I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing upon Motion to Alter or Amend Judgement, et seq by electronic service or first class mail, postage prepaid this 17th day of June, 2022.

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming*

Leonard G. Deming

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re Katherine R. Brady,                )          Bk. No. 21-10712-BAH
                                         )          Chapter 7
                    Debtor               )
_____)          **<u>SCHEDULED HEARING</u>**
                                                    **August 3, 2022**
                                                    **11:00 AM**

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO FRBP 9023 OR FOR RELIEF FROM ORDER
PURSUANT TO FRBP 9024 RELATIVE TO TRUSTEE'S OBJECTION TO SECOND
HOMESTEAD EXEMPTION AND/OR ENCUMBRANCE OF NON-OWNER SPOUSE**</u>

<u>**Statement of Relevant Facts and Procedural History**</u>

It is submitted that the salient facts in this matter are not in dispute and that this may be submitted as a question of law.

The Honorable Court entered its order on June 3, 2022 sustaining the objections of the trustee in this case to the Debtor's assertion of a second homestead exemption in favor of her non-owner spouse along with the trustee's objection to scheduling an encumbrance in favor of her non-owner spouse on Schedule D, also based on the non-owner's asserted interest as a homestead. Document #71. Herinafter the Order Sustaining. The Court also issued its Memorandum Opinion in support of the Order at the same time. Hereinafter the Court Memo.

The Debtor herein suggests and urges that the Honorable Court review its decision and alter or amend the Order pursuant to FRBP 9023 incorporating FRCP 59, or grant relief to the Debtor from the Order pursuant to FRBP 9024 incorporating FRCP 60, for the reasons set forth herein.

Debtor relies upon and restates all previous arguments forth in her previous memoranda of law submitted herein. Documents 35-1 and 60.

**Statement of the Law**

**I.  NEW HAMPSHIRE STATE COURTS RECOGNIZE A SEPARATE AND INDEPENDENT HOMESTEAD EXEMPTION IN FAVOR OF A SPOUSE WHICH IS NOT A TITLE OWNER OF THE HOME SUCH SPOUSE OCCUPIES IN RELIANCE UPON THEIR READING OF NEW HAMPSHIRE STATUTES**

No New Hampshire courts have found that a non-owner spouse does not have a homestead interest in any circumstances similar to the case at bar. One case that is particularly instructive is that of *In re Jeannot D. Roy*, Bk. No. 11-14102-JMD in which Judge Deasy was faced with virtually the exact situation as herein. However, what is instructive is the manner in which the Rockingham County Superior Court dealt with the issue four years after the bankruptcy was filed. In its opinion, dated February 9, 2015, the court found specifically that the non-owner spouse held a separate and identifiable homestead interest. Copy of RCSC order and opinion attached hereto and incorporated herein as Exhibit A. Hereinafter RCSC Order. It is telling that the state court relied upon the then recently decided case of *Maroun v. Deutsche Bank Nat'l Trust Co.*, 167 N.H. 220, 226 (2014) as clearly adopting the position that the Debtor urges here. RCSC Order, p. 4. The state court embraced the "liberal construction" of the homestead statute in the same fashion that virtually all of the state courts that have reviewed the issue have done. Attorneys have relied upon this construction over the years, especially in the bankruptcy forum, as have citizens across the state. See also *Deutsche Bank National Trust v. Pike*, 916 F.3r 60 (1st Cir., 2019)(non-owner spouse's New Hampshire homestead exemption trumped pre-divorce decree mortgage adopting *Maroun*).

## II.  NEW HAMPSHIRE LEGISLATIVE HISTORY MAKES IT CLEAR THAT ONLY OWNERS AND THEIR SPOUSES ARE ENTITLED TO THE HOMESTEAD EXEMPTION AND SUCH EXEMPTION DOES NOT EXTEND TO CHILDREN, ADULT OR OTHERWISE

This Court, in the Court Memo, rationalized that if a non-owner spouse is given a homestead exemption interest pursuant to the statute, that anyone residing in a home would then be entitled the same interest. Specifically, the Honorable Court stated:

> If ownership is not a requirement for asserting a homestead exemption under RSA 480:1, the Court questions whether there is any limit to the exemption's scope. What if a homeowner has several adult children who live in the family homestead? Is every adult child who lives in the home able to assert a $120,000 exemption? What about a common law spouse or a live-in girlfriend, boyfriend, or partner? Can they assert a $120,000 homestead exemption? After all, it is their home too, is it not? The Debtor argues that the exemption in RSA 480:1 does not extend that far, but she does not articulate any principled limitation on her construction of the homestead exemption statute.

Court Memo at pp. 7-8. But the homestead right is statutory, and nothing in the statute as it currently reads grants a homestead interest to anyone other than the owner and the spouse. It would seem that a reading of the homestead statute, NHRSA 480:1 et seq, is unambiguous since it only states that the homestead right, to whatever extent it exists, is purely directed at the owner of the homestead and the spouse of the owner. It mentions nothing about granting an interest to children, adult or minor, or live-in partners. Only the owner and the spouse are granted this statutory interest. But if there should be any ambiguity, then resort to the legislative history is appropriate. See, e.g., *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, 156 N.H. 394, 395-6, 934 A.2d 586 (N.H. 2007) ("'Where the statutory language is ambiguous or where more than one reasonable interpretation exists, we review legislative history to aid in our analysis.' Appeal of Ann Miles Builder, 150 N.H. 315, 318, 837 A.2d 335 (2003) (quotation omitted)."

A review of the legislative history supports the Debtor's position that the statutory exemption limits its benefit to the owner and the spouse. Before 1961, NHRSA 480:3 read as follows:

> 480:3 Duration. The owner, the husband or wife of the owner <u>and minor children</u>, if any, are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner the surviving wife or husband of the owner <u>and the minor children</u>, if any, are entitled to occupy the homestead right during the minority of the children. Subject to the foregoing provisions, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

Copy of NHRSA 480:3 attached hereto and incorporated herein by reference as Exhibit B. (Emphasis added). This statute created conveyancing problems and required special steps, probably in probate, to appoint representatives for the minor children in certain circumstances to convey real estate. This problem was finally addressed in 1961 with the repeal of NHRSA 480:3 and replacing it with NHRSA 480:3-a which now reads to only refer to the non-owner spouse and eliminates the children, minor or otherwise, from having a statutorily-recognized homestead interest. Most of the legislative history which exists is merely procedural, referencing "SB 80, relative to the homestead right of minor children." But the comments on the Senate floor by one Senator Cleveland make the purpose clear which, in part, read:

> "…[W]e feel it is imperative that some action be taken on the matter. This will clear up many title defects on important property."

Journal of the Senate, January Session, 1961, p. 242. Copy attached and incorporated herein by reference as Exhibit C.

It is clear that New Hampshire statutes afford nothing in favor of any person other than an owner and spouse of an owner, nor were they ever intended to do so after the 1961 amendment to the homestead statute.

### III. THE "OWNERSHIP" REQUIREMENT SET FORTH IN NHRSA 480:1 AS TO MANUFACTURED HOUSING SHOULD NOT BE CONSTRUED TO REQUIRE THE SPOUSE'S OWNERSHIP OF THE HOME TO RECOGNIZE THE SPOUSE'S HOMESTEAD EXEMPTION.

In the Court Memo, this Court seems to find ambiguity in NHRSA 480:1 due to the language in the second sentence relative to manufactured housing. The Court stated:

> The Court is cognizant that RSA 480:1 does not use the word "owner" or "owned" in the first sentence of the statute but rather refers to a homestead and an "interest therein." However, the second sentence of the statute does refer to property that "is owned and occupied as a dwelling." With respect to manufactured housing, the statute is clear that someone must own and occupy the manufactured housing in order to assert a homestead exemption under RSA 480:1. It is not enough to simply occupy it. From a public policy standpoint, it would be nonsensical for the homestead exemption to be more restrictive for manufactured housing than it is for all other housing. Thus, the statute as a whole supports an interpretation that ownership and occupancy are required to claim a homestead exemption in all housing. To interpret the statute otherwise would discriminate against owners of manufactured housing.

Court Memo, p. 7. The Court found it difficult to reconcile the ownership requirement for manufactured housing and the first sentence which contained no such explicit requirement, and understandably so. At oral argument, counsel for the Debtor admitted to not knowing why the statute would make such a distinction but that the distinction must be there for a reason, or perhaps it was just poorly drafted. For this reason, it is again necessary to resort to legislative history, *Green Meadows Mobile Homes, Inc, et al v. City of Concord*, supra, to try to make sense of the seeming contradiction.

A close review of the legislative history clarifies much. The amendment to NHRSA 480:1 was a small and nearly unmentioned part of a much larger house bill which greatly changed the way manufactured housing was recognized and treated. The "Plain English Version" of the bill, HB63FN, reveals the extent of the legislation. Copy of "Plain English Version" taken from NH State Archives attached hereto and incorporated herein by reference as Exhibit D. The main thrust of the legislation was to change the characterization of manufactured housing from a

chattel to real estate, to change the taxation of it as real estate, to require the recording of it in registries of deeds in certain circumstances, to deal with who could sell it and whether one had to be licensed, and a number of other issues which changed the way manufactured housing would henceforth be treated. A major issue of discussion in the legislative history was the issue of ownership of the housing AND ownership of the land upon which it sat. Most such housing was located, and still is, on park land which is owned by someone else. The distinction seems to have been that the legislation was not to be interpreted as giving a homestead to land upon which the housing sat if the owner of the housing did not also own the land. Hence, NHRSA 480:1 made a distinction between the manufactured housing and the land upon which it sat. The distinction, the Debtor asserts, was not to require the spouse to own the property. In fact, the only reference at all to this specific issue indicates quite the contrary. Referencing a final amendment to HB63FN, the Senate Journal specifically states that the owner AND the spouse are entitled to a separate homestead exemptions that must be satisfied if not waived. Copy of Senate Journal, 24 May 1983, pp. 974-975 attached hereto and incorporated herein by reference. This writer could find no other discussion, countervailing or otherwise, relative to this straight statement as to the intended impact of the homestead exemption and the understanding of the General Court in so enacting it. It also reinforces the apparent understanding and intent of the legislature that NHRSA 480:1 gives both spouses, regardless of ownership, a separate homestead exemption.

This legislative history explains what was intended and explains the (perhaps sloppy) language in NHRSA 480:1 which created the confusion herein. It also demonstrates that the "interest" granted to the non-owner spouse is not just a tenancy right, inheritance interest, or interest of "ephemeral" or zero value as has been urged on this Court. The First Circuit Court of Appeals certainly did not find the non-owner spouse's interest to have no value, giving the

spouse the value of the exemption. *Deutsche Bank National Trust v. Pike*, supra. Also, the concept that spouses should be treated equally in such respects is a matter of common understanding in New Hampshire courts and bar such as the presumption that marital property, by whichever spouse owned should, absent other considerations, be divided equally. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 453, 821 A.2d 1107 (2003) ("RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable.") As mentioned hereinabove, the bankruptcy bar in New Hampshire has long treated the homestead exemption in this way and married persons across the State have relied upon it.

## IV. THE HONORABLE COURT COULD CERTIFY THIS ISSUE TO THE NEW HAMPSHIRE SUPREME COURT TO RENDER AN OPINION ON THESE IMPORTANT AND CRITICAL ISSUES

The issues presented in this case are, without doubt, of critical importance to the citizens of the State of New Hampshire. The Court's ruling in this case will have far-reaching consequences. It is respectfully submitted that the Court could certify this issue to the New Hampshire Supreme Court for an advisory opinion as to whether non-owner spouses are entitled to a separate homestead interest.

## CONCLUSION

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.      Amend or Alter the Court's Order pursuant to FRBP 9023 such as to overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.      Grant relief to the Debtor pursuant to FRBP 9024 such as to overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

C.      Consider certifying the issues herein to the New Hampshire Supreme Court for an

advisory opinion.

D.      Grant such other and further relief as is just and equitable.

                                    Respectfully submitted,
                                    KATHERINE R. BRADY
                                    By and through Her Attorney
June 17, 2022                       /s/ *Leonard G. Deming, II*
Date                                Leonard G. Deming, II
                                    Deming Law Office
                                    491 Amherst Street, Suite 22
                                    Nashua NH 03063
                                    (603) 882-2189
                                    BNH01186

## CERTIFICATE OF SERVICE

        I hereby certify under the pains and penalties of perjury that I have served a copy of the
foregoing Memorandum of Law upon the following persons at the addresses indicated by
electronic service or First Class Mail, postage prepaid this 17th day of June, 2022.

Katherine R. Brady
Via email

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Lawrence P. Sumski
SumskiCh13@gmail.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

/s/ *Leonard G. Deming, II*
Leonard G. Deming II

8

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

Nancy Hocker Michels, ESQ
Parnell Michels & McKay PLLC
25 Nashua Road Suite C5
Londonderry NH 03053

**RECEIVED**

FEB 11 2015

Parnell, Michels & McKay, PLLC

Case Name:     **Justin Robitaille v Marlene Roy, et al**
Case Number:   **218-2014-CV-00406**

Enclosed please find a copy of the court's order of February 02, 2015 relative to:

Order on Cross Motions for Summary Judgment

February 09, 2015

Raymond W. Taylor
Clerk of Court

(507)

C: George C. Malonis, ESQ; Victor W. Dahar, ESQ

# The State of New Hampshire

**ROCKINGHAM COUNTY**                                    **SUPERIOR COURT**

JUSTIN ROBITAILLE

v.

