UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

_____

U.S. District Court

District of New Hampshire

Appeal No. 1:22-cv-00272-JL

_____

Bankruptcy Case No. 21-10712-BAH

_____

**BRIEF OF THE CHAPTER 13 TRUSTEE/APPELLEE**

Lawrence P. Sumski, Esq.

Chapter 13 Trustee/Appellee

32 Daniel Webster Highway, Suite 15

Merrimack, NH   03055

**Corporate Disclosure Statement**

Non-Applicable.

**Table of Contents**

Table of Authorities……………………………………………………………….……………… 3

Jurisdicitonal Statement……………………………………………………………… 3

Statement Regarding Oral Argument……………………………………………. 3

Statement of Issues………………………………………………………………… 3

Summary of the Argument…………………………………………………………… 3

Argument…………………………………………………………………………… 4-9

Conclusion………………………………………………………………………. 9-10

Statement Regarding Certification to the New Hampshire Supreme Court……. 10

## Table of Authorities

Cases:

In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005).

In re Visconti, 426 B.R. 422 (Bankr. D.N.H. 2010)

In re St. Laurent, 2022 BNH 002

In re Hopkins, 2021 BNH 004

Statutes:

NH RSA 480:1

NH RSA 480:3-a

## Jurisdictional Statement

The Appellee agrees with the statement of the Appellant.

## Statement Regarding Oral Argument

The Appellee takes no position on this.

## Statement of Issues

Whether the Court below erred in its interpretation of the Homestead

statute, RSA 480:1 et seq.

**Summary of the Argument**

The Court below properly held that to avail oneself of the Homestead Exemption pursuant to RSA 480:1, et seq, a party, or both parties in a married couple situation, must show both occupancy and ownership.

**Argument**

The homestead exemption cited at RSA 480:1, et seq, recites the protection afforded to the owner/occupiers of residential real estate:  such an owner/occupier is entitled to protection from his or her creditors of up to $120,000 per owner/occupier of its value.

The parties issued a joint statement of the facts of the case, and those facts are clear and unambiguous.  The debtor ("Brady") owned certain real estate at which she resided, and had she been a single debtor she would have been entitled to claim a homestead exemption in it to the extent of $120,000 of its equity value.  The fact that she was the sole owner of it, while married, didn't affect her entitlement to the exemption.

Although Brady was a married person, for reasons not apparent in the record, and also not particularly relevant, she and her spouse made the decision,

intentionally or by omission, to not include the spouse as a co-owner of the

property.  She and the spouse could have made a different decision, by executing

a quit claim conveyance after the marriage to include him in the ownership of the

property.  Had they done so, there would be no issue here, since both parties

would be owners and occupiers of the property, and both thus entitled to a

combined exemption of $240,000.  They did not do so, however.

The Court below noted that the spouse of any party who owns real estate

possesses several valuable "interests" in that real estate, despite the lack of

ownership.  These interests include the free and unfettered use of the property,

just as the actual owner enjoys; the right to testate or intestate inheritance of the

property; and the right to some value of the property in the event of a

subsequent divorce from the owner.  No marital court would entertain an

argument by a spouse-owner of the marital home that, merely due to the lack of

title ownership of said property, the non-owner-spouse should have no

expectation of receiving some value of that "interest in the divorce.

The Court below cited and acknowledged its duty to construe the

homestead exemption liberally.  In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005).

Construing liberally is not synonymous with expanding beyond the original

intended scope.  All Courts have a duty to balance and consider the interests of competing parties.  Brady made the decision to exclude her spouse from ownership of her property.  That choice has consequences, to Brady, to her non-owning spouse, and to the potential and actual creditors of both.  Reviewing the argument below, the Court considered the situation where a married couple tactically could reasonably and intentionally choose to title "their" residential property in the name of the party less likely to face litigation with attachment, i.e., a party who was a brain surgeon could shield the family home from the consequences of his or her malfeasance, by titling the marital property in the name of the non-working spouse.  The Court acknowledged that this is a common tactical circumstance used by married couples, stating:

> (o)ne consequence {of not being on the title to the real estate} is that the non-owner would be getting the benefit of non-ownership, e.g., not subjecting the family home to potential liens and attachments by third-party creditors, but would not be experiencing the burden of it, i.e., having no homestead exemption under RSA 480:1.  That strikes the Court as both inequitable and inconsistent with the provisions of the statute.

Brady Memorandum Opinion, at Page 7.

And it must be said that the problem alleged by Brady here is easily remedied; she, as the sole owner/resident of the property, could extend the benefits, bounty, and burdens of the homestead exemption to her spouse any

time she chooses to, simply by voluntarily conveying to the spouse a share of the

home's title.  There is no indication in the record here why she didn't make that

conveyance.  Nevertheless, that was a choice, and choices have consequences.

