# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE
_____

**U.S. District Court**
**District of New Hampshire**
**Appeal No. 1:22-cv-00272-SM**
_____

**Bankruptcy Case No. 21-10712-BAH**
**Chapter 13 Case Pending in the District of New Hampshire**
_____

**KATHERINE R. BRADY,**
**Debtor**
_____

**KATHERINE R. BRADY,**
**Appellant,**
**v.**
**LAWRENCE P. SUMSKI,**
**Appellee**
_____

**Bankruptcy Case No. 21-10712-BAH**
_____

**<u>REPLY BRIEF OF DEBTOR/APPELLANT</u>**

KATHERINE R. BRADY
DEBTOR-APPELLANT
DEMING LAW OFFICE
Leonard G. Deming, II
491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................... i

TABLE OF AUTHORITIES.......................................................ii

SUMMARY OF ARGUMENT.................................................. 1

ARGUMENT ...........................................................……1

THE TRUSTEE AND THE COURT BELOW FAIL TO RECOGNIZE THE
INENT OF THE NEW HAMPSHIRE GENERAL COURT TO PROVIDE
FOR A SEPARATE HOMESTEAD EXEMPTION CONCOMITANT
WITH THE EXEMPTION OF THE OWNER REGARDLESS OF
WHETHER THE SPOUSE IS A TITLE OWNER WHICH MAY BE
ASSERTED PURSUANT TO NHRSA 480:1 et seq.................................1

A. The Trustee Continues To Rely On The Ruling of The Court Below and
Cases That Are Inapposite To The Case At Bar......................................... 1

B. The Trustee And The Court Below Misconstrue The Meaning of The
Homestead Exemption Within the Meaning of N.H.R.S.A 480:1 *et seq* By
Conflating "Ownership" With "Interest."…………………………………4

C. The "Interest" of the Non-Owning Spouse Has Value Which Constitutes
An Encumbrance Upon the Family Home…………………………………8

CONCLUSION ........................................................... 9

CERTIFICATE OF SERVICE................................................... 10

CERTIFICATE OF COMPLIANCE WITH
TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS
AND TYPE-STYLE REQUIREMENTS………………………..……....... 11

# TABLE OF AUTHORITIES

## Cases

*Boissonnault v. Savage*, 625 A.2d 454, 455, 137 N.H. 229 (N.H. 1993)…..8

*Currier v. Woodward*, ……………………………………………...………2
62 N.H. 63, 66 (1882)

*In re Hopkins*, 2021 BNH 0004……………………………………....…...3,4

*In re Myers*, 323 B.R. 11, 13 (Bankr. D.N.H. 2005) ………..………….2-3

*In re Visconti*, 426 B.R. 422 (Bankr. NH, 2010)…………………………3-4

## Statutes

N.H.R.S.A. 480:1………………………………………………...…1,4,5,7,8
N.H.R.S.A. 480:3 (Repealed)…………………………………..……6,7
N.H.R.S.A. 480:3-a………………………..………………………1,3,4,5,7,8

## Other Authorities

Journal of the Senate, 24 May 1983, pp. 974-975,…………………..……..6
taken from the NH State Archives

## Summary of the Argument

The Trustee and the court below misconstrue the meaning, function, and intent of the New Hampshire General Court in creating the homestead exemption. The cases relied upon by the Trustee are not apposite to the case at bar, and merely restate basic principles relative to the homestead exemption in circumstances wherein it does not apply, none of which apply in the instant case.

Appellant would also like to point out the typographical errors which can be found in the title sections to the argument pressed in her Appellant Brief which refer to "N.H.R.S.A. 480:3-1" but actually mean to refer to N.H.R.S.A. 480:3-a.