MARLENE ROY AND VICTOR DAHAR AS TRUSTEE

Docket No.: 218-2014-CV-406

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Justin Robitaille has sued Defendants Marlene Roy and Victor Dahar, as trustee of Jennot Roy's bankruptcy estate, and seeks declaratory judgment on the extent of Ms. Roy's homestead rights. Plaintiff and Ms. Roy cross move for summary judgment, to which the other parties object. For the reasons discussed below, Plaintiff's motion for summary judgment is **DENIED** and Ms. Roy's motion for summary judgment is **GRANTED**.

The following undisputed facts are taken from the motions. Marlene Roy and Jennot Roy are married. They live together in a house which Mr. Roy owns and which Ms. Roy does not. On August 17, 2009, Plaintiff filed suit against Mr. Roy as a result of a motor vehicle accident. He obtained an attachment on the Roys' house in the amount of $150,000 and ultimately was awarded a judgment of over $1,600,000. This led to Mr. Roy filing bankruptcy. The Roy home was ultimately sold. Mr. Roy recovered $100,000 to cover his homestead right. $48,148.72 was paid to Plaintiff in partial satisfaction of his judgment. $10,000 was paid to the bankruptcy trustee to cover his fees. $91,851.28 was deposited into court, and $8,148.72 remains property of the bankruptcy

estate. In essence, $100,000 remains—if Ms. Roy is entitled to her own homestead right of $100,000 the money will go to her; otherwise, it will be disbursed to Plaintiff.

To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III. In order to defeat summary judgment, the non-moving party "must put forth contradictory evidence under oath, 'sufficient . . . to indicate that a genuine issue of fact exists so that the party should have the opportunity to prove the fact at trial . . .'" Phillips v. Verax, 138 N.H. 240, 243 (1994) (quoting Dolan v. Maple Leaf Health Care Ctr., Inc., 119 N.H. 424, 425 (1979)). A fact is material if it affects the outcome of the litigation under the applicable substantive law. Palmer v. Nan King Rest., Inc., 147 N.H. 681, 683 (2002). In considering a party's motion for summary judgment, the evidence must be considered in the light most favorable to the non-moving party, together with all reasonable inferences therefrom. Sintros v. Hamon, 148 N.H. 478, 480 (2002). The parties agree, and the Court finds, that there is no genuine issue of material fact in this case and the case is therefore ripe for decision on summary judgment.

In New Hampshire, the homestead right is governed by statute. "Every person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead." RSA 480:1. "The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor." RSA 480:3-a. "The purpose of the homestead exemption is 'to secure debtors and their families, the shelter of the homestead roof.'"

2

Stewart v. Bader, 154 N.H. 75, 88 (2006) (quoting Austin v. Stanley, 46 N.H. 51, 52 (1865)). It also "protects the family from destitution, and protects society from the danger of its citizens becoming paupers." Deyeso v. Cavardi, 165 N.H. 76, 79-80 (2013) (quotation, brackets, and ellipsis omitted).

Plaintiff argues that Ms. Roy is not entitled to the $100,000 for two reasons. First, Plaintiff argues that Ms. Roy does not have a separate homestead exemption from her husband. Second, Plaintiff argues that even if she does, the separate homestead does not necessarily equate to a separate pot of $100,000.

The first argument was foreclosed by the New Hampshire Supreme Court's ruling in Maroun v. Deutsche Bank Nat'l Trust Co., ___ N.H. ___ (Decided December 30, 2014).[1] In that case, Mr. Maroun lived in a house with his wife which she owned in its entirety. Id. at *2. Ms. Maroun had taken out a mortgage which mistakenly listed her as a single woman. Id. The Mortgage said "Borrower [wife], and Borrower's spouse, if any, release all rights of homestead . . . and . . . other interests in the Property." Id. Ms. Maroun signed the mortgage but Mr. Maroun did not. Id., see RSA 480:5-a (detailing that both spouses must sign a document encumbering the homestead right). The Court found that "the husband did not sign the . . . mortgage. Therefore the . . . mortgage did not comply with RSA 480:5-a and did not convey or encumber any homestead right that the husband had in the property." Maroun, at *5.[2] In making this finding, the Court held that Mr. Maroun did have a homestead exemption, despite the fact that his wife owned the property and was still alive. The Court wrote:

---

[1] Maroun was decided after the parties had submitted their pleadings in this case. Only Ms. Roy has submitted additional briefing to discuss the developments in the law since Maroun.

[2] The Court ultimately found Mr. Maroun had waived his homestead right through a different document he had executed.

> The statutory protection of the homestead right also extends to spouses who occupy the homestead but are not title owners of the property: "The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime," and, after the owner's death, the surviving spouse is entitled to the homestead right during his or her lifetime. RSA 480:3-a; see Bothell v. Sweet, 6 A. 646, 648 (N.H. 1886) (concluding that plaintiff's homestead right was not affected by three mortgages in which she did not join because she "preserved her homestead right by occupation"). The statute, therefore, contemplates a homestead right in both spouses, even when only one spouse legally owns the homestead. See RSA 480:3-a.

Id. at *4. This language makes it clear that Ms. Roy does indeed have a homestead right separate from her husband's—as did Mr. Maroun.

The more complicated question is whether this means Ms. Roy is entitled to an additional $100,000. Put another way—does Ms. Roy have her own homestead right but in the same homestead as her husband, or does she have a homestead right in one of her own? Somewhat remarkably, this question seems to have never been answered.

The closest the New Hampshire Supreme Court has come was in McLauglin v. Collins, 75 N.H. 557 (1910). In that case, a woman who owned land in common with her husband sought a judgment that she had her own homestead (and thus access to her own then-five hundred dollars). The New Hampshire Supreme Court wrote:

> That provision of the statute is as follows: "Every person is entitled to five hundred dollars worth of his homestead... as a homestead right." Giving this language its ordinary meaning, it is apparent that the defendant is entitled to a homestead right or exemption in her homestead or "home place," and that her undivided half of the premises upon which she and her husband live is her "home place" or homestead, in the same sense that her husband's undivided half is his "home place" or homestead. The fact that they are owners of the property in common upon which they have their home is not inconsistent with the proposition that each has a home place on the premises. And if she had her home place there, she is entitled under the statute to "five hundred dollars worth" of it as" a homestead right," which is exempt from attachment and levy under section 3. To the argument that, as each has a "home place" upon the premises owned by them in common, the homestead right of both together cannot

4

> exceed in value five hundred dollars, the limit of one full homestead right, it is sufficient to reply that the statute makes no such qualification in the case of a common ownership.

Id. at 557-558. "But whether she might also successfully demand a homestead right in her husband's undivided half, after having established her claim to a similar right in her own part of the property, is a question that need not be determined." Id. at 558.

The Court concludes the question left unanswered by McLaughlin is to be answered in the affirmative. In so finding, the Court relies in part on RSA 529:20-a. The statute requires that a party seeking to foreclose upon a house must send a notice to every person at the house stating: "IF YOU OR YOUR SPOUSE OWNS AND RESIDES IN THIS PROPERTY, YOU AND/OR YOUR SPOUSE MAY BE ENTITLED TO A HOMESTEAD EXEMPTION PURSUANT TO RSA 480:1. THIS EXEMPTS $100,000 FOR A SINGLE PERSON AND $200,000 FOR A MARRIED COUPLE." RSA 529:20-a. While this statute only directly creates a notice requirement, it is certainly evidence of the legislature's intent in the size of the homestead exemption. It is true that the statement is qualified—you or your spouse *may* be entitled—but the statement explicitly states that the homestead exemption is $200,000 for a married couple. It does *not* say that the homestead exemption is $200,000 if you and your spouse own the house as a married couple—rather it states that if you *or* your spouse owns the property, one or both of you is entitled to a homestead exemption which is $200,000 for a married couple.

Put another way, the Court holds that both Mr. Roy and Ms. Roy each have their own "home place" as defined by McLaughlin in the property. It is each person's "home place" and "[t]he statute . . . contemplates a homestead right in both spouses, even

5

when only one spouse legally owns the homestead." Maroun, at * 4. Because each spouse has a homestead right, and each person is "entitled to $100,000 worth of his or her homestead," RSA 480:1, the Court concludes that the most logical reading of the statute is that each person is entitled to their own $100,000 worth of his or her homestead.

The Court concedes that it is possible that the legislature intended to give each spouse their own homestead right but not access to their own $100,000 pot. The statute is not the model of clarity. However, the Court does not believe this is the most likely or indeed the most logical reading of the statute. What if the two spouses—while living together—were not on good terms? They could end up competing against each other in an attempt to perfect their homestead rights as they fought over the same pot of money. The homestead right to $100,000—which each spouse clearly has under Maroun—means nothing if an adverse spouse takes the money first.

In sum, for the reasons expressed above, Ms. Roy's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED. The moneys paid into Court are to be disbursed to Ms. Roy.

So Ordered.

Feb 2, 2015
Date

Marguerite L. Wageling
Presiding Justice

6

Davis (1895) 68 NH 355, 34 A

ed woman is entitled to a home-
iption in her own right in land
common with her husband and
y them as a home, when she
laim to such exemption in her
art of the land. McLaughlin v.
10) 75 NH 557, 78 A 623.

are not exempt from attach-
avy under the provisions of the
law unless they have become
he homestead. Carkin v. Bab-
58 NH 570.

designed for rebuilding or re-
onnstead dwelling is not with-
emption. Carkin v. Babbitt
NH 570.

state or interest in real prop-
ck a homestead claim may at-
.R 511.

*ultiple dwelling house part of
*cupied by owner as subject of*
*128 ALR 1431.*

*caracter of property as home-*
*ected by its use for business*
*well as for residence purposes.*
*9.*

**Occupancy as essential**

l may not be claimed in land
as a home. Austin v. Stanley
H 51; Allen v. Chase (1878)

stead exemption does not ex-
tises that are let to tenants.
b (1858) 36 NH 158.

rtion to occupy premises at
time as a home, without ac-
cy, is insufficient to impress
homestead character. Cur-
ward (1882) 62 NH 61.

is essential to the existence
tead right, and for the pur-
reation or inception the oc-
l be actual; but when the
e become invested with the
aracter and a homestead has
quired, a constructive occu-
sufficient, and it will not be
rary absence with no inten-
tonment. Carrier v. Wood-
42 NH 63.

inder this head, Libbey v.
68 NH 355, 34 A 744, as
lv. 2, supra.

**relinquishment of right**

'homestead exemption, con-
choate as it exists in a hus-
, is incapable of being ex-
troyed, waived or released
of the husband. Gunnison
859) 38 NH 62.

A homestead right is extinguished by a conveyance of the premises and removal therefrom. Gerrish v. Hill (1889) 66 NH 171, 19 A 1001; Deland v. Goss (1894) 68 NH 257, 44 A 387.

Temporary absence from the premises with intent to retain a home there and to return to it is not a relinquishment of the homestead right. Austin v. Stanley (1865) 46 NH 51.

Absence for the purpose of earning a living or visiting friends does not constitute abandonment of a homestead in a farm, although the land other than the house is leased to tenants. Locke v. Rowell (1866) 47 NH 46.

The fact that a mortgagor's wife was compelled by the mortgagee to leave the homestead during her husband's life does not deprive her of the right to the homestead after his death. Wood v. Lord (1871) 51 NH 448.

A wife who, after being compelled to leave the family homestead, acquired a new one which she continued to occupy after her husband's death, loses her right to the old homestead unless her occupation of the new one was merely temporary with an intention to return to the other. Wood v. Lord (1871) 51 NH 448.

A wife who has relinquished to a mortgagee her homestead right may, upon redeeming from the mortgage, have a homestead assigned from that part of the premises occupied as such. Smith v. Hall (1882) 67 NH 200, 30 A 409.

A second mortgagee to whom a homestead right has been released may not require the first mortgagee to set out from the mortgaged premises a homestead of the statutory value. Gunnison v. Twitchell (1859) 38 NH 62.

Anno: *Imprisonment as effecting abandonment of homestead.* 5 ALR 259.

**480: 1   Amount.** Every person is entitled to fifteen hundred dollars' worth of his homestead, or of his interest therein, as a homestead.

SOURCES: 1851, 1089: 1. CS 196: 1. GS 124: 1. 1868, 1: 33. 1878, 22: 1, 2, 3. GL 138: 1, 5, 6. PS 138: 1. PL 214: 1. RL 260: 1. 1947, 72: 1. 1953, 433: 1, effective as of Jan. 1, 1954.

ANNOTATION

Under former statutes the homestead right was not granted to "every person", but was restricted in its application. McLaughlin v. Collins (1910) 75 NH 557, 78 A 623.

The sum named fixes the limit beyond which the amount exempted may not extend, but does not require that the property exempted shall reach that sum nor that other property not occupied as a homestead shall be taken to make up the value. Hoitt v. Webb (1858) 36 NH 158.

**480: 2   — Applicability.** The foregoing section shall not apply to attachments, sales on execution or levies made and to other liens accrued, prior to January 1, 1954.

SOURCE: 1953, 133: 2, eff. as of Jan. 1, 1954.

NOTE.—Presumably, as to attachments, etc. prior to January 1, 1954, the homestead exemption of lesser amount, in force at the time, would apply.

**480: 3   Duration.** The owner, the husband or wife of the owner and the minor children, if any, are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner the surviving wife or husband of the owner and the minor children, if any, are entitled to occupy the homestead right during the minority of the children. Subject to the foregoing provisions, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

SOURCES: 1851, 1089: 1. CS 196: 1. GS 124: 1. 1868, 1: 33. 1878, 22: 1, 2, 3. GL 138: 1, 5, 6. PS 138: 2. PL 214: 2. RL 260: 2.

242                    JOURNAL OF THE SENATE                                          THURSD

broadens the investment authority of trustees and adopts what        permits that when an e
is known as the prudent man rule. Now adopted by 31 states,          move over into another t
including all of the New England states."