By not doing so, she successfully protected the family home from the possible

attaching creditors of the non-owner spouse, but now it would be unjust to her

own creditors to double her shield of protection, when it suits her purpose.  The

broad and liberal public policy argument regarding the homestead objection cuts

both ways:  it's easy to get the protection desired, by having the previously non-

owning second spouse become both an occupant AND an owner, but it's unjust to

allow the sole-owning married party have it both ways.  Excluding the second

spouse from ownership rights, while simultaneously extending her own shield

versus her creditors, is simply unfair to creditors.

Despite the protestations by Brady that this decision breaks new ground,

that ignores the below Court's specific citation of <u>In re Visconti</u>, 426 B.R. 422

(Bankr. D.N.H. 2010) wherein this question at bar in this case was decided:

> (t)he Court clearly stated that "the homestead exemption under RSA 480:1
> requires both occupancy <u>and ownership.</u>"  Id. At 426 (emphasis added).
> The Court explained further that "a spouse who does not hold an
> ownership interest does have a right to occupy the homestead during the
> owner-spouse's lifetime and can claim a homestead right for their life after
> the death of the owner-spouse."  Id. (citing RSA 480:3-a)

<u>Visconti</u>, at 5; Brady Memorandum Opinion, at Page 5.

The Court in the decision below also cited its recent similar opinion in <u>In re</u>

<u>St. Laurent,</u> 2022 BNH 002, in which case again it found that occupancy and

ownership are *both* required to qualify for the exemption.

While RSA 480:1 established the homestead right of the owner(s) and

occupier(s) of real estate, RSA 480:3-a was subsequently added in an obvious

intent to clarify what RSA 480:1 meant.  In its decision in <u>In re Hopkins</u>, 2021 BNH

004, the Court below found that this new language was added to address the

issue of the residing-but-not-owning spouses, to protect them when the spouse

dies:  it is a contingent right, only available at death.  The Court below determined

that the purpose of the expansion of the homestead language in this newer

section was:

> (t)o protect the interests of a non-owning spouse of the owner of real
> estate upon the demise of the owner; the addition of this clarifying statute
> indicates its determination that before (RSA) 480:3-a was adopted (in other
> words when the original homestead act was passed) the legislature
> believed that such a non-owning spouse had no homestead interest."

Brady Order Denying Motion to Reconsider, at Page 2-3.

The Court below further noted that the addition of the words property that

is "owned and occupied as a dwelling" in the second sentence of RSA 480:1

specifically references manufactured homes, but the language also provides

overall clarification of the statute:

> (i)t would be nonsensical for the homestead exemption to be more
> restrictive for manufactured housing than it is for all other housing.  Thus,
> the statute as a whole supports an interpretation that ownership and
> occupancy are required to claim a homestead exemption in all housing.

Brady Memorandum Opinion, at page 7.

Finally, in an alternative argument, Brady sought to extend her shield

against her creditors beyond her own homestead objection by alleging that the

non-owner spouse had an "encumbrance" or "statutory lien."  The Court below

was unpersuaded, noting that Brady cited no legal authority for that proposition.

The undersigned also believes that to be a correct ruling of law.


**Conclusion**

A person who owns and occupies valuable residential real estate by virtue thereof

also possesses a valuable shield regarding his or her creditors regarding it, the

homestead exemption.  His or her subsequent marriage and cohabitation with a

non-owning spouse confers certain interests to that second party, but without an

9

optional conveyance to the second party of an actual *ownership* interest, the

second party spouse does not possess both the ownership and occupancy

necessary to claim a second homestead exemption.

**Statement Regarding Certification to the New Hampshire Supreme Court**

As the decision below reaffirms the holding in <u>Visconti,</u> which has stood

for more than a decade, certification to the New Hampshire Superior Court is

unnecessary.

Respectfully Submitted,

Lawrence P. Sumski, Esq.

<u>/s/ Lawrence P. Sumski</u>

Chapter 13 Trustee/Appellee

32 Daniel Webster Highway, Suite 15

Merrimack, NH   03054

(603) 626-8899

ID# BNH01460

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under the pains and penalties of perjury,  that I have served a copy of the foregoing Brief of the Chapter 13 Trustee/Appellee by Electronic Notice to those entitled via ECF, on this 21st day of September, 2022, to the following:

Attorney Leonard Deming, II

Attorney Mary Stewart

Respectfully submitted,

Lawrence P. Sumski, Esq.

<u>/s/ Lawrence P. Sumski</u>

Chapter 13 Trustee/Appellee