## ARGUMENT

**THE TRUSTEE AND THE COURT BELOW FAIL TO RECOGNIZE THE INENT OF THE NEW HAMPSHIRE GENERAL COURT TO PROVIDE FOR A SEPARATE HOMESTEAD EXEMPTION CONCOMITANT WITH THE EXEMPTION OF THE OWNER REGARDLESS OF WHETHER THE SPOUSE IS A TITLE OWNER WHICH MAY BE ASSERTED PURSUANT TO NHRSA 480:1 et seq**

**A. The Trustee Continues To Rely On The Ruling of The Court Below and Cases That Are Inapposite To The Case At Bar.**

Debtor makes reference to her earlier brief filed in this appeal in pressing her position. Appellant Brief, Document #4. Hereinafter Appellant's Brief.

None of the cases relied upon by the trustee reflect the facts of the instant case and provide neither precedential nor persuasive support for the position the trustee takes here to deny the Debtor's spouse a separate homestead exemption. The Debtor resides in the family home with her husband and two children. The Appellant/Debtor takes each in turn to explain the cases cited by the trustee.

The trustee's reference to *In re Myers*, 323 B.R. 11, (Bankr. D.N.H. 2005) is perfunctory, noting the mandate of virtually all courts that the homestead exemption found in N.H.R.S.A 480:1 *et seq* should be construed liberally in favor of protecting the family home.  *In re Myers*, 323 B.R. at 13 (citing *Currier v. Woodward*, 62 N.H. 63, 66 (1882). The case law supporting this principle is legion. Appellant' Brief, p. 13. Then, in the next breath, the trustee eviscerates this principle by asserting that choices have consequences and concluding that the Debtor's husband does not enjoy the rights of the family home after all.

The trustee then turns to *In re Visconti*, 426 B.R. 422 (Bankr. NH, 2010), a case previously decided by the court below, but *Visconti* has little relevance to this case. In *Visconti* the non-owning spouse not only did not occupy the premises, other than for a few "babysitting" stints, but also had specifically released his homestead interest previously. The court below faced no necessity to make any ruling relative to a requirement of ownership and occupancy because neither applied in that case, and it has to be reinforced that any supposed "holding" in the

*Visconti* case requiring ownership and occupancy is purely *dicta* which was not required to make the final determination in that case denying the asserted homestead interest. *Visconti*, which is not binding on this Court other than for possible persuasive effect, also ignores the ambiguity and distinction relative to any ownership requirement applied relative to N.H.R.S.A. 480:1 which has already been explored and explained by the Appellant. *See infra*, p. 5. If the General Court wanted to require ownership generally, it could have replaced the word "interest" in the first sentence with "ownership." It did not and, for that reason among others, *Visconti* should not be persuasive at all.

Next, the trustee looks to the *In re Laurent*, (Bankr. N.H. 2022), also recently decided by the court below. But the debtor therein was no longer married to the owner nor did he occupy the premises, facts clearly at odds with the instant case. But the court below ironically provided a sense of umbrage to non-owning spouses in *Laurent* when it stated in a footnote:

> Instead, the Debtor could have claimed a homestead exemption under RSA 480:3-a before his divorce. RSA 480:3-a provides: The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor. The Court recently explained that "RSA 480:3-a is designed to protect spouses who do not hold an ownership interest in the homestead property themselves." *In re Hopkins*, 2021 BNH 004, 5. "[T]he exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death." *Id.* at 6. The Debtor is unable to claim the benefit of RSA 480:3-a in this case because he is no longer the spouse of the owner of the Property, and he was not on the date his bankruptcy case was filed, his divorce having been finalized in 2015.

*In re Laurent*, at 3, Fn 5. *In re Laurent* does not advance the trustee's position herein, both factually and as it reads.

Finally, the trustee cites the unreported case of *In re Hopkins*, 2021 BNH 004, Appendix at pp. 165-171, to support his position. Yet *Hopkins* addressed the limited fact situation in which a debtor attempted to exempt a purported homestead interest of his deceased spouse. The bankruptcy court correctly found that, once a spouse is deceased, the deceased spouse no longer has a homestead interest. The debtor in *Hopkins* was trying to twist NHRSA 480:3-a, which merely provides for the continuing existence of the exemption of the homestead exemption of the non-owner spouse after the owner dies, into a continuing exemption for the use of the surviving owner spouse. It is inapposite to the instant case where both spouses are quite alive.