The bill was ordered to a third reading.                             The bill was ordered

Senator Phillips, for the Committee on Judiciary:                    Senator Phillips, for

SB 79, relative to investments legal for guardians and con-          HB 52, to authorize
servators. Ought to pass.                                            reference. Inexpedient to

Senator Cleveland: "Mr. President, this bill is discussed on         Senator Cleveland: "
pages 29 through 31 of the 8th report of the Judicial Council        towns to adopt by refere
and briefly, this bill does the same for guardians and conserva-     by a simple insertion in
tors as the previous bill does for trustees."                        entire code could be add
                                                                     because we thought it wo
The bill was ordered to a third reading.                             with and they might not
                                                                     reading, we found many
Senator Phillips, for the Committee on Judiciary:                    know more about instead
                                                                     warrant."
SB 80, relative to the homestead right of minor children.
Ought to pass with amendment.                                        Senator Drake inqui
                                                                     present law, the town cou
Amend said bill by adding in section 5 after the words               action by the Legislature,
"RSA" the numbers, 480:3, so that said section as amended shall
read as follows:                                                     Senator Cleveland: "
                                                                     posted and printed before
5 Repeal. RSA 480:3; 480:5; 480:6 and 480:8, relating to
the homestead right of minor children, are hereby repealed.          The recommendatio
                                                                     Legislate, was adopted.
Senator Cleveland: "Mr. President, I will speak briefly on
the amendment which is purely technical; corrects a typo-                                    E
graphical error which probably the Engrossed Bills Committee
could have corrected. The bill is another Judicial Council bill      The Committee on
which is described at length on pages 19 through 23 of their          found correctly engrossed
8th report. They summarize their report by saying that we feel
it is imperative that some action be taken on this matter. This      HB 79, relative to pa
will clear up many title defects on important property."
                                                                     HB 129, relating to
The amendment was adopted, and the bill as amended                   on streets and public ways.
was ordered to a third reading.
                                                                     HB 144, in relation to
Senator Phillips, for the Committee on Judiciary:

HB 27, for emergency location of state and municipal gov-
ernment. Ought to pass.                                                                   Concu

Senator Cleveland: "Mr. President, there are some town               Senator Lamontagne
and city charters that specify that legal action by the governing    Resolution:
boards must be taken within the town and city limits. This bill

PLAIN ENGLISH VERSION
OF HOUSE BILL-63FN

House Bill 63FN will change and improve existing law which currently treats manufactured housing (i.e. mobile homes) in a confused and disorganized fashion. Manufactured housing currently has some attributes of personal property and some attributes of real property – in short, it is neither fish nor fowl. The proposal would clarify existing ambiguities by making it clear that manufactured housing, once it is placed on a site and connected to the utilities, is real property, just like any other home in the State of New Hampshire. It is only appropriate to recognize that peoples' homes are real property, rather than a mere chattel.

The Bill would accomplish the following specific objectives:

1. Sections 1, 2, 3, 4 and 5 change existing statutory references to mobile homes and create a new definition in those sections called "manufactured housing." Manufactured housing is deemed to be real estate when it is connected to the required utilities such as plumbing, heating and electrical systems. Manufactured housing is not real estate in the hands of the dealer, but only becomes real estate when it reaches the hands of the purchaser and is actually installed on a site.

2. Sections 7 and 8 of the Bill make manufactured housing subject to transfer taxes in the same manner as other real estate. Upon a transfer of title to manufactured housing, both the purchaser and seller pay a transfer tax to the register of deeds

where the manufactured housing will be located after the transfer.

3. Section 9 of the Bill requires that inventories be provided to local assessing officials to facilitate their taxation as real property.

4. Section 13 of the Bill makes it clear that because manufactured housing is real estate, you must be a licensed real estate agent in order to sell it. There is an exception for dealers and park owners who engage in the business of selling manufactured housing.

5. Section 14 of the Bill eliminates existing methods of titling and transferring manufactured housing and requires that liens, attachments and other interests in manufactured housing be recorded in the registry of deeds where the manufactured housing is located. Thus, to ascertain the status of title to manufactured housing, under this Bill one will have to simply review the records of the registry of deeds to determine the state of title.

6. Section 15 of the Bill establishes a homestead right of $5,000.00, for every person in his manufactured housing.

7. Sections 16 through 19 alter statutory references to mobile homes and change them to manufactured housing. Additionally, several sections of the RSA's are amended to provide for consistent treatment of manufactured housing as real estate.

Case: 21-1712-BAH-Doc #: 34-6 Filed: 06/14/22 Desc: Exhibit E to Memo-Senate Journal Page 1 of 2

is real property. Just like any other home in the State of New Hampshire. It is appropriate to recognize that people's homes are real property rather than chattel. Sections 1-5 just changes the existing statutory references to mobile homes and creates a new definition of these sections called manufactured housing. Section 7 and 8 of the bill makes manufactured housing subject to transfer taxes in the same manner as other real estate. Section 9 of the bill requires an inventory be provided to the local assessing official to facilitate taxation as real property. Section 13 of the bill, which caused just a little bit of controversy in the committee, requires a real estate license to sell manufactured housing. There is an exception for dealers and for park owners who sell manufactured housing located in parks they operate. Most importantly, individuals selling their own manufactured homes do not need a license. The banking industry was interested in section 14 of the bill, we straightened that out. Section 16 through 19 just alters the statutory reference to mobile homes and changes them to manufactured housing. I will ask the Senate to go along with this bill. I think it is a good piece of legislation and it will clear up a lot of problems.

### Amendment to HB 63-FN

Amend the bill by striking out section 13 and inserting in place thereof the following:

13  Sales of Manufactured Housing by Dealers, Brokers and Park Owners.  Amend RSA 331-A by inserting after section 9 the following new section:

331-A:10  Sales of Manufactured Housing by Park Owners. Notwithstanding any other provision of this chapter to the contrary, any person owning or operating a park, including his regular employees, in which manufactured housing to be sold or leased is located, may, for a fee or commission or other valuable consideration, list, sell, purchase, exchange or lease such manufactured housing without a license of a broker or salesman.

Amend RSA 477:44 as inserted by section 14 of the bill by inserting after paragraph II the following new paragraph:

III. Initial Transfer of Title to Manufactured Housing. A deed, substantially in the form prescribed by subparagraph II(a) and (b), duly executed and delivered, shall be required to transfer title to any manufactured housing in a transaction occurring prior to connection of such manufactured housing to the required utilities.

IV. As an alternative to the methods prescribed in paragraph II for mortgages of and foreclosures and executions upon manufactured housing, security interests in manufactured housing may be created in the manner prescribed in RSA 382-A:9. Such security interest, properly perfected in the manner prescribed in RSA 382-A:9-401(1)(b) shall be entitled to priority over any other interests in such manufactured housing arising after such perfection. A person holding a security interest in manufactured housing shall have all the rights, remedies and obligations provided in RSA 382-A:9; subject, however, to homestead rights as provided in RSA 480:1. In the event such homestead rights are not waived, a secured party foreclosing upon a security interest created under this paragraph shall first pay to the debtor an amount equal to that which a person is entitled to under RSA 480:1, and the same amount to his or her spouse, if any, out of the proceeds of the sale of the manufactured housing, which payment shall extinguish all homestead rights therein.

Amendment adopted. Ordered to third reading.

HB 572-FN, creating a uniform interest rate penalty for the late filing of tax returns, and amending exceptions to the penalty for the underpayment of estimated tax. Ought to pass. Sen. Hough for the committee.

SEN. HOUGH: The Committee on Ways and Means recommends passage of this act. It sets the penalty interest rate on unpaid taxes to 18 percent. At the present time the formula as announced by the Department of Revenue is the Internal Revenue Services variable rate which as of July 1st will be 11 percent. If we were to set this at a rate of 18 percent it would be an incentive for people to in fact not pay their taxes in a timely fashion and be penalized at 11 percent, and in some instances make a better return on that money, putting it elsewhere. The committee unanimously supports this bill.

Case: 21-1074 · BAH · Doc #2-34 · Filed 06/17/22 · Desc Exhibit Exhibit F to Memo NH Laws 1983 230:15 · Page 1 of 1

Witness ................. hand this ................ day of ........... 19 ....
Witness: ...............................
(Here add acknowledgment)

III. Initial Transfer of Title to Manufactured Housing. A deed, substantially in the form prescribed by subparagraphs II(a) and (b), duly executed and delivered, shall be required to transfer title to any manufactured housing in a transaction occurring prior to connection of such manufactured housing to the required utilities.

IV. As an alternative to the methods prescribed in paragraph II for mortgages of and foreclosures and executions upon manufactured housing, security interests in manufactured housing may be created in the manner prescribed in RSA 382-A:9. Such security interest, properly perfected in the manner prescribed in RSA 382-A:9-401(1)(b) shall be entitled to priority over any other interests in such manufactured housing arising after such perfection. A person holding a security interest in manufactured housing shall have all the rights, remedies and obligations provided in RSA 382-A:9; subject, however, to homestead rights as provided in RSA 480:1. In the event such homestead rights are not waived, a secured party foreclosing upon a security interest created under this paragraph shall first pay to the debtor an amount equal to that which a person is entitled to under RSA 480:1, and the same amount to his or her spouse, if any, out of the proceeds of the sale of the manufactured housing, which payment shall extinguish all homestead rights therein.

**230:15 Homestead Reference.** Amend RSA 480:1 (supp) as amended by striking out said section and inserting in place thereof the following:

**480:1 Amount.** Every person is entitled to $5,000 worth of his homestead, or of his interest therein, as a homestead. The homestead right created by this chapter shall exist in manufactured housing, as defined by RSA 31:118, which is owned and occupied as a dwelling by the same person but shall not exist in the land upon which the manufactured housing is situated if that land is not also owned by the owner of the manufactured housing.

**230:16 Reference Deleted.** Amend RSA 528:2 (supp) as amended by striking out said section and inserting in place thereof the following:

**528:2 Goods.** Goods and chattels taken on execution shall be safely kept by the officer, at the expense of the debtor, 4 days at least; shall be advertised for sale by posting notices of the time and place of sale at 2 of the most public places in the town where the sale is to be held 48 hours before the expiration of said 4 days; and shall be sold at auction to the highest bidder.

**230:17 Reference Deleted.** Amend RSA 528:4 (supp) as amended by striking out said section and inserting in place thereof the following:

**528:4 Proceeds of Sale.** The money arising from the sale of unencumbered personal property under RSA 528:2 shall be applied by the officer to the payment of the charges and the satisfying of the executions levied thereon, in the order in which the attachments thereon, if any, were made, otherwise in the order in which the executions were delivered to him; and the balance, if any, shall be returned to the debtor.

**230:18 Statutory References to Mobile Homes.** Amend the following sections and paragraphs of sections of RSA by striking the words "mobile home," "house trailer," "travel trailer" and "trailer" and inserting in place thereof the following (manufactured housing) and by making any necessary

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re: Katherine R. Brady,                    CASE NO. 21-10712-BAH
                              Debtor.          CHAPTER 13

## RESPONSE OF TRUSTEE TO DEBTOR'S MOTION
## TO ALTER OR AMEND JUDGEMENT


       NOW COMES LAWRENCE P. SUMSKI, Chapter 13 Trustee in the above-

cited case, and hereby responds to the above-cited debtor's Motion to Alter or

Amended Judgement, stating as follows:

       1.  The Court having held a full and fair hearing on the outstanding issues
on May 20, 2022, and having issued an appropriate Order, the Trustee believes
that the Order should stand as is.

       2.  The Trustee notes that contrary to the additional argument and
citations now provided by the debtor, it is clear that the legislature's very act of
adding RSA 480:3-a indicates that the legislature decided to protect the interests
of a non-owning spouse of the owner of real estate upon the demise of the
owner; the addition of this clarifying statute indicates its determination that before
480:3-a was adopted (in other words when the original homestead act was
passed) the legislature believed that such a non-owning spouse had no
homestead interest.

       3.  The Court's current ruling is consistent with the expressed and
inferable intent of the legislature, and no cause exists for it to be altered.


WHEREFORE THE UNDERSIGNED PRAYS:

       A.  That the motion not be approved;

       B.  For such other and further relief as may be just.


       Respectfully submitted,


       /s/ Lawrence P. Sumski
       Lawrence P. Sumski
       Chapter 13 Trustee
       32 Daniel Webster Highway
       Suite 15
       Merrimack, NH  03054
       (603) 626-8899

CERTIFICATE OF SERVICE

I, Lawrence P. Sumski, hereby certify that on this the 21st day of June, 2022
I caused a copy of the foregoing Response to Debtor's Motion to Alter or Amend
Judgement, to be served electronically via ECF upon the following:

      Attorney Leonard Deming
      Attorney Edmond Ford
      U.S. Bank, N.A.
          c/o Attorney Richard Mulligan
      Office of the U.S. Trustee

and to Katherine R. Brady at 27 Pinewood Drive, Merrimack, NH  03054.

                          /s/ Lawrence P. Sumski
                          Lawrence P. Sumski
                          Chapter 13 Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                        Bk. No. 21-10712-BAH
                                                              Chapter 13
Katherine R. Brady,
              Debtor


## **ORDER**

On June 3, 2022, the Court issued a memorandum opinion and order (Doc. Nos. 70 and

71) (collectively, the "Order") where in the Court sustained Chapter 13 Trustee Lawrence P.