The cases cited by the trustee and relied upon by the court below do not provide support for the position the trustee presses herein.


**B. The Trustee And The Court Below Misconstrue The Meaning of The Homestead Exemption Within the Meaning of N.H.R.S.A 480:1 *et seq* By Conflating "Ownership" With "Interest."**


As explained previously, Appellant's Brief and *supra*, the trustee herein and the court below rely on ambiguous language to draw the conclusion that the non-

owning spouse has no homestead right separate from the homestead right of the spouse owing the home.

In this process, the trustee erroneously presses the concept, embraced by the court below, that N.H.R.S.A. 480:3-a simply provided clarification that the non-owning spouse did not have a separate exemption pursuant to N.H.R.S.A 480:1 but only a right which arose upon the decease of the owner spouse. But the trustee and the court below misconstrue N.H.R.S.A. 480:3-a. Both are correct that it was intended to clarify the homestead exemption. However, the clarification was to stress that the already existing exemption provided by N.H.R.S.A 480:1 continued to exist after the decease of the owner spouse. This is the family exemption which is so cogently expressed by the New Hampshire Attorney General in its Brief of Amicus Curiae (hereinafter AG Amicus Brief) as the "inchoate" right (or "interest") which becomes choate at the death of the owner spouse. But it is an "interest" under N.H.R.S.A 480:1 which does not require ownership. AG Amicus Brief, p. 4.

As part of his argument, the trustee continues to embrace the conclusion of the court below that "ownership" iterated in the second sentence of N.H.R.S.A 480:1 must perforce apply to the entire section. But the legislature knows how to change and apply language where it needs to. It retained the "interest" language in the first sentence, and this apparent ambiguity has been explained by resort to the

legislative history which makes clear that the non-owning spouse is intended to enjoy a separate homestead exemption in addition to the exemption of the owning spouse, and the "ownership" language in the second sentence only relates to ownership of the land upon which the subject manufactured housing sits. Appellant's Brief, pp. 18-19, Copy of Senate Journal, 24 May 1983, pp. 974-975. Appendix at 158.

The trustee also chooses to ignore the amendment of N.H.R.S.A 480:3, which clearly provided for the family/children exemption, amending it to restrict it to the surviving spouse to eliminate conveyancing issues. Appellant's Brief, pp. 15-16. As the Attorney General has eloquently noted, there is a clear distinction between the single homeowner, and the attendant right to an exemption, versus the married homeowner with a family, and the protection afforded to the family home by increasing the recognized exemption for the protection of the family. AG Amicus Brief, pp. 9-10.

The trustee makes reference to the court below enumerating examples of the "interest" a non-owning spouse enjoys, Appellee Brief p. 5, but this is a "red herring." These interests, such as the marital interest or intestate interest, are irrelevant because they do not refer to nor have anything to do with the "interest" which is the subject at hand, i.e. the "interest" specifically stated in the first

sentence of the New Hampshire homestead statute. It is the homestead interest that is the subject at bar, not any other.

The trustee also misdirects the real issue before this Court by embracing the analysis of the court below that the non-owning spouse acquires some additional benefit but not the burden by "not subjecting the family home to potential liens and attachments by third-party creditors," Appellee Brief at p. 6 citing court below at Court Memo, p. 7, Appendix at 124-134, and the "attaching creditors of the non-owning spouse." Appellee Brief at p. 7. But this argument does not follow since if the Debtor's spouse had been on the title to the home in this case, he would have had, by the trustee's own admission, the clear right to assert the exemption, and the third party creditors still would not have been able to access the asset. *See also* AG Amicus Brief, p. 10.

The trustee and the court below fail to apply the New Hampshire homestead exemption as it was intended by the General Court. Both conflate the home of the single homeowner with the homeowner having a family. If there is a homeowner without a family, then clearly there is but one exemption. But if the homeowner has a family, that family enjoys an "interest" which constitutes a separate additional exemption in N.H.R.S.A 480:1 which survives the homeowner's decease by virtue of N.H.R.S.A 480:3-a which amended N.H.R.S.A 480:3 which clearly stated as much but was revised to ease conveyancing issues.