Sumski's objection[1] to the Debtor's claim of a homestead exemption under New Hampshire

RSA 480:1 on behalf of her non-debtor, non-owner spouse (Doc. Nos. 1, 19, and 43) and his

objection to the Debtor's amendment to Schedule D (Doc. No. 45 and 47).  On June 17, 2022,

the Debtor filed "Debtor's Motion to Alter or Amend Judgment as to Order Sustaining the

Trustee's Objection to Debtor's Claim of Second Homestead Exemption and/or Debtor Spouse's

Claim of Encumbrance Pursuant to Federal Rule of Bankruptcy Procedure 9023 and/or Relief

from Order Pursuant to Federal Rule of Bankruptcy Procedure 9024" (Doc. No. 74) (the

"Motion") to which the Chapter 13 Trustee filed a response (Doc. No. (Doc. No. 65) (the

"Response").  Because the Motion was filed within fourteen days of the Order, the Court will

consider it as one seeking relief under Federal Rule of Bankruptcy Procedure 9023, which

incorporates Federal Rule of Civil Procedure 59(e), and will not consider the Debtor's alternative

request to grant relief pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule

of Civil Procedure 60(b)(6).

---

[1]  Upon the Debtor's conversion of her case from chapter 7 to chapter 13, the Chapter 13 Trustee adopted
the objection to homestead exemption, which was originally filed by the chapter 7 trustee.  See Doc. No.
43.

To succeed on a Rule 59(e) motion, a moving party must establish an intervening change in the controlling law, a clear legal error, or newly discovered evidence.  Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 723 (1st Cir. 2014).  The Debtor's Motion does none of these things.

The Debtor admits that the salient facts are not in dispute, and she has not made any argument that new evidence has been discovered.  The Debtor also does not argue that there has been a change in the controlling law since the Order issued.  Rather, the Debtor contends the Court made a clear legal error in denying the Debtor's assertion of a homestead exemption under RSA 480:1 on behalf of her non-debtor, non-owner spouse.[2]

The Debtor's memorandum filed in support of the Motion basically rehashes the arguments made in the briefs and at the hearing the first time around, with some embellishment and perhaps clarification.  The Court sees no reason to reopen the argument, reconsider arguments that were previously made, or consider arguments that could have been raised the first time around but were not.  Even if it did, the memorandum includes references to a non-binding state law case and legislative history that do not establish that the Court made a clear legal error. The Debtor herself states that the language in NH RSA 480:1 is "perhaps sloppy," which makes it hard to conclude that the Court made a "clear" error of law.

Further, in the Response, the Chapter 13 Trustee notes that "the additional argument and citations now provided by the debtor [makes] clear that the legislature's very act of adding RSA 480:3-a indicates that the legislature decided to protect the interests of a non-owning spouse of the owner of real estate upon the demise of the owner; the addition of this clarifying statute

---

[2]  The Debtor does not substantively address the Court's denial of her amendment to Schedule D, which asserted that her non-owner spouse possesses a lien that secures his interest in the couple's residence. Therefore, the Court will not address it either.

indicates its determination that before [RSA] 480:3-a was adopted (in other words when the original homestead act was passed) the legislature believed that such a non-owning spouse had no homestead interest."  The Court agrees with this position.

Because the Debtor has not demonstrated any intervening change in the controlling law, that the Court committed a clear legal error, or the existence of newly discovered evidence, the Court will not alter or amend the Order under Rule 59(e).  The Court therefore also declines the Debtor's invitation to certify the issue of whether a non-owner spouse is entitled to a separate homestead exemption under RSA 480:1.[3]

Accordingly, the Motion is denied.  The hearing set for August 3, 2022, on the Motion is hereby canceled.

ENTERED at Concord, New Hampshire.


Date:   July 7, 2022                              /s/ Bruce A. Harwood
                                                  Bruce A. Harwood
                                                  Chief Bankruptcy Judge

---

[3] Should she pursue an appeal, the Debtor is certainly free to make that request of any appellate tribunal.

**2021 BNH 004**      Note:   **This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.**
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                  Bk. No. 21-10238-BAH
                                                                        Chapter 13
Kevin W. Hopkins,
              Debtor

*Marc L. Van De Water, Esq.*
*Van De Water Law Offices, P.L.L.C.*
*Manchester, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Manchester, New Hampshire*
*Chapter 13 Trustee*

## MEMORANDUM OPINION

## I.  INTRODUCTION

On May 19, 2021, Lawrence P. Sumski, the chapter 13 trustee (the "Trustee") filed an

objection to the Debtor's claim of exemption under New Hampshire RSA 480:3-a (Doc. No. 19)

(the "Objection").  In Schedule C, the Debtor asserted the homestead exemption of his deceased

spouse in their marital home.  On June 15, 2021, the Debtor filed a response to the Objection,

reiterating that a surviving spouse can assert the homestead right of a deceased spouse pursuant

to RSA 480:3-a (Doc. No. 34).  The Court held a hearing on June 25, 2021, and ordered the

parties to file a joint statement of stipulated facts by July 23, 2021, and memoranda of law on or

before September 1, 2021 (Doc. No. 35).  The parties filed a joint statement of stipulated facts on

July 21, 2021 (Doc. No. 44).  The parties filed memoranda of law on August 25, 2021 (Doc. No.

46) and September 1, 2021 (Doc. No. 47).  The Court heard oral argument on the Objection on

October 1, 2021, and took the matter under advisement (Doc. No. 52).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§

1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of

New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).


## II.  FACTS

The facts are straightforward.  The Debtor and his late spouse purchased property located

at 27 Hunt Pond Road in Sandown, New Hampshire (the "Residence") as joint tenants with

rights of survivorship.  The deed was recorded on August 31, 2007.  The Debtor's spouse died on

February 28, 2017.  At the time of her death, the Debtor and his spouse were married, and the

couple lived together in the Residence.

The Debtor filed a chapter 13 bankruptcy petition on April 14, 2021 (Doc. No. 1).  He

listed the Residence on Schedule A/B as being worth $429,000.00, noting it was "co-owned with

deceased spouse--Debtor entitled to her homestead exemption as well as Debtor's unde[]r RSA

480:3a."  On Schedule C, the Debtor claimed three exemptions in the Residence: (a) $120,000.00

under NH RSA 480:1; (b) $120,000.00 under NH RSA 480:3-a; and (c) $2,500.00 under NH

RSA 511:3(XVIII).  The Trustee timely objected to the Debtor's homestead exemption claim

under RSA 480:3-a; he did not object to the Debtor's other exemption claims.

While in bankruptcy, the Debtor filed a motion to sell the Residence (Doc. No. 11).  That

motion was granted on June 2, 2021 (Doc. No. 25).  The sale closed with the Residence selling

for $510,000.00.  After paying the mortgagee's claim, closing costs, a real estate broker's

commission, the Debtor's $120,000.00 homestead exemption under RSA 480:1, and the total

amount due under the Debtor's unconfirmed chapter 13 plan, there remained $108,868.58 in net

proceeds to be held by Debtor's counsel pending resolution of the homestead exemption dispute

(Doc. No. 41).  The amount held in escrow was reduced to $43,000.00, pursuant to a further

court order, as the parties agreed that the reduced amount should be sufficient to pay all timely

filed unsecured claims, as well as all fees due under the Debtor's unconfirmed plan (Doc. No.

41).

## III.  DISCUSSION

The issue before the Court is whether the Debtor is entitled to claim a separate exemption

under RSA 480:3-a and retain proceeds from the sale of the Residence on account of that

exemption.  For the reasons set forth below, the Trustee's Objection is sustained.  The Debtor

cannot exempt an interest in the Residence or the sale proceeds pursuant to RSA 480:3-a.

Accordingly, the funds held in escrow must be paid into the Debtor's chapter 13 plan so that the

plan meets the requirements of 11 U.S.C. § 1325.

RSA 480:3-a provides:

The owner and the husband or wife of the owner are entitled to occupy the homestead
right during the owner's lifetime.  After the decease of the owner, the surviving wife or
husband of the owner is entitled to the homestead right during the lifetime of such
survivor.

The Trustee notes that RSA 480:3-a is titled "Duration."  RSA 480:1, on the other hand, is titled

"Amount."  RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000

worth of his or her homestead, or of his or her interest, therein as a homestead."  The Trustee

argues that the plain language of RSA 480:3-a refers to "occupancy" and "duration," not "value"

or "amount."  The owner and the owner's spouse are entitled to "occupy … the homestead …

during … the owner's lifetime … and during the lifetime of such survivor."  RSA 480:3-a.  Thus,

the statute is concerned with providing an owner's spouse with a homestead during both the

owner's lifetime and during the lifetime of the surviving non-owner spouse.

The Debtor argues that the Trustee seeks to eliminate the dual nature of the homestead

right, which according to the Debtor includes both occupancy and amount.  He states that the

Trustee is erroneously focusing only on occupancy and not the amount.  In support of the

Debtor's contention that the homestead right has a dual nature, the Debtor cites "The Eighth

Biennial Report of the Judicial Council of the State of New Hampshire" dated December 31,

1960 (the "Report"), which discusses a proposal to abolish the homestead rights of minors under

RSA 480.  Citing the Report, the Debtor contends that, since 1851, New Hampshire's homestead

act has focused on providing a surviving spouse with both a right to occupy the homestead and to

claim an exemption in the then applicable dollar amount:  "After decease of the owner, the

surviving spouse of the owner, during his or her lifetime and the children during their minority,

are entitled to occupy the homestead right, that is to claim an exemption of $1500.00 in the

homestead free from the attachment of creditors (RSA 480:3."  Report at 19.  While the language

of the Report as cited by the Debtor is accurate, the entire focus of this section of the Report is

the elimination of the rights of minor children of the owner under the homestead statute, not

whether a surviving owner spouse is entitled to double his or her homestead exemption by

adding to the owner's homestead exemption that of the deceased spouse or co-owner.  To the

extent that the Report is relevant at all, the context of the quoted portion is the "surviving spouse

of the owner" being able to continue to occupy the homestead (or claim an exemption of

$1,500.00) once the owner dies.  In other words, it is at the owner's death that the surviving

spouse's rights to claim the homestead arise, so the duration of those rights commences upon the

death of the spouse.  If the surviving spouse already has his or her own homestead rights as a co-owner, the duration of those rights is not affected by the predeceasing spouse.

Thus, in the Court's view, RSA 480:3-a is designed to protect spouses who do not hold an ownership interest in the homestead property themselves and is focused on the duration of the spouse's homestead right.  The Court finds support for this view in various decisions of the New Hampshire Supreme Court, as well as in federal court opinions.

In 1885, the New Hampshire Supreme Court confirmed that the homestead law as written in 1851 was focused on occupation, ensuring that a widow had "a right to use and occupy for life" the family homestead.  Lake v. Page, 63 N.H. 318, 318 (1885).  The homestead law was amended in 1868.  See id.  The New Hampshire Supreme Court explained that under the amended law the widow would have a "a vested estate for life in the premises," which she could occupy as a homestead or sell off.  Id. at 319.  Again, in Folsom v. Folsom, 68 N.H. 310, 310 (1895), the New Hampshire Supreme Court emphasized occupancy by noting that the wife of an owner "is entitled to occupy [the homestead] during her life."

Nearly one hundred years later, in 1993, the New Hampshire Supreme Court explained in Boissonnault v. Savage, 173 N.H. 229, 232 (1993), that RSA 480:3-a "merely establishes the duration of the homestead right; it does not define the nature of the right itself."  Further, in Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 226 (2014), the New Hampshire Supreme Court explained:

> The statutory protection of the homestead right also extends to spouses who occupy the homestead but are not title owners of the property:  "The owner and the husband or wife of the homeowner are entitled to occupy the homestead right during the owner's lifetime," and, after the owner's death, the surviving spouse is entitled to the homestead right during his or her lifetime.  RSA 480:3-a; see Bothell v. Sweet, 6 A. 646, 648 (N.H. 1886) (concluding that plaintiff's homestead right was not affected by three mortgages in which she did not join because she "preserved her homestead right by occupation").  The

statute, therefore, contemplates a homestead right in both spouses, even when only one spouse legally owns the homestead.  See RSA 480:3-a.

In 2019, the New Hampshire Supreme Court quoted Maroun, stating that "'[t]he statutory protection of the homestead right' applies not only to the homeowner, but 'also extends to spouses who occupy the homestead but are not title owners of property.'"  Sabato v. Fed'l Nat'l Mort. Ass'n, 172 N.H. 128, 132 (2019).  The court stated further that "[w]e long ago recognized that '[t]he homestead right is merely an inchoate right, which is not assignable until the homestead is set out and assigned in specific property.  It then becomes a vested estate.'"  Id. at 137 (citations omitted).

Also, in 2019, the Court of Appeals for the First Circuit cited Maroun in Deutsche Bank Nat'l Trust Co. v. Pike, 916 F.3d 60, 68 (1st Cir. 2019), explaining:

> When a married couple resides together in a home, the homestead right "extends to … both spouses, even when only one spouse legally owns the homestead."  Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a); see also N.H. Rev. Stat. Ann. § 529:20-a.  The homestead right of a property owner's spouse is established once he or she physically occupies the subject property.  Walbridge v. Estate of Beaudoin, 163 N.H. 804, 48 A.3d 964, 966 (2012).

And in In re Visconti, 426 B.R. 422, 426 (Bankr. D.N.H. 2001), Judge Deasy of this Court wrote:

> [T]he homestead exemption under RSA 480:1 requires both occupancy and ownership.  However, a spouse who does not hold an ownership interest does have a right to occupy the homestead during the owner-spouse's lifetime and can claim a homestead right for their life after the death of the owner-spouse.  See RSA 480:3–a. … Under New Hampshire law, individuals may claim a homestead interest only in property that they or their spouse own. …  Ownership must exist either in the person claiming the homestead or that person's spouse.