It is also instructive and of interest that the "tenancy by the entireties" which recognizes the intrinsic rights of the spouse in the home was abolished by the legislature and was intended to be replaced by the homestead exemption which would recognize the spouse's interest. See *Boissonnault v. Savage*, 625 A.2d 454, 455, 137 N.H. 229 (N.H. 1993):

> This special form of ownership was abolished in New Hampshire in 1860. See Laws 1860, ch. 2342; Clark v. Clark, 56 N.H. 105, 109 (1875) (Smith, J., concurring); see generally C. DeGrandpre, 7 New Hampshire Practice, Wills, Trusts and Gifts § 19.03, at 224 (2d ed.1992). Our State addresses this situation through the use of the homestead exemption, RSA 480:1 (Supp.1992).

*Boissonnault v. Savage* at 455.

It has been, and remains, the intent of the General Court, and the courts construing N.H.R.S.A 480:1 *et seq*, that the family of the owner of the home has a separate and enhanced homestead exemption protecting the family home.

## C. The "Interest" of the Non-Owning Spouse Has Value Which Constitutes An Encumbrance Upon the Family Home.

As previously noted, the court below, conflating the ownership requirement in manufactured housing with the homestead generally, concluded that the value of the homestead interest of the non-owning spouse is zero unless and until such spouse became a surviving spouse pursuant to N.H.R.S.A. 480:3-a. Court Memo, page 9-11, App at pp. 133-134.

The Appellant will not repeat her previous arguments made in her brief. Appellant's Brief, pp. 20-23. But as the Attorney General has pointed out, the interest of the "non-owning" spouse has "monetary value" and that this is reflected in the statutory scheme, and that this value is $120,000 independent of the interest of the spouse owning the home. AG Amicus Brief at pp- 8-9.

This interest should appropriately be reflected on a debtor's bankruptcy schedules and should protect the family home from the attempt of creditors to obtain assets of the debtor which are protected by New Hampshires statutes.

CONCLUSION

WHEREFORE Debtor Katherine R. Brady requests the Honorable Court grant her the following relief:

A.     Reverse the court bellow and overrule the trustee's Objection to the Debtor's exemption and allow the exemption of her non-owner non-debtor spouse as a separate exemption provided for by New Hampshire statutes.

B.     Reverse the court below and overrule the trustee's Objection to the Debtor's Amendment of Schedule D assertion of encumbrance.

C.     Grant such other and further relief as is just and equitable.

<div style="margin-left:50%">

Respectfully submitted,
KATHERINE R. BRADY
By her attorney

</div>

October 5, 2022     /s/ *Leonard Deming*
Date                Leonard G. Deming, II
                    Deming Law Office

491 Amherst Street, Suite 22
Nashua NH 03063
(603) 882-2189
BNH 01186
deminglaw@comcast.net

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under the pains and penalties of perjury, that I have served a copy of the foregoing Appellant's Reply Brief by Electronic Notice to those entitled to ECF notice and First Class Mail, postage prepaid to those indicated, on this 5th day of October, 2022, and to the following:

Katherine R. Brady
Via email

Lawrence P. Sumski
SumskiCh13@gmail.com

Mary F. Stewart
mary.f.stewart@doj.nh.gov, ecfstewartlaw@comcast.net

/s/ *Leonard Deming*

Leonard Deming

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of Fed. R. Bankr.
Proc. 8015(a)(7)(B)(1) because, excluding the parts of the document exempted by
Fed. R. Bankr. Proc. 8015(g), this document contains 2,149 words.

2. This document complies with the typeface requirements of Fed. R.
Bankr. Proc. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. Proc.
8015(a)(6) because this document has been prepared in a proportionally-spaced
typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 5, 2022                    /s/ Leonard G. Deming
                                              Leonard G. Deming