Taking these cases together, the Court finds that the exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death.  Residents who have an ownership interest in their residence can assert their own

homestead exemption upon a spouse's death.  Because the Debtor did have an ownership interest in the Residence at the time that he filed bankruptcy, he was able to claim a homestead exemption in the amount of $120,000.00 pursuant to RSA 480:1; therefore, he did not need further protection and should not be able to assert an additional homestead exemption under RSA 480:3-a.  The Debtor's own homestead exemption provides him with "the shelter of the homestead roof" and "protects [him] from destitution."  Maroun, 167 N.H. at 225-26 (quoting Deyeso v. Cavadi, 165 N.H. 76, 79-80 (2013)).

## IV.  CONCLUSION

For the reasons set forth above, the Objection is sustained.  The Debtor may not assert an exemption under RSA 480:3-a in the Residence or in proceeds from its sale.  The funds being held in escrow must be paid into the Debtor's chapter 13 plan to satisfy the requirements of 11 U.S.C. § 1325.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Concord, New Hampshire.


Date:   November 5, 2021                          /s/ Bruce A. Harwood
                                                 Bruce A. Harwood
                                                 Chief Bankruptcy Judge

**2015 BNH 013 Note: This is an unreported opinion. Refer to LBR 1050-1 regarding citation.**

---

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                     Bk. No. 14-10131-BAH
                                                           Chapter 13

Noah S. Weiner,
              Debtor

*Joel Jay Rogge*                                           *David E. LeFevre*
*Law Office of Joel Jay Rogge*                             *Tarbell & Brodich, P.A.*
*Marblehead, MA*                                           *Concord, NH*
*Attorney for the Debtor*                                  *Attorney for Bank of New Hampshire*
*Attorney for Ekaterina Ponomareva*

## <u>MEMORANDUM OPINION</u>

## I.   INTRODUCTION

Before the Court is an objection to the debtor's homestead exemption (the "Objection").[1]

Creditors Bank of New Hampshire (the "Bank") and Marilyn Richards ("Richards")[2] both allege

that the debtor, Noah Weiner (the "Debtor"), and his non-debtor spouse, Ekaterina Ponomareva

("Ponomareva"), abandoned their homestead interest in certain property in Meredith, New

Hampshire and moved to Costa Rica, pre-petition.   The Debtor and Ponomareva both deny

abandoning their homestead interest.   After a period of discovery, the Court held an evidentiary

hearing on the Objection, at which a number of witnesses testified.   After the hearing, the Court

took the matter under advisement.

---

[1] The Bank and Richards each filed separate objections to the homestead exemption (Doc. Nos. 151 & 168).   Both objections raise identical issues, so the Court refers to them collectively as a singular objection.
[2] Richards is <u>pro se</u>.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.   This is a core proceeding in accordance with 28 U.S.C. § 157(b).   In the event a reviewing court determines that this Court lacked jurisdiction to enter a final order, that court may treat the following opinion as proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 157(c).

## II. FACTUAL BACKGROUND

The following factual background is drawn from the evidentiary hearing's record.   Where necessary, the Court has taken judicial notice of the docket.   Before filing his bankruptcy petition, the Debtor ran a furniture business, which experienced financial difficulty sometime in the late spring or early summer of 2012 and closed shortly thereafter.   At this time, the Debtor was living in the property located at 9 Waukewan Avenue in Meredith, New Hampshire (the "Property") with Ponomareva and their two children.   The Property is a two-floor, two-family home with an extensive basement and finished attic space.   The Debtor was renting out the second floor unit and living on the first floor.   Ponomareva is not an owner of the Property; it is titled solely in the Debtor's name.

In July of 2012, the Debtor and Ponomareva took what they described as a family vacation to Costa Rica.   Rod Ladman, a former business associate of the Debtor, testified that the Debtor told him the purpose of this trip was to pursue business opportunities.   The record is unclear as to when the Debtor and Ponomareva returned to the United States from their trip.   Upon their return, however, the Debtor's financial situation had not improved, and Ponomareva decided that it would

be best for her and the children to leave New Hampshire and stay with her parents in Russia.    She

departed for Russia in December 2012, while the Debtor remained behind.

        During the winter and spring of 2013, the Debtor worked with his creditors, liquidating

certain assets in an effort to satisfy some of his debts.    One of the assets the Debtor sold was a

motorcycle.    The buyer was Mike Cummins, who worked with the Debtor's tenant.    Cummins

testified that when he went to pick up the motorcycle and asked why the Debtor was selling it, the

Debtor informed him that he was moving to Costa Rica.    Cummins also testified that when he

went to the Property, one of the rooms on the first floor had an unidentified woman living in it,

who appeared to be a tenant.    Ladman, the Debtor's business associate, also testified that the

Debtor told him he had decided to move to Costa Rica, after the vacation the previous summer.

        In April 2013, the Debtor traveled from the United States to Russia to bring back

Ponomareva and the children.    See Ex. 105.[3]    The Debtor returned to the United States on May 9,

and Ponomareva returned on June 20.    Shortly thereafter, both departed for Costa Rica, arriving

on June 26, 2013.    After the Debtor moved to Costa Rica, his tenants sent their rent payments

directly to him.    The tenants also took care of paying bills, such as utility bills, which the Debtor

could not easily take care of from abroad.    The Debtor and Ponomareva did not return to the

United States until November 26, 2013, when they came back to visit family.    After the visit, they

departed for Costa Rica, arriving there on December 9, 2013.

        The Debtor filed his bankruptcy petition on January 27, 2014 (the "Petition Date"), while

he was in Costa Rica.    He opted to claim New Hampshire state exemptions pursuant to 11 U.S.C.

---

[3]  The Debtor's and Ponomareva's passports were introduced as evidence.    Exhibits 105 and 106 are summaries of the entry and exit dates contained in each of the passports.    Both the Debtor and Ponomareva testified that Exhibits 105 and 106 were accurate summaries of their travels.    When the Court refers to specific travel dates, the reference is based on Exhibits 105 and 106.

§ 522(b).[4]   See Doc. No. 20, Schedule C.   He filed his first chapter 13 plan on February 25, 2014.

The plan stated in paragraph 13 that the Debtor would sell the Property, retaining his homestead

exemption amount of $100,000, and then distribute the remaining proceeds to creditors holding

claims secured by the Property.   At this point, the Bank and Richards filed objections to the

Debtor's homestead exemption, claiming that he had abandoned it by moving to Costa Rica.   See

Doc. Nos. 34 and 57.

The Debtor returned, without Ponomareva, for the section 341 meeting of creditors, which

was held on March 3, 2014.   He then traveled to Costa Rica on March 13, 2014.   Both the Debtor

and Ponomareva returned to the United States in April to attend a hearing on the Objection on

April 29, 2014.   Both then departed to Costa Rica.

Beginning in January 2015, the Debtor filed a series of amended chapter 13 plans.   The

first of these was the amended plan dated January 19, 2015 (Doc. No. 149).   For the first time, this

plan raised the issue of Ponomareva's homestead exemption, asserting that she was entitled to a

separate $100,000 exemption.   A few days later, on January 21, 2015 the plan was again

amended, this time to state that the Property would be sold "if necessary" (Doc. No. 159).   These

amended plans engendered another round of exemption objections from the Bank and Richards.

See Doc. Nos. 151 and 168.   In this second round of objections, Richards and the Bank made it

clear that they objected to Ponomareva's homestead exemption as well as the Debtor's.   The

Debtor amended the chapter 13 plan twice more, once on March 1, 2015 (Doc. No. 192) and

finally on March 12, 2015 (Doc. No. 199).   Each of these plans changed the language with respect

---

[4]  All further references to §, section, Code, or Bankruptcy Code are references to title 11 of the United States Code, unless otherwise indicated.

to the Property to make it clear that it would be sold, removing the "if necessary" qualifier.   The Court confirmed the latter of these plans on March 26, 2015.

The issue of Ponomareva's homestead exemption raised jurisdictional questions, including whether Ponomareva was a party to the Objection and to the Debtor's chapter 13 case.   The Court resolved these issues in an order dated March 26, 2015 (Doc. No. 207), in which the Court concluded that it had jurisdiction over the issue of Ponomareva's entitlement to a homestead exemption and that she was a necessary party to the dispute.[5]

The Court held the evidentiary hearing on the Objection on July 30, 2015.   At the hearing, the Debtor explained that he had traveled to Costa Rica to temporarily escape a toxic situation, where his business was failing and his property was being seized.   He asserted that he had not abandoned his homestead interest in the Property, that he still considered it his home, and that he intended to return eventually.   He further explained that he did not have a permanent job in Costa Rica and was house-sitting for a friend while there.   To support the contention that he had not abandoned his homestead interest, the Debtor pointed out that he still had many personal possessions at the Property and that the first floor, attic, and basement remained unoccupied, awaiting the return of him and Ponomareva.   The Debtor also raised the issue of a letter he had sent to the Belknap County Superior Court in September 2013.   In this letter, he had stated that, "I would like to activate my homestead protection act rights for my wife and I so we do not lose our home."   Ex. 109.   The letter also referenced the Debtor's desire to "move back into [his] home." <u>Id.</u>

---

[5] The details of the Court's reasoning are not relevant to the matter at hand.

The Debtor's second-floor tenant, Justin Thomas, also testified on the Debtor's behalf. His testimony was brief, and in the relevant part consisted of Thomas stating that he had no reason to believe that the Debtor and Ponomareva had moved out of the Property.   Both the Debtor and Ponomareva testified that they had come to the evidentiary hearing from Costa Rica, where they were still living.   Ponomareva made it clear that she and her family had been living in Costa Rica continuously since moving there in 2013, and that while there she had given birth to another child.

The Debtor also raised the issue of his Costa Rica visa as evidence that he and Ponomareva intended to return to the Property.   The passport records show that roughly every 90 days they would depart Costa Rica, enter Panama, and then return to Costa Rica on the same day.   The Debtor explained that this was necessary because the type of visa he and his wife had only allowed them to stay in Costa Rica for 90 days at a time.   He further explained that they could get around this requirement by leaving Costa Rica for five hours, going to Panama, and then returning. This brief departure would reset the 90-day period.   The Debtor concluded that this tactic would not work forever and that he would have to return home to the United States, and the Property, eventually.

At the conclusion of the evidentiary hearing, the Court invited the parties to submit closing memoranda and then took the Objection under advisement.

## III.  DISCUSSION

The only question before the Court is whether the Debtor and Ponomareva are each entitled to a homestead exemption in the Property.   As the Debtor claimed state exemptions in his bankruptcy schedules, this is a question of New Hampshire law.   In New Hampshire, "[e]very

6

person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead."   RSA 480:1.   The owner of the homestead and the owner's spouse "are entitled to occupy the homestead right during the owner's lifetime."   RSA 480:3-a.   The effect of RSA 480:3-a is to vest "a homestead right in both spouses, even when only one spouse legally owns the homestead."   Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 226 (2014).   Bankruptcy Rule 4003(c), governing objections to a debtor's exemptions, places the burden of proof on the objecting party to establish that the claimed exemption is improper.   Fed. R. Bankr. P. 4003(c). Under New Hampshire law, "the homestead claimed by the [d]ebtor[] was created by the New Hampshire legislature as a matter of public policy and is to be construed liberally."   In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) (citing Currier v. Woodward, 62 N.H. 63, 66 (1882)).

The New Hampshire Supreme Court has consistently defined the homestead exemption: "'Homestead' means home place, or place of the home."   Austin v. Stanley, 46 N.H. 51, 52 (1865). "The statute was specifically intended to secure to debtors and their families, the shelter of the homestead roof; not to exempt mere investments in real estate, or the rents and profits derived therefrom."   Id.   In defining the homestead right, the Supreme Court has focused on the concept of occupancy:

> Occupancy is essential to the existence of the homestead right, and for the purpose of its creation or inception the occupancy must be actual; but when the premises have become invested with the homestead character, and a homestead has been once acquired, a constructive occupancy may be sufficient to retain it, and it will not be lost by a temporary absence with no intention of abandonment.

Currier, 62 N.H. at 65; see In re Weza, 248 B.R. 470, 473 (Bankr. D.N.H. 2000)("One of the prerequisites for asserting the New Hampshire homestead exemption is that the debtor reside at the property.")

As a preliminary matter, the Court finds that the Debtor and Ponomareva did at one time occupy the Property as their home and so it became "invested with the homestead character." Currier, 62 N.H. at 65.   The evidence was unequivocal on this point, as both the Debtor, Ponomareva, their neighbor, and the Debtor's tenant, Thomas, all testified to this effect.   There was no countervailing evidence.   The sole question before the Court, then, is whether the Bank and Richards presented sufficient evidence that the Debtor and Ponomareva were not temporarily absent from the Property, and intended to abandon the homestead interest.   See In re Dubravsky, 374 B.R. 467, 468 (Bankr. D.N.H. 2007) ("[O]nce homestead is established, temporary absence, with the intent to return or incident to a pending divorce, does not result in a loss of homestead.); In re Chase, 2003 BNH 032, at 5 ("Under New Hampshire law the failure to occupy the [p]roperty while residing somewhere else as a home results in a loss of the homestead right, unless the absence is 'temporary.'   The word 'temporary' is an adjective describing something that continues for a limited time, usually short and transitory in nature.")(citing Black's Law Dictionary)(7th ed. 1999).

In order to properly claim the homestead exemption, the claimed property must satisfy the relevant state law requirements as of the date of the bankruptcy petition.   Pasquina v. Cunningham (In re Cunningham), 513 F.3d 318, 324 (1st Cir. 2008) ("It is a basic principle of bankruptcy law that exemptions are determined when a petition is filed.").   In order for the Bank and Richards to prevail on their Objection, the Court must find that on the Petition Date, the Debtor and Ponomareva had already abandoned their homestead interest, and did not intend to return and live at the Property.   The Court finds that both pre-petition and post-petition evidence is relevant to answering this legal question.

8

There is no set legal standard under New Hampshire law for determining when a property loses its homestead character after the owner has moved elsewhere.   The New Hampshire Supreme Court has established that a person can have only one homestead at a time.   See Gerrish v. Hill, 66 N.H. 171 (1890) ("The law exempts but one homestead at the same time.") (citing Horn v. Tufts, 39 N.H. 478, 483 (1859) ("[A] man can have but one home at the same time.")).   In Gerrish v. Hill, the court addressed a situation in which a family had moved from a farm in one town (Enfield) to a different farm in another town (Franklin), and was attempting to assert a homestead exemption in the Enfield farm.   The court held that the debtors could not exempt the unoccupied Enfield farm because at the time the creditor in question had commenced to execute upon it, the debtors had already conveyed it to someone else; the debtors' occupancy of the Enfield property at the time of the execution was immaterial.   Gerrish, 39 N.H. at 171.

The debtors' conveyance of the property in Gerrish distinguishes it from the present case, but Gerrish is nonetheless relevant.   The court went on to observe that the debtors were "actually living upon and had a homestead in their Franklin farm when they made the demand for a homestead" in the Enfield farm they previously owned. The Gerrish court's final observation is relevant to this case.   When it was clear that the debtors had moved elsewhere, they could no longer claim a homestead exemption in the property they had moved from, notwithstanding the prior conveyance.   Here, the situation is not as clear cut as that in Gerrish because the Debtor still owns the Property.   The Court finds that the same logic applies, however, because the Debtor and Ponomareva had made their home elsewhere at the time they first asserted an exemption right in the Property on the Petition Date.

9

The totality of the evidence shows that the Debtor planned to move to Costa Rica, told at least two people about this plan, and then did actually move there, accompanied by Ponomareva. Two witnesses, Ladman and Cummins, testified that the Debtor told them he was moving to Costa Rica.   The Court found their testimony to be credible and there is nothing in the record that tends to discredit it.   The other evidence is consistent with what the Debtor told these witnesses.   The Debtor and Ponomareva have been living in Costa Rica—not the Property—since June 2013.   By their own testimony, the only times they returned during this period were for visits or to participate in discrete parts of the bankruptcy process, such as the 341 meeting and the evidentiary hearing.

The Debtor points to the New Hampshire Supreme Court's ruling in Meader v. Place, 43 N.H. 307 (1861), to demonstrate that his absence from the Property is not enough for the Court to find that he abandoned his homestead interest in the Property.   In Meader, a husband and wife had separated.   After the separation, the husband bought a new farm, lived there for a time, and then decided to travel to Minnesota on business.   He leased the farm when he left New Hampshire. After being in Minnesota for about a year, the husband died and the wife asserted a homestead right in the leased farm in New Hampshire.   The court ruled that the wife could exempt the farm in New Hampshire because the husband had not clearly abandoned it.   The court stated that at the time of the husband's death "it [was] by no means certain that he had adopted the State of Minnesota as his permanent home."   Meader thus stands, in part, for the proposition that a lengthy absence may still be a "temporary" absence.

The Court finds that Meader v. Place is distinguishable from the case at hand.   In Meader, the husband and wife were living separately, and the husband traveled wholly for business purposes to Minnesota.   The facts in that case were sufficient for the court to find that the

10

husband's absence from his homestead was temporary.   Here, the evidence shows that both the

Debtor and Ponomareva have moved indefinitely to Costa Rica.   The Debtor announced he was

moving, did in fact move, and Ponomareva accompanied him.   While living there, they had

another child, who has never lived in the United States.   These factors all coincide to show that the

Debtor and Ponomareva had abandoned the Property on the Petition Date.   Indeed, neither the

Debtor nor Ponomareva were able to present convincing evidence that would call into question the

evidence presented by the Bank and Richards.

     Both the Debtor and Ponomareva testified at the evidentiary hearing.   The Debtor testified

that he always intended to return to New Hampshire and that he still viewed the Property as his

home.   For a number of reasons the Court finds this testimony to lack credibility.   The Debtor

explained that he and his family could not remain in Costa Rica indefinitely because of their

90-day visa problem.   This argument lacks persuasive force because more than two years later,

the Debtor and Ponomareva are stilling living in Costa Rica under sequentially extended visas.

     Next, the Debtor testified that he still had much of his personal property in the Property,

demonstrating that he had not permanently moved out.   He did not provide any detail about the

personal property.   Again, this testimony is not credible because the Debtor is still living in Costa

Rica—he and his family have been without these possessions for over two years.   Without

additional evidence about the types of personal property that remains in New Hampshire, the Court

does not find this point to be material.

     When asked about what he was doing for work in Costa Rica, the Debtor testified that he

had been house-sitting for a family friend and doing simple home maintenance tasks.   Again,

when testifying about these activities, the Debtor spoke as if he had only been in Costa Rica for a

11

few months and the job was temporary.   It has, however, been years since he moved there, and the

Court does not find it credible that he could have been temporarily house-sitting for that amount of

time.   Based on this record, the Court is uncertain about what the Debtor and his family have been

doing in Costa Rica.   The Court infers that either the house-sitting job is more permanent than the

Debtor implied, or that he has obtained some type of other work.   Neither of these inferences

would be consistent with the Debtor's testimony that he intends to return to New Hampshire,

which further detracts from its credibility.

     The Debtor also pointed to the letter he had written a few months before filing his

bankruptcy petition as evidence of his intent to return to the Property.   While taken at face value

and in isolation from the other evidence, the letter would tend to support the Debtor's position.

But it is not credible evidence because the statements in the letter are no more consistent with the

Debtor's actions than his testimony at trial.   There is no objective evidence that the Debtor or

Ponomareva took steps to return to the Property.

     The Debtor was evasive when the Bank's counsel questioned him about any intentions he

may have had around the time of the bankruptcy petition with regard to selling the Property.   At

one point, the Debtor stated that he did not want to answer a question about whether he would have

sold the property on the Petition Date if he had received an offer for it.   From this refusal to

answer, the Court infers that the answer would have been damaging to the Debtor's narrative.

Indeed, the Debtor was never able to explain how his intention to return to the Property jibed with

the content of his then proposed and now confirmed chapter 13 plan, which involves the sale of the

Property.   Based on the Debtor's responses to this series of questions, the Court finds that the

Debtor displayed an awareness that his story was internally inconsistent; he did not seem to believe what he was saying.

The Debtor's tenant's testimony was no more credible.   He testified that he had no reason to believe the Debtor's family had moved out.   He did not provide any elaboration beyond stating that conclusion on direct examination.   On cross-examination, he simply denied that the fact that the Debtor and Ponomareva are living in Costa Rica could reasonably lead to the conclusion that they had moved out, again without elaboration.   Without more explanation, the Court finds these positions to be logically inconsistent.   Additionally, the Bank presented evidence that the Debtor routinely allowed his tenant to pay less than the agreed upon monthly rent, and that the Debtor and tenant were friends.   Both of these facts reflect the tenant's bias in favor of the Debtor, and cast doubt on veracity of the tenant's testimony.

In contrast, the Court found Ponomareva's testimony to be credible.   Her testimony did not help the Debtor's case, however.   Ponomareva testified that she and the children had been living in Costa Rica continuously since moving there in June 2013.   When asked about whether she intended to remain in Costa Rica or return to New Hampshire, she said that she left such decisions up to the Debtor.   In her closing brief, Ponomareva argued that if the Court finds that the Debtor abandoned his homestead interest in the Property, it could still find that she retained her separate homestead interest.   It is not necessary to reach the issue of separate homestead rights, however, because the facts show that the Debtor and Ponomareva made a joint decision to abandon their homestead interest in the Property.

13

**IV.   CONCLUSION**

For all of the foregoing reasons, the Court finds that the Debtor and Ponomareva are not entitled to a homestead exemption in the Property under New Hampshire law, and will sustain the Objection by separate order.   This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.


ENTERED at Manchester, New Hampshire.


Date:   December 24, 2015                          /s/ Bruce A. Harwood
                                                   Bruce A. Harwood
                                                   Chief Bankruptcy Judge

14

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

===============================

IN THE MATTER OF:                     .   Case #21-10712-BAH
                                      .
KATHERINE R. BRADY,                   .   Concord, New Hampshire
                                      .   **May 20, 2022**
                            Debtor.   .   9:02 A.M.

===============================

**TRANSCRIPT OF ZOOM HEARING RE:**
**[#19] OBJECTION TO HOMESTEAD EXEMPTION FILED**
**BY TRUSTEE EDMOND J. FORD;**
**[#47] OBJECTION TO DEBTOR'S AMENDED SCHEDULE D**
**FILED BY TRUSTEE LAWRENCE P. SUMSKI**
**BEFORE THE HONORABLE BRUCE A. HARWOOD, J.U.S.B.C.**

**APPEARANCES:**

For the Debtor:                  LEONARD G. DEMING, II, ESQ.
                                 Deming Law Office
                                 491 Amherst Street
                                 Suite #22
                                 Nashua, New Hampshire  03063

The Chapter 13 Trustee:          LAWRENCE SUMSKI, ESQ.
                                 Office of the Chapter 13 Trustee
                                 32 Daniel Webster Highway
                                 Suite #15
                                 Merrimack, New Hampshire  03054

Electronic Sound Recording Operator:   Rocio Menard

*Proceedings Recorded by Electronic Sound Recording*
*Transcript Produced by Certified Transcription Service*

CASCADE HILLS TRANSCRIPTION, INC.
5001 Woodland Hills Drive, Eagle, Nebraska 68347
(503) 871-5566 - Email: hagerruthann@aol.com

1  (9:02 a.m.)

2          THE CLERK:  Thank you.  The 9:00 a.m. hearing is now

3  in session.

4          Call the case of Katherine Brady, objection to

5  homestead exemption filed by the Trustee, as well as an

6  objection to debtor's amended Schedule D filed by the Trustee.

7          Leonard Deming, please state your appearance for the

8  record.

9              (No audible response.)

10          THE COURT:  Mr. Deming, you might still be on mute.

11          MR. DEMING:  Oh, Leonard -- yes, you're right, Your

12  Honor.  Leonard Deming on behalf of the debtor Katherine

13  Brady, Your Honor.

14          THE COURT:  Thank you.  Good morning, Mr. Deming.

15          MR. DEMING:  Good morning.

16          THE CLERK:  And Lawrence Sumski, please state your

17  appearance for the record.

18          MR. SUMSKI:  Larry Sumski, Chapter 13 Trustee.  Good

19  morning.

20          THE COURT:  Thank you.  And good morning,

21  Mr. Sumski.

22          All right.  So first of all, thank you both for

23  agreeing on as much as you could agree upon and true enough,

24  the facts here are pretty simple and straightforward, but I

25  appreciate everybody being on the same platform anyway.

1          So, Mr. Sumski, these are your objections, so why

2   don't I just let you lead off.  And I've got some -- I think

3   I've got more questions for Mr. Deming than I have for you, so

4   go ahead.

5          MR. SUMSKI:  Okay.  Well, I'll jump in.  Just

6   procedurally, as you well note, Judge, the debtor in addition

7   to claiming the homestead exemption on behalf of the non-owner

8   spouse attempted to amend the schedules to sort of get to the

9   same place, so I objected to that.  It's the same argument --

10         THE COURT:  Right.

11         MR. SUMSKI:  -- I think and I just -- I guess

12  procedurally I just have to mention it so that we understand

13  I'm talking about both things when I talk.

14         There's several recent cases, of course, and you're

15  well aware of that, having written the opinion in most of

16  them.  It seems like the law is right on point.  Although

17  it's -- talks about the homestead exemption in the context of

18  lien avoidance, it really says Party A can't rely on the

19  exemptions of Party B and that's what we have here.  The

20  debtor is trying rely upon the exemptions of someone else,

21  albeit the spouse.  But the spouse is not a party to this case

22  and the party -- the spouse can't claim any exemptions because

23  he's not a party to the case and she can't do it for him, I

24  think is what *Delong* (phonetic) says.

25         All of the cases that talk about the homestead

1  exemption seem to focus on the fact that ownership and

2  occupancy are required and as the party obviously is an

3  occupant, but he's just not an owner, we agree upon those

4  facts.  And while the cases are sort of hard to rely upon and

5  can be seen in different contexts, because they don't have a

6  straightforward fact pattern like this, occupancy and

7  ownership seem to be a common theme.  *Bisconti* (phonetic), for

8  example, says that when the debtor conveyed his interest to

9  the spouse before the bankruptcy was filing, he "extinguished"

10 his homestead right and, therefore, his right to the proceeds.

11 Same in *Laurento* (phonetic).  It was a similar thing where

12 they were claim -- they were fighting over the money from the

13 homestead, but the court said since he never had an ownership

14 interest, which is what we have here, he wouldn't have been

15 able to claim the homestead exemption, even if the property

16 still was owned at the time that the debtor filed the case.

17 That seems to be pretty clear on point.

18         So what does a non-spouse have?  Well, we learned

19 that from *Hopkins* that the debtor -- a non-debtor if they're

20 alive, let's say, certainly has an interest in the marital

21 property for marital court purposes, tenancy purposes,

22 inheritance rights, et cetera, but they're either an owner or

23 they're not an owner.  And in this case that we have here

24 today, this -- the spouse is just not an owner.

25         So it seems to me that choices have consequences

1  and, for whatever reason, these parties chose to have just one

2  of them be the owner of the property.  Married couples, of

3  course, generally own the property by -- in joint tenancy

4  but -- and presumably there's a reason when they don't.  I

5  don't know what the reason is here.  It doesn't really matter.

6  But I do know that often professional couples, married couples

7  choose to have just one party be the owner of property and in

8  an attempt to shield their marital assets from outsiders.

9          So if one party is a professional with a well-paying

10  job, but an exposure to, you know, possible tort or a contract

11  claims against him or her, it might make sense between the two

12  of them to have the other party own the property as a way to

13  shield it from the third parties.

14          But that works both ways.  If it's a shield, then it

15  can't then be used as a sword if that person files bankruptcy

16  and says, oh, I wanted to protect it from creditors, but now I

17  want extra protection by using the homestead myself and that

18  doesn't seem right to me.

19          And if we look at it from the creditors' point of

20  view, creditors when looking at that same married couple, A

21  and B, they might make a decision on whether to lend and

22  whether to expose their funds to -- based upon who is the

23  owner of the property.  If only A or only B, rather than both,

24  is the owner of the property, it might make a decision on how

25  that person decides to expose their capital to them knowing

1  that if they give it to the wrong party who doesn't have any

2  assets they -- if things went wrong they couldn't sue that

3  party to protect themselves.

4          So all these cases have nuances.  And what I'm

5  hoping in our decision here today will have -- since we have a

6  nice clear, clean fact pattern, hopefully we'll get an order

7  that people can rely upon.  I can tell the Court that at our

8  seminar recently, this was a matter of discussion, a lot of

9  opinions in all directions about this basic facts of whether a

10 party needs to be an owner of the marital property to be able

11 to claim the homestead exemption.  So this, I think, will have

12 a helpful opinion here.

13         And that's pretty much my position, Your Honor, so

14 thank you.

15         THE COURT:  Okay.  So one of the things that

16 Mr. Deming pointed out and I thought about this for a moment.

17 I'm curious as to your perspective on it, too.  I think you

18 drew an exemption between the federal exemptions and the state

19 exemptions and debtors proceeding here under state exemptions.

20 You know, if we look at the federal homestead exemption, I

21 think the distinction Mr. Deming was trying to make is that

22 one of them is party specific and the other is property

23 specific.  In 522(d)(1), the federal homestead exemption,

24 says, "The following property may be exempt under (b)(2)," and

25 it goes on to say the debtor's "aggregate interest not to

1 exceed the statutory value cap" and "real property or personal
2 property that the debtor or dependent of the debtor," which in
3 this case includes the debtor's spouse, because that's how
4 522(a) defines it, as a residence.

5          So if -- just react, if you would, to the
6 possibility that the debtor exercising the federal homestead
7 exemption might be limited to the debtor's interest in the
8 property versus Mr. Deming's argument that under state law
9 there's a separate independent homestead right that debtor and
10 the non-debtor/non-owner spouse can also claim, and that sort
11 of elevates the exemptions under state law in a way that just
12 isn't available under federal law.

13          MR. SUMSKI:  I guess I would have to disagree.  I
14 mean, the non-spouse, non -- I'm sorry, the spouse/non-owner
15 has rights to the property, sure.  What are those rights?
16 It's not the same as ownership.  That and the non-debtor
17 spouse couldn't sell their interest of the property to a third
18 party, so what do they have?  Well, it's hard to define, but
19 it's things -- other things, like -- it's like tenancy and
20 it's like inheritance rights and it's marital division rights,
21 but it's just not ownership.

22          And the cases -- I think in this state law case,
23 which is what we're talking about --

24          THE COURT:  Yeah.

25          MR. SUMSKI:  -- require ownership and occupancy and

1  that's just -- both things need to be present.  Both are not

2  present here.

3          THE COURT:  Okay.  All right.  Well, thank you,

4  Mr. Sumski.

5          All right.  Mr. Deming, let me start with a question

6  that sort of jumps off from where Mr. Sumski ended.

7          The debtor's perspective is -- and a non-debtor/non-

8  owner of residential real estate has their own $120,000

9  exemption separate and apart from that of the debtor who's in

10 title.  And you say that that's derived from 480:1, as it has

11 to be.  480:1, just to quote it fully for the record, says:

12         "Every person is entitled to $120,000 worth of his

13     or her homestead or of his or her interest therein as a

14     homestead.  Homestead right created by this chapter shall

15     exist in manufactured housing as defined by RSA 674:31,

16     which is owned and occupied as a dwelling by the same

17     person, which shall not exist in the land upon which the

18     manufactured housing is situated if that land is also not

19     owned by the owner of the manufactured housing."

20         So that's where this right has to be if the -- if it

21 springs from anywhere, it has to spring from the statute.  And

22 my first question on sort of a statutory construction basis is

23 ownership and occupancy are plainly set forth in 480:1.

24         So are you arguing that because those words appear

25 in the sentence about it refers to manufactured housing that

1   there is no ownership and occupied requirements or the first

2   sentence of 480:1, every person being entitled to $120,000

3   worth of their homestead?

4           MR. DEMING:  Well, Your Honor, it does specifically

5   refer to manufactured housing, so the strict language of the

6   statute -- Leonard Deming, by the way, speaking.  It does

7   refer specifically to the manufactured housing, but in that

8   sentence, so I suppose to strictly construe it, it would only

9   refer to that.

10          But I think that the larger thing that -- to look at

11  and what I can -- perspective that we have is that an interest

12  can exceed -- can be something other than just an ownership

13  interest.  And it seems to me that the statutes that refer to

14  this consistently refer to the exemption applying to both

15  spouses, regardless of ownership.

16          The other thing, I guess just as a preface -- well,

17  if I answered your question.  I do have other things to say,

18  but I did -- that's my answer to your question, Your Honor.

19          THE COURT:  Well, you didn't quite.  So just to

20  follow up on it, what I'm trying to understand is whether

21  you're saying that there's an ownership and occupancy

22  requirement for manufactured housing but not, for lack of a

23  better phrase, conventional housing.

24          MR. DEMING:  Well, I think it's may -- maybe it's

25  bad drafting, but it does seem to specifically reflect

1  strictly to the manufactured housing in that sentence of the

2  homestead right, which is in manufactured housing, which is

3  owned and occupied as a dwelling by the same person.  So it

4  refers specifically to manufactured housing.

5          So I guess my answer is, it only refers to

6  manufactured housing and not to any other dwelling.

7          THE COURT:  All right.  And so since part of your

8  argument is, you know, legislative purpose and broad

9  construction and benefitting families, how does it make sense

10 that the Legislature would be essentially more restrictive of

11 the homestead interest in manufactured housing than it would

12 for conventional housing?

13         MR. DEMING:  Your Honor, I don't know.  Statutes are

14 badly drafted sometimes, but the -- but it seems to me that

15 that language should not be applied from a public policy

16 perspective to all homestead interests if it's restricted in

17 that statute to manufactured housing.

18         THE COURT:  All right.  So that's what I'm trying to

19 get at.  So your argument is that it is, in fact -- the

20 ownership and occupancy requirement is, in fact, restricted to

21 manufactured housing in 40:1.  And I'm -- this is not a trick

22 question.  I'm not trying to, you know, trap you, but I think

23 that is the inextricable conclusion that follows some of your

24 argument that if I read the statute the way you want me to,

25 then I'm either discriminating against manufactured housing

1  homestead parties or I'm ignoring words in the statute.

2       MR. DEMING:  It also makes reference, too, in that

3  second sentence referring to manufactured housing, I think

4  it's a direct reference to the land upon which the home sits

5  because it makes a specific reference saying, "The homestead

6  right created in this chapter shall exist in manufactured

7  housing," which is owned and occupied.  And I think that those

8  are words that just sort of tossed out without understanding

9  their import.  That is what it says, "as a dwelling by the

10 same person, but shall not exist in the land upon which the

11 manufactured housing is situated if the land is not also owned

12 by the owner of the manufactured housing."

13      So I think that they were trying to do something

14 there.  I think they weren't looking to -- and I don't think

15 the courts look to the liberal way in which the homestead

16 right should be construed and has been -- which has always

17 been referenced in state law and in fed -- and in bankruptcy

18 law.  It should be liberally construed to affect the rights

19 that it was intended to impact, which is the family home.

20      And so I think that that language should not be used

21 to restrict the Court's application of the homestead right in

22 all circumstances, especially in the circumstance of

23 ours (phonetic).

24      THE COURT:  All right.  Well, in that same vein,

25 let's scroll down to 480:8-a in the same statute entitled,

1  "Establishing Right," and I don't think the parties have

2  argued this specifically, but that statute -- that provision

3  says, "The Superior Court upon petition of the owner of the

4  homestead or the wife or husband surviving such owner or upon

5  petition of a judgment creditor," which isn't relevant here,

6  "may appoint appraisers and cause the homestead right to be

7  set off."

8          So in implementing the homestead exemption for

9  purposes of establishing it in Superior Court, 480:8-a looks

10 like the owner of the homestead has standing for sure or the

11 "wife or husband surviving such owner," which suggests that

12 the wife or husband, surviving such owner has to be a

13 surviving spouse in order to have standing to assert their own

14 homestead right under -- in the Superior Court under 480:8-a.

15         So again, I'm trying to find ways to take your

16 argument and harmonize it with all the provisions of the

17 statute.  And it seems to me that 480:8-a sets up a

18 distinction between an owner and a non-owner and if the non-

19 owner is the surviving spouse of the owner, then they've

20 got -- they fall within the purview of 480:8-a.  But if

21 they're not, then they're not.

22         And I know you've referred to -- or cited to some

23 forms that the sheriffs use in executing, but those are just

24 forms.  We need to look at the statute and the statute seems

25 to me to make a distinction of between ownership and

1  non-ownership for purpose of asserting homestead interest in

2  Superior Court, so I'd like you to respond to that.

3          MR. DEMING:  Yes.  Leonard Deming, Your Honor.

4  That --

5          THE COURT:  Thank you.

6          MR. DEMING:  -- section of the statute seems to

7  refer to procedure, rather than to actual interest.  So I

8  would refer back to 480:1 as saying that the non-owner spouse

9  has -- anyone who is there has an interest.  It seems to me

10 that 480:8 sets forth the procedure whereby if you're going to

11 assert the homestead, then the owner should be the one to

12 assert the homestead and if that person is not around because

13 they've died and we have a surviving spouse and that person

14 may also assert a homestead.

15         But 480:3-a seems was enacted to recognize the right

16 of these non-owner spouse having a homestead interest that the

17 debtor would pursue in this case or would press in this case

18 is a reflection of a homestead interest, the interest

19 reflected in 480:1 as being recognized by 480:3-a.  And the

20 480:8 simply sets forth the procedure for petitioning in

21 Superior Court that they would want to hear from the owner

22 first, but if the owner is not around, then the non-owner

23 spouse certainly has that interest and is able to press that.

24         So I would suggest that, as I indicated earlier and

25 I faithfully believe, is the statutes sometimes are badly

1  written, but I think that the overall intent was that the

2  family has this homestead interest.  It should be protected

3  against creditors.

4        I would also point out that the Trustee seems to

5  suggest that the -- that if the owner -- the non-owner spouse

6  had filed and is a debtor before the court that somehow then

7  that homestead exemption may well exist.  But I would suggest

8  that if there was an interest, whatever that interest is,

9  something that the Trustee refers to as ephemeral and unclear,

10 I think ephemeral was one of the words that he used and he

11 used another one which is basically said "undefined" and we

12 need to define that interest.

13       There is an interest.  In order to convey property,

14 that interest has to be recognized.  Even for a bankruptcy

15 trustee to convey that interest, that interest has to be

16 recognized.  And what we need to do is determine what that

17 interest is, whether it's the interest -- an interest in an

18 homestead exemption or an encumbrance upon the property, which

19 is why I wanted to give the Court the opportunity to look at

20 it from two different perspectives that I had referred to in

21 my earlier memo and then sort of buttressed it in my reply

22 memo that there's something here.  There's something that

23 can't be ignored and that's in the bankruptcy context.  He --

24 the Trustee would suggest that he has to file in order to have

25 the interest.

1          And I would say, why does somebody have to file a

2   bankruptcy in order for an interest to be recognized.  There's

3   something here that has to be dealt with and I suppose that's

4   the thrust of the argument.

5          Of course, we rely on our memo completely, but those

6   are the -- I think among the points that I wanted to make to

7   Your Honor.

8          THE COURT:  All right.  But the exemption being

9   claimed as the source of the lien on the amended Schedule D is

10  480:1, right?

11         MR. DEMING:  And 480:3-a, too, supported by that.

12         THE COURT:  And 3-a, right.  Right.  But the

13  Schedule C issue, the debtor is -- and the non-debtor -- non-

14  owner are both on the debtor's Schedule C claiming under

15  480:1.

16         MR. DEMING:  Yes.  I'm giving you alternative

17  provisions for relief, Your Honor.

18         THE COURT:  Yeah.

19         MR. DEMING:  I'm just saying that -- Leonard Deming,

20  Your Honor.  I'm just saying that there -- there's something

21  here, Your Honor.  And as a matter of -- as the Trustee

22  alluded to and I did in my memo, there's an interest here that

23  needs to be recognized in some fashion that it's -- that

24  public -- for public policy reasons debtor's counsel through

25  the years -- myself included -- have relied upon the non-owner

1  exemption and have asserted it without it being objected to.

2          Of course, since due to recent rulings and Trustee

3  is now objecting to it, it now comes front and center.  It

4  hasn't come front and center in this fashion.  And I suppose a

5  question that needs to be asked is, if the debtor had filed

6  does the debtor have an homestead exemption.  Now, that's

7  not --

8          THE COURT:  If the non-debtor had filed, you mean.

9          MR. DEMING:  Correct, correct.  If a non-owner had

10 filed and was not a non-debtor would that non-debtor -- would

11 that debtor, a non-owner, have an exemption that could be

12 asserted.  And I think that universally across the state

13 attorneys assert that.  And if that's the case, then I guess

14 the question is, why does the non-owner have to file in order

15 for that interest to be recognized.

16         THE COURT: All right.  All right.  Mr. Sumski, do

17 you want to respond to that?

18         MR. SUMSKI:  I do.  I don't know if --

19 hypothetically if there was a new petition filed today by

20 Mr. Brady and he joined this petition, albeit still as a non-

21 owner of the property if he then could assert the homestead

22 exemption.  I expect the Court is going to tell us that in its

23 opinion, if not right at the moment now.

24         But to go back to your earlier questions, it seems

25 to me this.  Mr. Brady and Mrs. Brady are alive and well.

1   Mrs. Brady is the only debtor.  If I went to Mr. Brady today,

2   the non-owner, and said, you have an interest in this property

3   that your wife owns, would you please sell it to me, if I

4   offered him a sum of money and he took it and we signed a

5   contract, what would I have?  Would I be able to go into the

6   house?  Would I be able to go live there or would Mrs. Brady

7   call the police and say, I'm the owner; Mr. Brady has no right

8   to sell my rights to use this property since I'm alive and

9   we're both alive here and well.

10          And furthermore, if Mr. Brady, the non-owner,

11  happened to owe me money and I went to court to sue him and

12  get an attachment against someone else's property, namely,

13  Mrs. Brady, and I said, well, sure, the property is only in

14  Misses's name, but he has an interest in it so I want an

15  attachment against that property, I don't think I would get

16  it.

17          So these are the questions.  And it's a -- I think

18  it's a nice straightforward factual case for the Court to give

19  an opinion, which will answer these questions a non-nuanced

20  way, like all these other cases have these nuances.  This is a

21  straightforward factual case.  So I'm hoping the Court will be

22  able to answer this for us for future reference.

23          THE COURT:  All right.  Well, I'm not sure about the

24  hypothetical question of Mr. Brady filing a Chapter anything

25  and asserting his own homestead exemption and whether that

1 would be sustain -- an objection to that would be sustained or

2 not.  I'm not sure if I need to get there or can get there.

3 But in the -- and the facts that we've got in front of us,

4 debtor is asserting both his homestead exemption and his non-

5 debtor/non-owner spouse's both under 480:1.  And then in

6 addition, the debtor is asserting a claim by the non-debtor,

7 Mr. Brady, that takes the form of a lien, the source of which

8 is whatever his homestead interest in the property might be.

9 Those are the facts we've got.  And I agree, it's pretty

10 straightforward.

11         MR. SUMSKI:  Well, Larry Sumski here.  I'll

12 interject.  I think, though, although it's I guess somewhat of

13 a hypothetical, it might be valuable for the Court to

14 entertain that hypothetical because, frankly, on day one when

15 this objection was filed in this one-party case, a debtor

16 might -- when an case like this comes along a debtor might

17 say, well, non-debtor spouse, guess what, you're filing a

18 petition now, even though you didn't want to, because that's

19 the way that we can protect a homestead interest for you, too,

20 even though you're not an owner of this property.

21         So that -- if we don't answer that question in this

22 case, that opens up -- it opens it up for next time, not to

23 mention possibly in this case because depending upon how the

24 Court ruled the debtor in this case might say, well, we need

25 to protect the balance of the equity here.  So, Mr. Brady,

1  guess what; you're going to file a bankruptcy petition to do

2  so, assuming there's some -- no other reason why he couldn't

3  do it.  And so rather than to go down those hypothetical roads

4  and be ready for the next case, I think at least in some form

5  or fashion the Court should address that possible issue.

6            THE COURT:  Yeah.  No, I hear you, Mr. Sumski.  I'll

7  need to think that through.

8            Mr. Deming, your argument is limited, though, to

9  just a non-debtor/non-owner spouse, correct?

10           MR. DEMING:  Leonard Deming.  Yes, Your Honor.  At

11 this point, that's what it is.

12           THE COURT:  So let's just -- you know, if we're

13 thinking of hypotheticals, a hypothetical where property is

14 owned by one debtor and he has five adult children living with

15 him, do all five adult children who live on -- in the house

16 with him have their own homestead rights?

17           MR. DEMING:  Leonard Deming, Your Honor.  My thought

18 would be, and it has been, is that the family, 480:3-a is

19 directed towards the family, especially towards the non-owner

20 spouse and children, so I think it's a single exemption.

21 That's the way I would look at it.  Perhaps the New Hampshire

22 courts giving it a liberal construction might say they all

23 have a homestead interest, but my understanding or my sense of

24 it is and having done some of the -- looking at the

25 legislative history of this is that it was directed to the

1   non-owner/spouse and children, and really especially the

2   children and that they needed to be recognized as having their

3   exemption in their home.

4          THE COURT:  To the tune of $120,000 per child?

5          MR. DEMING:  Your Honor, Leonard Deming.  I'm not

6   sure that you could stretch the statute that far, but --

7          THE COURT:  Well, why not?  I mean, if we're

8   expanding it --

9          MR. DEMING:  I get it.

10         THE COURT:  -- outside of ownership, then why not

11  include everybody who occupies the property, let's say, who's

12  a member of the debtor's -- the owner's immediate family?

13         MR. DEMING:  Well, my look I think that would lead

14  to an absurd result, but I also think that having looked at

15  the legislative history, because I did go up to Concord and

16  comb through the completely disorganized Legislative history

17  on use/abuse statutes, and -- but the one thing that seems

18  clear is that they are looking -- that they were looking to

19  afford the exemption to the non-owner family in addition to

20  the owner, recognizing that the children need protection.

21         But as to -- but I would not say -- not knowing ever

22  what a state court is going to do, I would not say that a

23  state court wouldn't say that everyone has their own homestead

24  exemption.

25         THE COURT:  But I really have to, you know, accept

1    that in order to read the statute the way that you want me to

2    read it and say that every person who occupies property,

3    whether -- regardless of whether they own it, as long as

4    they're a family member of the owner, is entitled to their own

5    exemption and --

6              MR. DEMING:  Leonard Deming, Your Honor.  I --

7              THE COURT:  -- whether that really --

8              MR. DEMING:  Leonard Deming, Your Honor.

9              THE COURT:  Go ahead, Mr. Deming.

10             MR. DEMING:  I think not.  I think that 480:3-a

11   makes reference to the spouse.  And my reading of the

12   legislative history is the reason for 480:3-a was implemented

13   and it was implemented, I want to say, in 1960 or '61, was

14   because -- is because when -- it had created the reading of an

15   exemption statute as it stood at that time, which was intended

16   to benefit non-owner spouses and children was read as creating

17   an alienation problem, which meant that in order to convey

18   property and release the homestead courts previous to that

19   required a -- like a judicial referee.  I'm trying to think

20   somebody -- not coming up with the right legal definition, but

21   a -- somebody who represented the interests of the children to

22   sign off their homestead interest.  And so 480:3-a was created

23   to show that only the spouse needed to do that and the

24   children didn't have to do that.

25             And so I think the spouse stands in the shoes of the

1  family, regardless of what their age is, and it makes specific

2  reference to the spouse.  So I think that you're only looking

3  at the spouse and each child is enjoined in that 480:3-a

4  representation of being surviving spouse.  That's the person

5  who has the exemption.  That's the person who can sign off on

6  it.  And in fact, during conveyancing, even today, a non-owner

7  spouse has to sign off on conveyancing for everything, except

8  for the purchase money mortgage.

9          So I don't think the children -- the appreciation of

10  what the children were in, the protection of the children, was

11  crystalized in terms of saying, it all is in the spouse and

12  the one exemption for the rest of the family.  So that is my

13  understanding and I read that pretty closely in terms of the

14  legislative history.  That's why they enacted 480:3-a back in

15  1960 or '61.

16          THE COURT:  All right.  Mr. Sumski, anything to add?

17          MR. SUMSKI:  Yeah.  Well, yes, Your Honor.  Just

18  this:  where does it end?  You talk about a debtor with five

19  adult children.  Well, what about a debtor who has what in

20  other states is they call a common law spouse.  They've lived

21  together for 25 years as a married couple, but they're not

22  married.

23          Well, status matters and in all these case -- all

24  the nuance cases there's certain status points along the

25  story; they're divorced, that property was sold, one party

1  conveyed it to the other party.

2          THE COURT:  Right.

3          MR. SUMSKI:  That changes things and what changes

4  things in this case is the non-debtor spouse doesn't own the

5  property and never did.  And I think that's the ball game

6  right there, in my opinion.

7          MR. DEMING:  Leonard Deming, Your Honor, if I may

8  just sort of in response.  There are cases over the years that

9  we've looked at going all the way back to *Maroon* (phonetic),

10 going all the way back to some of the early cases, on occasion

11 do refer to occupancy and ownership and because it was in

12 those cases it was convenient to say that.  It applied.

13         But I think a proper way of looking at it is

14 occupancy in interest is maybe a more liberal construction and

15 an appropriate construction to protect New Hampshire families.

16         MR. SUMSKI:  Larry Sumski.  My last comment would be

17 interest, that's fine.  And we hear about people in society

18 who have a "fiancé" and seven children over the course of 20

19 years, but they never get married.  If they don't get married,

20 if they don't take that step to change their status when then

21 one of them dies and they don't get the Social Security and et

22 cetera.  There's other consequences from making that decision.

23 And it's a free country.  You can choose to do whatever you

24 want to do, but you can't choose to remain a non-owner when

25 it's convenient for you and then claim that you are an owner

1  of the property as part of your -- or inclusive of the

2  "interest" when it's convenient for you.

3          This is a case where if the debtor -- if the spouse

4  of the debtor wanted to become an owner and if the debtor

5  agreed, of course, then he could have been an owner, to the

6  extent that's relevant here, but for whatever reason they

7  didn't and choices have consequences.

8          MR. DEMING:  Leonard Deming, Your Honor.  I will say

9  that the statute clearly says "spouse."  The non-spouse/fiancé

10  is not included here and it's -- it -- and there's some

11  interest here in that non-owner/spouse.  The Trustee wants it

12  to be ephemeral and undefined.  Our position is that that

13  interest is something.  It's clearly recognized in law and it

14  needs to be defined and no longer ephemeral.

15          THE COURT:  Well, if you stare at anything long

16  enough, Mr. Deming, you start to see all this, right?  I think

17  the interest that we're talking about here is the homestead

18  interest and, really, the question is, does it attach to this

19  property and to this debtor's case to the extent that the

20  interest belongs to the non-debtor/non-owner.

21          MR. SUMSKI:  And Larry Sumski.  One more thing that

22  the Court is obviously aware of, but I'll just say it for the

23  record.  There's other parties who have an interest in this

24  property, too, and it isn't to the interests that Mister has,

25  and that's the creditors of this estate and that can't be

1   overlooked.  The debtor here chose to own the property in her

2   own right and, therefore, she exposes it to her creditors and

3   without being able to reply upon the protection of a co-owner

4   because there is no co-owner.

5            THE COURT:  All right.  Mr. Deming, I'll give you

6   the last word but, otherwise, I think I'm probably just going

7   to take this under advisement.  But if you wanted to -- if

8   there's any last word you want to have, this is your

9   opportunity.

10           MR. DEMING:  Leonard Deming, Your Honor.  I think

11  that I've pretty much covered everything I wanted to cover.

12  We'll rely on our memoranda and we thank you very much for

13  hearing this case.

14           THE COURT:  All right.  No, I appreciate being able

15  to think about it as deeply and as thoroughly as the two of

16  you have.  I appreciate that.

17           All right.  Well, then the matter is submitted and I

18  will get a ruling out on both objections as soon as I can.

19           MR. SUMSKI:  Thank you, Your Honor.

20           THE COURT:  Thank you both.

21           MR. DEMING:  Thank you, Your Honor.

22  (End at 9:40 a.m.)

23                    * * * * * * * *

24

25

1          I certify that the foregoing is a true and

2  accurate transcript from the digitally sound-recorded record

3  of the proceedings.



                                        7/29/2022

**RUTH ANN HAGER**
**Certified Transcriber**
      **Federal C.E.R.T. **D-641**
**CASCADE HILLS TRANSCRIPTION, INC.**
5001 Woodland Hills Drive
Eagle, Nebraska  68347
(503) 871-5566
Email: Hagerruthann@aol.com

Official Form 417A (12/18)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re | ) |
|     Katherine R. Brady, | )     **Bk. No. 21-10712-BAH** |
| | )     **Chapter 7** |
|     Debtor | ) |
| | ) |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
Katherine R. Brady

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- ☑ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Denying Reconsideration Pursuant to FRBP Rules 9023 and 9024 of June 3, 2022 Order Sustaining Trustee's Objection to Debtor's Claim of Exemption for Spouse and assertion of encumbrance on Debtor's Homestead.

2. State the date on which the judgment, order, or decree was entered: July 7, 2022

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Lawrence Sumski, Trustee     Attorney: Lawrence P. Sumski, Esquire
Chapter 13 Trustee
P.O. Box 329
Manchester NH 03105
Phone: (603) 629-8899

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/s/ *Leonard G. Deming II*                                    Date: July 19, 2022

Leonard G. Deming, II, BNH01186
Deming Law Office
491 Amherst Street, Suite 22
Nashua NH 03063
Ph. (603) 882-2189
Deminglaw@comcast.net

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## CERTIFICATE OF SERVICE

I hereby certify under the pains and penalties of perjury that I have served a copy of the foregoing Notice of Appeal and Election to Have Appeal Heard by the District Court upon the following persons at the addresses indicated by electronic filing or First Class Mail, Postage prepaid, this 19th day of July, 2022:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Richard K. McPartlin, Esquire
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Edmond J. Ford, Esquire
eford@fordlaw.com

Richard T. Mulligan, Esquire
BKECF@bmpc-law.com, bendett@myecfx.com


/s/ *Leonard G. Deming*
Leonard G. Deming

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Leonard G. Deming II*

Leonard G. Deming II